United States District Court
Southern District of Texas
**ENTERED**
May 13, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEORGIA FIREFIGHTERS' PENSION FUND, Individually and on Behalf of All Others Similarly Situated, Plaintiff, | § § § § § | |
| v. | § § | CASE NO. 4:20-CV-0576 |
| ANADARKO PETROLEUM CORPORATION, R.A. WALKER, ROBERT G. GWIN, and ROBERT P. DANIELS, Defendants. | § § § § § § | |

## MEMORANDUM AND ORDER

Before the Court in this securities fraud class action is a Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel [Doc. # 25] ("Motion") filed by a group of putative class members—Norfolk County Council as Administering Authority of the Norfolk Pension Fund, Iron Workers Local #580 Joint Funds, and Building Trades United Pension Trust Fund (the "Norfolk County Group"). Based on the Norfolk County Group's briefing, pertinent matters of record, and relevant legal authority, the Court **grants** the Norfolk County Group's Motion.

### I.  BACKGROUND

This is a federal securities class action brought on behalf of investors who purchased publicly traded securities of Anadarko Petroleum Corporation ("Anadarko") between February 20, 2015, and May 2, 2017, inclusive (the "Class Period"). The class is seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

Anadarko is an energy company that develops oil and natural gas resources in the United States and worldwide. In August 2019, Anadarko became an indirect, wholly owned subsidiary of Occidental Petroleum Corporation ("Occidental"). Prior to Anadarko's acquisition by Occidental, Anadarko common stock traded on the New York Stock Exchange under the symbol "APC." Defendants R.A. Walker, Robert Gwin, and Robert Daniels (the "Individual Defendants") held executive positions at Anadarko during the Class Period.

In 2009, Anadarko discovered the "Shenandoah" oil field in the Gulf of Mexico. Anadarko spent the following eight years appraising the field. Plaintiffs allege that during this time, Defendants made materially false and/or misleading statements and failed to disclose material adverse facts about the value of the Shenandoah field and the results of appraisal wells drilled in the Shenandoah field. On May 2, 2017, Anadarko reported quarterly financial results in which it recorded a $468 million impairment charge and expensed $435 million in suspended costs related to the Shenandoah field. The price of Anadarko Common stock fell approximately 8% in the 24 hours following this news.

On February 19, 2020, the Georgia Firefighters' Pension Fund filed this action and published a notice in *PR Newswire* informing class members of their right to move to be appointed as lead plaintiff. On April 20, 2020, the Norfolk County Group moved to be appointed as lead plaintiff and have their choice of counsel appointed as lead counsel.[1]

---

[1] Retail Wholesale Department Store Union Local 338 Retirement Fund ("Local 338") and Excavators Union Local 731 Pension and Welfare Funds' and Iron Workers District Council (Philadelphia and Vicinity) Retirement and Pension Plans' (the "Local 731 Group") also made Motions for Appointment as Lead Plaintiff [Doc. # 21 and Doc. # 24, respectively]. Local 338 and the Local 731 Group subsequently withdrew their Motions [Docs. # 38, # 39].

## II.     LEGAL STANDARD

The Private Securities Litigation Reform Act ("PSLRA") sets forth the procedure for choosing a lead plaintiff in securities class actions. 15 U.S.C. § 78u–4(a)(3)(B). The plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of his right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u–4(a)(3)(A)(i). The notice must advise that any member of the purported class must file a motion for appointment as lead plaintiff within 60 days after the date on which the notice is published. 15 U.S.C. § 78u–4(a)(3)(A)(i). After notice has been given to class members and the cases have been consolidated, the Court is to appoint a lead plaintiff "[a]s soon as practicable." *Id.* at § 78u–4(a)(3)(B)(ii).

Section 21D(a)(3)(B) of the amended Exchange Act requires the Court to adopt a rebuttable presumption that the most adequate lead plaintiff in any private action arising under that chapter is the person or group of persons that:

>   (aa)  has either filed the complaint or made a motion in response to a notice . . . ;
> 
>   (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
> 
>   (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u–4(a)(3)(iii)(I); *Brown v. Bilek*, 401 F. App'x 889, 893 n.7 (5th Cir. 2010) ("The PSLRA also creates a 'rebuttable presumption' that the lead plaintiff 'has the largest financial interest in the relief sought by the class.'") (quoting 15 U.S.C. § 78u–4(a)(3)(iii)(I)). If a presumption is created that a party is the most adequate lead plaintiff, it may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff either (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject

to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).[2] Although the Norfolk County Group's Motion is unopposed, this Court has an independent duty to ensure the PSLRA's statutory requirements are met. *See Cambria Cnty. Emplys. Ret. Syst. V. Venator Materials PLC*, No. 4:19-cv-3464, 2019 WL 5328877, at *1 (S.D. Tex. Oct. 21, 2019) (Rosenthal, J.).

