**Robbins Geller Rudman & Dowd LLP**

| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

Daniel S. Drosman
ddrosman@rgrdlaw.com

April 6, 2023

Hon. Charles R. Eskridge III　　　　　　　　　　　　　　　　　　　　　　　　　　VIA ECF
U.S. District Court for the Southern District of Texas
515 Rusk Street, Room 9015
Houston, TX  77002

　　　　　　Re:　　*In re Anadarko Petroleum Corp. Sec. Litig.*, No. 4:20-cv-00576 (S.D. Tex.)

Dear Judge Eskridge:

　　　　Pursuant to Rule 15(c) of Your Honor's Court Procedures, Plaintiffs respectfully request assistance in resolving a scheduling dispute concerning their deadline to oppose Defendants' motion for summary judgment (ECF 162) ("MSJ") and three associated *Daubert* motions (ECF 163-166) (together, the "Motions") in light of the Court's March 31, 2023 order compelling production of documents related to the Anadarko Audit Committee's ("AAC") investigation into Senior Reservoir Engineer Lea Frye's ("Frye") whistleblower claims (ECF 173) (the "MTC Order"). Good cause exists to extend Plaintiffs' deadline to oppose the MSJ until 21 days after receipt of the materials encompassed by the MTC Order, permit Plaintiffs to file any supplemental expert reports at the same time, and stay further briefing on Defendants' *Daubert* motions until the parties have met and conferred on a new briefing schedule following supplementation. This will ensure Plaintiffs can incorporate this potentially key discovery into their submissions and the Motions are decided on a complete record. Defendants oppose extension of the April 20, 2023 deadline.

## I.　　RELEVANT PROCEDURAL HISTORY

　　　　On February 16, 2023, the Court entered an amended scheduling order. ECF 150. In relevant part, the scheduling order ordered that all motions, except motions *in limine*, would be filed by March 16, 2023, with oppositions due by April 20, 2023, and replies due by May 11, 2023.

　　　　On March 16, 2023, Defendants filed the Motions. ECF 162-166. On March 17, 2023, the Court held a hearing on Plaintiffs' motion to compel production of more than 500 logged documents relating to the AAC's purported investigation into Frye's whistleblower allegations that Anadarko was misleading investors regarding the Shenandoah oil field project – allegations that significantly overlap with the Class's claims. ECF 167. On March 31, 2023, the Court issued the MTC Order, finding Anadarko had tactically used "privilege as a sword and a shield," and waived privilege as to "the entire subject matter of the AAC investigation." MTC Order at 9. The Court ordered the production of the AAC documents, with the proviso that the Parties should meet and confer if Defendants raised legitimate disputes as to particular documents. *Id.* As of the date of this letter, Defendants have not produced any documents concerning the AAC investigation. Meanwhile, Plaintiffs' oppositions to Defendants' Motions are currently due on April 20, 2023.

## II.　　STATUS OF THE DISPUTE

　　　　On April 3, 2023, Class Counsel emailed Defendants' Counsel proposing a stipulation to amend the briefing schedule on Defendants' MSJ to account for the MTC Order and outstanding document production. Ex. A. Plaintiffs proposed that they file their opposition 21 days after Defendants complete production of documents encompassed by the MTC Order. *Id.* Given the impending production of a

substantial number of previously-withheld documents directly related to the Class's claims, Class Counsel explained it would be unfair for Plaintiffs to be required to respond to Defendants' MSJ on an incomplete record. *Id.* Moreover, Plaintiffs' experts may need to incorporate certain previously-withheld documents into their analyses and supplement their reports, which would impact briefing on Defendants' *Daubert* motions. *Id.*

The parties met and conferred on April 5, 2023, during which Defendants objected to any extension of Plaintiffs' opposition deadline for three reasons: (1) Defendants will likely seek reconsideration of or appeal the MTC Order and a stay of the MTC Order in the interim; (2) Defendants assert that the motion for summary judgment is limited to the Shenandoah project's "commercial viability" and thus unrelated to the AAC investigation; (3) Defendants oppose delay of the summary judgment proceedings. None is a valid objection. §III, *infra*. Defendants instead proposed that, to the extent that any AAC investigation documents are produced (suggesting they will not produce documents until **another** court order compels them to do so) and Plaintiffs find them relevant to their opposition, Plaintiffs could file a supplemental brief. Defendants also asserted that the AAC investigation documents do not necessitate an extension of the *Daubert* briefing schedule, but that they would be willing to stay briefing on their motions if briefing on Plaintiffs' *Daubert* motions is also stayed.

### III. GOOD CAUSE EXISTS FOR PLAINTIFFS' PROPOSED EXTENSION

Good cause exists to modify the scheduling order. In her whistleblower complaint, Frye alleged that Anadarko overstated the potential of Shenandoah to investors but did not correct those projections when it became clear that the project was less than half the size previously stated. *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 288 (5th Cir. 2019). Throughout discovery, Defendants withheld hundreds of documents from the AAC's purported investigation into those allegations that are directly relevant to the Class's claims. At the same time, Defendants used KPMG's audit opinion and the SEC declination letter – both of which relied on the results of the AAC investigation – for their own tactical advantage. MTC Order at 8-9. Plaintiffs will be prejudiced if they are deprived of the use of documents to which the Court held they are entitled in opposing the MSJ – particularly given that Defendants' MSJ relies on documents and argument concerning Frye's whistleblower complaint. *See, e.g.*, MSJ at 22 (citing Frye's letter to the SEC). Allowing Plaintiffs and their experts to incorporate the withheld documents into their submissions will prevent that prejudice and ensure the Court has a complete record on which to decide summary judgment. At the same time, because the Court will not consider Defendants' MSJ until after the Parties mediate on June 1, 2023 and submit a declaration of impasse (*see* Court Procedure 17(c)), there is no need for Plaintiffs' proposed extension to disturb any other pre-trial deadlines.

Defendants have no legitimate basis to object to the extension. Not only is the need for an extension an issue of Defendants' own making, but the date on which briefing will resume under Plaintiffs' proposal is almost entirely within Defendants' control since it is tied to **their** production. Defendants cannot credibly claim that the AAC documents have no bearing on the issues raised in their MSJ, as not only do they reference the whistleblower's letter to the SEC **in their motion**, but the AAC investigation purportedly examined whether Defendants had committed securities fraud by making misleading statements to investors regarding the Shenandoah project during the Class Period. Thus, the AAC investigation concerns issues central to the Class's claims. Finally, Defendants' proposal of supplemental briefing rather than altering the current briefing schedule makes no sense. Seriatim briefing on the Motions will not eliminate the prejudice caused by requiring Plaintiffs to oppose Defendants' MSJ without use of the AAC documents, will result in significant inefficiencies and waste of resources, and will unnecessarily burden the Court with additional briefing.

Robbins Geller
Rudman & Dowd LLP

Accordingly, Plaintiffs respectfully request the Court's assistance in resolving this dispute.

Respectfully submitted,

DANIEL S. DROSMAN

DSD:ydg

- 3 -

4866-5180-5020.v2