UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| In re ANADARKO PETROLEUM CORPORATION SECURITIES LITIGATION | § § § § | Civil Action No. 4:20-cv-00576<br><br>CLASS ACTION<br><br>The Honorable Charles R. Eskridge III |

# PLAINTIFFS' MOTION TO EXCLUDE TESTIMONY BY DEFENDANTS' REBUTTAL EXPERT KEVIN J. MURPHY

4877-5742-1399.v1

## TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| I. | PRELIMINARY STATEMENT | 1 |
| II. | STATEMENT OF FACTS AND PROCEDURAL BACKGROUND | 2 |
| III. | ISSUE FOR RESOLUTION | 3 |
| IV. | APPLICABLE LEGAL STANDARDS | 3 |
| V. | ARGUMENT | 5 |
|   | A. Murphy's Rebuttal Report Presents Improper Affirmative Opinions that Were Untimely Disclosed and Should Be Excluded | 5 |
|   | B. Allowing Murphy to Testify Would Unfairly Prejudice Plaintiffs | 8 |
| VI. | CONCLUSION | 11 |

## TABLE OF AUTHORITIES

Page

**CASES**

*Bailey v. Shell Western E&P, Inc.*,
609 F.3d 710 (5th Cir. 2010) .................................................................................................... 4

*Buffets, Inc. v. Hartford Fire Ins. Co.*,
2006 WL 5157690 (D. Minn. Apr. 4, 2006) .............................................................................. 8

*Carroll v. Allstate Fire and Cas. Ins. Co.*,
2013 WL 12426586 (D. Colo. Oct. 4, 2013) ............................................................................. 9

*Chiasson v. Zapata Gulf Marine Corp.*,
988 F.2d 513 (5th Cir. 1993) ..................................................................................................... 5

*Club v. Energy Future Holdings Corp.*,
2014 WL 12690016 (W.D. Tex. Feb. 20, 2014) ....................................................................... 3

*Dunham v. Heartland Express, Inc. of Iowa*,
2018 WL 4850101 (N.D. Ga. Jan. 9, 2018) .............................................................................. 7

*Grasshopper House, LLC v. Clean & Sober Media LLC*,
2019 WL 12074086 (C.D. Cal. July 1, 2019) ........................................................................... 7

*LaSalle Bank Nat. Ass'n v. CIBC, Inc.*,
2012 WL 466785 (S.D.N.Y. Feb. 14, 2012) ............................................................................. 8

*M-I LLC v. FPUSA, LLC*,
2021 WL 8946233 (W.D. Tex. Feb. 3, 2021) ....................................................................... 4, 8

*Spencer v. Peters*,
2013 WL 74447 (W.D. Wash. Jan. 7, 2013) ............................................................................. 7

*United States v. 9.345 Acres of Land*,
2016 WL 5723665 (M.D. La. Sept. 30, 2016) .......................................................................... 4

*Utica Mut. Ins. Co. v. Lifequotes of Am., Inc.*,
2011 WL 1984423 (E.D. Wash. May 20, 2011) ....................................................................... 8

*Vu v. McNeil-PPC, Inc.*,
2010 WL 2179882 (C.D. Cal. May 7, 2010) ......................................................................... 3, 9

*Wireless Agents, LLC v. Sony Ericsson Mobile Commc'ns AB*,
2006 WL 5127278 (N.D. Tex. May 31, 2006) ...................................................................... 4, 5

**Page**

*YETI Coolers, LLC v. RTIC Coolers, LLC*,
  2017 WL 394511 (W.D. Tex. Jan. 27, 2017) ...................................................... 4, 5, 10

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
  §78j(b) ............................................................................................................................ 10
  §78t(a) ............................................................................................................................ 10

Federal Rules of Civil Procedure
  Rule 26(a) ........................................................................................................................ 4
  Rule 26(a)(2)(B) ............................................................................................................... 4
  Rule 26(a)(2)(D)(ii) ................................................................................................. 1, 3, 10
  Rule 37(c)(1) .................................................................................................................... 4

17 C.F.R.
  §210.10b-5 ..................................................................................................................... 10

## I. PRELIMINARY STATEMENT

Defendants retained Kevin J. Murphy ("Murphy") as an expert on executive compensation. Yet, Defendants waited until after the deadline for opening expert reports had lapsed and submitted a rebuttal report from Murphy on the rebuttal-designation deadline, purportedly in response to an expert report by Plaintiffs' accounting expert, D. Paul Regan, CPA/CFF ("Regan"). However, just five pages of Murphy's 39-page report cite to Regan's report. Moreover, while Regan's report focuses on Defendants' accounting violations in connection with Shenandoah, Murphy is not an accounting expert and does not address Regan's accounting opinions (Defendants have another expert for that). Instead, Murphy opines on unrelated executive compensation issues that he tries to tie to two of the 110 paragraphs in Regan's report (which have since been withdrawn).

