**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE: ANADARKO PETROLEUM CORPORATION SECURITIES LITIGATION | § § § § § § § § § § § CIVIL ACTION NO. 4:20-cv-00576  JUDGE CHARLES ESKRIDGE |

**[PROPOSED] ORDER PURSUANT TO 28 U.S.C. § 1292(B)**

On March 31, 2023, the Court issued an Opinion and Order Compelling Production of Documents, Dkt. 173, granting Plaintiffs' Motion to Compel Documents Concerning Anadarko Audit Committee's Purported Investigation, Dkt. 122. On April 27, 2023, Defendants filed a Motion to Reconsider or, in the Alternative, Certify for Interlocutory Appeal the Court's Opinion and Order Compelling Production of Documents. Dkt. [●] ("Motion for Reconsideration or Certification"). On [●] [●], 2023, Plaintiffs opposed the Motion for Reconsideration or Certification. Dkt. [●]. On [●] [●], 2023, Defendants filed a reply in further support of the Motion for Reconsideration or Certification. Dkt. [●].

Upon consideration of Defendants' Motion for Reconsideration or Certification, it is hereby ORDERED that the Motion for Reconsideration or Certification is DENIED in part and GRANTED in part. The Court hereby denies Defendants' request for reconsideration and certifies its Opinion and Order Compelling Production of Documents, Dkt. 173, for interlocutory appeal under 28 U.S.C. § 1292(b). The Court is of the opinion that its Opinion and Order Compelling Production of Documents involves controlling questions of law as to which there are substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. Specifically, the questions are: (1) whether asking limited questions in deposition about a letter from the SEC terminating its investigation of a company results in waiver as to the company's

privileged internal investigation, even if the company has stipulated it will not use the testimony, the SEC's termination letter or the findings of the internal investigation in its defense against liability; and (2) whether these deposition questions and a company's disclosures of information about its investigation to third parties—which have not been deemed to be waivers of attorney-client privilege or attorney work product—compel subject-matter waiver of the attorney-client privilege and work product protection related to the entirety of the internal investigation.

SO ORDERED.

Signed on _____, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge