**Robbins Geller Rudman & Dowd LLP**

| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

June 26, 2023

Hon. Charles R. Eskridge IIIVIA ECF
U.S. District Court for the Southern District of Texas
515 Rusk Street, Room 9015
Houston, TX  77002

Re:*In re Anadarko Petroleum Corp. Sec. Litig.*, No. 4:20-cv-00576 (S.D. Tex.)

Dear Judge Eskridge:

Pursuant to Rule 15(c) of Your Honor's Court Procedures, Plaintiffs respectfully request the Court's assistance in resolving a scheduling dispute concerning the September 19, 2023 final pretrial conference and related joint pretrial order ("PTO) and motions *in limine* ("MIL") deadlines ("Final Pretrial Dates") in light of Defendants' ongoing refusal to produce documents encompassed by the Court's March 31, 2023 Order compelling documents related to the Anadarko Audit Committee's ("AAC") investigation into Senior Reservoir Engineer Lea Frye's ("Frye") whistleblower claims (ECF 173) (the "Compelled Documents").

On April 18, 2023, the Court granted the parties' joint motion to suspend briefing on the *Daubert* motions and Defendants' motion for summary judgment ("MSJ") (collectively, "Motions") pending the production of the Compelled Documents or an order relieving Defendants of their duty to do so.  ECF 190.  Good cause existed to suspend these Motions dates because it was unfair to force Plaintiffs to complete briefing without this potentially key discovery.  The same logic holds with even greater force as to the Final Pretrial Dates and trial preparation.  Yet, Defendants refuse to agree to suspend the Final Pretrial Dates.

Defendants' continued withholding of the Compelled Documents, while insisting Plaintiffs proceed with their final trial preparations without them, is prejudicial to Plaintiffs.  While Plaintiffs look forward to their day in court, it will not be with one hand tied behind their back.  Had Defendants timely complied with the Court's March 31 Order, we would be on track for the current Final Pretrial Dates.  Unfortunately, Defendants have refused to comply, improperly granting themselves a stay of the Court's March 31 Order.

### I.RELEVANT PROCEDURAL HISTORY

The February 16, 2023 scheduling order required the parties to file the PTO with their pretrial disclosures and MILs by July 28, 2023.  ECF 150 at 2.  MIL oppositions are currently due August 15, and replies due August 22, 2023.  *Id*.  The final pretrial conference is set for September 19, 2023.  *Id*.

On March 17, 2023, the Court held a hearing on Plaintiffs' motion to compel production relating to the AAC's purported investigation into Frye's whistleblower allegations that Anadarko was misleading investors regarding the Shenandoah oil field project – allegations that significantly overlap with the Class's claims.  ECF 167.  On March 31, 2023, the Court granted the motion to compel, finding Anadarko had tactically used "privilege as a sword and a shield," and waived privilege as to "the entire subject matter of the AAC investigation."  ECF 173 at 9.  The Court ordered the production of the AAC documents, with the proviso that the parties should meet and confer if Defendants raised legitimate disputes as to particular documents.  *Id*.  To date, Defendants have not produced any documents concerning the AAC investigation.

On April 18, 2023, the Court granted the parties' joint motion to suspend the Motions briefing pending production of the Compelled Documents or an order relieving Defendants of their ongoing duty to comply with the March 31 Order.  ECF 190.  The Final Pretrial Dates are the only remaining dates.

### II.STATUS OF THE DISPUTE

On June 2, 2023, Class Counsel proposed telephonically to Defendants' counsel to suspend the Final Pretrial Dates pending production or resolution of the Compelled Documents, as the parties previously

Robbins Geller
Rudman & Dowd LLP

agreed to do with respect to the Motions. Defendants' counsel responded favorably initially but indicated they needed to speak to their client. To facilitate the parties' discussions, on June 7, 2023, Class Counsel sent a draft joint motion to Defendants' counsel, providing that the PTO and MILs would be due 90 days after the production or resolution of the Compelled Documents, and that the final pretrial conference will be rescheduled upon entry of a briefing schedule for the *Daubert* motions, which were already stayed.

On June 20, 2023, Defendants changed course, refusing to agree to vacate the Final Pretrial Dates. Counsel participated in a follow up call the next day, during which Defendants' counsel acknowledged the production of the documents may alter Plaintiffs' exhibits, witnesses, and trial preparation, and that without modifying the schedule, the PTO and MILs would be filed before the *Daubert* motions were fully briefed. Nonetheless, Defendants refused to agree to vacate the final pretrial conference pending the production of the Compelled Documents or an order relieving Defendants of their duty to do so.

### III.    GOOD CAUSE EXISTS TO MODIFY THE FINAL PRETRIAL DATES

For the same reason that that MSJ and *Daubert* briefing have been stayed, good cause exists to suspend the Final Pretrial Dates. In her whistleblower complaint, Frye alleged Anadarko overstated the potential of Shenandoah to investors but did not correct those projections when it became clear that the project was less than half the size. *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 288 (5th Cir. 2019). During discovery, Defendants withheld hundreds of documents from their purported investigation into the whistleblower allegations, which are directly relevant to the Class's claims – even as they used KPMG's audit opinion and the SEC declination letter relying on the investigation's results for Defendants' tactical advantage. ECF 173 at 8-9. Even after the Court granted Plaintiffs' motion to compel in March, Defendants have refused to produce the documents at issue.

The Court has already stayed the Motions briefing because Plaintiffs would be prejudiced if they are deprived of the use of documents to which the Court held they are entitled. This logic applies even more so as to the Final Pretrial Dates, which would require Plaintiffs to lay out their trial plan, designate trial witnesses and exhibits, and finalize the trial preparations for the case – all of which will likely be impacted by discovery of the documents Defendants have been compelled to produce.

Defendants have no legitimate basis to object to modifying the Final Pretrial Dates. After all, the need for an extension is of Defendants' own making, and the date on which pretrial proceedings may resume is almost entirely within Defendants' control since it is tied to ***their*** outstanding document production. Finally, Defendants' suggestion that Plaintiffs may later add any documents produced makes no sense. The Compelled Documents and the statements of percipient witnesses therein will likely alter Plaintiffs' trial strategy altogether, including the documents Plaintiffs designate as exhibits and witnesses Plaintiffs call. Further, seriatim PTOs, pretrial disclosures, and MIL briefing would result in significant inefficiencies, wasted resources, and unnecessarily burden the Court with additional briefing and hearings.

Accordingly, Plaintiffs respectfully request that the Court suspend the Final Pretrial Dates, including the PTO, MIL briefing, and final pretrial conference until Defendants produce the Compelled Documents or an order relieves them of their duty to do so.

Respectfully submitted,

RACHEL L. JENSEN

4885-2006-9740.v1