United States District Court
Southern District of Texas
**ENTERED**
June 30, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: ANADARKO PETROLEUM CORPORATION SECURITIES LITIGATION | § CIVIL ACTION NO<br>§ 4:20-cv-00576<br>§<br>§<br>§<br>§ JUDGE CHARLES ESKRIDGE<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER DENYING MOTION FOR RECONSIDERATION**

Anadarko seeks reconsideration under Rule 54(b) of the Federal Rules of Civil Procedure of the order granting class certification, largely for reasons "put forward in Defendants' Class Certification Opposition or *Daubert* briefing, and Dr Ferrell's accompanying reports." Dkt 143 at 7. The motion is denied. Dkt 143.

Under Rule 54(b), the district court may reconsider and revise its decision for any reason deemed sufficient, and this is so even in the absence of new evidence or an intervening change in or clarification of the substantive law. *Austin v Kroger Texas, LP*, 864 F3d 326, 336 (5th Cir 2017) (citations omitted). Such approach reflects the "inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires." Id at 337, quoting *Cobell v Jewell*, 802 F3d 12, 25–26 (DC Cir 2015). But there are limits. The Fifth Circuit admonishes, "A motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." *LeClerc v Webb*, 419 F3d 405, 412 n 13 (5th

Cir 2005); see also *Contango Operators, Inc v United States*, 965 F Supp 2d 791, 800 (SD Tex 2013): "Where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again."

Lead Plaintiff Norfolk County Council as Administering Authority of the Norfolk Pension Fund, Iron Workers Local #580 Joint Funds moved for class certification in October 2021. Dkt 86. In February 2022, Defendant Anadarko Petroleum Corporation moved to file a surreply, which was denied. Dkt 110. Anadarko also later filed a motion to exclude the report and rebuttal report of Bjorn Steinholt on *Daubert* grounds. Dkt 111 at 5; see also Dkts 86-1 (Steinholt report) & 96-1 (Steinholt rebuttal report). That motion was also denied, with statement that the motion to exclude was "little more than an attempt to reurge Defendants' recently denied motion for leave to file a surreply," and that "class certification will rise or fall with what is fairly briefed in the papers under the Local Rules of the Southern District." Dkt 141 at 4. Based on the briefing, the class was certified. Id at 14–15.

Most of the arguments raised on motion for reconsideration were addressed in the order and present nothing new for consideration. This includes arguments that the Court (i) wrongly rejected an argument that the Shen news had no impact on ConocoPhillips share price because the news was only partially disclosed, (ii) wrongly concluded that ConocoPhillips was not a proper comparator to Anadarko, (iii) relied upon an incorrect timeline of events, and (iv) incorrectly relied on Bjorn Steinholt's event study as to the statistical significance of the price drop on May 3rd. Dkt 143 at 8–12. Many of these arguments derive from information presented in the *Daubert* briefing, with express determination that such would *not* be properly considered. And as such, they will not be considered here.

To the extent Anadarko now argues that Cobalt isn't a proper comparator to Anadarko, this was disregarded as

2

being raised only in a footnote. Dkt 143 at 10; cf Dkt 93 at n3; see Section 18(d) of this Court's Procedures. To the extent it also argues that after-market trading wasn't efficient, this wasn't raised in its prior response and won't be considered now. Dkt 143 at 10–12; cf Dkts 93 (not raised in response) & 111 (raised as to *Daubert* challenge).

One factual contention does warrant clarification. The class certification order concluded that ConocoPhillips wasn't a proper comparator because "the Shen project was a minor expenditure relative to its massive market cap," and its "$101 million stake paled in comparison to the $902 million stake held by Anadarko." Dkt 141 at 10. Anadarko argues this as error because "Anadarko and ConocoPhillips had nearly identical stakes in Shen: 30% for ConocoPhillips and 33% for Anadarko," and their "sunk costs—i.e., costs that are already committed and cannot be recovered—do not reflect their ownership stakes in the project." It further asserts that "it was wrong for the Court to consider ConocoPhillips' $101 million dry hole expense to represent ConocoPhillips' entire expenditure on the project" because it only represents the write-off expenses related to Shen-6. Dkt 143 at 9–10.

To be more precise on the point at issue, ConocoPhillips and Anadarko were differently situated given their respective market capitalizations. ConocoPhillips experienced a $101 million dry-hole expense, which represented 0.2% of its market capitalization, while Anadarko experienced a $902 million write-off, which represented 2.9% of its market capitalization. Dkt 96-1 at 15–16. The fact that the two companies had similar stakes in Shen doesn't alter the conclusion that the Shen project was a minor expenditure for ConocoPhillips due to its massive market cap. This means that it was properly concluded that ConocoPhillips isn't a proper comparator to Anadarko.

The motion to reconsider the order granting class certification is DENIED. Dkt 143.

So ordered.

Signed on June 30, 2023, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge