# CRAVATH

Kevin J. Orsini
korsini@cravath.com
T+1-212-474-1596
New York

July 25, 2023

       Re:    *In re Anadarko Petroleum Corp. Sec. Litig.*, No. 4:20-cv-00576 (S.D. Tex.)

Dear Judge Eskridge:

       Pursuant to Rule 15(c) of Your Honor's Procedures, Defendants respectfully write to respond to Plaintiffs' July 21, 2023 letter ("July 21 Letter") seeking an order compelling Defendants to produce documents relating to the subject matter of Anadarko's Audit Committee investigation (the "AAC Documents").  (ECF 203.)

**I.**      **Relevant Procedural Background.**

       Contrary to Plaintiffs' contention, Defendants have not granted themselves a unilateral stay with respect to the Court's March 31, 2023 Order (ECF 173) (the "Order") and June 30, 2023 Order on reconsideration (ECF 199).  Instead, Plaintiffs have acknowledged that Defendants are seeking further review of the Order and, on that basis, the parties have jointly sought the suspension of all pre-trial deadlines to accommodate that review.

       Consistent with those representations, Defendants promptly moved for reconsideration on April 27, 2023.  (ECF 192.)  While seeking review of the Order, Defendants continued to meet and confer with Plaintiffs regarding the scope of the Order, including their position that, at a minimum, they should not be compelled to produce opinion work product.  After the Court issued the June 30, 2023 Order, making it apparent that the Order applied to all privileged communications and work product within the AAC Documents, including opinion work product, the parties met and conferred further.  Plaintiffs represented—and Defendants ultimately agreed—that the Court's Order encompassed opinion work product.  Defendants indicated that they would be seeking further review by the Fifth Circuit.

       In light of this procedural posture, the parties filed a joint motion seeking the suspension of motion *in limine* briefing and all other pre-trial deadlines pending the later of either (1) Defendants' complete production of the AAC Documents, or (2) an order by the Fifth Circuit confirming no such production is required.  (ECF 201.)  The Court granted the parties' joint motion on July 20, 2023.  Defendants then promptly filed, on July 21, 2023, a petition with the U.S. Court of Appeals for the Fifth Circuit seeking mandamus review of the Order.

**NEW YORK**
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
CityPoint
One Ropemaker Street
London EC2Y 9HR
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006-1682
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

**II.     The Order Should be Stayed Pending the Fifth Circuit's Mandamus Review.**

To the extent a formal stay of the Order is required, Defendants seek a stay pending adjudication by the Fifth Circuit of Defendants' mandamus petition. This Court has the inherent "power to stay proceedings" on its docket. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts decide whether a stay is warranted based on an assessment of four criteria: whether (1) "the stay applicant has made a strong showing that he is likely to succeed on the merits"; (2) "the applicant will be irreparably injured absent a stay"; (3) issuance of the stay will not "substantially injure the other parties interested in the proceeding"; and (4) the "public interest" is served. *Veasey v. Perry*, 769 F.3d 890, 892 (5th Cir. 2014) (citation omitted). "The first two factors . . . are the most critical." *Id.* (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). Defendants satisfy all four criteria.

*First*, for the reasons set forth in Defendants' July 21, 2023 Petition for Writ of Mandamus, Defendants are likely to succeed on the merits of their petition. As such, Defendants have a clear and indisputable right to mandamus review. *See In re Itron, Inc.*, 883 F.3d 553, 568 (5th Cir. 2018).

*Second*, it is undeniable that Defendants will be irreparably injured if they are required to produce the protected AAC Documents while their mandamus petition is pending, as such production will destroy the attorney-client privilege and work product protection over those documents. *See In re Boeing Co.*, No. 21-40190, 2021 WL 3233504, at *2 n.1 (5th Cir. July 29, 2021) (per curiam) ("[A]ppeal of a district court's disclosure order after final judgment is inadequate to vindicate a privilege the very purpose of which is to prevent the release of those confidential documents."). Indeed, courts frequently grant stays of orders compelling production of privileged documents and information pending review of such orders. *See, e.g.*, *In re Avantel, S.A.*, 343 F.3d 311, 315-16 (5th Cir. 2003) (noting that stay was granted pending mandamus review of order compelling attorney-client-privileged communications); *see also In re Grand Jury Subpoena*, 419 F.3d 329, 335 (5th Cir. 2005); *Nguyen v. Excel Corp.*, 197 F.3d 200, 204 (5th Cir. 1999).

*Third*, Plaintiffs will suffer no prejudice by a limited stay to allow the Fifth Circuit's review, whereas Defendants will be irreparably harmed. As the parties have stipulated, and the Court has ordered, further summary judgment briefing, *Daubert* briefing and the joint pre-trial order and related pre-trial filings are stayed pending the later of either Defendants' complete production of the AAC Documents or an order from the Fifth Circuit confirming that such production is not required. (ECF 190, 202.) Plaintiffs appear to concede this point, as their July 21 Letter says nothing of any prejudice they believe they will suffer if compliance with the Order is stayed.

*Fourth*, and finally, a stay in this case would serve the public interest as it would ensure that the privileges surrounding legal advice be properly applied. As the Supreme Court has explained, "[t]he attorney-client privilege is the oldest of the privileges for confidential communications known to the common law. . . . The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). Protection of the privilege "up to its proper limits has substantial importance to the administration of justice" and thus serves the public interest. *In re Regents of Univ. of California*, 101 F.3d 1386, 1387 (Fed. Cir. 1996).

For these reasons, Defendants respectfully request that the Court stay its Order pending resolution by the Fifth Circuit of Defendants' petition for writ of mandamus.

Respectfully,

_/s/ Kevin J. Orsini_
Kevin J. Orsini

Hon. Charles R. Eskridge III
    U.S. District Court for the Southern District of Texas
        515 Rusk Street, Room 9015
            Houston, TX 77002

VIA ECF