UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| In re ANADARKO PETROLEUM CORPORATION SECURITIES LITIGATION | §<br>§<br>§<br>§ | Civil Action No. 4:20-cv-00576<br><br>CLASS ACTION<br><br>The Honorable Charles R. Eskridge III |

**JOINT STATUS REPORT**

4879-5106-0618.v1

## I. PRELIMINARY STATEMENT

Pursuant to the Court's July 28, 2023 Order (ECF 205) ("July 28 Order"), the Parties[1] respectfully submit this Joint Status Report following the Fifth Circuit's October 16, 2023 Order denying Defendants' writ of mandamus. *See In re Anadarko Petroleum*, No. 23-20350, ECF 54 (5th Cir. Oct. 16, 2023), attached as Ex. A.

The July 28 Order granted Defendants' request to stay the production of documents encompassed by the Court's March 31 and June 30, 2023 Orders (ECFs 173, 199) (collectively, "MTC Orders"), pending the resolution of Defendants' mandamus petition. *See* July 28 Order at 2. The July 28 Order also directed the Parties to file a joint status report within seven days of the Fifth Circuit's ruling, addressing "at a minimum how discovery will further proceed and if any deadlines require adjustment." *Id*.

On October 16, 2023, the Fifth Circuit denied Defendants' mandamus petition. *See* Ex. A. The same day, Plaintiffs' counsel reached out to Defendants' counsel to meet and confer about this Joint Status Report in accordance with the Court's July 28 Order. The Parties conferred by telephone on October 19, 2023. The Parties agree that no Court-ordered deadline needs adjustment, given that all the pre-trial dates have been vacated pending resolution of this document dispute. *See* ECFs 190, 202. The Parties disagree, however, as to when and how discovery should proceed and, thus, request an opportunity to brief these issues and have a status conference with the Court.

---

[1] The "Parties" refer to Class Representatives Norfolk County Council as Administering Authority of the Norfolk Pension Fund and Iron Workers Local #580 Joint Funds, on behalf of themselves and the Class ("Plaintiffs"), and Anadarko Petroleum Corporation, R.A. Walker, Robert G. Gwin, Robert P. Daniels, and Ernest A. Leyendecker, III (collectively, "Defendants").

## II. THE PARTIES' POSITIONS

During the October 19 meet and confer, Plaintiffs proposed that the Parties follow the procedure in this Court's MTC Orders for the orderly disposition of the outstanding documents. *See* ECF 173 at 9. Specifically, Plaintiffs propose the following milestones for the resolution of the compelled documents at issue:

| | |
|---|---|
| Deadline: (1) for the production of documents subject to the MTC Orders; and (2) to identify any specific document challenges, along with basis for the challenge. | Within 7 days of the Court's order resolving the matters set forth in this Joint Status Report. |
| Deadline for the Parties to meet and confer about the challenged documents and the need for a special master. | Within 7 days after Defendants' identification of the challenged documents. |
| Joint status report to the Court. | Within 14 days of Defendants' identification of the challenged documents. |
| Status conference before the Court. | At the Court's convenience. |

Defendants disagree and believe that the proceedings should be stayed pending resolution of their Federal Rule of Civil Procedure 23(f) petition. As the Court is aware, on July 14, 2023, Defendants filed a petition pursuant to Rule 23(f) seeking permission to appeal the Court's order granting class certification. ECFs 141, 198; *see* ECF 201. On August 25, 2023, the Fifth Circuit granted that petition. ECF 206. Further, Defendants believe that, if the Court declines to issue a stay, a special master should be appointed promptly to handle the outstanding documents given that the Fifth Circuit "note[d] [its] concern . . . as to the potential scope of the privilege waiver granted by the trial court" and "advise[d] the trial court, or the appointed Special Master, to scrutinize challenged

documents and consider its decisions regarding the scope of the waiver carefully." Ex. A at 2. Defendants believe that this new development confirms that a special master is necessary at the outset of any discussions on scope.

Plaintiffs oppose any request for a further stay and believe, consistent with the Court's prior MTC Orders, that appointment of a special master is premature until the Parties have met and conferred about the number of challenged documents (and basis therefor) as well as the terms of the appointment. *See* ECF 199 at 2 ("[I]t was at Anadarko's request that the [March 31] order included provision that the parties meet and confer as to which documents fall within the scope of waiver *before* any appointment of a Special Master might be found necessary. . . . They should now proceed accordingly.") (emphasis added).

### III. PROPOSED SCHEDULE FOR LETTER BRIEFING

Given the Parties' disputes outlined above, the Parties jointly propose the following schedule for letter briefing on when and how further discovery should proceed, in accordance with Section 15 of this Court's Procedures:

| | |
|---|---|
| Defendants' initiating letter requesting a stay pending resolution of Defendants' Rule 23(f) petition or, in the alternative, appointment of a special master. | October 30, 2023 |
| Plaintiffs' responsive letter opposing a stay pending resolution of Defendants' Rule 23(f) petition, and opposing the appointment of a special master as premature. | November 6, 2023 |
| Status conference before the Court. | At the Court's convenience. |

The Parties will proceed as proposed above, unless the Court directs them otherwise.

DATED: October 23, 2023         Respectfully submitted,

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
(SDTX Bar No. 30973)
Attorney-in-charge

              s/ Joe Kendall
              JOE KENDALL

3811 Turtle Creek Blvd., Suite 1450
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)

Texas Local Counsel for Plaintiff

ROBBINS GELLER RUDMAN & DOWD LLP
MARK SOLOMON
DANIEL S. DROSMAN
RACHEL L. JENSEN
LUKE O. BROOKS
HILLARY B. STAKEM
FRANCISCO J. MEJIA
NICOLE Q. GILLILAND
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Class Counsel

DATED:  October 23, 2023         CRAVATH, SWAINE & MOORE LLP
KEVIN ORSINI
LAUREN M. ROSENBERG

              s/ Kevin Orsini
              KEVIN ORSINI

4879-5106-0618.v1

825 Eighth Avenue
New York, NY  10019
Telephone: 212/474-1000
212/474-3700 (fax)

SHIPLEY SNELL MONTGOMERY LLP
GEORGE T. SHIPLEY
712 Main Street, Suite 1400
Houston, TX  77002
Telephone:  713/652-5920
713/652-3057 (fax)

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing on all counsel of record who have appeared in this matter via the Court's CM/ECF system on this, the 23rd day of October, 2023.

s/ Joe Kendall
JOE KENDALL
