# CRAVATH

Kevin J. Orsini
korsini@cravath.com
T+1-212-474-1596
New York

October 30, 2023

Re: *In re Anadarko Petroleum Corp. Sec. Litig.*, No. 4:20-cv-00576 (S.D. Tex.)

Dear Judge Eskridge:

      Pursuant to the Court's Order dated October 25, 2023 (Dkt. 209), Defendants write to respectfully request that the Court stay all proceedings pending resolution of Defendants' appeal of the Court's class certification order. Should the Court decline to stay the matter, Defendants respectfully request that the Court promptly appoint a Special Master to resolve the Parties' disputes over the scope of the Court's March 31, 2023 order compelling production of documents related to Anadarko's Audit Committee's investigation (the "Investigation Documents"). (Dkt. 173 (the "Order").) Defendants look forward to discussing these matters at the November 13, 2023 status conference.

## I. The Court Should Stay All Further Proceedings Pending Defendants' Rule 23(f) Appeal.

      A stay of all proceedings pending resolution of Defendants' appeal of the Court's class certification order (Dkt. 141) is appropriate as it will greatly conserve judicial resources, result in no prejudice to Plaintiffs, and avoid irreparable injury to Defendants, who have shown a likelihood of success on the merits of their appeal. As the Court is aware, on July 14, 2023, Defendants filed a petition pursuant to Federal Rule of Civil Procedure 23(f) seeking permission to appeal the Court's order granting class certification. On August 25, 2023, the Fifth Circuit granted that petition. (Dkt. 206.) Briefing is ongoing in that appeal. Defendants filed their opening brief on October 25, 2023, and Plaintiffs' answering brief is due November 24, 2023.

      This Court has the inherent "power to stay proceedings" on its docket. *Landis v. N. Am. Co.*, 299 U.S. 248 (1936). Courts consider four criteria when determining whether to grant a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Veasey v. Perry*, 769 F.3d 890, 892 (5th Cir. 2014). The Fifth Circuit "has recognized that 'the movant need not always show a "probability" of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs

**NEW YORK**
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
CityPoint
One Ropemaker Street
London EC2Y 9HR
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006-1682
T+1-202-869-7700
F+1-202-869-7600

Cravath, Swaine & Moore LLP

heavily in favor of granting the stay.'" *In re First S. Sav. Ass'n*, 820 F.2d 700, 704 (5th Cir. 1987) (quoting *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. Unit A Jun. 1981)). Defendants satisfy all four of the aforementioned criteria for a stay.

*First*, Defendants have made a strong showing of success on the merits. The Fifth Circuit has now granted Defendants' Rule 23(f) petition, indicating that Defendants have a substantial case on the merits. Given that this involves the critical issue of class certification, the balance of equities favors a stay.

*Second*, Defendants will be irreparably injured absent a stay, as they will be forced to expend substantial costs to litigate this case when a favorable decision on their Rule 23(f) appeal could significant alter the nature of the proceedings. The current scheduling order dated July 20, 2023 (Dkt. 202) stayed the remaining pre-trial deadlines only until after either (1) Defendants produced all documents encompassed by the Order or (2) the Fifth Circuit entered an order granting Defendants' petition for a writ of mandamus. Accordingly, absent a stay, Defendants would be required to produce documents encompassed by the Order, and then complete summary judgment and *Daubert* briefing, brief any motions *in limine*, prepare and submit a Joint Pretrial Order, and undertake other trial preparation work—all potentially while Defendants' Rule 23(f) appeal remains pending. A decision from the Fifth Circuit on class certification could significantly impact the remaining proceedings. *See Prantil v. Arkema Inc.*, 986 F.3d 570, 575 (5th Cir. 2021) ("[C]ertification changes the risks of litigation often in dramatic fashion.").

To require Defendants to continue litigating this case at this stage thus carries the real risk of forcing Defendants to incur substantial costs that may prove unnecessary. This irreparable injury would not be cured by an order providing that Defendants must produce the documents subject to the Order while their Rule 23(f) appeal is pending, while staying all further proceedings only *after* Defendants complete that production. Defendants would still be forced to incur significant costs associated with that process, as the documents still need to be reviewed on a document-by-document basis in light of the Fifth Circuit's order. As discussed in more detail below, that order explained that Defendants may "reassert privilege" and advised this Court that "challenged documents" should be "scrutinize[d]" and "decisions regarding the scope of the waiver [considered] carefully." (Dkt. 208-1 at 2.) A stay of the proceedings pending a ruling by the Fifth Circuit on Defendants' Rule 23(f) appeal will conserve the attorneys' fees and costs associated with this careful review, as well as the expense of a Special Master. Accordingly, the second criterion weighs heavily in favor of a stay. *See Earl v. Boeing Co.*, 21 F.4th 895, 899 (5th Cir. 2021) (staying a case pending a class certification interlocutory appeal in part because of the costs of discovery associated with continuing the action).

*Third*, Plaintiffs will suffer no harm from the stay. As explained above, all of the other case deadlines are currently stayed pending Defendants' complete production of documents subject to the Order. The documents remain preserved, and the Parties will be able to discuss an appropriate schedule following a ruling by the Fifth Circuit on Defendants' Rule 23(f) appeal. Therefore, awaiting the Fifth Circuit's decision will not prejudice Plaintiffs' ability to prosecute this case. *See id.* at 900 (finding no prejudice to plaintiffs resulting from stay of proceedings pending Rule 23(f) appeal when plaintiffs sought only money damages and identified no threat of spoliation).

