# Exhibit A

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
October 16, 2023
Lyle W. Cayce
Clerk

No. 23-20350

_____

In re Anadarko Petroleum Corporation; R. A. Walker; Robert G. Gwin; Robert P. Daniels; Ernest A. Leyendecker, III,

*Petitioners.*

_____

Petition for a Writ of Mandamus
to the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-576

_____

UNPUBLISHED ORDER

Before Jones, Higginson, and Ho, *Circuit Judges*.

Per Curiam:

    We have consistently held that a writ of mandamus is a "drastic and extraordinary remedy reserved for extraordinary causes." *In re Depuy Orthopaedics, Inc.*, 870 F.3d 345, 350 (5th Cir. 2017) (quoting *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004)). Such remedy should only be invoked in exceptional circumstances, such as "a judicial usurpation of power," *Will v. United States*, 389 U.S. 90, 95 (1967), or a "clear abuse of discretion." *Bankers Life & Casualty Co. v. Holland*, 346 U.S. 379, 383 (1953). Because we find that the trial court's ruling does not reach the threshold of clear and indisputable error, the petition for writ of mandamus is denied.

Case 2023-20350   Document 215-2   Page: 20/30   Date Filed: 10/16/2023
Case 4:20-cv-00576   Document 154   Filed in TXSD on 10/18/2023   Page 23 of 3

No. 23-20350

We note our concern, however, as to the potential scope of the privilege waiver granted by the trial court. The trial court reasoned that out of fairness, the privilege waiver extends to the entire subject matter of the AAC investigation. *See* FED. R. EVID. 502(a); **Doc. 173 at 8–9.** But the trial court nevertheless acknowledged that because "legitimate disputes may exist" about whether certain documents fall under this waiver, it intends to provide Defendant Anadarko with an opportunity to challenge waiver and reassert privilege as to specific documents, either before the court or through a Special Master. **Doc. 173 at 9.**

Accordingly, we advise the trial court, or the appointed Special Master, to scrutinize challenged documents and consider its decisions regarding the scope of the waiver carefully. Furthermore, we are confident that the trial court will take reasonable measures to protect the documents and their contents until these legal decisions are made.

It is ordered that the petition for writ of mandamus is denied.