UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| In re ANADARKO PETROLEUM CORPORATION SECURITIES LITIGATION | § § § § § § § § | Civil Action No. 4:20-cv-00576<br><br>The Honorable Charles R. Eskridge III<br><br><u>CLASS ACTION</u><br><br>Magistrate Judge Christina A. Bryan |

**JOINT PROPOSAL TO GOVERN REVIEW OF DISPUTED DOCUMENTS**

Pursuant to the Court's February 13, 2024 Order (ECF 222), the Parties[1] respectfully propose the following timing and procedures to govern the Court's review of the documents that Defendants challenge as falling outside "the scope of the privilege and work-product waiver that Judge Eskridge found with respect to the entire subject matter of the investigation conducted by the Anadarko Audit Committee" investigation ("AAC Investigation") ("Challenged Documents").  ECF 220 at 1.

WHEREAS, on March 31, 2023, Judge Eskridge entered an Order finding waiver of privilege and work-product protection over the subject matter of the AAC Investigation and compelling production of documents falling within the scope of that Waiver (ECF 173) (the "MTC Order");

WHEREAS, on July 24, 2023, Defendants filed a petition for writ of mandamus with the U.S. Court of Appeals for the Fifth Circuit seeking to set aside the MTC Order;

WHEREAS, on October 16, 2023, the Fifth Circuit issued an order denying Defendants' petition for writ of mandamus, and noting its "concern" "as to the potential scope of the privilege waiver granted by the trial court," observed that Judge Eskridge put in place a mechanism for Defendants to challenge specific documents and "advis[ed] the trial court, or the appointed Special Master, to scrutinize challenged documents and consider its decisions regarding the scope of the waiver carefully" (ECF 208-1);

---

[1]   The "Parties" refer to Class Representatives Norfolk County Council as Administering Authority of the Norfolk Pension Fund and Iron Workers Local #580 Joint Funds, on behalf of themselves and the Class (collectively, "Plaintiffs"), and defendants Anadarko Petroleum Corporation, R.A. Walker, Robert G. Gwin, Robert P. Daniels, and Ernest A. Leyendecker, III (collectively, "Defendants").

- 1 -

WHEREAS, on January 10, 2024, Judge Eskridge held a status conference regarding the Parties' dispute over documents Defendants and third-parties are withholding or redacted on the basis of the AAC Investigation, and directed the Parties to meet and confer about a referral to a special master or this Court for initial review (ECF 216);

WHEREAS, on January 17, 2024, the Parties conferred and agreed to refer the initial review to this Court and began conferring as to appropriate procedures for review;

WHEREAS, on January 24, 2024, the Parties submitted a joint status report to Judge Eskridge advising that, among other things, they agreed to refer the review to this Court and continued to meet and confer as to appropriate procedures for the same (ECF 219);

WHEREAS, on January 29, 2024, Judge Eskridge referred the initial review to this Court to "make recommendation as to whether each document does or does not fall within the scope of the prior finding of privilege waiver" (ECF 220 at 2);

WHEREAS, on February 13, 2024, this Court set a telephone status conference for March 19, 2024, at 11:00 a.m. "to discuss the timing and procedure to govern the Court's document review" and ordering the Parties to file "an agreed, if possible, proposal for the timing and procedure to govern the Court's document review" (ECF 222); and

WHEREAS, on March 4, 2024, the Parties conferred about the timing and procedures for this Court's document review in advance of today's filing deadline.

NOW, THEREFORE, the Parties propose the following timing and procedure to govern this Court's review, subject to four areas of disagreement indicated below for discussion at the March 19, 2024 telephonic conference:

4857-5086-9163.v1

| | |
|---|---|
| March 29, 2024 | The Parties agree to this deadline for the production of documents that Defendants indicated they were not challenging at the January 10, 2024 status conference (and any others that are unchallenged, including third-party documents). |
| April 5, 2024 | Plaintiffs propose that Defendants produce redacted Challenged Documents (including third-party documents), redacting those portions that Defendants challenge as falling outside the scope of Judge Eskridge's waiver holding (*i.e.*, "with respect to the entire subject matter of the" AAC Investigation) (ECF 220 at 1). |
| | Plaintiffs made this proposal at the January 10 conference, and Judge Eskridge observed "it strikes me as a fair request" and "would be a first order of business before the special master [or magistrate]."  1/10/24 Tr. at 27:9-13.  Redacting the challenged portions of the documents protects the challenged material in accordance with the Fifth Circuit's note and is consistent with Judge Eskridge's comment quoted by Defendants below, which referred to turning over the material for which Defendants challenge waiver (*see id.* at 26:17-21), while affording Plaintiffs context necessary to participate meaningfully in the process of evaluating and briefing Defendants' challenges.  *See id.* |
| | • Defendants disagree with this procedure.  In its order denying Defendants' petition for writ of mandamus, the Fifth Circuit noted its "confiden[ce] that the trial court will take reasonable measures to protect the documents and their contents" until "legal decisions" regarding the scope of the MTC Order are made. (ECF 208-1 at 2.)  Judge Eskridge also recognized the need to protect the documents until a recommendation on any applicable privilege withholdings or redactions can be made, describing the process of turning over the Challenged Documents as the "last step."  As he put it, "the cat's out of the bag once it's disclosed" and "there's a lot of process that needs to happen before a final turnover would be made."  (1/10/24 Tr. at 26:13-21.) |
| April 12, 2024 | The Parties agree to this deadline for Defendants to produce a privilege log for the Challenged Documents, but disagree as to the level of detail that is to be documented therein. |
| | • Plaintiffs propose that Defendants' privilege log detail the basis for their belief that each falls outside the scope of "the entire |

