TAB 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: ANADARKO PETROLEUM CORPORATION SECURITIES LITIGATION | Case No. 4:20-cv-576<br><br>District Judge Charles R. Eskridge III<br><br>CLASS ACTION |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO RECONSIDER OR, IN THE ALTERNATIVE, CERTIFY FOR INTERLOCUTORY APPEAL THE COURT'S ORDER COMPELLING PRODUCTION OF INVESTIGATION DOCUMENTS**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................. ii

INTRODUCTION ...............................................................................................1

ARGUMENT .....................................................................................................2

    I.     Plaintiffs Offer No Legal Basis for Finding Waiver on the Facts Here ..................................................................................2

          i.     Asking About a Non-Privileged Document During Deposition Does Not Put Privilege "At Issue" .......................2

          ii.    Plaintiffs Mischaracterize Defendants' Statements on the Use of the Termination Letter ..........................................3

          iii.   Plaintiffs' New Arguments About KPMG Are Unpersuasive ..................................................................................4

    II.    Plaintiffs Present No Substantive Response to Defendants' Argument on Scope ..................................................................6

    III.   Plaintiffs' Arguments Against Certification Are Unavailing .............7

CONCLUSION ...................................................................................................8

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Fakhoury v. O'Reilly*, 2022 WL 909347 (E.D. Mich. Mar. 28, 2022) ......................4

*In re Application of Chevron Corp. v. 3TM Consulting, LLC*, 2011 WL
    13135155 (S.D. Tex. Jan. 10, 2011)...................................................................2

*In re Bankatlantic Bancorp, Inc. Sec. Litig.*, 2010 WL 11426137
    (S.D. Fla. Aug. 20, 2010) ...................................................................................4

*In re Cnty. Of Erie*, 546 F.3d 222 (2d Cir. 2008) .......................................................3

*In re General Motors LLC Ignition Switch Litig.*, No. 2015 WL 9165341
    (S.D.N.Y. Dec. 16, 2015) ...................................................................................4

*In re Itron, Inc.*, 883 F.3d 553 (5th Cir. 2018)........................................................2, 3

*In re Schlumberger Tech. Corp.*, 818 F. App'x 304 (5th Cir. 2020) .........................5

*In re Sims*, 534 F.3d 117 (2d Cir. 2008) ....................................................................3

*In re Symbol Techs., Inc. Sec. Litig.*, 2017 WL 1233842
    (E.D.N.Y. Mar. 31, 2017)...................................................................................2

*Pfeiffer v. Ajamie Pllc*, 2019 WL 13193376 (S.D. Tex. Dec. 2, 2019) .....................7

*Stolarik v. New York Times Co.*, 2019 WL 4565070
    (S.D.N.Y. Sept. 20, 2019) ...................................................................................2

*United States ex rel. El-Amin v. George Washington Univ.*, 533 F. Supp.
    2d 12 (D.D.C. 2008) ...........................................................................................4

Defendants Anadarko Petroleum Corporation ("Anadarko"), R.A. Walker, Ernest Leyendecker, Robert G. Gwin and Robert P. Daniels ("Defendants") submit this Reply in support of their Motion to Reconsider or, in the Alternative, Certify for Interlocutory Appeal the Court's Order Compelling Production of Investigation Documents. (ECF No. 192 ("Motion").)

## INTRODUCTION

Plaintiffs do not dispute the core premise of Defendants' argument: there is no legal basis for a finding that use of the SEC Termination Letter, a non-privileged document, during deposition triggers a broad subject-matter waiver over all attorney-client privileged communications and attorney work product related to the company's separate internal investigation into the SEC whistleblower allegations. Instead, Plaintiffs cite inapposite cases, refuse to accept Defendants' unequivocal stipulation that they will not use the Termination Letter as a defense to liability, claim for the first time, with no reasoned basis, that Defendants waived privilege by referring to conclusions reached by Anadarko's independent auditor, KPMG, and downplay the broad implications to privilege law beyond this case. The Court should reject Plaintiffs' arguments and reconsider its Order Compelling Production of Documents (ECF No. 173 ("Order")) or, alternatively, certify the Order for appeal.

