# TAB 13

Case 4:20-cv-00576 Document 219-13 Filed on 06/29/24 in TXSD Page 2 of 4
Case 4:20-cv-00576 Document 215 Filed on 06/30/23 in TXSD Page 1 of 3
United States District Court
Southern District of Texas
**ENTERED**
June 30, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| | § | CIVIL ACTION NO |
| | § | 4:20-cv-00576 |
| | § | |
| | § | |
| IN RE: ANADARKO | § | JUDGE CHARLES ESKRIDGE |
| PETROLEUM | § | |
| CORPORATION | § | |
| SECURITIES | § | |
| LITIGATION | § | |
| | § | |
| | § | |

**ORDER DENYING MOTION FOR RECONSIDERATION
OR FOR CERTIFICATION FOR INTERLOCUTORY APPEAL**

Lead Plaintiff Norfolk County Council as Administering Authority of the Norfolk Pension Fund, Iron Workers Local #580 Joint Funds moved to compel production of documents due to waiver of privilege in May 2022. Dkt 122. That motion was granted, with the parties ordered, upon request of Defendant Anadarko Petroleum Corporation, to meet and confer as to which documents fall within the scope of the waiver detailed in the order. Dkt 173.

Anadarko seeks reconsideration of that order pursuant to Rule 54(b) Federal Rules of Civil Procedure. Dkt 192 at 13–19. It asks in the alternative that the order be certified for interlocutory appeal to the Fifth Circuit pursuant to 28 USC § 1292(b). Id at 19–23. For its part, Norfolk County Council reports that Anadarko hasn't turned over the documents. Dkt 194 at 11–12.

    1.    Reconsideration

Under Rule 54(b), the district court may reconsider and revise its decision for any reason deemed sufficient,

and this is so even in the absence of new evidence or an intervening change in or clarification of the substantive law. *Austin v Kroger Texas, LP*, 864 F3d 326, 336 (5th Cir 2017) (citations omitted). Such approach reflects the "inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires." Id at 337, quoting *Cobell v Jewell*, 802 F3d 12, 25–26 (DC Cir 2015). But there are limits. The Fifth Circuit admonishes, "A motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." *LeClerc v Webb*, 419 F3d 405, 412 n 13 (5th Cir 2005); see also *Contango Operators, Inc v United States*, 965 F Supp 2d 791, 800 (SD Tex 2013): "Where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again."

Anadarko argues in essence that it hasn't used the termination letter as a sword. Dkt 192 at 13. This argument was considered and disposed of in the subject order. Anadarko now offers to stipulate that it will not introduce or rely on the termination letter. Id at 14. That conflicts with representations made by counsel at hearing. See Dkt 187 at 28. A change in Anadarko's position *after* decision in no way warrants reconsideration of that decision.

Anadarko also argues that the finding of broad subject-matter waiver is disproportionate to the nature of the waiver. Dkt 192 at 16–19. These arguments present nothing that wasn't considered and addressed in the order. What's more, the argument was accommodated, for it was at Anadarko's request that the order included provision that the parties meet and confer as to which documents fall within the scope of waiver before any appointment of a Special Master might be found necessary. Dkt 173 at 9; see also Dkt 124 at 26. They should now proceed accordingly.

The motion for reconsideration will be denied.

2. Certification for interlocutory appeal

District courts have discretion to provide for interlocutory appeals. *Swint v Chambers County*

*Commission*, 514 US 35, 47 (1995). But it must pertain to "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 USC § 1292(b).

The order compelling production of documents is a privilege and production ruling only. Indeed, it's a garden-variety privilege dispute, where resolution of privilege issues is intensely factual. What's requested on appeal thus isn't a "pure question of law that the reviewing court could decide quickly and cleanly without having to study the record.'" *In re Royce Homes LP*, 466 BR 81, 94 (SD Tex 2012). Likewise, the production of the ordered documents will result in those being but some of the evidence relevant as to the ultimate question of liability on the merits. Deciding a privilege issue isn't what § 1292(b) has in mind to "materially advance the ultimate termination of the litigation."

The request for certification of interlocutory appeal will be denied.

### 3. Conclusion

The motion to reconsider the order compelling production of documents, or in the alternative to certify the order for interlocutory appeal, is DENIED. Dkt 192.

SO ORDERED.

Signed on June 30, 2023, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

3