TAB 15

**Robbins Geller Rudman & Dowd LLP**

| | | |
|---|---|---|
| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

July 21, 2023

Hon. Charles R. Eskridge III                   VIA ECF
U.S. District Court for the Southern District of Texas
515 Rusk Street, Room 9015
Houston, TX 77002

        Re:    *In re Anadarko Petroleum Corp. Sec. Litig.*, No. 4:20-cv-00576 (S.D. Tex.)

Dear Judge Eskridge:

        Pursuant to Rule 15(c) of Your Honor's Procedures, Plaintiffs respectfully request the Court's assistance in enforcing its March 31, 2023 and June 30, 2023 Orders (ECFs 173, 199) ("MTC Orders") compelling the production of documents relating to the subject matter of Anadarko Audit Committee's ("AAC") investigation into Senior Reservoir Engineer Lea Frye's ("Frye") whistleblower claims (the "Compelled Documents").

        Nearly four months have passed since the Court granted Plaintiffs' motion to compel (ECF 173), and nearly a month since the Court denied Defendants' motion for reconsideration (ECF 199) and indicated "new documents will be produced" under the MTC Orders. *See* ECF 200. Nevertheless, Defendants still refuse to produce any of the Compelled Documents. It is not for a lack of clarity about which documents fall within the scope of the MTC Orders, as Defendants now admit that all of the Compelled Documents are encompassed by the MTC Orders. The holdup at this point is sheer defiance.

        Given Defendants' ongoing refusal to produce the Compelled Documents, coupled with their admission that all the documents fall within the scope of this Court's MTC Orders, Plaintiffs respectfully request that the Court order Defendants and AAC Directors Eric Mullins, Mark McKinley, and Kevin Chilton to produce the Compelled Documents to Plaintiffs within 21 days.

**I.    RELEVANT PROCEDURAL HISTORY**

        On February 22, 2022, Plaintiffs sought leave to file a motion to compel the production of documents related to the AAC investigation. ECFs 100, 105. The Court granted leave, and Plaintiffs filed their motion to compel on May 2, 2022. ECF 122.

        After full briefing and a motion hearing, the Court granted Plaintiffs' motion to compel in its entirety on March 31, 2023, finding that Anadarko had tactically used "privilege as a sword and a shield" and waived privilege as to "the entire subject matter of the AAC investigation." ECF 173 at 9. The Court ordered the production of the AAC documents, with the proviso that the parties should meet and confer if Defendants raised legitimate disputes as to particular documents. *Id.*

        The parties met and conferred pursuant to the Court's March 31 Order on April 5, 2023. Defendants took the position that opinion work product fell outside the Order and indicated they would move for reconsideration. Defendants admitted, however, that the filing of the motion would not stay the order.

        On April 28, 2023, Defendants represented to Class Counsel that they were in the process of reviewing the Compelled Documents and would provide a catalog of documents that contained factual information versus opinion work product. Thereafter, on June 27, 2023, Defendants represented to this Court in a letter that they had no intention of delaying the Court's March 31 Order. ECF 197. Class Counsel thereafter wrote to Defendants and asked them to proceed without further delay. *See* Ex. A, attached hereto.

        After the Court issued the June 30, 2023 Order, the parties met and conferred on July 6 and July 11, 2023. During the July 6 call, Defendants refused to produce any of the Compelled Documents, even those

that contained no opinion work product, and indicated their belief that further briefing was needed to clarify whether opinion work product fell within the scope of waiver under the Court's MTC Orders. Defendants further asserted that the Court's MTC Orders required them merely to meet and confer, and they were under no obligation to produce documents. Then, during the July 11 call, Defendants admitted that opinion work product fell within the scope of the Court's MTC Orders. Defendants also promised to provide a catalog of documents containing factual information, opinion work product, or both. During that same call, Defendants told Plaintiffs they planned to file a petition for a writ of mandamus. Defendants thereafter reiterated their commitment to provide the document catalog in a July 12, 2023 email.

On July 18, after the promised timeframe for Defendants' document catalog had come and gone, Class Counsel followed up by email, requesting again that Defendants provide the catalog. On July 19, Defendants changed course again, refusing to provide the catalog they had been promising for months. It is apparent that Defendants were just buying themselves more time for the unilateral stay that they professed to this Court not to have granted themselves. *See* ECF 197.

