TAB 18

No. 23-20350

# IN THE UNITED STATES COURT OF
# APPEALS FOR THE FIFTH CIRCUIT

IN RE ANADARKO PETROLEUM
CORPORATION, R.A. WALKER, ROBERT
G. GWIN, ROBERT P. DANIELS AND
ERNEST A. LEYENDECKER,

*Petitioners.*

On Petition for a Writ of Mandamus to
the United States District Court
for the Southern District of Texas,
Docket No. 4:20-CV-576.

Honorable Charles R. Eskridge, III

## REPLY IN SUPPORT OF PETITION FOR
## WRIT OF MANDAMUS

*Cravath, Swaine & Moore LLP*
Kevin J. Orsini
Lauren M. Rosenberg
825 Eighth Avenue
New York, NY 10019

*Shipley Snell Montgomery LLP*
George T. Shipley
712 Main Street, Suite 1400
Houston, TX 77002

*Counsel for Petitioners*

## CERTIFICATE OF INTERESTED PERSONS

*In re Anadarko Petroleum Corporation Securities Litigation*, No. 23-20350.

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1.      Plaintiffs-Respondents and Class:  All persons or entities that purchased or otherwise acquired Anadarko Petroleum Corporation's publicly traded common stock between February 20, 2015 and May 2, 2017, inclusive, and were damaged thereby; Norfolk County Council as Administering Authority of the Norfolk Pension Fund; Iron Workers Local #580 Joint Funds; Building Trades United Pension Trust Fund.

2.      Counsel for Plaintiffs-Respondents:  Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, California 92101 (Mark Solomon, Daniel Drosman, Rachel Jensen, Luke Brooks, Hillary Stakem, Joseph David Daley); Kendall Law Group, PLLC, 3811 Turtle Creek Blvd., Suite 1450, Dallas, Texas 75219 (Joe Kendall).

3.      Defendants-Petitioners:  Anadarko Petroleum Corporation, an indirect wholly owned subsidiary of Occidental Petroleum Corporation; R.A. Walker; Robert G. Gwin; Robert P. Daniels; Ernest A. Leyendecker, III.

i

4.    Counsel for Defendants-Petitioners:  Cravath, Swaine & Moore LLP, 825 Eighth Avenue, New York, New York 10019 (Kevin Orsini, Lauren Rosenberg); Shipley Snell Montgomery LLP, 712 Main Street, Suite 1400, Houston, Texas 77002 (George Shipley).

5.    Other Entities:  Insurers of Defendants-Petitioners (National Union Fire Insurance Company of Pittsburgh, Pa., XL Specialty Insurance Company, Zurich American Insurance Company, U.S. Specialty Insurance Company, ACE American Insurance Company, American International Reinsurance Company, LTD., Freedom Specialty Insurance Company, RSUI Indemnity Company, Navigators Insurance Company, AXIS Insurance Company, QBE Insurance Corporation, Continental Casualty Company, Berkley Insurance Company, Beazley Insurance Company, Westchester Fire Insurance Company, Illinois National Insurance Company); Occidental Petroleum Corporation, a publicly held corporation that has no parent corporation.  Berkshire Hathaway Inc. indirectly owns 10% or more of the issued and outstanding shares of common stock of Occidental Petroleum Corporation.  No other publicly traded company owns more than 10% of the common stock of Occidental Petroleum Corporation.

6.    District Court Judge:  Hon. Charles R. Eskridge, III, U.S. District Judge, Southern District of Texas.

Dated:  August 24, 2023

/s/ Kevin J. Orsini
Kevin J. Orsini
*Counsel for Defendants-Petitioners*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ......................................................................v

PRELIMINARY STATEMENT ..............................................................1

ARGUMENT ...........................................................................................3

I.    Defendants Have Shown a Clear and Indisputable Right to a Writ ...............3

    A.    In Arguing that the District Court's Waiver Finding Is a "Garden Variety" and "Intensely Factual" Ruling, Plaintiffs Misrepresent the Record Below and Ignore the Law ...........................3

        1.    Plaintiffs Cannot Defend the Basis for the District Court's Finding of Waiver ..........................................................4

        2.    Defendants Did Not Waive Privilege By Communicating with Limited Third Parties ..................................................6

    B.    Plaintiffs Fail to Show that the District Court's Broad Subject-Matter Waiver Is Warranted ................................................................9

        1.    There Is No Basis for Waiver Based on Alleged Lack of Access to Material Facts ..............................................................9

