# TAB 19

# United States Court of Appeals

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

October 16, 2023

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

   No. 23-20350   In re: Anadarko Petroleum
                  USDC No. 4:20-CV-576

Enclosed is an order entered in this case.

                              Sincerely,

                              LYLE W. CAYCE, Clerk

                              By: _____
                              Rebecca L. Leto, Deputy Clerk
                              504-310-7703

Mr. Joseph David Daley I
Mr. Elton Joe Kendall
Mr. Nathan Ochsner
Mr. Kevin Orsini
Mr. Lauren Rosenberg
Mr. George T. Shipley
Mr. Mark Solomon

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
October 16, 2023
Lyle W. Cayce
Clerk

No. 23-20350

───────────

In re Anadarko Petroleum Corporation; R. A. Walker; Robert G. Gwin; Robert P. Daniels; Ernest A. Leyendecker, III,

*Petitioners.*

───────────

Petition for a Writ of Mandamus
to the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-576

───────────

UNPUBLISHED ORDER

Before Jones, Higginson, and Ho, *Circuit Judges*.

Per Curiam:

    We have consistently held that a writ of mandamus is a "drastic and extraordinary remedy reserved for extraordinary causes." *In re Depuy Orthopaedics, Inc.*, 870 F.3d 345, 350 (5th Cir. 2017) (quoting *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004)). Such remedy should only be invoked in exceptional circumstances, such as "a judicial usurpation of power," *Will v. United States*, 389 U.S. 90, 95 (1967), or a "clear abuse of discretion." *Bankers Life & Casualty Co. v. Holland*, 346 U.S. 379, 383 (1953). Because we find that the trial court's ruling does not reach the threshold of clear and indisputable error, the petition for writ of mandamus is denied.

Case 4:20-cv-00576 Document 264-2 Filed on 04/29/24 in TXSD Page 4 of 4
Case: 23-20350 Document: 22-1 Page: 4 Date Filed: 10/18/2023

No. 23-20350

We note our concern, however, as to the potential scope of the privilege waiver granted by the trial court. The trial court reasoned that out of fairness, the privilege waiver extends to the entire subject matter of the AAC investigation. *See* Fed. R. Evid. 502(a); **Doc. 173 at 8–9.** But the trial court nevertheless acknowledged that because "legitimate disputes may exist" about whether certain documents fall under this waiver, it intends to provide Defendant Anadarko with an opportunity to challenge waiver and reassert privilege as to specific documents, either before the court or through a Special Master. **Doc. 173 at 9.**

Accordingly, we advise the trial court, or the appointed Special Master, to scrutinize challenged documents and consider its decisions regarding the scope of the waiver carefully. Furthermore, we are confident that the trial court will take reasonable measures to protect the documents and their contents until these legal decisions are made.

It is ordered that the petition for writ of mandamus is denied.