TAB 21

| | | | | | |
|---|---|---|---|---|---|
| **Robbins Geller Rudman & Dowd LLP** | Chicago | Melville | Nashville | San Diego | Wilmington |
| | Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

Luke O. Brooks
lukeb@rgrdlaw.com
619-744-2608

November 6, 2023

Hon. Charles R. Eskridge III            <u>VIA ECF</u>
U.S. District Court for the Southern District of Texas
515 Rusk Street, Room 9015
Houston, TX 77002

      Re:    *In re Anadarko Petroleum Corp. Sec. Litig.*, No. 4:20-cv-00576 (S.D. Tex.)

Dear Judge Eskridge:

      Plaintiffs write pursuant to the Court's October 25, 2023 Order (ECF 209) in opposition to Defendants' October 30, 2023 letter motion ("Mot.") (ECF 210) requesting: (i) a stay of all proceedings pending resolution of Defendants' appeal of the Court's class certification order; or (ii) the immediate appointment of a Special Master with undefined powers to "rule" on the scope of the Court's prior orders finding subject-matter waiver for documents related to the Anadarko Audit Committee's ("AAC") investigation. As detailed herein, a stay of all proceedings pending Defendants' appeal is unnecessary and will further prejudice Plaintiffs. Moreover, as Defendants have conceded, the Court already established the scope of privilege waiver in its prior orders on the AAC documents ("MTC Orders") (ECF 173, 199); there is no legitimate basis for Defendants to re-litigate this issue for a ***third time*** before a Special Master. Rather, the Parties should follow the Court's procedure, set forth in the MTC Orders, and meet and confer so Defendants can identify ***specific*** documents that they have a good-faith basis to argue fall outside the scope of the waiver.

## I.    Relevant History

      On April 13, 2022, Plaintiffs moved to compel the production of documents concerning the AAC investigation into SEC whistleblower allegations regarding the Shenandoah oil field project. Following full briefing and a hearing, on March 31, 2023, the Court granted the motion, finding that Anadarko had tactically used "privilege as a sword and a shield," and so waived work-product protection and attorney-client privilege as to "the entire subject matter of the AAC investigation." ECF 173 at 9. Recognizing that "legitimate disputes may exist about ***specific documents*** that assertedly wouldn't fall under this waiver,"[1] the Court – at Defendants' request – directed the Parties to confer in good faith about the quantity of any such documents at issue, whether a Special Master is necessary to address specific disputes as to whether particular documents fall within the scope of the waiver, and "how any such appointment should proceed and on what terms." *Id.* This procedure was not an invitation to re-litigate the Court's order, but instead to resolve disputes as to "particular document[s]" only "***to the extent not already resolved by this ruling***." *Id.* at 4.

      On April 27, 2023, Defendants moved for reconsideration of the March 31 Order. ECF 192. On June 30, 2023, the Court denied Defendants' motion, rejecting Anadarko's argument that "the finding of broad subject-matter waiver is disproportionate to the nature of the waiver," and directing

---

[1]    All emphasis is added and citations are omitted unless otherwise noted.

Robbins Geller
Rudman & Dowd LLP

Page 2

the Parties to confer as to which documents fell within the scope of the waiver "***before*** any appointment of a Special Master might be found necessary." ECF 199 at 2.

On July 6 and 11, 2023, the Parties met and conferred about the documents subject to the MTC Orders. *See* Ex. A. On July 6, 2023, Defendants refused to produce any documents and indicated that further briefing was needed as to whether the MTC Orders encompassed opinion work product. On July 11, 2023, Defendants reversed their position, conceding that the MTC Orders cover opinion work product and committing to provide a catalogue of documents withheld or redacted in connection with the AAC investigation that week. *Id.* On July 19, 2023, Defendants notified Plaintiffs that they would not be providing the promised catalogue after all and would seek a writ of mandamus as to the MTC Orders. They filed that petition on July 24, 2023, arguing that a writ was appropriate to resolve, among other things, "[w]hether, if there were a waiver, it would extend to the entire scope of the Audit Committee's investigation, including advice of counsel and opinion work product." 5th Cir. No. 23-20350, ECF 2-3 ("Petition" or "Pet.") at 5. Among the relief Defendants sought was a writ "direct[ing] the District Court to modify its March 31, 2023 Order to reflect that any waiver extends only to the facts uncovered by the investigation and does not include attorney-client communications or opinion work product." *Id.* at 6.

