# United States Court of Appeals
# for the Fifth Circuit

United States Courts
Southern District of Texas
FILED
May 17, 2024
Nathan Ochsner, Clerk of Court

United States Court of Appeals
Fifth Circuit
**FILED**
April 25, 2024
Lyle W. Cayce
Clerk

No. 23-20424

GEORGIA FIREFIGHTERS' PENSION FUND,

*Plaintiff—Appellee,*

NORFOLK CITY COUNCIL AS ADMINISTERING AUTHORITY OF THE NORFOLK PENSION FUND; IRON WORKERS LOCAL 580 JOINT FUNDS; BUILDING TRADES UNITED PENSION TRUST FUND,

*Movants—Appellees,*

versus

ANADARKO PETROLEUM CORPORATION; ROBERT G. GWIN; ROBERT P. DANIELS; ERNEST A. LEYENDECKER, III; R. A. WALKER,

*Defendants—Appellants.*

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-576

---

Before KING, HO, and ENGELHARDT, *Circuit Judges*.

JAMES C. HO, *Circuit Judge*:

Our adversarial system of justice requires that we give both sides full and fair opportunity to present their strongest possible arguments to the

No. 23-20424

court. *See, e.g., Penson v. Ohio*, 488 U.S. 75, 84 (1988); *Lefebure v. D'Aquilla*, 15 F.4th 670, 674–75 (5th Cir. 2021). It is through that clash of ideas that we ensure that justice is done pursuant to the laws that govern the dispute in question.

That clash of ideas was missing here. A class of stock purchasers allege that Anadarko Petroleum Corporation fraudulently misrepresented the potential value of its Shenandoah oil field project in the Gulf of Mexico, in violation of federal securities law. During the class certification proceedings below, Plaintiffs presented new evidence for the first time in a reply brief. As a result, Anadarko did not have fair opportunity to address that new evidence at an earlier stage in the briefing. So the district court should have permitted Anadarko to file a sur-reply responding to that new evidence contained in Plaintiffs' reply.

Accordingly, we vacate the district court's order certifying the class and remand for further proceedings.

I.

Plaintiffs sue on behalf of the class of stock purchasers who acquired Anadarko common stock between February 20, 2015, and May 2, 2017. They allege that Anadarko, along with the individual Defendants, fraudulently misrepresented the value of the Shenandoah oil field.

Specifically, Plaintiffs contend that a decline in Anadarko's stock price on May 3, 2017, resulted from Anadarko's May 2 after-hours disclosure that the Shen-6 sidetrack well was dry, that Anadarko was taking a $902 million write-off for the Shenandoah project, and that Anadarko was suspending further appraisal.

In securities fraud class actions, plaintiffs may show reliance on a defendant's misrepresentations—and therefore satisfy Federal Rule of Civil

No. 23-20424

Procedure 23(b)(3)'s predominance requirement—by invoking the *Basic* presumption, a rebuttable presumption that allows courts to presume "an investor's reliance on any public material misrepresentations" if certain requirements are met. *Basic Inc. v. Levinson*, 485 U.S. 224, 247 (1988). Plaintiffs must prove "(1) that the alleged misrepresentation was publicly known; (2) that it was material; (3) that the stock traded in an efficient market; and (4) that the plaintiff traded the stock between the time the misrepresentation was made and when the truth was revealed." *Goldman Sachs Grp., Inc. v. Ark. Tchr. Ret. Sys.*, 594 U.S. 113, 118 (2021). The defendant may rebut the presumption by demonstrating that the "alleged misrepresentation did not actually affect the market price of the stock." *Id.* at 119 (internal quotation omitted).

Here, Plaintiffs invoked the *Basic* presumption in their motion to certify the class, and submitted an expert report to demonstrate market efficiency. In response, Anadarko contended that its May 3 stock price decline was caused, not by its Shenandoah disclosure, but by an entirely separate and distinct event—news linking Anadarko to a fatal Colorado home explosion, and announcing related regulatory requirements estimated to cost Anadarko $140 million.

Plaintiffs' reply brief included a rebuttal report from their expert, Bjorn Steinholt. Most importantly for this appeal, Steinholt's report pointed to (1) evidence that Anadarko's stock price fell 4.1% in after-market trading on May 2 after the Shenandoah disclosure at 4:16 p.m. but before a news article about the Colorado announcement was published at 4:51 p.m., and (2) a new event study that controlled for the Colorado news but still found a

3

No. 23-20424

statistically significant price decline associated with Anadarko's Shenandoah disclosure.[1]

Anadarko moved for leave to file a sur-reply. It argued that Plaintiffs' reply brief contained new evidence to which Anadarko was entitled to respond. The district court denied leave, stating that Anadarko "chose not to provide an event study." The court concluded that Plaintiffs' reply "squarely responded to arguments in [Anadarko's] response" and "didn't introduce new arguments or evidence."

Anadarko subsequently moved to exclude Steinholt's rebuttal report under *Daubert*. The district court denied this motion as well, and proceeded to certify the class.

