UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| In re ANADARKO PETROLEUM CORPORATION SECURITIES LITIGATION | § § § § § § | Civil Action No. 4:20-cv-00576<br><br>CLASS ACTION<br><br>The Honorable Charles R. Eskridge III |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION
TO EXCLUDE CERTAIN TESTIMONY OF DEFENDANTS'
CLASS CERTIFICATION EXPERT DR. ALLEN FERRELL**

Pursuant to Federal Rule of Civil Procedure 16 and this Court's Amended Scheduling and Docket Control Order (ECF 150) ("Amended Scheduling Order"), Plaintiffs respectfully move for leave to file a motion to exclude certain testimony of Defendants' class certification expert Dr. Allen Ferrell ("Ferrell") ("Motion to Exclude"), attached hereto as Exhibit A.  Defendants oppose the filing of the Motion to Exclude.

## I. NATURE AND STAGE OF THE PROCEEDINGS

This is a securities fraud class action against Anadarko Petroleum Corporation and certain of its former executives.  On February 16, 2023 – four months after certifying a class and over one year before the Fifth Circuit allowed Defendants to file their class certification sur-reply – the Court entered the Amended Scheduling Order, which set a motions deadline of March 16, 2023.  ECF 150 at 1.  The Amended Scheduling Order contemplates that the motions deadline may be modified "for good cause shown."  *Id.* Although the Fifth Circuit later allowed Defendants to file their sur-reply and the sur-reply expert report, the motions deadline in the Amended Scheduling Order was not reset.

On June 12, 2024 – over two years after class certification briefing initially closed and over one year after the motions deadline passed – Defendants filed their sur-reply in further opposition to class certification.  ECF 237.  With their sur-reply, Defendants also filed an additional report from their class certification expert, Ferrell (ECF 237-1 at 4-41) and relied on expert materials that were submitted after class certification briefing initially closed (ECF 237 at 10).

On July 12, 2024, Plaintiffs filed their response to Defendants' sur-reply.  With it, they seek to file the Motion to Exclude.

## II. ISSUE STATEMENT

Does good cause exist for Plaintiffs to file the Motion to Exclude, given that Defendants filed an additional class certification expert report from Ferrell after the motions deadline?

## III. FACTUAL BACKGROUND

On September 28, 2022, after full briefing (ECF 86, 93, 96, 97), this Court issued its order granting class certification (ECF 141) ("Class Certification Order").

On October 12, 2022, Defendants filed a Motion for Reconsideration of the Court's Class Certification Order. ECF 143. This Court denied Defendants' motion for reconsideration on June 30, 2023. ECF 198.

Defendants appealed, and on April 25, 2024, the Fifth Circuit vacated and remanded the Class Certification Order to allow Defendants to file a sur-reply in further opposition to class certification. *Ga. Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 772 (5th Cir. 2024).

On June 12, 2024, Defendants filed their sur-reply and an additional report from their expert, Ferrell. In his sur-reply expert report, Ferrell introduces new analyses and opinions not previously in the record – some of which contradict opinions he submitted two years ago in connection with Defendants' class certification opposition. Defendants' sur-reply relies both on Ferrell's additional sur-reply report and on merits expert discovery and reports that did not exist until after the Class Certification Order was issued. *See generally* ECF 237.

On March 16, 2023, Plaintiffs moved to exclude many of the same opinions in Ferrell's merits report that they seek to challenge in the Motion to Exclude (ECF 160).

## IV. LEGAL STANDARD

"Federal Rule of Civil Procedure 16 governs leave to file a motion after a scheduling order's motion deadline has passed." *Durham v. Allstate Vehicle & Prop. Ins. Co.*, 2019 WL 2907263, at *1 (S.D. Tex. Jan. 4, 2019) (citing *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

Under Rule 16, a scheduling order may be modified upon a showing of "good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Courts consider "four factors to determine whether good cause exists: '(1) the explanation for the failure to timely [file the motion]; (2) the importance of the [motion]; (3) potential prejudice in allowing the [motion]; and (4) the availability of a continuance to cure such prejudice.'" *Durham*, 2019 WL 2907263, at *1 (alteration in original) (quoting *S&W*, 315 F.3d at 535).

