UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| In re ANADARKO PETROLEUM CORPORATION SECURITIES LITIGATION | § Civil Action No. 4:20-cv-00576<br>§<br>§ <u>CLASS ACTION</u><br>§<br>§ The Honorable Charles R. Eskridge III<br>§ |

**PLAINTIFFS' MOTION TO SEAL**

4876-8447-8928.v1

Plaintiffs respectfully file herewith their Response to Defendants' Sur-Reply and *Daubert* Reply ("Plaintiffs' Response").

## I. PRELIMINARY STATEMENT

Plaintiffs' Response references and attaches discovery material designated in discovery by non-party Lazard Asset Management LLC ("Lazard") as "Confidential." The discovery material reflects the internal proprietary financial analysis of one of Lazard's equity analysts regarding the value of certain Anadarko securities. Prior to filing this motion, Plaintiffs conferred with counsel for Defendants who consent to the filing of the discovery material, and any references thereto in Plaintiffs' Response, under seal.

## II. ISSUES REQUIRING RESOLUTION

Whether portions of Plaintiffs' Response and an exhibit to Plaintiffs' Response should be filed under seal or on the public docket.

## III. LEGAL STANDARD

The public has a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see also* Court Procedures of Hon. Charles R. Eskridge III, §12(b) ("A presumption exists as to public access to judicial records. The filing of any pleading, brief, or supporting material under seal is disfavored.") "Excessive secrecy . . . undercuts the public's right of access and thus undermines the public's faith in our justice system." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 421 (5th Cir. 2021). The decision of whether to allow public access to court records is left to the district court's discretion. *Nixon*, 435 U.S. at 599. In exercising this discretion, the court "'must balance the public's common law right

of access against the interests favoring nondisclosure.'" *Kozlowksi v. Buck*, 2021 WL 4973710, at *1 (S.D. Tex. Oct. 25, 2021) (quoting *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993)).

## IV.   ARGUMENT

Judge Gilmore entered the Protective Order on June 25, 2021. ECF 80. The Protective Order provides, in relevant part:

> If Protected Material[1] is to be included in any papers filed with the Court, such papers shall be labeled "Confidential-Subject to Protect Order" and filed under seal in accordance with the Court's Local Rules and CM/ECF procedures. Protected Material filed under seal must be kept under seal until further order of the Court. Parties that file a pleading or other paper that includes Protected Material under seal must also file on the public record a version of the pleading or other paper from which the Protected Material has been redacted.

*Id.*, ¶13.3.

Plaintiffs' Response references and attaches the following materials designated in discovery as "Confidential":

Exhibit 2:    L00000080- L00000081

The Protective Order permits parties to designate as "Confidential" material that contain "[s]ensitive personal or commercial information." *Id.*, ¶2.3. Exhibit 2 reflects internal proprietary financial analysis by one of Lazard's equity analysts regarding the value of certain Anadarko securities, the disclosure of which would reveal commercially sensitive information regarding Lazard's valuation methods and result in potential harm to Lazard's business and operations. Accordingly, Plaintiffs respectfully request that Exhibit 2, and any

---

[1] As defined therein, Protected Material includes "any Discovery Material that is designated as 'CONFIDENTIAL' or 'HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY.'" ECF 80, ¶2.14.

references thereto in Plaintiffs' Response be filed under seal. *340B Holdings, LLC v. Bobo*, 2020 WL 9720461, at *2 (W.D. Tex. Apr. 15, 2020) (granting motion to seal exhibit reflecting "'proprietary financial analysis'" of potential client profits because disclosure could result in harm) (citation omitted).

## V.  CONCLUSION

Based upon the foregoing, Plaintiffs respectfully request that the Court grant this Motion and authorize the materials specified herein to be filed under seal.

DATED: July 12, 2024          Respectfully submitted,

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
(SDTX Bar No. 30973)
Attorney-in-charge


               s/ Joe Kendall
               JOE KENDALL

3811 Turtle Creek Blvd., Suite 825
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)

Texas Local Counsel for Plaintiff

4876-8447-8928.v1

- 4 -

ROBBINS GELLER RUDMAN & DOWD LLP
MARK SOLOMON
DANIEL S. DROSMAN
RACHEL L. JENSEN
LUKE O. BROOKS
HILLARY B. STAKEM
FRANCISCO J. MEJIA
MEGAN A. ROSSI
NICOLE Q. GILLILAND
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing on all counsel of record who have appeared in this matter via the Court's CM/ECF system on this, the 12th day of July, 2024.

                                          s/ Joe Kendall
                                          JOE KENDALL