UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: ANADARKO PETROLEUM CORPORATION SECURITIES LITIGATION | Case No. 4:20-cv-576<br><br>District Judge Charles R. Eskridge III<br><br>CLASS ACTION |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION TO EXCLUDE CERTAIN TESTIMONY OF DEFENDANTS' CLASS CERTIFICATION EXPERT DR. ALLEN FERRELL**

## PRELIMINARY STATEMENT

Although Plaintiffs style their motion as one for leave to challenge Dr. Allen Ferrell's class certification sur-reply opinions, the opinions Plaintiffs seek to exclude are the *same* opinions Dr. Ferrell submitted years ago—in Dr. Ferrell's December 2021 report in support of Defendants' opposition to class certification and his April 2022 report in support of Defendants' motion to exclude Bjorn Steinholt's rebuttal class certification opinions. Both of those reports were submitted long before the Court originally granted class certification, and both of those reports were in the record before the Fifth Circuit on Defendants' Rule 23(f) appeal. Plaintiffs failed to challenge those opinions when Defendants submitted the reports in 2021 and 2022. Indeed, Plaintiffs did not seek to challenge those opinions at any time before the Court initially decided class certification in September 2022. Nor did Plaintiffs raise any such challenge at the Court's May 13, 2024, status conference in response to this Court's inquiry about what issues remained to be briefed in connection with class certification following the Fifth Circuit's resolution of the Rule 23(f) appeal. The Court should deny Plaintiffs' belated attempt to exclude expert testimony they could and should have moved to exclude earlier.

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiffs filed this securities fraud lawsuit against Anadarko Petroleum Corporation ("Anadarko") and certain of its former executives in 2020. (Dkts. 1 & 55.) Plaintiffs moved for class certification in October 2021. (Dkt. 86.) In opposing class certification, Defendants submitted an expert report from Dr. Ferrell. (Dkt. 93-1, Ex. A ("Ferrell Opp.

Rep.").) Plaintiffs did not move to exclude any of the opinions set forth in Dr. Ferrell's expert report. Instead, in connection with their reply in support of class certification, Plaintiffs submitted a rebuttal expert report from Mr. Steinholt. (Dkts. 96 & 96-1, Ex. A ("Steinholt Reply Report").)

Because Mr. Steinholt's reply report included new opinions and analyses, Defendants moved for leave to file a sur-reply "and a narrow and targeted rebuttal expert report in further opposition to Plaintiffs' Motion for Class Certification". (Dkt. 97 at 2.) The Court denied Defendants' request for a sur-reply on March 25, 2022. (Dkt. 110.) A week later, on April 1, 2022, Defendants filed a *Daubert* motion to exclude Mr. Steinholt's opinions and analyses submitted for the first time on reply ("Defendants' *Daubert* Motion") (Dkt. 111), along with a report from Dr. Ferrell rebutting those opinions and analyses (Dkt. 111-1, Ex. A ("Ferrell *Daubert* Rep.") ¶¶ 11-14)). Dr. Ferrell's report addressed the price impact opinions and analyses of Plaintiffs' class certification expert, Mr. Steinholt. Indeed, Plaintiffs characterized Defendants' *Daubert* Motion as a sur-reply and Dr. Ferrell's report as "the rebuttal expert report". (Dkt. 113 at 3 ("Here, no matter the name, Defendants' [*Daubert* Motion] is a sur-reply, as its entire purpose is to respond to Plaintiffs' reply brief and Steinholt's accompanying expert report. The filing contains the same points Defendants sought to make in their proposed sur-reply, *including the rebuttal expert report they asked to file*." (emphasis added)).) While Plaintiffs moved to strike Defendants' *Daubert* Motion, they did so solely on procedural grounds—Plaintiffs did not

2

challenge Dr. Ferrell's qualifications or the reliability of his price impact opinions. (*Id.* at 3-5.)

Both of Dr. Ferrell's reports were submitted to the Court long before it granted class certification in September 2022. (*See* Dkt. 141 ("Class Certification Order") at 4, 10-12.) And both of Dr. Ferrell's reports were included in the record on appeal to the Fifth Circuit. (Appellants' R. Excerpts at Tabs 6 & 7, No. 23-20424 (5th Cir. Oct. 25, 2023), Dkt. 15 (excerpting relevant portions).) The Fifth Circuit vacated the Class Certification Order and remanded to allow Defendants to file a class certification sur-reply and for full consideration of Defendants' *Daubert* Motion. (Dkts. 231, 232.)