## III.  **DISCUSSION**

The Norfolk County Group did not file the complaint in this case, but did make a timely motion to be appointed as lead plaintiff.[3] The Court will first

---

[2]   *See also Berger v. Compaq Computer Corp.*, 257 F.3d 475, 478 n.1 (5th Cir. 2001) (The court must "adopt[] the rebuttable presumption that the 'most adequate plaintiff' (1) has either filed the complaint or made a motion to be appointed lead plaintiff, (2) has the largest financial interest in the relief sought by the putative class, and (3) otherwise satisfies FED. RULE CIV. P. 23."); *In re Bridgestone Inv. Corp. Ltd.*, 789 F. App'x 13, 15 (9th Cir. 2019) (finding that the district court correctly selected as lead plaintiff the investor "having the largest asserted loss that also satisfied Rule 23's requirements.").

The Fifth Circuit has made clear that the purpose of the PSLRA's lead plaintiff provisions is to appoint a sophisticated investor to control the lawsuit and avoid lawyer-driven litigation.

> Congress enacted the 'lead plaintiff' provisions of the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), to direct courts to appoint, as lead plaintiff, the most sophisticated investor available and willing so to serve in a putative securities class action. Insofar as possible following the procedure prescribed by § 78u-4(a)(3)(B), the lead plaintiff should be an investor capable of understanding and controlling the litigation.

*Berger v. Compaq Computer Corp.*, 279 F.3d 313, 313 (5th Cir. 2002) (mem. op.).

[3]   *See* 15 U.S.C. § 78u–4(a)(3)(A) ("no later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff").

4

determine the Norfolk County Group's financial interest, and will then determine whether the Norfolk County Group satisfies the requirements of Federal Rule of Civil Procedure 23.

### A. Financial Interest

"The PSLRA does not delineate a procedure for determining the 'largest financial interest' among the proposed class members." *In re Enron*, 206 F.R.D. at 440. However, four factors courts find relevant to the calculation of the largest financial interest are 1) the number of shares purchased; 2) the number of net shares purchased; 3) the total net funds expended by the plaintiffs during the class period; and 4) the approximate losses suffered by the plaintiffs. *Id.*; *Cambria Cnty.*, 2019 WL 5328877, at *2; *Abouzied*, 2018 WL 539362, at *3. Courts place the greatest emphasis on the fourth factor, financial loss suffered by the plaintiffs. *In re Sequans Commc'ns S.A. Sec. Litig.*, 289 F. Supp. 3d 416, 420 (E.D.N.Y. 2018).

The Norfolk County Group has shown that it has the largest financial interest in the relief the putative class seeks. Collectively, the Norfolk County Group purchased 245,044 Anadarko shares during the Class Period at a total cost of $15,588,799.55, and lost over $3.3 million.[4] The other class members that moved

---

[4] The Norfolk County Group's investments and financial interests are summarized in Table 1, below.

**Table 1**

| Movant | Shares Purchased | Total Cost | Losses (LIFO) |
|---|---|---|---|
| Norfolk Pens. Fund | 59,558 | $4,055,533.45 | $1,071,437.22 |
| Building Trades United Pension Trust Fund | 112,972 | $6,695,897.45 | $1,173,108.46 |
| Iron Workers Local #580 Pension Fund | 37,027 | $2,430,300.48 | $599,050.08 |
| Iron Workers Local #580 Annuity Fund | 26,837 | $1,829,989.99 | $323,268.59 |
| Iron Workers Local #580 Ins. Fund | 6,950 | $463,630.67 | $124,153.06 |
| Iron Workers Local #580 Apprentice Journeymen Educ. Fund | 1,700 | $113,447.51 | $30,215.51 |
| **Movants' Total** | **245,044** | **$15,588,799.55** | **$3,321,232.91** |

5

for lead plaintiff status have withdrawn their applications, and in any event had not demonstrated a larger financial interest in this litigation.