Murphy's opinions should be excluded because they are not proper rebuttal opinions. Murphy does not address any of the accounting issues in the case, and Plaintiffs withdrew the two paragraphs in Regan's report that touched upon executive compensation in the context of Regan's accounting analysis, leaving no executive compensation opinions for Murphy to rebut. Instead, Murphy's report is a thinly-veiled attempt to circumvent the limited scope of rebuttal testimony by proffering affirmative evidence for the first time, thereby preventing Plaintiffs from designating a rebuttal expert. This amounts to an untimely disclosure of an affirmative expert report in violation of this Court's Amended Scheduling and Docket Control Order (ECF 142) ("Scheduling Order") and Federal Rule of Civil Procedure 26(a)(2)(D)(ii). Without relief from the Court, Plaintiffs would be unfairly

prejudiced because they have no expert witness to respond to Murphy's extensive opinions on executive compensation.

Plaintiffs therefore request that the Court preclude Murphy from testifying at trial. Alternatively, if the Court permits Murphy's testimony notwithstanding his late-filed report, Plaintiffs request leave to present expert testimony to rebut Murphy's opinions.

## II. STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

On October 11, 2022, the Court entered a Scheduling Order setting November 9, 2022 as the deadline for expert designations for the party with burden of proof and January 25, 2023 as the deadline for "Rebuttal Expert Designations." Scheduling Order at 1-2. On November 9, 2022, Plaintiffs designated Regan as an accounting expert. On January 25, 2023, the deadline for expert rebuttal reports, Defendants designated Murphy as a rebuttal expert to Regan and served the Rebuttal Report of Kevin J. Murphy. *See* Ex. 1.[1] Murphy does not cite a single publication about accounting or address any of the accounting standards or opinions explained by Regan. Instead, Murphy's opinions pertain to an entirely new subject matter – executive compensation.

On March 12, 2023, Plaintiffs agreed to withdraw the two paragraphs of Regan's report that Murphy asserts he is rebutting. With the withdrawal of these two paragraphs, Plaintiffs requested that Defendants withdraw Murphy's opinions. In response, Defendants pivoted, asserting that although Defendants designated Murphy's report as a "Rebuttal Report" and filed it on the deadline for "Rebuttal Expert Designations," Murphy's testimony

---

[1] All exhibits referenced herein are attached hereto unless otherwise noted.

does not actually need to rebut any of Plaintiffs' experts. Instead, Defendants now claim, Murphy's report was "independent of Regan's report" and timely filed because "Mr. Murphy's report goes to scienter, on which Defendants do not have the burden of proof." Ex. 2.

### III. ISSUE FOR RESOLUTION

Whether the Court should exclude Murphy's rebuttal expert testimony, or in the alternative allow Plaintiffs the opportunity to present expert testimony rebutting Murphy's opinions.

### IV. APPLICABLE LEGAL STANDARDS

To qualify as proper "rebuttal," expert opinions must be "intended solely to contradict or rebut evidence on the same subject matter identified" by the opposing party's expert. Fed. R. Civ. P. 26(a)(2)(D)(ii). "Even if the proffered expert report relates to the 'same subject matter,' the rebuttal designation is considered pursuant to 'the findings' of the testifying expert, not simply "the same general subject matter of the case."" *Club v. Energy Future Holdings Corp.*, 2014 WL 12690016, at *5 (W.D. Tex. Feb. 20, 2014).[2] The phrase "the 'same subject matter'" should be read narrowly, otherwise it would "'blur the distinction between "affirmative expert" and "rebuttal expert"' and "'render the scope of the subject matter limitless.'" *Id.* (quoting *Vu v. McNeil-PPC, Inc.*, 2010 WL 2179882, at *3 (C.D. Cal. May 7, 2010)). Accordingly, the rebuttal expert "may not offer entirely new arguments," but instead must restrict their testimony to attacking the theories offered by the adversary's

---

[2] Citations are omitted throughout unless otherwise indicated.

- 3 -

experts. *United States v. 9.345 Acres of Land*, 2016 WL 5723665, at *3 (M.D. La. Sept. 30, 2016).

Courts in the Fifth Circuit look to the following three factors to determine whether a report qualifies as a proper rebuttal report:

> First, what evidence does the rebuttal expert purport to contradict or rebut? Second, is the evidence disclosed as rebuttal evidence on the same subject matter as that identified by another party in its Rule 26(a)(2)(B) disclosure? Third, is the evidence disclosed as rebuttal evidence intended solely to contradict or rebut that evidence?

*Wireless Agents, LLC v. Sony Ericsson Mobile Commc'ns AB*, 2006 WL 5127278, at *2 (N.D. Tex. May 31, 2006); *see also YETI Coolers, LLC v. RTIC Coolers, LLC*, 2017 WL 394511, at *2 (W.D. Tex. Jan. 27, 2017).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In the Fifth Circuit, harmlessness under Federal Rule of Civil Procedure 37(c)(1) is assessed relative to four factors:

> (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose.

*M-I LLC v. FPUSA, LLC*, 2021 WL 8946233, at *2 (W.D. Tex. Feb. 3, 2021) (quoting *Bailey v. Shell Western E&P, Inc.*, 609 F.3d 710, 729 (5th Cir. 2010)). "Ultimately, the burden to prove substantial justification or harmlessness is on the non-disclosing party." *Id*.

## V. ARGUMENT

The Federal Rules of Civil Procedure and this Court's Scheduling Order require timely disclosure of expert opinions to prevent parties from disguising initial experts as rebuttal experts and thus, foreclosing the opposing side from responding to those experts. *See Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517 (5th Cir. 1993) ("The federal rules promote broad discovery so that all relevant evidence is disclosed as early as possible, making a trial 'less a game of blind man's b[l]uff and more a fair contest,' where each party can knowledgably evaluate the strength of its evidence and chances of ultimate success."). As discussed below, Murphy's report is an affirmative report offering opinions unrelated to those of any Plaintiffs' expert. Allowing Murphy's testimony would unfairly prejudice Plaintiffs because they have no expert witness to respond to Murphy's late-disclosed opinions on executive compensation.

### A. Murphy's Rebuttal Report Presents Improper Affirmative Opinions that Were Untimely Disclosed and Should Be Excluded

Under the applicable standard, Murphy is an improper rebuttal witness. First, Murphy does not "'purport to contradict or rebut'" any of Regan's current opinions. *Wireless Agents*, 2006 WL 5127278, at *2; *YETI Coolers*, 2017 WL 394511, at *2. Nor are Murphy's opinions "'on the same subject matter as that identified by [Plaintiffs] in [Regan's report].'" *Wireless Agents*, 2006 WL 5127278, at *2. Regan's report addresses accounting issues, while Murphy's addresses an entirely different topic – executive compensation.

Furthermore, "'the evidence disclosed as rebuttal evidence'" in Murphy's report is not "'intended solely to contradict or rebut that evidence.'" *Id*. To the contrary, Murphy's

lengthy rebuttal report addresses only two paragraphs of Regan's 110-paragraph report. The first is ¶77(c), which states, "ASC 250-10-S99 identifies several conditions that may render material quantitatively small misstatements, including the following examples: . . . (c) 'whether the misstatement has the effect of increasing management's compensation.'" Ex. 3 at 40-41. The second is ¶86, which states:

> The Shen-3 results and the associated reduction in resource estimates was further significant considering that management's bonus were affected by performance goals that included consideration of MMBOE sales and related reserves (representing an aggregate performance goal weighting factor ranging from 45%-50%). Although the Shenandoah basin project, including Shen-3, was exploratory in nature and in fact, a dry hole, the failure to appropriately expense Shen-3 as a dry hole expense indicated an increased possibility that the well could be used as a producing well to extract oil resources that could impact management performance goals and related compensation in the future. In this regard, materiality evaluations under relevant accounting guidance requires a consideration of the "total mix" of information made available.

*Id.* at 48-49. Neither of these paragraphs are essential to Regan's opinions regarding Anadarko's accounting treatment of Shen-3 and non-producing leasehold costs. Nevertheless, Murphy cherry-picks these two paragraphs out of the 110 paragraphs Regan wrote to justify his rebuttal report. However, it is evident by the content of the report that this is not a rebuttal report, but rather, an affirmative expert report on executive compensation.

Murphy identifies the following four specific assertions that he was asked to assess and analyze in his report:

- whether the Named Defendants benefited financially from the alleged stock-price inflation through increased compensation;

- whether the Named Defendants benefited financially from the alleged stock-price inflation through their trading activity;

- 6 -

- whether the alleged misstatements with respect to Shen-3 increased the bonus awards to Named Defendants; and

- whether the alleged inflation in Anadarko's stock prices during the Class Period increased the amounts received by the Named Defendants in connection with the acquisition by Occidental.

Ex. 1 at 2. While Murphy titles his report "Rebuttal Report," none of what Murphy was asked to analyze and assess rebuts any of Plaintiffs' designated experts. Rather than rebut any of Plaintiffs' experts, Murphy's report contains extensive background on Defendants' compensation structure and stock ownership. *Id.* at 5-15. Murphy's report goes on to express an opinion about each of the above identified four questions, but does not respond to Regan's report.

Furthermore, to the extent Murphy's report could be construed as responding to Regan's peripheral discussion of executive compensation in the context of his accounting opinions, those portions of Regan's report have been expressly withdrawn. Courts routinely exclude rebuttal expert testimony when the opposing party decides to withdraw or not elicit testimony from its expert. *See Spencer v. Peters*, 2013 WL 74447, at *1 (W.D. Wash. Jan. 7, 2013) ("Since Dr. Kuncel is not testifying, the Court finds the exclusion of Dr. Klein's testimony as a rebuttal witness appropriate, as there will be no testimony from Dr. Kuncel to rebut."); *Grasshopper House, LLC v. Clean & Sober Media LLC*, 2019 WL 12074086, at *13 (C.D. Cal. July 1, 2019) ("[I]t would have been inappropriate for the Court to consider the trial declarations of Cliffside's rebuttal expert witnesses in the absence of testimony from the experts those rebuttal witnesses intended to rebut."); *Dunham v. Heartland Express, Inc. of Iowa*, 2018 WL 4850101, at *1 (N.D. Ga. Jan. 9, 2018) ("Because Mr. Stewart is no

longer testifying, Defendant's proposed experts cannot be justified as 'rebuttal' experts. Because Defendant's experts were not properly disclosed as testifying experts in their own right, Defendant 'shall not be permitted to offer the testimony of [its] expert[s].'"); *Buffets, Inc. v. Hartford Fire Ins. Co.*, 2006 WL 5157690, at *1 (D. Minn. Apr. 4, 2006) ("Since Plaintiff has withdrawn Dr. Rushing as a testifying expert in this case, there is no need for Defendant to provide any expert reports responding to Dr. Rushing's report.").

While Plaintiffs are not withdrawing Regan's entire set of accounting opinions, Plaintiffs have agreed to withdraw the only statements Murphy utilizes as his basis for his expert rebuttal report. Similar to the cases cited above, Murphy's testimony is now "necessarily irrelevant." *LaSalle Bank Nat. Ass'n v. CIBC, Inc.*, 2012 WL 466785, at *22 (S.D.N.Y. Feb. 14, 2012). Since Murphy was designated to rebut Regan's two paragraphs regarding executive compensation, which Plaintiffs have withdrawn, and Murphy was not designated in Defendants' initial expert disclosure, exclusion of his entire report and opinions is appropriate. *See Utica Mut. Ins. Co. v. Lifequotes of Am., Inc.*, 2011 WL 1984423, at *4 (E.D. Wash. May 20, 2011) ("Accordingly, because Mr. Wolf was identified solely to contradict or rebut evidence to be presented by withdrawn-expert Mr. Munding and there is no substantial justification for Utica's decision to not disclose Mr. Wolf in their initial-expert disclosures, the Court grants Cooper's motion.").

> **B.     Allowing Murphy to Testify Would Unfairly Prejudice Plaintiffs**

As set forth above, it is Defendants' burden to establish that their late disclosure is substantially justified or harmless. *M-1 LLC*, 2021 WL 8946233. Defendants cannot meet that heavy burden. Had Defendants wanted to present expert testimony regarding executive

- 8 -

4877-5742-1399.v1

compensation, they could have and should have done so on November 9, 2022 with their initial expert disclosures. Defendants simply seek to introduce new expert testimony disguised as rebuttal expert testimony to foreclose Plaintiffs' opportunity to respond. Courts have held that this "litigation tactic" is a "hornbook example of sandbagging" that will not be tolerated. *Vu*, 2010 WL 2179882, at *3; *see also Carroll v. Allstate Fire and Cas. Ins. Co.*, 2013 WL 12426586, at *3 (D. Colo. Oct. 4, 2013) ("Their decision to hold back on disclosing their experts and accompanying reports until the rebuttal expert disclosure deadline looks suspiciously like sandbagging. The Court will not tolerate this type of gamesmanship and tactical maneuvering.").

Defendants' belated reclassification of Murphy's report from "Rebuttal Report" submitted on the January 25, 2023 deadline for "Rebuttal Expert Designations" to one that was filed "independent of Regan's report" only serves to highlight the gamesmanship. Defendants plainly sought to shoehorn a full blown executive compensation opinion as a rebuttal based on a few lines in Regan's report, thereby gaining the advantage of having an expert for whom Plaintiffs would have no rebuttal expert. Otherwise, they would not have designated the report as a "Rebuttal Report."

Defendants now seek to change horses midstream, claiming that Murphy's report is not, in fact, a rebuttal – despite Defendants and Murphy expressly labeling it so – but rather stands alone independent from any of Plaintiffs' experts. Of course, Defendants made this switch well after all expert deadlines were past, and only after Plaintiffs notified them Regan would not testify on the subject which is (at most) ancillary to his opinions. Their belated justification for doing so – that Defendants do not have the burden of proof on scienter –

does not help them. The report was disclosed and designated as a "Rebuttal Report" and nothing in the Federal Rules of Civil Procedure or the Court's Scheduling Order allows Defendants to alter their designation at this late date, and certainly not for the purpose of gaining a tactical advantage. Further, contrary to Defendants' assertion, Plaintiffs' burden of proof on scienter does not mean Plaintiffs bear the burden of proof on the specific matters in Murphy's rebuttal report – whether Defendants' misleading statements about Shen-3 and class-period stock inflation actually enhanced the named defendants' executive compensation. Scienter can be established in many ways, and Plaintiffs do not have to prove anything regarding executive compensation to establish a violation of the two causes of action alleged in this matter (violation of §10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and SEC Rule 10b-5, and violation of §20(a) of the Exchange Act). If Defendants wanted to put forth affirmative expert testimony on the subject of executive compensation, they should have done so on or before the November 9, 2022 deadline for the disclosure of affirmative expert reports, affording Plaintiffs a proper opportunity to submit a rebuttal report. Instead, they opted to seek a litigation advantage.

In this circumstance, the proper consequence for Defendants' untimely disclosure of expert opinions under the guise of a rebuttal report is exclusion. *See YETI*, 2017 WL 394511, at \*3. Here, Plaintiffs are unfairly prejudiced because they were not afforded the opportunity to present an expert to rebut Murphy's extensive opinion regarding executive compensation. Such gamesmanship by Defendants violates the Scheduling Order and Rule 26(a)(2)(D)(ii), and unduly prejudices Plaintiffs.

## VI. CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully submit that the Court should exclude Murphy's opinions in whole. However, if the Court declines to exclude Murphy, Plaintiffs request leave to serve a rebuttal expert report responding to Murphy's report and put on rebuttal expert testimony at trial.

DATED: March 16, 2023

Respectfully submitted,

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
(SDTX Bar No. 30973)
Attorney-in-charge

s/ Joe Kendall
JOE KENDALL

3811 Turtle Creek Blvd., Suite 1450
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)

Texas Local Counsel for Plaintiff

ROBBINS GELLER RUDMAN
  & DOWD LLP
MARK SOLOMON
DANIEL S. DROSMAN
JASON A. FORGE
RACHEL L. JENSEN
FRANCISCO J. MEJIA
MEGAN A. ROSSI
RAPHAELLA FRIEDMAN
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Class Counsel

- 11 -

## CERTIFICATION OF WORD COUNT

In accordance with Rule 18(c) of Your Honor's Court Procedures, I hereby certify that this document contains 2,746 words, exclusive of the caption, the table of contents, the table of authorities, and the signature block.

DATED: March 16, 2023

s/ Joe Kendall<br>JOE KENDALL

## CERTIFICATE OF CONFERENCE

On March 15, 2023, Class Counsel conferred telephonically with Defendants' counsel regarding the relief requested in this motion. Defendants' counsel indicated that Defendants will oppose this motion.

DATED: March 16, 2023

s/ Joe Kendall<br>JOE KENDALL

4877-5742-1399.v1

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing on all counsel of record who have appeared in this matter via the Court's CM/ECF system on this, the 16th day of March, 2023.

s/ Joe Kendall
JOE KENDALL

4877-5742-1399.v1

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing on all counsel of record who have appeared in this matter via the Court's CM/ECF system on this, the 6th day of April, 2023.

s/ Joe Kendall
JOE KENDALL