*Fourth*, the public interest would be served by a stay, as it will conserve judicial resources and avoid what may amount to "unnecessary litigation costs" in the event of a favorable decision on Defendants' Rule 23(f) appeal. *See id.* ("[T]he public interest supports staying district court proceedings to avoid potentially wasteful and unnecessary litigation costs

where, as here, the appellant has shown a substantial likelihood of success on appeal."). A stay has the potential to save the Court and/or a Special Master significant time and resources.

In light of these factors, Defendants respectfully request that the Court stay all further proceedings in this case pending resolution of Defendants' Rule 23(f) appeal on class certification.

## II.     Alternatively, the Court Should Promptly Appoint a Special Master.

In the event the Court does not grant a stay of all proceedings pending an order of the Fifth Circuit resolving Defendants' Rule 23(f) petition, it should immediately appoint a Special Master to address the potential scope of the privilege waiver. In its order on Defendants' petition for a writ of mandamus, the Fifth Circuit noted its "concern . . . as to the potential scope of the privilege waiver granted by the trial court." (Ex. A at 2.) In light of that concern, the Fifth Circuit "advise[d] the trial court, or the appointed Special Master, to scrutinize challenged documents and consider its decisions regarding the scope of the waiver carefully," recognizing that Defendants would have "an opportunity to challenge waiver and reassert privilege as to specific documents." (*Id.*) The Fifth Circuit also highlighted its "confiden[ce] that the trial court will take reasonable measures to protect the documents and their contents until these legal decisions are made." (*Id.*)

To give effect to the Fifth Circuit's guidance, detailed review (including *in camera* review) of the Investigation Documents is required. Because many of the Investigation Documents were drafted by attorneys, they will need to be examined carefully to determine "the scope of the waiver carefully," including for example, redactions that may be appropriate to protect attorney mental impressions or specific legal advice. The most efficient way to carry out this process is through the appointment of a Special Master, who can then "scrutinize [the] challenged documents."

While Plaintiffs have taken the position that the Parties should first meet and confer regarding Defendants' views on which documents are or are not within the scope of the Court's Order, that process would only create further delay. The Parties already have met and conferred multiple times regarding the scope of the Order and Plaintiffs' counsel have repeatedly emphasized their view that *every single one* of the Investigation Documents should be produced under the Order. Indeed, during a July 6, 2023, meet and confer, Plaintiffs' counsel stated that from their perspective, the scope of the Order was "settled" as it contained no carve-out. More recently, during an October 19, 2023, meet and confer (following the Fifth Circuit's order on Defendants' petition for writ of mandamus), Plaintiffs' counsel again took the same position, stating unequivocally, "You have our position that all of the documents are within the scope of the order." In light of Plaintiffs' position, any further conferral with Plaintiffs as to which and how many documents are within the scope of the Order would be pointless and only cause further delay. Moreover, it is difficult, if not impossible, for Defendants to explain to Plaintiffs the bases for their views on why certain documents should fall outside the potential scope of the waiver without disclosing the privileged information itself. A Special Master, on the other hand, could review the documents *in camera* and decide whether any reassertion of privilege or work product protection by Defendants is appropriate.

Defendants are in the process of re-reviewing the Investigation Documents, in light of the Fifth Circuit's guidance, to determine the approximate number of documents with respect to which they will seek to reassert privilege or work product protection. As Defendants explained to Plaintiffs during their October 19 meet and confer, that number of documents will be significantly more than "two" or "four"—as Plaintiffs' counsel suggested. While Defendants

do not have an exact number to offer the Court at this time, they estimate that the number of documents with respect to which they will reassert privilege or work product protection (at least in part) is sufficiently great so as to benefit from the appointment of a Special Master. For example, the documents at issue contain over 50 Norton Rose Fulbright witness interview memoranda, many of which contain not only information provided by the witness, but also attorney mental impressions and opinions. A Special Master also may need to rule on certain reassertions of privilege or work product protection—in light of the Fifth Circuit's instruction in its October 16, 2023 order—before Defendants can determine definitively how many of the Investigation Documents will be subject to further challenges. That simply was not the case until the Fifth Circuit's recent instructions.

Accordingly, to comport with the Fifth Circuit's instructions and to allow Defendants the opportunity to "challenge waiver and reassert privilege" as may be appropriate, this Court should promptly appoint a Special Master in the event the Court does not grant a stay of all proceedings pending resolution of Defendants' Rule 23(f) appeal. And, in order to properly protect any documents that will not be subject to production, this Court should order that no documents need be produced while that review—as well as any supplemental review ultimately required by this Court—is ongoing.

\* \* \*

In sum, the Court should stay this matter pending resolution of Defendants' Rule 23(f) class certification appeal in the interest of efficiency. Should the Court decline to grant a stay, Defendants respectfully request that the Court promptly appoint a Special Master to resolve the Parties' disputes over the scope of the privilege waiver, and order that no documents be produced until that review is complete.

Respectfully,

*/s/ Kevin J. Orsini*

Kevin J. Orsini

Hon. Charles R. Eskridge III
U.S. District Court for the Southern District of Texas
515 Rusk Street, Room 9015
Houston, TX 77002

VIA ECF