- 3 -

|  |  |
|---|---|
|  | subject matter of the" AAC Investigation (ECF 220 at 1). Plaintiffs request sufficient detail to be able to assess Defendants' claims and participate meaningfully in the process. |
|  | • Defendants propose that their log categorize the documents they challenge as, wholly or partially, falling outside the scope of Judge Eskridge's MTC Order and identifies the basis on which Defendants maintain that each falls outside the scope of the MTC Order, without revealing the privileged contents of those documents. Defendants also note that during the January 10, 2024, conference with Judge Eskridge, Plaintiffs proposed a more detailed privilege log, but Judge Eskridge observed that such a log was "moving on to our merits of [] resolving th[e] issue" of Defendants' privilege calls. (1/10/24 Tr. at 17:17-20.) |
| April 26, 2024 | The Parties agree to this deadline to meet and confer about the Challenged Documents. |
| April 29, 2024 | The Parties agree to this deadline for submitting a joint appendix of prior briefing to Judge Eskridge and the Fifth Circuit for the Court's consideration. |
| May 17, 2024 | The Parties agree to this deadline for Defendants to file an opening letter brief of ten pages or less concerning outstanding disputes. Defendants shall submit *in camera* the Challenged Documents, including any third-party documents. |
|  | • Plaintiffs have proposed, but Defendants refused to agree to, a procedure that Plaintiffs view as non-controversial: There shall be no *ex parte* advocacy beyond submission of the documents themselves. It would be manifestly unfair and improper for Defendants to submit advocacy *ex parte* to the Court without affording Plaintiffs any opportunity to respond. |
|  | • Defendants disagree with Plaintiffs' suggestion that there be no *ex parte* advocacy beyond submission of the documents because, as Judge Eskridge recognized, privilege disputes like those at issue here "always" require "a conversation ex parte with me as the judge or the special master first," after which "he or she makes a recommendation." (1/10/24 Tr. at 16:17-20). |

- 4 -

| | |
|---|---|
| May 31, 2024 | The Parties agree to this deadline for Plaintiffs to file a responding letter brief of ten pages or less. |
| June 7, 2024 | Defendants propose that they have an opportunity to file a reply letter brief of five pages or less by this date. |

- Plaintiffs disagree with this procedure, given the informational disparity inherent in the briefing due to Defendants' *in camera* submissions. If Defendants are allowed a reply letter brief, Plaintiffs request a sur-reply to be filed by June 14, 2024.

| | |
|---|---|
| Date and time convenient to Court | Hearing on the Parties' letter briefing. |
| 14 days after report and recommendation | The Parties agree to this deadline to serve and file objections to this Court's report and recommendation pursuant to Federal Rule of Civil Procedure 72. |

The Parties look forward to discussing these matters with the Court at the upcoming March 19, 2024 telephonic status conference.

DATED:  March 15, 2024

Respectfully submitted,

KENDALL LAW GROUP, PLLC
JOE KENDALL (TX Bar No. 11260700)
(SDTX Bar No. 30973)
Attorney-in-charge

s/ Joe Kendall
JOE KENDALL

3811 Turtle Creek Boulevard, Suite 825
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)

Texas Local Counsel for Plaintiff

|  |  |
|---|---|
|  | ROBBINS GELLER RUDMAN & DOWD LLP<br>MARK SOLOMON (*pro hac vice*)<br>DANIEL S. DROSMAN (*pro hac vice*)<br>RACHEL L. JENSEN (*pro hac vice*)<br>LUKE O. BROOKS (*pro hac vice*)<br>HILLARY B. STAKEM (*pro hac vice*)<br>FRANCISCO J. MEJIA (*pro hac vice*)<br>MEGAN A. ROSSI (*pro hac vice*)<br>NICOLE Q. GILLILAND (*pro hac vice*)<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>Telephone:  619/231-1058<br>619/231-7423 (fax)<br><br>Class Counsel |
| DATED: March 15, 2024 | SHIPLEY SNELL MONTGOMERY LLP<br>GEORGE T. SHIPLEY (TX Bar No. 18267100)<br>(SDTX Bar No. 02118)<br><br>             s/ George T. Shipley            <br>          GEORGE T. SHIPLEY<br><br>717 Texas Avenue, Suite 1800<br>Houston, TX  77002<br>Telephone:  713/652-5920<br>713/652-3057 (fax)<br><br>CRAVATH, SWAINE & MOORE LLP<br>KEVIN J. ORSINI (*pro hac vice*)<br>LAUREN M. ROSENBERG (*pro hac vice*)<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY  10019<br>Telephone:  212/474-1000<br>212/474-3700 (fax)<br><br>Attorneys for Defendants |

4857-5086-9163.v1

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing on all counsel of record who have appeared in this matter via the Court's CM/ECF system on this, the 15th day of March, 2024.

s/ Joe Kendall<br>
JOE KENDALL

4857-5086-9163.v1