# ARGUMENT

## I. Plaintiffs Offer No Legal Basis for Finding Waiver on the Facts Here

### i. Asking About a Non-Privileged Document During Deposition Does Not Put Privilege "At Issue"

Plaintiffs do not directly challenge Defendants' principal argument: asking about a *non-privileged* document during deposition cannot result in waiver. Nor can they, as sword-and-shield waiver occurs only if a party (1) discloses and directly uses privileged materials or (2) puts privileged materials "at issue" by relying on them "to support an element of a legal claim or defense." *In re Itron, Inc.*, 883 F.3d 553, 558 (5th Cir. 2018). Neither occurred here.

Plaintiffs concede that the Termination Letter is neither privileged nor work product, and accordingly this case does not present the first type of waiver. Yet, every case Plaintiffs cite concerns just that: waiver through disclosure of *protected* materials. *See In re Application of Chevron Corp. v. 3TM Consulting, LLC*, 2011 WL 13135155, at *3 (S.D. Tex. Jan. 10, 2011) (finding documents were not privileged, but regardless any privilege was waived after company disclosed work product to court-appointed damages expert); *Stolarik v. New York Times Co.*, 2019 WL 4565070, at *2 (S.D.N.Y. Sept. 20, 2019) (finding waiver after defendants voluntarily disclosed privileged documents); *In re Symbol Techs., Inc. Sec. Litig.*, 2017 WL 1233842, at *14-15 (E.D.N.Y. Mar. 31, 2017) (finding disclosure of work product during deposition waived protection over related work product). These cases have no bearing on the issues here.

2

Plaintiffs also do not dispute that Defendants have not sought to influence a "decisionmaker" by relying on privileged materials—a prerequisite to finding waiver under the second scenario. *See In re Cnty. of Erie*, 546 F.3d 222, 229 (2d Cir. 2008); *see also Itron*, 883 F.3d at 561. Plaintiffs instead argue that Defendants attempted to "influence *a Class representative*." (ECF No. 194 ("Opp.") at 9 (emphasis added).) But Class representatives are not decisionmakers, and Plaintiffs cite no caselaw suggesting that asking a few questions about a non-privileged document is equivalent to relying on privileged materials to make one's "claim or defense." Moreover, nothing suggests these questions influenced the Class representatives—sophisticated investors who testified that the Termination Letter did *not* impact their understanding of the class action allegations. (Motion at 4-5.) As the undisputed facts and caselaw make clear, there was no waiver here.

### ii. Plaintiffs Mischaracterize Defendants' Statements on the Use of the Termination Letter

Plaintiffs' refusal to acknowledge that Defendants do not intend to use the Termination Letter as a defense to liability fares no better. Defendants have never relied on the internal investigation as part of their defense. (*See* ECF Nos. 60, 72, 124 at 15-17, 180.) As soon as Defendants learned that the Court viewed the limited deposition questioning about the Termination Letter as a substantive defense supporting waiver, they expressly disavowed such use of that letter. Courts regularly accept this type of stipulation. *See, e.g.*, *Itron*, 883 F.3d at 557; *In re Sims*, 534 F.3d 117, 140-41 (2d Cir. 2008).

3

In arguing otherwise, Plaintiffs mischaracterize defense counsel's statement during the recent hearing as showing Defendants will use the SEC's termination "to negate the taint of the whistleblower claims." (Opp. at 10.) Defendants' counsel explained that their concern was preventing the jury from improperly speculating about actions taken by the SEC—a concern that regularly leads courts to exclude evidence of government investigations. *See, e.g.*, *Fakhoury v. O'Reilly*, 2022 WL 909347, at *9 (E.D. Mich. Mar. 28, 2022) (excluding evidence of a government investigation "because it will suggest to the jury that [plaintiffs] are engaged in illegitimate activities"); *In re General Motors LLC Ignition Switch Litig.*, No. 2015 WL 9165341, at *1 (S.D.N.Y. Dec. 16, 2015); *In re Bankatlantic Bancorp, Inc. Sec. Litig.*, 2010 WL 11426137, at *3 (S.D. Fla. Aug. 20, 2010); *United States ex rel. El-Amin v. George Washington Univ.*, 533 F. Supp. 2d 12, 22 (D.D.C. 2008). And as counsel made clear during the hearing, Defendants "would be happy to have no discussion whatsoever about the SEC investigation in this case." (ECF No. 194-1 at 37:2-9.) Defendants have not, and will not, argue that the SEC's decision not to bring an enforcement action weighs against a finding of liability.

   iii. <u>Plaintiffs' New Arguments About KPMG Are Unpersuasive</u>

In their opposition, Plaintiffs raise an entirely new argument—that Defendants "have continued using AAC investigation materials as a sword" because Defendants and their expert relied on KPMG. (Opp. at 10.) This new argument to support the Court's prior ruling is unpersuasive.

4

Plaintiffs argue that Defendants waived privilege and work product protection because they "intend to present an affirmative defense that they relied in good faith on KPMG's advice and work." (*Id.*) This is based solely on Defendants' interrogatory response stating Defendants relied upon the "work, opinions, information, representations and/or advice" of KPMG (along with almost 40 other individuals and entities) "in making certain of the statements alleged . . . to be false or misleading." (ECF No. 194-2 at 3-4.) Defendants' interrogatory response, on its face, does not rely on privileged materials and cannot constitute waiver. *See In re Schlumberger Tech. Corp.*, 818 F. App'x 304, 307-08 (5th Cir. 2020). Moreover, KPMG advised Anadarko on other matters before the investigation, which began over a year into the Class Period and after many of the alleged misstatements were made. None of the 20 individuals Plaintiffs deposed testified that the alleged misstatements resulted from KPMG's advice, let alone advice that implicated privilege.

Lacking actual evidence, Plaintiffs assert that Defendants waived privilege by submitting a report from their accounting expert, Dr. Richard Dietrich, despite the fact that Dr. Dietrich had no access to privileged materials. As evidenced by the very testimony Plaintiffs cite, Dr. Dietrich relied on only *redacted* materials (ECF No. 194-4 at 107:19-24), and only about a limited point related to the decision to suspend Shen-3 costs. Nonetheless, Plaintiffs argue that by mentioning KPMG's role and citing KPMG memoranda in response to Plaintiffs' expert's report—which itself discusses KPMG's role and cites dozens of KPMG memoranda (ECF No. 180-

5

6 Ex. 19)—Dr. Dietrich somehow put at issue KPMG's *other* knowledge about the investigation. Plaintiffs do not cite a single case supporting any waiver in this circumstance, let alone waiver over the entire subject matter of an investigation. Nor do they explain how Dr. Dietrich could wield privileged information to Plaintiffs' detriment when he lacked access to any such information.

Plaintiffs' final argument—that Dr. Dietrich "expressly relies on NRF's presentation to the SEC"—also fails. (Opp. at 11.) Dr. Dietrich cites to the presentation only as a source for straightforward information like the publicly released well results (ECF No. 194-3 ¶¶ 22, 213), and in the testimony Plaintiffs cite, Dr. Dietrich simply confirmed, in response to counsel's questions, he knew an investigation occurred (ECF No. 194-4). None of this amounts to waiver.

## II. Plaintiffs Present No Substantive Response to Defendants' Argument on Scope

Plaintiffs offer no rebuttal to Defendants' argument that broad subject-matter waiver is disproportionate even if there were a sword-and-shield waiver. Plaintiffs vaguely assert they need to understand "what was not given to the SEC" and "what underlying facts were communicated orally during NRF's 4.5-hour presentation" to "rebut the significance of the SEC's termination decision." (Opp. at 12.) But since Defendants have made clear they will not rely on the Termination Letter, there will be nothing for Plaintiffs to rebut. Even if the termination decision were in play— and it is not—Plaintiffs offer no reason why they could not rebut its significance with the extensive discovery they have taken in this case.

6

Defendants are not asking for "a blanket rule that opinion work product not developed for this litigation is not discoverable." (*Id.* at 13.) But a broad subject-matter waiver is disproportionate given the nature of the waiver finding. And Plaintiffs' suggestion that discussions with KPMG and J.P. Morgan waived attorney-client privilege rings hollow—the Court never found waiver with respect to those entities. (Order at 9 (referencing only confidential communications "apparently" revealed to third parties).)

Plaintiffs' argument that the Court's Order is not ripe for reconsideration because Defendants rehash prior arguments is a red herring. (Opp. at 12–13.) Plaintiffs cite to *Pfeiffer v. Ajamie Pllc*, 2019 WL 13193376 (S.D. Tex. Dec. 2, 2019). But there, the Court explained that a district court "may reconsider and revise its decision for any reason deemed sufficient, and this is so even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id.* at *2. The disproportionate scope of waiver—unprecedented in the caselaw—is "sufficient" reason to grant reconsideration.

### III. Plaintiffs' Arguments Against Certification Are Unavailing

Plaintiffs present the Court's ruling as far more complicated than it is, and the implications far less important than they are. The Order can—and should—be certified, as it meets the requirements for certification.

*First*, this case presents a controlling question of law: Can asking about a non-privileged letter during a deposition waive privilege over the entire subject

7

matter of an internal investigation? This is a narrow issue of law that can be decided without extensive analysis of the underlying record.

*Second*, there are substantial grounds for a difference of opinion on the Court's ruling. Plaintiffs claim that "Defendants fail to identify a single Fifth Circuit decision in conflict with the Order." (Opp. at 17.) But as explained above, the cases *both* parties cite conflict with the Order, and not a single case *supports* waiver here. The Order also has broad implications on the nature of privilege law with respect to internal investigations and may result in unintentional waiver during discovery.

*Finally*, certification will promptly resolve this issue. Disputes over the Court's Order have already begun. Plaintiffs view the Order as all-encompassing, whereas Defendants take a more limited view. While Plaintiffs baselessly suggest that Defendants have stalled discussions (*see* Opp. at 6-7), the parties conferred, and Defendants sent Plaintiffs a letter outlining their position over a month ago. Plaintiffs have not yet responded. A prompt appeal will resolve this issue so that the parties can proceed expeditiously to summary judgment and, if needed, trial.

## CONCLUSION

For the foregoing reasons, and those set forth in the Motion, Defendants respectfully move the Court to reconsider its Order dated March 31, 2023, or in the alternative certify the Order to the U.S. Court of Appeals for the Fifth Circuit.

8

Dated: May 30, 2023                    Respectfully submitted,

                                       */s/ Kevin J. Orsini*
                                       **CRAVATH, SWAINE & MOORE LLP**
                                       Kevin J. Orsini (*pro hac vice*)
                                       Benjamin Gruenstein (*pro hac vice*)
                                       Lauren M. Rosenberg (*pro hac vice*)
                                       Worldwide Plaza
                                       825 Eighth Avenue
                                       New York, NY 10019
                                       Telephone: (212) 474-1000
                                       Facsimile: (212) 474-3700
                                       korsini@cravath.com
                                       bgruenstein@cravath.com
                                       lrosenberg@cravath.com


                                       **SHIPLEY SNELL MONTGOMERY LLP**
                                       George T. Shipley
                                       State Bar No. 18267100
                                       Federal ID No. 02118
                                       712 Main Street, Suite 1400
                                       Houston, TX 77002
                                       Telephone: (713) 652-5920
                                       Facsimile: (713) 652-3057
                                       gshipley@shipleysnell.com

                                       *Attorneys for Defendants*

## CERTIFICATION OF WORD COUNT

In accordance with Rule 18(c) of Your Honor's Court Procedures, I hereby certify that this document contains 1,913 words, exclusive of the caption, the signature block and certificates.

Dated: May 30, 2023

                                                             */s/ Kevin J. Orsini*
                                                             Kevin J. Orsini

## CERTIFICATE OF SERVICE

I certify that on May 30, 2023, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

Dated: May 30, 2023

                                                */s/ Kevin J. Orsini*
                                                Kevin J. Orsini