## II. THE COURT SHOULD ENFORCE ITS ORDER COMPELLING THE PRODUCTION OF THE INVESTIGATION DOCUMENTS

The power of federal courts to enforce their orders is as old as the courts themselves. As Justice Field observed over 150 years ago: "The moment the courts of the United States were called into existence and invested with jurisdiction over any subject, they became possessed of this power." *Ex Parte Robinson*, 86 U.S. (19 Wall.) 505, 510 (1874). Rule 37, for example, authorizes courts to issue "further just orders" when "a party . . . fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2). "The rule is designed to empower the court to compel production of evidence by the imposition of reasonable sanctions." *Dorsey v. Acad. Moving & Storage, Inc.*, 423 F.2d 858, 860 (5th Cir. 1970).

Here, the Court has issued not one but two orders compelling the production of the documents related to the AAC investigation into Frye's whistleblower claims. And yet Defendants refuse to produce even a single document, even as they admit that all the Compelled Documents fall within the scope of the Court's MTC Orders. Accordingly, Plaintiffs seek the Court's assistance in enforcing its MTC Orders by ordering the production of all the Compelled Documents by a date certain.

Defendants' assertion that they intend to file a petition for a writ of mandamus does not relieve them of their obligation to comply with the Court's MTC Orders. On the contrary, it is well established that the filing of a petition for a writ of mandamus has no bearing on the duty to comply with the Court's MTC Orders. As the Fifth Circuit holds, mandamus petitions request an extraordinary remedy that is rarely granted; consequently, "the Federal Rules of Civil Procedure do not provide for an automatic stay of district court proceedings while a petition for writ of mandamus is pending." *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1416 (5th Cir. 1995). Moreover, this Court has already indicated that interlocutory review is inappropriate in denying Defendants' request to certify an interlocutory appeal in its June 30, 2023 Order. *See* ECF 199 at 2-3.

Accordingly, Plaintiffs respectfully ask the Court to order Defendants and the ACC Directors to produce all the Compelled Documents to Plaintiffs within 21 days. Plaintiffs reserve their rights to seek additional relief if they fail to do so.

Respectfully submitted,

RACHEL L. JENSEN

4883-1540-3889.v1

# EXHIBIT A

**Robbins Geller Rudman & Dowd LLP**

| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

Rachel L. Jensen
RachelJ@rgrdlaw.com

June 29, 2023

Lauren M. Rosenberg  **VIA EMAIL**
Cravath, Swaine & Moore LLP  *lrosenberg@cravath.com*
Worldwide Plaza, 825 Eighth Avenue
New York, NY 10019-7475

Re: *In re: Anadarko Petroleum Corp. Sec. Litig.*, No. 4:20-cv-00576 (S.D. Tex.)

Dear Lauren:

We read with interest Defendants' June 27, 2023 letter to the Court (ECF 197), specifically the denial of any intention to delay the Court's March 31, 2023 Order (ECF 173) ("MTC Order"). It's been Plaintiffs' position all along that Defendants' motion for reconsideration does not stay the MTC Order, so we are pleased to hear that Defendants' compliance can proceed without further delay.

As previously discussed, the MTC Order granted Plaintiffs' motion to compel in full, finding "waiver extend[ing] to the entire subject matter of the AAC investigation." MTC Order at 9. The Court did not carve out legal advice or opinion work product from the subject-matter waiver. Accordingly, Plaintiffs disagree with Defendants' attempt to so limit the MTC Order. Unless Defendants are willing to reconsider their position, it appears the parties have reached impasse on this issue.

Further, your April 28, 2023 meet-and-confer letter made a representation that:

> We are conducting additional review of the documents at issue to determine which documents listed on Exhibit I and the privilege logs of the Audit Committee members, as well as the documents KPMG redacted for Anadarko work product, contain factual information learned during Norton Rose's privileged investigation and thus fall within the scope of the Order.

Rosenberg 4/28/23 letter at 2.

That was two months ago, and we never heard back from you. Within one week, on or by July 6, 2023, please provide us with: (i) the quantity of documents identified; (ii) the universe of documents searched; (iii) whether Defendants agree to produce the documents identified and by what date certain; and (iv) if Defendants refuse to produce these documents, the basis for their refusal.

Very truly yours,

RACHEL L. JENSEN

cc: Lauren Phillips (via email)
Daniel S. Drosman
Luke O. Brooks

4883-4624-2413.v1