        2.    Plaintiffs' Opinion Work Product Arguments Fail ..................10

II.    Mandamus Review Is Appropriate Here .......................................................11

CONCLUSION ......................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Doe 1 v. Baylor Univ.*,
335 F.R.D. 476 (W.D. Tex. 2020) ...................................................................10

*In re Arizona*,
No. 21-71312, 2022 WL 1117113 (9th Cir. Apr. 14, 2022)............................4, 5

*In re Boeing Co.*,
No. 21-40190, 2021 WL 3233504 (5th Cir. July 29, 2021)
(per curiam).............................................................................................3, 12, 14

*In re Burlington Northern, Inc.*,
822 F.2d 518 (5th Cir. 1987) ........................................................................12

*In re Int'l Sys. & Controls Corp. Sec. Litig.*,
693 F.2d 1235 (5th Cir. 1982) ...................................................................11, 12

*In re Itron, Inc.*,
883 F.3d 553 (5th Cir. 2018) .......................................................................3, 13

*In re Kellogg Brown & Root, Inc.*,
756 F.3d 754 (D.C. Cir. 2014)........................................................................13

*In re Occidental Petroleum Corp.*,
217 F.3d 293 (5th Cir. 2000) ........................................................................12

*In re Schlumberger Tech. Corp.*,
818 F. App'x 304 (5th Cir. 2020) ....................................................................8

*United States v. El Pao Co.*,
682 F.2d 530 (5th Cir. 1982) .......................................................................7, 8

*Upjohn Co. v. United States*,
449 U.S. 383 (1981).................................................................................12, 13

**Statutes & Rules**

Federal Rule of Evidence 502(a) ........................................................................13

v

## PRELIMINARY STATEMENT

Plaintiffs' opposition to Defendants' Petition for Writ of Mandamus (ECF 2-3 ("Petition" or "Pet.")) points to no case law that supports the finding of waiver, much less the broad and unprecedented scope of such waiver reflected in the District Court's March 31, 2023 Order (the "Order"). Instead, Plaintiffs rely on mischaracterizations of the Order and the underlying record in an effort to cloud Defendants' clear and indisputable right to mandamus relief.

In their Petition, Defendants explained why the District Court's sweeping Order on "sword and shield" waiver based on Defendants' limited use of the SEC's Termination Letter in deposing two of Plaintiffs' witnesses lacks any support in the case law. This Court then granted Plaintiffs the opportunity to point to authority that *would* support that Order. Plaintiffs' failure to do so is telling. The lack of waiver is particularly apparent given the undisputed facts that Defendants: (1) have placed neither the deposition testimony nor the Termination Letter before the factfinder; and (2) stipulated before the District Court that they will not do so at trial.

Because they have no authority to support the Order's finding of waiver in the first instance, Plaintiffs speculate about what Defendants might have done had the deposition testimony elicited responses different from the ones on

1

record.  But the question here is not what *might* have happened; it is what *did* happen.  There has been no waiver.

        Plaintiffs also attempt to manufacture alternative bases for waiver—despite the fact that the District Court limited its analysis of waiver to the deposition questioning.  Nothing in Plaintiffs' response provides a reasoned basis for concluding that the District Court correctly found that the doctrine of sword-and-shield or "at issue" waiver operates when a party's only "use" of privileged materials is to ask deposition questions about the non-privileged outcome of an SEC investigation.  This is dispositive—without a basis for finding waiver, the District Court's other findings are moot.

        But even if the District Court's finding of waiver were proper (and it is not), Plaintiffs have failed to present any rational support for the Order's broad scope.  Plaintiffs imply that Defendants prevented them from deposing witnesses when, in fact, Plaintiffs themselves agreed to limit the number of depositions and never sought leave to depose additional witnesses when they had the opportunity to do so.  And Plaintiffs cite to no authority supporting their bald assertion that any waiver in this case should in fairness apply to the mental impressions and legal advice of the Anadarko Audit Committee's counsel.  Indeed, the authority they cite stands for precisely the opposite proposition—opinion work product is afforded broad protection and rarely, if ever, ordered to be produced.

Finally, Plaintiffs offer no cogent argument that mandamus relief is inappropriate.  This Court has found it appropriate to issue a writ where, as here, a district court improperly orders—in an unprecedented and unsupported decision—disclosure of privileged communications and protected work product.  *See In re Itron, Inc.*, 883 F.3d 553, 568–69 (5th Cir. 2018); *In re Boeing Co.*, No. 21-40190, 2021 WL 3233504, *2–3 (5th Cir. July 29, 2021) (per curiam).

## ARGUMENT

I.    **Defendants Have Shown a Clear and Indisputable Right to a Writ.**

A.    **In Arguing that the District Court's Waiver Finding Is a "Garden Variety" and "Intensely Factual" Ruling, Plaintiffs Misrepresent the Record Below and Ignore the Law.**

Plaintiffs cannot provide any authority to support the District Court's determination that the limited deposition questioning about the SEC Termination Letter constituted a broad waiver of privilege, and are therefore relegated to mischaracterizing the Order, the record and the law.  (ECF 30 ("Opp.") at 17–23.)  None of this succeeds.  (*See infra* Section I.A.1.)  Equally unavailing is the argument that the Audit Committee's alleged disclosures to the SEC and Anadarko's external auditor, KPMG, and underwriter, J.P. Morgan, justify the District Court's finding of waiver.  (Opp. at 17–18.)  While the District Court referred to those alleged disclosures in the background section of the Order and cited to them in explaining the basis for its decision as to the *scope* of waiver, the

District Court made no explicit finding that the disclosures themselves waived
privilege.  (*See infra* Section I.A.2.)

> 1.  Plaintiffs Cannot Defend the Basis for the District Court's
>     Finding of Waiver.

Plaintiffs offer no reasoned defense of the District Court's finding of
waiver, nor do they cite a single case supporting this holding.  Instead, Plaintiffs'
two arguments addressing the deposition questioning involve counterfactuals and
are unsupported by the law.

*First*, Plaintiffs speculate that, "had their deposition gambit
succeeded, Defendants most certainly *would* have placed the resulting testimony
before the district court."  (Opp. at 21.)  But to waive privilege, a party must
*actually rely* on privileged material in attempting to influence the decisionmaker
and then deprive the opposing side of the tools to properly respond.  (Pet. at 16–
23.)  It is undisputed that did not occur.  Were the Court to adopt Plaintiffs' view,
there would be no limiting principle to waiver—if waiver occurred any time a
party *could have* chosen to rely on privileged material, there would be waiver in
every case.  This is obviously not the law.

*Second*, Plaintiffs argue that Defendants' stipulation that they will not
rely on the Termination Letter is "too little, too late".  (Opp. at 23 n.21.)  This
argument is undermined by the very authority that Plaintiffs cite.  In *In re Arizona*,
the Ninth Circuit concluded that although a "concession at oral argument [on

4

appeal] that [the petitioners] would disclaim reliance on an advice of counsel
defense was significant", the petitioners "did not make this concession *in front of
the district court*" so "it could not have factored into the district court's decision."
No. 21-71312, 2022 WL 1117113, at *2 (9th Cir. Apr. 14, 2022) (emphasis added).
And the Ninth Circuit added that, "should the [petitioners] ask the district court to
reconsider its decision in light of this concession, we are confident that the district
court will give that request full consideration," *id.*, acknowledging that even a
stipulation provided for the first time on appeal would be appropriate for declining
to compel production of privileged materials.[1] Here, Defendants stipulated "in
front of the district court" that they will not rely on the SEC's decision not to bring
an enforcement action. (MR330[2].) There is no basis to discredit that stipulation.

---

[1] Plaintiffs make much of Defendants' statement during the hearing on the
motion to compel. (*See* Opp. at 21–23.) But Defendants told the District Court
that they believed there would need to be a later discussion on whether the parties
could admit evidence of the outcome of the investigation in order to complete the
story for the jury should *Plaintiffs* seek to rely on the whistleblower letter. And
once it became apparent that the District Court would find such use of the
Termination Letter as waiving privilege and work product protection, Defendants
stipulated that they would not rely on the letter. (*See* Pet. at 22 n.5.)

[2] Throughout this brief, citations in the form of "MR__" refer to pages in the
mandamus record appendix, including the Supplemental Record in Support of
Petition for Writ of Mandamus being filed concurrently with Defendants' motion
for leave to file this reply.

2.     Defendants Did Not Waive Privilege By Communicating with Limited Third Parties.

Because there is no basis to defend the District Court's Order that the limited deposition questioning constituted waiver, Plaintiffs point to other parts of the Order to claim that the waiver finding was justified.  According to Plaintiffs, the District Court also found that Anadarko waived privilege and work product protection based on the disclosure of privileged information to third parties long before this litigation commenced.  That is simply not true.  But even if it were, mandamus relief would still be warranted.

While the District Court discussed the allegations about disclosure to third parties during the events in question, it did so in the background section of its Order; it made no finding that those disclosures amounted to waiver.  (*Compare* MR309 (discussing in background section Plaintiffs' "allegations" regarding the third party disclosures) *with* MR314–15 (explaining basis for finding waiver).)  Rather, it was Defendants' limited deposition questioning about the SEC's Termination Letter that led the District Court to conclude Defendants had put the Audit Committee's investigation "at issue" in the litigation.  (*See* MR314 ("Anadarko seeks to rely on the SEC's termination letter to indicate that the whistleblower's allegations were unfounded or false because the information uncovered upon investigation, when presented to the SEC, resulted in it choosing not to pursue an enforcement action."); MR315 ("Such sword-and-shield use is

6

apparent here. Defense counsel in depositions placed the SEC's termination letter in front of a class representative and asked if it changed the view of the class member as to *any* allegations in the complaint . . . . This was the voluntary choice to put in issue the privileged matters underlying the internal investigation conducted by Norton Rose on behalf of the AAC.").) In short, there is no mention of any third-party disclosures anywhere in the District Court's analysis of waiver (*see* MR311–15), and these allegations do not support denial of the relief requested here.

Even if these alleged disclosures had been at issue as a potential basis for waiver, and even crediting Plaintiffs' claims that Anadarko's Audit Committee and Norton Rose communicated with KPMG and J.P. Morgan about the Audit Committee's investigation, there is nothing to suggest those communications would constitute a privilege waiver. As Defendants demonstrated in opposing Plaintiffs' motion to compel below, Norton Rose did not provide the SEC, KPMG or J.P. Morgan with any privileged documents. (MR246–50.) And the fact that the Audit Committee and Norton Rose communicated with the SEC, KPMG and J.P. Morgan about facts learned in the Audit Committee's investigation—without disclosing privileged communications or protected documents—cannot constitute waiver. *See United States v. El Pao Co.*, 682 F.2d 530, 538 n.10 (5th Cir. 1982)

("the public disclosure of . . . facts . . . does not destroy the privilege with respect to attorney-client communications about those facts").

Plaintiffs' related argument that Defendants have put at issue the Audit Committee's investigation by relying on the investigation in their affirmative defenses and expert testimony also fails. This too appeared nowhere in the District Court's analysis of waiver, and in fact nowhere in the Order at all. Indeed, it was an argument that Plaintiffs first made when Defendants moved for reconsideration below. Here, Plaintiffs contend that the District Court properly found waiver because Defendants "plan to use as defenses in this matter both KPMG's clean audit as well as favorable expert accounting testimony—both of which rely, in significant part, on the AAC's investigation." (Opp. at 23.) But that finding is not contained anywhere in the Order and, in any event, Defendants have not relied on *any* privileged material—nor do Plaintiffs suggest otherwise. Defendants intend to rely upon the non-privileged "work, opinions, information, representations and/or advice" of KPMG. (*See* MR579; MR439–40.) Such reliance cannot constitute waiver. *See In re Schlumberger Tech. Corp.*, 818 F. App'x 304, 307–08 (5th Cir. 2020). Plaintiffs' contention that Defendants' accounting expert, Dr. Richard Dietrich, relies on privileged materials similarly misstates the record. Dr. Dietrich relied only on non-privileged, redacted materials (*see* MR566), and Plaintiffs fail

8

to explain how an expert could wield privileged information as a sword when he had no access to privileged information.

**B. Plaintiffs Fail to Show that the District Court's Broad Subject-Matter Waiver Is Warranted.**

Even assuming that Defendants waived privilege or work product protection (which they did not), Plaintiffs fail to rebut Defendants' argument that the broad subject-matter waiver by the District Court is inappropriate.

1. <u>There Is No Basis for Waiver Based on Alleged Lack of Access to Material Facts.</u>

Plaintiffs argue that a broad subject-matter waiver is fair because Defendants "refused Plaintiff's access to any more than the select individuals that were deposed". (Opp. at 26.) Not so. Indeed, this was the result of *Plaintiffs'* own doing. The parties mutually agreed to a discovery schedule according to which they could each take 20 depositions and petition the District Court "at the appropriate time" should they wish to take additional depositions. (MR597.) Plaintiffs chose not to ask the District Court for additional depositions and instead—apparently finding their existing efforts to have been sufficient— stipulated that, in advance of trial, Plaintiffs could depose any of Defendants' trial witnesses that they had not previously deposed. (*See* MR608.) While Plaintiffs argue that the production of all materials submitted to the SEC is irrelevant because it is the "*undisclosed* communications that matter in th[is] scenario" (Opp.

9

at 27), they have failed to provide any support for that proposition. Nor could Plaintiffs plausibly do so because Defendants have not relied upon, and will not rely upon, the SEC's decision not to bring an enforcement action—the only decision to which Plaintiffs have argued the withheld materials are relevant.

2.  Plaintiffs' Opinion Work Product Arguments Fail.

None of Plaintiffs' arguments in defense of the District Court's Order compelling production of opinion work product explains why that Order is appropriate under the circumstances here. Indeed, Plaintiffs' reliance on *Baylor* only proves Defendants' point—even in *Baylor*, where the defendant ignored the district court's warning that its reliance on privileged materials would result in waiver, the court *declined* to waive protection over opinion work product. *Doe 1 v. Baylor Univ.*, 335 F.R.D. 476, 499, 501 (W.D. Tex. 2020).

Plaintiffs contend—without any supporting authority—that Defendants must tell them which documents contain opinion work product before Defendants can challenge the District Court's Order directing them to disclose that opinion work product. (*See* Opp. at 28–29.) But Plaintiffs offer no reason why that is the case, and Plaintiffs ignore that they have already taken the position that opinion work product was included in the scope of the Court's Order. (*See* MR610-11.) Moreover, Plaintiffs' reliance on the District Court's "safety valve" (allowing for appointment of a Special Master to oversee any disputes regarding

the production compelled by the Order) misses the point. (*See* Opp. at 31.) The Order in no way carves out from its compelled disclosure opinion work product, and the possibility that a Special Master might be available to resolve any disputes between the parties does not render appropriate the District Court's unfounded and unprecedentedly broad subject-matter waiver Order.

## II.     Mandamus Review Is Appropriate Here.

Plaintiffs are wrong, for several reasons, that the discovery order at issue here is "garden variety" and therefore inappropriate for a writ. (Opp. at 33.)

*First*, the situation presented here is hardly "garden-variety" or "unremarkable". (Opp. at 32–33.) The Order found a broad subject-matter waiver over all privileged communications and work product related to the Audit Committee's investigation—including opinion work product—based on a handful of deposition questions about the non-privileged results of an SEC investigation and the "apparent" disclosure of "confidential communications" without any finding that those disclosures constituted waiver. (MR315–16.) The District Court's application of the sword-and-shield doctrine and subject-matter waiver— predicated on such minimal factual findings—is far from typical, and constitutes legal error, particularly in light of Defendants' stipulation not to rely on the outcome of the SEC's investigation and with respect to the ordered disclosure of opinion work product, which has long received heightened protection. *See In re*

11

*Int'l Sys. & Controls Corp. Sec. Litig.*, 693 F.2d 1235, 1240 (5th Cir. 1982); *cf. In re Occidental Petroleum Corp.*, 217 F.3d 293, 296 (5th Cir. 2000) (finding mandamus relief inappropriate where petitioner conceded it was not challenging a conclusion of law).

  *Second*, by Plaintiffs' logic, mandamus review of *any* discovery order would be inappropriate, as discovery orders by their very nature are fact intensive and based on the record of the particular case. And yet this Court has issued writs in discovery disputes involving orders lacking sufficient support, like the one at issue here. *See, e.g., In re Boeing Co.*, 2021 WL 3233504, at *2 (mandamus relief appropriate where district court ordered disclosure of privileged documents based on insufficient findings related to crime-fraud exception to privilege); *In re Burlington Northern, Inc.*, 822 F.2d 518, 534 (5th Cir. 1987) (mandamus relief appropriate where district court failed to undertake "a proper factual determination").

  *Third*, Plaintiffs are wrong that the Order will have no impact beyond this litigation. (*See* Opp. at 33–34.) "An uncertain privilege, or one which purports to be certain but results in widely varying applications by the courts, is little better than no privilege at all." *Upjohn Co. v. United States*, 449 U.S. 383, 393 (1981). Therefore, mandamus review is appropriate where a district court's decision "generate[s] substantial uncertainty about the scope of the attorney-client

12

privilege in the business setting." *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 756 (D.C. Cir. 2014). That is precisely the case here. The District Court's decision threatens to upend companies' ability to conduct full and frank internal investigations, protected by attorney-client privilege and work product protection. If courts are allowed to compel disclosure of privileged internal investigation materials in litigation, even where a company has stipulated that it will not rely on that investigation and has not sought to use investigation materials to influence the factfinder, companies will be reluctant to have "full and frank" communications with their counsel, inhibiting counsel's ability to conduct thorough and effective investigations. (*See* Pet. at 30–32 (quoting *Upjohn*, 449 U.S. at 389).)

Moreover, this Court has recognized that it has had little opportunity to assess at issue waiver, which has led to "less than perfect 'consistency of outcomes'". *In re Itron*, 883 F.3d at 568. While Plaintiffs attempt to distinguish this case by asserting that sword-and-shield waiver is settled (Opp. at 33), they fail to cite to any case applying sword-and-shield, or "at issue", waiver, in the type of circumstances presented here. Mandamus review is appropriate so that the Court may provide guidance to lower courts and litigants regarding whether deposition questions about the non-privileged results of a governmental investigation can lead to waiver, and, if so, the appropriate application of Rule 502(a) in determining the scope of such a waiver. This will prevent further erroneous decisions—including

13

decisions relaxing the protections afforded to opinion work product—if the District Court's uncorrected views "were to proliferate". *In re Boeing Co.*, 2021 WL 3233504, at *3.

## CONCLUSION

For the foregoing reasons and those set forth in their Petition, Defendants request a writ of mandamus vacating the Order below.

Dated: August 24, 2023                    Respectfully submitted,


                                          */s/ Kevin J. Orsini*
                                          **CRAVATH, SWAINE & MOORE LLP**
                                          Kevin J. Orsini
                                          Lauren Rosenberg
                                          Worldwide Plaza
                                          825 Eighth Avenue
                                          New York, NY 10019
                                          Telephone: (212) 474-1000
                                          Facsimile: (212) 474-3700
                                          korsini@cravath.com
                                          lrosenberg@cravath.com



                                          **SHIPLEY SNELL MONTGOMERY LLP**
                                          George T. Shipley
                                          State Bar No. 18267100
                                          Federal ID No. 02118
                                          712 Main Street, Suite 1400
                                          Houston, TX 77002
                                          Telephone: (713) 652-5920
                                          Facsimile: (713) 652-3057
                                          gshipley@shipleysnell.com

                                          *Counsel for Defendants-Petitioners*

## <u>CERTIFICATION OF COMPLIANCE</u>

I hereby certify that this document complies with <u>Federal Rule of Appellate Procedure 32(a)(7)(B)</u> because this document contains 3,081 words. This document complies with the typeface requirements of <u>Federal Rule of Appellate Procedure 32(a)(5)</u> and the type-style requirements of <u>Federal Rule of Appellate Procedure 32(a)(6)</u> because this document has been prepared in a proportionally spaced typeface using Microsoft Office Version 2208 in Times New Roman size 14.

Dated:  August 24, 2023

<u>/s/ Kevin J. Orsini</u>
Kevin J. Orsini
*Counsel for Defendants-Petitioners*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the Court's CM/ECF on August 24, 2023.  I further certify that a copy of the foregoing was served on August 24, 2023 via email on the following counsel for Plaintiffs, who consented to such service in writing.  A copy of the foregoing is being sent to the chambers of the Hon. Charles R. Eskridge, III, via email and FedEx at the address below.

Mark Solomon
Daniel Drosman
Rachel Jensen
Luke Brooks
Hillary Stakem
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, California 92101
(619) 231-1058
marks@rgrdlaw.com
dand@rgrdlaw.com
rjensen@rgrdlaw.com
lukeb@rgrdlaw.com
hstakem@rgrdlaw.com

Joe Kendall
KENDALL LAW GROUP, PLLC
3811 Turtle Creek Blvd., Suite 1450
Dallas, Texas 75219
(214) 744-3000
jkendall@kendalllawgroup.com

*Counsel for Plaintiffs-Respondents*

Jennelle Gonzalez
Case Manager to Hon. Charles Eskridge
515 Rusk Street, Room 9015
Houston, Texas 77002
(713) 250-5257
Jennelle_Gonzalez@txs.uscourts.gov

*Chambers of the Hon. Charles Eskridge, III*

        Dated:  August 24, 2023

                                */s/ Kevin J. Orsini*
                                Kevin J. Orsini
                                *Counsel for Defendants-Petitioners*