On July 20, 2023, the Court reset the remaining pretrial schedule to resume 90 days after either: (i) completion of the production of all documents encompassed by the MTC Orders; or (ii) a grant of Defendants' Petition. ECF 202. On July 28, 2023, the Court granted Defendants' request for a stay of production pending resolution of the Petition. ECF 205.

On October 16, 2023, the Fifth Circuit denied Defendants' Petition, leaving undisturbed the Court's determination that "out of fairness, the privilege waiver extends to the entire subject matter of the AAC investigation." *See* 5th Cir. No. 23-20350, ECF 54-2 at 1-2. Acknowledging the general sensitivity of privilege issues, the Fifth Circuit endorsed the Court's institution of a procedure by which Anadarko could dispute whether "specific" documents fell under the waiver, either before the Court or through a Special Master, and advised that challenges to specific documents should be considered carefully. *Id.* at 2.

On October 19, 2023, the Parties conferred regarding how discovery should proceed following the Fifth Circuit's denial of the Petition. Defendants asserted that the Fifth Circuit's order effectively modified the procedure in this Court's MTC Orders, despite the Fifth Circuit order explicitly endorsing that procedure. ECF 54-2 at 2. Defendants refused to identify specific documents they intended to challenge, stating that there would be a large number – likely hundreds – of disputed documents. Defendants also declined to provide any good-faith basis to claim those documents fell outside the scope of the MTC Orders, and could not articulate what standard a Special Master should employ in deciding whether a document falls outside the scope of the waiver – other than a nebulous claim of fairness to Defendants.

**II.     Defendants' Request for a Stay of All Proceedings Should Be Denied**

"A stay pending appeal is 'extraordinary relief' for which defendants bear a 'heavy burden.'" *Plaquemines Parish v. Chevron USA, Inc.*, 84 F.4th 362, 373 (5th Cir. 2023); *accord In re Cobalt Int'l Energy, Inc. Sec. Litig.*, 2017 WL 3620590, at *4 (S.D. Tex. Aug. 23, 2017). In determining whether the rare circumstances warranting a stay are present, courts examine the following factors: "'(1) whether the stay applicant has made a strong showing that he is likely to

**Robbins Geller Rudman & Dowd LLP**

Page 3

succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Nken v. Holder*, 556 U.S. 418, 434 (2009). Here, Defendants fall far short of carrying their "heavy burden" to demonstrate a stay is justified.

  ***First***, Defendants have not made a strong showing that they are likely to succeed in decertifying the Class. Defendants' entire argument is that the Fifth Circuit granted their Rule 23(f) petition, allowing briefing to go forward. Mot. at 2. But the fact that a Rule 23(f) petition was granted does ***not*** automatically translate to a strong showing of success on the merits. *See, e.g.*, *Cobalt*, 2017 WL 3620590, at *1, *4 (denying stay after 23(f) petition was accepted because, "[a]lthough Defendants may possibly succeed on certain issues, it is unlikely that they will succeed in their attempt to have the class certification order fully reversed or otherwise vacated"). Instead, Defendants must show that the underlying appeal itself has significant merit – and they cannot.

  Defendants' appeal centers around two arguments, both of which were presented to this Court and rejected ***twice***: (i) that they had a right to file a sur-reply opposing Plaintiffs' motion for class certification but were not permitted to do so; and (ii) that the Court erred in finding Defendants' arguments relating to the so-called Firestone explosion were insufficient to prove the fraud had no price impact. 5th Cir. No. 23-20424, ECF 14 at 25-34; *see* ECF 198. The Court denied Defendants' first request for a sur-reply, their subsequent attempt to backdoor their sur-reply arguments into the record through a *Daubert* motion, and their motion for reconsideration on these same issues. ECF 110-111; ECF 141 at 4; ECF 143; ECF 198 at 2-3. Defendants present no new evidence or caselaw suggesting that the Court abused its discretion in making these determinations. And, even if the Fifth Circuit agrees with Defendants on the sur-reply, the remedy is not decertification, it is either (i) remand to allow the sur-reply or (ii) nothing, if the Fifth Circuit finds the error harmless. Defendants similarly offer no compelling reason why the Fifth Circuit would find this Court's intensely factual price impact findings clearly erroneous. ECF 198; *A. A. by & through P.A. v. Phillips*, 2021 WL 2589180, at *2 (M.D. La. June 24, 2021) (factor weighed against stay as "Defendants' underlying arguments [were] unpersuasive, and merely repackage the same arguments soundly rejected in the Certification Order").

  ***Second***, Defendants fail to demonstrate that they will be irreparably injured absent a stay. All pre-trial deadlines were vacated by the Court pending completion of Defendants' production of documents encompassed by the MTC Orders. ECF 202. The Court did so at the Parties' ***joint request***, which was filed the very same day as Defendants' Rule 23(f) petition. ECF 201. Tellingly, the joint motion did not tie the remaining pre-trial schedule to resolution of the Rule 23(f) appeal, as it did with respect to their appeal of the MTC Orders, demonstrating that Defendants did not think that proceeding during their class-certification appeal presented a genuine risk of irreparable injury.

  Nor will Defendants be irreparably harmed by having to comply with the Court's MTC Orders. *See* Mot. at 2. It is well settled that "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974); *Plaquemines*, 84 F.4th at 376. Besides, Defendants do not point to ***any*** cost that will not necessarily be incurred regardless of the outcome of Defendants' appeal. Unlike in *Earl v. Boeing Co.*, 21 F.4th 895, 899 (5th Cir. 2021), where the movants argued that plaintiffs lacked standing to bring individual claims, there is no question that Plaintiffs have

Page 4

every right to pursue their individual claims even if Defendants succeed in having the Class decertified. Further, the documents at issue are directly relevant to Plaintiffs' individual claims and will need to be produced regardless of the Fifth Circuit's decision.

***Third,*** Defendants' claim that Plaintiffs will suffer no harm from a stay is untrue. Plaintiffs have been awaiting their day in court for years. Each passing day is a day Plaintiffs are still not made whole and witnesses' memories fade. The Court first ordered Defendants to produce the AAC-related materials **seven months ago** and all remaining proceedings are tied to the production of the documents. There is no rational reason to wait for the Fifth Circuit's resolution, ***then*** start the process of resolving disputes over any challenges Defendants pose to specific documents. *See* ECF 167 at 1. Since this work will be done regardless of the appeal's outcome, the far better approach is to complete it while the appeal is pending. Otherwise, Plaintiffs will be further prejudiced by unnecessarily compounding what already may be a lengthy delay. This factor thus also weighs against a stay.

***Fourth***, the public interest will not be served by a stay of this action. Defendants speculate that a stay will "conserve judicial resources and avoid what ***may*** amount to 'unnecessary litigation costs'" in the event of a favorable decision" for Defendants. Mot. at 2. But as Judge Atlas stated in *Cobalt*, "[t]he public interest, however, also favors speedy resolution of disputes. Moreover . . . a stay will not further judicial economy because, as noted above, [all] of the discovery will need to be conducted even if the Rule 23(f) appeal is successful." 2017 WL 3620590, at *4. Accordingly, the relevant factors weigh against a stay, and the Court should decline to impose one.

### III. The Parties Should Follow the Procedure Established by This Court and Endorsed by the Fifth Circuit for Production of AAC-Related Documents

Months ago, the Court directed the Parties to meet and confer about any specific documents Defendants believed in good faith fell outside the scope of the waiver, before discussing the necessity of a Special Master. Defendants never identified any specific documents, despite repeated promises to do so. Now Defendants seize on the Fifth Circuit's ***denial*** of their Petition as somehow nullifying the procedure in this Court's MTC Orders, even though the language they point to ***endorses*** the Court's procedure for Defendants to challenge specific documents as falling outside the scope of the subject-matter waiver, thereby reasserting privilege as to those documents only. The Fifth Circuit did not require anything beyond the accommodation that the Court already provided to Defendants. Accordingly, Defendants' request for a Special Master is premature.

***First***, Defendants' assertion that the scope of the waiver under the Court's MTC Orders is in doubt and needs to be "rule[d]" on by a Special Master (Mot. at 4) is disingenuous. Defendants clearly articulated the scope of the waiver in their petition to the Fifth Circuit – and Plaintiffs agree: "***The District Court's Order covers all materials relating to the AAC Investigation, without exception, and thus requires Anadarko to disclose opinion work product***." Pet. at 28; *see also id.* at 1 (stating that waiver encompasses "the entire subject matter of Anadarko's Audit Committee's internal investigation conducted between April and November 2016"); *id.* at 2 (stating that waiver encompasses "(1) privileged communications between the company's Audit Committee and its outside counsel, and (2) work product, including opinion work product, created by the Audit Committee's outside and in-house counsel in connection with its independent investigation into the whistleblower's allegations"); Ex. A. Defendants cannot now pretend they never made such

**Robbins Geller Rudman & Dowd LLP**

Page 5

statements. The Fifth Circuit, which denied the Petition, did not overturn this Court's findings as to the scope of waiver. Accordingly, Defendants are required to produce exactly what they were required to produce prior to filing their Petition: all materials relating to the AAC investigation.

**Second**, given Defendants' admission that the test for production is whether the document relates to the AAC investigation, there is no reason they cannot timely identify the **specific** documents they contend should be redacted or are otherwise disputed without rulings from a Special Master. Defendants have repeatedly refused to identify **any** good-faith basis for disputing production of any documents, but Plaintiffs recognize that legitimate disputes could nevertheless exist – for example, portions of AAC investigation-related documents may fall outside the scope of the waiver because, *e.g.*, they contain privileged communications on issues unrelated to the AAC investigation. Defendants should identify those documents and confer with Plaintiffs about them, just as this Court instructed, so that the Parties can figure out if there are actually disputes requiring Court or Special Master assistance. But a Special Master is certainly not needed to conduct a costly and burdensome review of the vast majority of documents Defendants have withheld, most of which will undoubtedly fall within the scope of the waiver. For example, Defendants cannot credibly claim that a Special Master needs to decide whether the "50 Norton Rose Fulbright witness interview memoranda" would be outside the scope of the waiver just because the memoranda may "contain not only information provided by the witness, but also attorney mental impressions and opinions": Defendants have expressed a clear understanding that the scope of the waiver "requires Anadarko to disclose opinion work product." *Compare* Mot. at 4, *with* Pet. at 28.

**Finally**, to the extent the Court is inclined to appoint a Special Master, the vague *ex parte* procedure contemplated by Defendants is inappropriate. Defendants seek to submit a "sufficiently great" number of documents to a Special Master to "rule" based on an unidentified standard, and without identifying any purported basis for challenging specific documents to Plaintiffs. Mot. at 3-4 ("[I]t is difficult, if not impossible, for Defendants to explain to Plaintiffs the bases for their views on why certain documents should fall outside the potential scope of the waiver without disclosing the privileged information itself."). Under Defendants' proposal, then, Plaintiffs would have no idea what documents were not being produced or why, and no means of contesting their withholding – a clear violation of the Court's MTC Orders and basic principles of fairness.

Plaintiffs respectfully submit that the following procedure will allow this case to proceed efficiently and without prejudice to either party: (i) within 7 days of any order resolving the matters raised in these letter briefs, Defendants should (a) identify any documents or portions thereof that Defendants claim do not relate to the AAC investigations and so should be redacted or withheld, and (b) produce undisputed documents encompassed by the MTC Orders; (ii) within 7 days after identification of the challenges, the Parties should confer regarding those documents; and (iii) within 14 days of Defendants' identification of challenged documents, the Parties should submit a joint status report to the Court so that the Court may determine how best to resolve such challenges.

Respectfully submitted,

LUKE O. BROOKS

4862-4495-2973.v2

# EXHIBIT A

| | |
|---|---|
| **From:** | Kevin Orsini |
| **To:** | Rachel Jensen |
| **Cc:** | Melissa Syring; Lauren Rosenberg; George Shipley; Dan Drosman; Luke Brooks; Hillary Stakem |
| **Subject:** | Re: In re: Anadarko Petroleum Corporation Securities Litigation |
| **Date:** | Wednesday, July 19, 2023 6:51:10 AM |

EXTERNAL SENDER

Rachel,

After further consideration, we think it is premature to provide this information at this time as we anticipate filing our petition for a writ of mandamus imminently.

Kevin

Sent from my iPhone

> On Jul 18, 2023, at 2:09 PM, Rachel Jensen <RachelJ@rgrdlaw.com> wrote:
>
> Melissa,
>
> We understood from our July 6 call (nearly two weeks ago) that Defendants were sending Plaintiffs a catalogue of documents relating to the AAC investigation. On our July 11 call, and in your email below, Defendants said they would provide the information by last week. That didn't happen. Please send the catalogue today.
>
> Thanks,
> Rachel
>
> ---
>
> **From:** Melissa Syring <msyring@cravath.com>
> **Sent:** Wednesday, July 12, 2023 8:39 PM
> **To:** Rachel Jensen <RachelJ@rgrdlaw.com>; Lauren Rosenberg <lrosenberg@cravath.com>
> **Cc:** George Shipley <gshipley@shipleysnell.com>; Dan Drosman <DanD@rgrdlaw.com>; Luke Brooks <LukeB@rgrdlaw.com>; Hillary Stakem <HStakem@rgrdlaw.com>; Kevin Orsini <Korsini@cravath.com>
> **Subject:** RE: In re: Anadarko Petroleum Corporation Securities Litigation
>
> EXTERNAL SENDER
> Rachel,
>
> Thank you for email. Attached are our revisions to the stipulation amending the scheduling order. We are working on the catalogue of Audit Committee investigation documents which we anticipate providing by the end of the week.

Best,
Mel

Melissa A. Syring
Cravath, Swaine & Moore LLP
825 Eighth Avenue | New York, NY 10019
T: (212) 474-1536
msyring@cravath.com

---

**From:** Rachel Jensen <RachelJ@rgrdlaw.com>
**Sent:** Wednesday, July 12, 2023 5:01 PM
**To:** Lauren Rosenberg <lrosenberg@cravath.com>
**Cc:** George Shipley <gshipley@shipleysnell.com>; Dan Drosman <DanD@rgrdlaw.com>; Luke Brooks <LukeB@rgrdlaw.com>; Hillary Stakem <HStakem@rgrdlaw.com>; Kevin Orsini <Korsini@cravath.com>; Melissa Syring <msyring@cravath.com>
**Subject:** RE: In re: Anadarko Petroleum Corporation Securities Litigation

All,

Thanks for meeting and conferring with us on July 6 and July 11 regarding: (1) the pre-trial schedule (*see* ECF 200), and (2) outstanding documents subject to the Court's March 31 and June 30 orders compelling production of documents (ECFs 173 and 199) (the "MTC Orders").

First, the pre-trial schedule. We understand that Defendants will send any proposed edits to the June 7 draft joint motion and proposed order *by today*. Based on your comments yesterday, we anticipate the need for a follow-up call once we receive the proposed edits.

Second, the outstanding documents. During our July 6 call, Defendants continued to refuse to produce any documents subject to the MTC Orders and indicated further briefing was needed as to whether the MTC Orders encompassed opinion work product. During our July 11 call, you indicated that Defendants now believe opinion work product is covered by the MTC Orders and intend to petition for a writ of mandamus rather than seeking clarification with the Court. Defendants also committed to providing this week a catalogue of documents withheld or redacted in connection with the AAC investigation according to whether the document contains factual information, opinion work product, or both.

We look forward to receiving your proposed edits and list of documents shortly.

Thanks,
Rachel

**Rachel L. Jensen**

Partner

<image001.jpg>

655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

<image002.jpg>

<image002.jpg>

<image002.jpg>

<image002.jpg>

<image002.jpg>

---

**From:** Lauren Rosenberg <lrosenberg@cravath.com>
**Sent:** Wednesday, July 5, 2023 7:11 AM
**To:** Rachel Jensen <RachelJ@rgrdlaw.com>
**Cc:** George Shipley <gshipley@shipleysnell.com>; Dan Drosman <DanD@rgrdlaw.com>; Luke Brooks <LukeB@rgrdlaw.com>; Hillary Stakem <HStakem@rgrdlaw.com>; Kevin Orsini <Korsini@cravath.com>; Melissa Syring <msyring@cravath.com>
**Subject:** Re: In re: Anadarko Petroleum Corporation Securities Litigation

EXTERNAL SENDER
Rachel,

We are available tomorrow at 3 pm ET/12 pm PT.

Thanks,

Lauren

Lauren Rosenberg
Cravath Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019
212-474-1159

On Jun 30, 2023, at 7:06 PM, Rachel Jensen <RachelJ@rgrdlaw.com> wrote:

Lauren and George – as an addendum to my last email, let's plan on meeting and conferring about the outstanding documents on next week's call as well.

Thanks,

Rachel

---

**From:** Rachel Jensen
**Sent:** Friday, June 30, 2023 3:35 PM
**To:** 'Lauren Rosenberg' <lrosenberg@cravath.com>; George Shipley <gshipley@shipleysnell.com>
**Cc:** Dan Drosman <DanD@rgrdlaw.com>; Luke Brooks <LukeB@rgrdlaw.com>; Hillary Stakem <HStakem@rgrdlaw.com>
**Subject:** In re: Anadarko Petroleum Corporation Securities Litigation

Lauren and George:

In light of the Court's order earlier today (ECF 200), please advise when Defendants are available to meet and confer next Wednesday or Thursday afternoon (pacific time) about modifying the scheduling order.

Have a good weekend.
Rachel


**Rachel L. Jensen**
Partner

<image001.jpg>

655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

<image002.jpg>

<image002.jpg>

<image002.jpg>

<image002.jpg>

<image002.jpg>

**NOTICE:** This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an

intended recipient, please delete this e-mail from the computer on which you received it.

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

---

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

```
NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.
```

---

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.