The class certification order cited evidence from Steinholt's rebuttal report, stating that "the Anadarko stock price dropped 4.1 percent during after-hours trading between the time Anadarko made its Shen disclosures and the time the [Colorado] news broke," and that the "event study concluded that the price drop on May 3rd remained statistically significant even when controlling for the [Colorado] news." The district court denied Anadarko's motion for reconsideration.

Anadarko appealed, arguing that the district court abused its discretion by relying on new evidence in Plaintiffs' reply without allowing Defendants an opportunity to respond. Anadarko also argued that the district court failed to conduct a proper *Daubert* analysis, and that Defendants sufficiently rebutted the *Basic* presumption.

---

[1] An event study "is a statistical regression analysis that examines the effect of an event . . . on a dependent variable, such as a corporation's stock price." *Ludlow v. BP, P.L.C.*, 800 F.3d 674, 683 (5th Cir. 2015) (internal quotation omitted).

4

No. 23-20424

## II.

We agree with Anadarko that the district court should have allowed a sur-reply.

Ordinarily, sur-replies are "heavily disfavored," and the decision to allow a sur-reply lies within the district court's discretion. *Butler v. S. Porter*, 999 F.3d 287, 297 (5th Cir. 2021) (internal quotation omitted).

But when a party raises new arguments or evidence for the first time in a reply, the district court must either give the other party an opportunity to respond or decline to rely on the new arguments and evidence. *See Residents of Gordon Plaza, Inc. v. Cantrell*, 25 F.4th 288, 296 (5th Cir. 2022) ("[A] district court abuses its discretion when it considers new arguments raised for the first time in a reply brief without providing the non-movant an adequate opportunity to respond prior to a ruling.") (internal quotation omitted); *RedHawk Holdings Corp. v. Schreiber*, 836 F. App'x 232, 235 (5th Cir. 2020) ("[A] district court may consider arguments and evidence raised for the first time in a reply brief without abusing its discretion so long as it gives the non-movant an adequate opportunity to respond prior to a ruling.") (internal quotations omitted).

Plaintiffs' reply brief presented new evidence. As Steinholt himself noted, "the primary focus" of his original report was market efficiency—not price impact. Steinholt did not discuss or introduce evidence of the May 2 after-hours trading until his rebuttal report. The district court itself described Steinholt's event study as "new." As Plaintiffs' counsel acknowledged at oral argument, this material was not in the record prior to the reply brief. Yet the district court "considered" the rebuttal report "where pertinent," and referred both to the after-hours trading and to the new event study in its predominance analysis. The after-hours trading and the event study constituted key new evidence directly related to the central

5

No. 23-20424

class certification dispute: whether Anadarko's stock price decline was caused by the Colorado news or the Shenandoah disclosure.

The district court therefore abused its discretion by denying Anadarko leave to file a sur-reply.

### III.

Anadarko also challenges the admissibility of Steinholt's rebuttal report under *Daubert*, arguing that the district court failed to conduct a sufficiently rigorous *Daubert* analysis and that the rebuttal report is unreliable.

Class actions may only be certified "based on adequate admissible evidence to justify class certification." *Prantil v. Arkema Inc.*, 986 F.3d 570, 575 (5th Cir. 2021) (internal quotation omitted). *Daubert* therefore applies with the same rigor at the class certification stage as at trial. *See id.*

Anadarko argues that the district court failed to conduct a rigorous *Daubert* analysis, because it considered Anadarko's *Daubert* challenge as "little more than an attempt to re-urge Defendants' recently denied motion for leave to file a surreply," and noted that "[t]he new event study certainly won't be immune from criticism."

Specifically, Anadarko argues that Steinholt's after-hours trading evidence is unreliable, because Steinholt failed to establish that the after-hours market was efficient, failed to conduct an event study specifically for after-hours trading to determine whether the stock movement was statistically significant, and erroneously identified the time the Colorado news became public as 4:51 p.m., not 4:03 p.m. Anadarko additionally argues that the event study is unreliable because it added Colorado comparators but removed the industry index.

6

No. 23-20424

We agree with Anadarko that the district court failed to perform a full *Daubert* analysis. The record indicates that the district court conducted a *Daubert* inquiry to some extent—the class certification order noted Steinholt's credentials, stated that the rebuttal report was reliable, and concluded that the rebuttal report would be "considered where pertinent." But it is not clear that the district court "appl[ied] *Daubert*'s reliability standard with full force." *Prantil*, 986 F.3d at 576. Instead, the district court appears to have denied Anadarko's *Daubert* motion at least in part on the basis that "[i]t has already been determined that class certification will rise or fall with what is fairly briefed in the papers under the Local Rules of the Southern District"—not Anadarko's sur-reply arguments that the district court stated were "re-urge[d]" in Anadarko's *Daubert* motion.

The district court's denial of Anadarko's motion for reconsideration of class certification also seems to indicate that the district court may not have fully considered Anadarko's *Daubert* arguments. It stated that "[m]any" of Anadarko's arguments in its motion for reconsideration "derive from information presented in the *Daubert* briefing, with express determination that such would *not* be properly considered."

On remand, the district court should fully consider Anadarko's *Daubert* challenge.

\* \* \*

We vacate the class certification order entered by the district court, and remand for proceedings consistent with this opinion.