Under Rule 16, trial courts have "'"broad discretion to preserve the integrity and purpose of the pretrial order."'" *S&W*, 315 F.3d at 535 (citations omitted).

## V. ARGUMENT

Good cause exists to allow Plaintiffs to file their Motion to Exclude.

***First***, the Court issued its Amended Scheduling Order before the Fifth Circuit allowed Defendants to file their sur-reply. Accordingly, the motions deadline set in the Amended Scheduling Order did not – and could not – account for the fact that additional class certification briefing and expert materials would be filed in June 2024, over a year after the March 2023 motions deadline.

Because the motions deadline was set before Defendants filed their sur-reply and additional sur-reply expert report, there was no way Plaintiffs could have moved to exclude Ferrell's sur-reply report by the March 2023 motions deadline – the report itself was filed on June 12, 2024, over one year after the motions deadline had passed. *Canal Indem. Co. v. Caljet, II, LLC*, 2023 WL 3695623, at *1 (S.D. Tex. Jan. 12, 2023) (finding "fundamental fairness dictate[d]" a party be allowed leave to file a motion responding to claims that were themselves filed after the motions deadline). Further, in their sur-reply, Defendants rely on a more fully developed expert record than existed when the Court granted class certification.

***Second***, the importance of the Motion to Exclude supports good cause. The class certification motion – and Defendants' challenges thereto – have been pending for over two years while Defendants sought to submit a sur-reply and additional expert testimony. The Motion to Exclude raises critical issues regarding the reliability of Ferrell's proffered expert testimony on issues that the Court will consider in deciding Plaintiffs' class certification motion. As the Fifth Circuit noted in granting Defendants' appeal of class certification, it is critical that "'*Daubert's* reliability standard'" be applied "'with full force'" at class certification. *Anadarko*, 99 F.4th at 776 (citation omitted). Permitting Plaintiffs to file the Motion to Exclude will ensure that Ferrell's unreliable opinions are scrutinized with the requisite rigor.

***Finally***, Defendants will not suffer prejudice if the Court grants this Motion. The Motion to Exclude will not necessitate additional discovery. Further, all remaining pretrial dates are currently stayed pending Magistrate Judge Bryan's review of documents

Defendants have challenged as falling outside the scope of this Court's prior waiver finding (ECF 216 at 2).

## VI. CONCLUSION

Plaintiffs respectfully submit that the Court should grant them leave to file their Motion to Exclude in the form of Exhibit A attached hereto.

DATED: July 12, 2024

Respectfully submitted,

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
(SDTX Bar No. 30973)
Attorney-in-charge

s/ Joe Kendall
JOE KENDALL

3811 Turtle Creek Blvd., Suite 825
Dallas, TX 75219
Telephone: 214/744-3000
214/744-3015 (fax)

Texas Local Counsel for Plaintiff

ROBBINS GELLER RUDMAN & DOWD LLP
MARK SOLOMON
DANIEL S. DROSMAN
RACHEL L. JENSEN
LUKE O. BROOKS
HILLARY B. STAKEM
FRANCISCO J. MEJIA
MEGAN A. ROSSI
NICOLE Q. GILLILAND
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel

## CERTIFICATE OF CONFERENCE

On July 9, 11, and 12, 2024, Lead Counsel conferred with Defendants' counsel regarding the relief requested in this motion. Defendants' counsel indicated that Defendants will oppose this motion.

DATED: July 12, 2024

                                                s/ Joe Kendall
                                                JOE KENDALL

## CERTIFICATE OF WORD COUNT

In accordance with Rule 18(c) of Your Honor's Court Procedures, I hereby certify that this document contains 1,068 words, exclusive of the caption, the table of contents, the table of authorities, and the signature block.

DATED:  July 12, 2024

s/ Joe Kendall
JOE KENDALL

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing on all counsel of record who have appeared in this matter via the Court's CM/ECF system on this, the 12th day of July, 2024.

s/ Joe Kendall
JOE KENDALL

4867-3948-6672.v1