On May 13, 2024, this Court held a status conference and directed Defendants to file their sur-reply in opposition to class certification by June 12, 2024, and Plaintiffs to file "a final brief in response on class certification and any remaining *Daubert* issue" by July 12, 2024. (Dkt. 228.) At the May 13, 2024, status conference, the only outstanding *Daubert* issue was Defendants' April 1, 2022, *Daubert* Motion to exclude Mr. Steinholt's rebuttal testimony in connection with his reply class certification report.

Defendants filed their sur-reply in opposition to class certification, supported by a report from Dr. Ferrell addressing Mr. Steinholt's class certification reply report. (Dkts. 237 & 237-1, Ex. A ("Ferrell Sur-Reply Rep.").)

On July 12, 2024, Plaintiffs filed a Motion for Leave to File Motion To Exclude Certain Testimony of Defendants' Class Certification Expert Dr. Allen Ferrell ("Motion for Leave"). (Dkt. 240 ("Pls.' Mot. for Leave").)

3

## STATEMENT OF ISSUES

Whether good cause exists for Plaintiffs to file a motion to exclude Dr. Ferrell's class certification sur-reply opinions where those opinions were previously presented in Dr. Ferrell's prior reports, filed over two years ago, and Plaintiffs had not previously moved to exclude those opinions in connection with class certification.

## FACTUAL BACKGROUND

Plaintiffs' proffered Motion to Exclude seeks to exclude Dr. Ferrell's sur-reply opinions related to (i) Shen's reported book value and whether the Shen write-off represented "sunk costs" (Dkt. 240-1, Ex. A ("Pls.' Mot. to Exclude")) at 3 (citing Ferrell Sur-Reply Rep. ¶¶ 3(b), 7-14)); (ii) the May 2 chronology after the close of the market (*id.* (citing Ferrell Sur-Reply Rep. ¶¶ 25-27, 33)); and (iii) the event study of ConocoPhillips' stock price on May 3, 2017 (*id.* (citing Ferrell Sur-Reply Rep. ¶¶ 3(a), 6, 15-19)).

Dr. Ferrell offered these same opinions in his December 10, 2021, report in opposition to class certification, and in his April 1, 2022, report in support of Defendants' *Daubert* Motion. (Ferrell *Daubert* Rep. ¶¶ 11-14 (explaining that Anadarko's $902 million write-off represented "sunk costs"); Ferrell Opp. Rep. ¶ 14 & n.22 and Ferrell *Daubert* Rep. ¶¶ 6-7 & n.16 (noting the timing of Anadarko's May 2, 2017, Shenandoah disclosures and responding to Mr. Steinholt's aftermarket trading analysis and chronology); Ferrell Opp. Rep. ¶ 56, tbl. 3 & App'x D and Ferrell *Daubert* Rep. ¶¶ 1(c)(iv), 15 & n.46 (describing in detail Dr. Ferrell's event study of ConocoPhillips' May 3, 2017, stock price and his opinion that such event study shows a lack of price impact on Anadarko's stock).)

4

Prior to this Court's September 2022 Class Certification Order, Plaintiffs raised no challenge to Dr. Ferrell's qualifications or the reliability of his class certification opinions. Only now, weeks before the class certification hearing, do Plaintiffs seek leave to amend the scheduling order so that they may move to exclude opinions of which they have been aware—and had ample opportunity to challenge—for over two years.

## LEGAL STANDARD

"Under Rule 16, a scheduling order may be modified 'only for good cause and with the judge's consent.'" *Wildhorse Res. Mgmt. Co. v. G&C Constr. Int'l, LLC*, 2019 WL 2568671, at *1 (S.D. Tex. June 21, 2019) (quoting Fed. R. Civ. P. 16(b)(4)). In determining whether the movant has met its burden under Rule 16, "the court looks to four factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.*

## ARGUMENT

No good cause exists for Plaintiffs to file their Motion to Exclude.

*First*, Plaintiffs' explanation for their failure to timely move to exclude Dr. Ferrell's class certification opinions weighs against modification of the scheduling order. Plaintiffs' premise that Dr. Ferrell's sur-reply report "introduces new analyses and opinions not previously in the record" is wrong. (Pls.' Mot. for Leave at 2.) Dr. Ferrell's sur-reply opinions are not new. *See Invensys Sys., Inc. v. Emerson Elec. Co.*, 2014 WL 12598865, at *3 (E.D. Tex. Dec. 3, 2014) (finding party failed "to show good cause for leave" where

5

evidence was "not 'new'"). Dr. Ferrell submitted the same opinions Plaintiffs now seek to exclude in his December 2021 and April 2022 reports. (*Supra* p. 4-5.) Indeed, in April 2022, Plaintiffs recognized as much, stating in their motion to strike Defendants' *Daubert* Motion that "Defendants' motion is in substance what they sought to file as a sur-reply, expert report and all". (Dkt. 113 at 2.) Further, Plaintiffs concede that Dr. Ferrell's event study of ConocoPhillips—which they now wish to move to exclude—was included in Dr. Ferrell's December 2021 report. (Pls.' Mot. to Exclude at 3.) Plaintiffs had ample time to challenge Dr. Ferrell's class certification opinions. They offer no explanation for their failure to move to exclude opinions that were submitted in connection with the class certification briefing years ago.

*Second*, Plaintiffs' assertion that good cause exists to allow Plaintiffs to file their Motion to Exclude because the Court is required to fully consider a *Daubert* challenge in connection with class certification is merely an attempt to use the Fifth Circuit's order to excuse Plaintiffs' previous failure to timely challenge Dr. Ferrell. Plaintiffs' position would require a court to entertain any *Daubert* challenge of a class certification expert—regardless of how untimely that challenge is presented. (Pls.' Mot. for Leave at 4.) While the Court must apply *Daubert*'s reliability standard with full force when considering a *Daubert* challenge in connection with class certification, (Dkt. 232 at 6-7), the Fifth Circuit did not greenlight an untimely eleventh-hour *Daubert* challenge years after the opinions were raised. Rather, the Fifth Circuit ordered that "[o]n remand, the district court should fully consider *Anadarko's Daubert* challenge". (*Id.* at 7 (emphasis added).)

6

*Third*, Plaintiffs are wrong that "Defendants will not suffer prejudice if the Court grants this Motion". (Pls.' Mot. for Leave at 4.) Dr. Ferrell's unchallenged opinions were submitted years ago, and Dr. Ferrell carefully avoided offering any new opinions and analyses in his sur-reply report. Plaintiffs' attempt to exclude Dr. Ferrell's opinions—unchallenged for over two years now—and to do so just over a month from the scheduled hearing on Plaintiffs' class certification motion (August 27, 2024) is prejudicial.

On the other hand, Plaintiffs will not be prejudiced if they are denied leave to file their Motion to Exclude. Plaintiffs have had ample notice of the opinions they now seek leave to move to exclude. Plaintiffs had months to move to exclude those opinions before the Court entered the initial Class Certification Order, and they chose not to do so. And Plaintiffs have now been given the chance to respond to Defendants' sur-reply arguments through their own sur-sur-reply, which they have filed contemporaneously with this Motion for Leave. (Dkt. 242.)

*Fourth*, Plaintiffs do not address the availability of a continuance to cure the prejudice that Defendants would suffer if Plaintiffs' Motion for Leave were granted. For the reasons detailed above, the Court should continue the hearing scheduled for August 27, 2024 to a date that will allow for resolution of Plaintiffs' Motion for Leave, as well as resolution of any briefing of Plaintiffs' underlying Motion to Exclude if Plaintiffs' Motion for Leave is granted. Plaintiffs have submitted their proposed Motion to Exclude, and Defendants should be permitted the opportunity to respond to that motion in advance of the hearing.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion for Leave.

| | |
|---|---|
| Dated:  August 2, 2024 | Respectfully submitted, |

/s/ *Kevin J. Orsini*
**CRAVATH, SWAINE & MOORE LLP**
Kevin J. Orsini (*pro hac vice*)
Lauren M. Rosenberg (*pro hac vice*)
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
korsini@cravath.com
lrosenberg@cravath.com

**SHIPLEY SNELL MONTGOMERY LLP**
George T. Shipley
State Bar No. 18267100
Federal ID No. 02118
712 Main Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 652-5920
Facsimile: (713) 652-3057
gshipley@shipleysnell.com

*Attorneys for Defendants*

## **CERTIFICATION OF WORD COUNT**

In accordance with Rule 18(c) of Your Honor's Court Procedures, I hereby certify that this document contains 1,870 words, exclusive of the caption, the table of contents, the table of authorities and the signature block.

Dated: August 2, 2024

                                           */s/ Kevin J. Orsini*
                                           Kevin J. Orsini

**CERTIFICATE OF SERVICE**

I certify that on August 2, 2024, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

Dated: August 2, 2024

>                                  /s/ Kevin J. Orsini
>                                  Kevin J. Orsini