### B. Rule 23

After determining which movant has the largest financial interest, the Court must then ensure that the movant with the largest financial interest "otherwise satisfies the requirement of Rule 23." 15 U.S.C. § 78u–4(a)(3)(iii)(I)(cc). "In a PSLRA motion to appoint [a] lead plaintiff, the Court considers only whether the proposed plaintiff has made a "preliminary showing" that two of Rule 23's requirements—typicality and adequacy—are satisfied." *Kakkar v. Bellicum Pharms., Inc.*, No. 4:18-cv-00338, 2019 WL 1367653, at *2 (S.D. Tex. Mar. 29, 2019) (citing *In re Sequans*, 289 F. Supp. 3d at 422); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) ("[T]he court's initial inquiry should be confined to determining whether such movants have stated a *prima facie* case of typicality and adequacy.") (citing *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex.1997)). "In making its determination that the lead plaintiff satisfies the requirements of Rule 23, a court need not raise its inquiry to the level required in ruling on a motion for class certification." *Abouzied*, 2018 WL 539362, at *2 (citing *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008)).

#### 1. Typicality

"Typicality is satisfied if the class representatives' claims or defenses are typical of, but not necessarily identical to, those of the class; class representatives should have the same interests and have suffered the same injuries as others in the class, and the representatives' and class members' claims need only share the same essential characteristics." *In re Enron Corp. Sec.*, 529 F. Supp. 2d at 673 (S.D. Tex. 2006). "The typicality requirement focuses less on the relative strengths of the named and unnamed plaintiffs' cases than on the similarity of the legal and remedial theories behind their claims." *Bertulli v. Indep. Ass'n of Cont'l Pilots*, 242 F.3d 290,

6

297 n.32 (5th Cir. 2001) (quoting *Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 472 (5th Cir. 1986)) (internal quotation marks omitted). "The class representative's claims must 'have the same essential characteristics of those of the putative class.'" *Cambria Cnty.*, 2019 WL 5328877, at *3 (quoting *James v. City of Dall.*, 254 F.3d 551, 571 (5th Cir. 2001)).

It appears that all the class members' claims arise out of the same events. Each class member will make similar arguments that Defendants violated the Exchange Act. The Court concludes that the Norfolk County Group, the group of class members with the largest financial interest, has satisfied its burden to make a preliminary showing of typicality.

### 2. Adequacy

Determining the adequacy of a presumptive lead plaintiff requires "an inquiry into 1) the zeal and competence of the representatives' counsel and 2) the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees." *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 130 (5th Cir. 2005) (quoting *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001). The adequacy requirement also "serves to uncover conflicts of interest between named parties and the class they seek to represent." *In re Deepwater Horizon*, 785 F.3d 1003, 1015 (5th Cir. 2015) (quotation marks omitted). Additionally, the PSLRA "requires that securities class actions be managed by active, able class representatives who are informed and can demonstrate they are directing the litigation." *Id.* (quoting *Berger*, 257 F.3d at 483).

The Norfolk County Group is represented by two law firms, Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel and Joe Kendall as local counsel, and each appears to be qualified and experienced counsel. The Court concludes that these counsel would be able to competently represent the class in this litigation. Nothing about the Norfolk County Group or their counsel's interests

7

appears to be antagonistic to the interests of other class members. The Court concludes that the Norfolk County Group has satisfied its burden to make a preliminary showing of adequacy.

### C. Selection of Counsel

Under the PSLRA, "the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v). "The court should not disturb the lead plaintiff's choice of counsel unless that is necessary to 'protect the interests of the [plaintiff] class.' *Cambria Cnty.*, 2019 WL 5328877, at *4 (quoting *In re Enron*, 206 F.R.D. at 441). "The adequacy of the putative class representative(s) and of plaintiffs' counsel should not be presumed, however, even in the absence of proof to the contrary; plaintiff bears the burden of demonstrating his and his counsel's adequacy." *In re Enron*, 206 F.R.D. at 441.

Robbins Geller and Joe Kendall meet the requirements of lead counsel and liaison counsel. The Norfolk County Group's Motion contains detailed information about Robbins Geller's and Joe Kendall's experience in securities litigation. The record shows no basis to infer that Robbins Geller and Joe Kendall will not adequately represent the putative class. The Norfolk County Group's choice of counsel is approved.

### IV. CONCLUSION

The Norfolk County Group has suffered the largest financial loss of the class members. No other class member or members has moved for lead plaintiff status or demonstrated a larger financial interest in this litigation. The Norfolk County Group has made a preliminary showing satisfying the typicality and adequacy requirements. There is no indication that The Norfolk County Group's choice of counsel will not adequately represent the putative class. For the foregoing reasons it is

8

**ORDERED** that the Norfolk County Group's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel [Doc. # 25] is **GRANTED**.

SIGNED at Houston, Texas, this 13th day of **May, 2020.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE