UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| In re ANADARKO PETROLEUM CORPORATION SECURITIES LITIGATION | § § § § § | Civil Action No. 4:20-cv-00576<br><br>CLASS ACTION<br><br>The Honorable Charles R. Eskridge III |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE MOTION TO EXCLUDE CERTAIN TESTIMONY OF DEFENDANTS' CLASS CERTIFICATION EXPERT DR. ALLEN FERRELL**

Plaintiffs respectfully submit this reply in support of their Motion for Leave to File Motion to Exclude Certain Testimony of Defendants' Class Certification Expert Dr. Allen Ferrell (ECF 240) ("Motion for Leave").

## I.      PRELIMINARY STATEMENT

Defendants' opposition to Plaintiffs' Motion for Leave (ECF 244) ("Opposition") does not identify any prejudice that will visit Defendants if Plaintiffs' Motion for Leave is granted. *Id.* at 7. In fact, Defendants explicitly acknowledge that any (unidentified) prejudice that *could* result to them would be cured by the continuance of the August 27, 2024 hearing on class certification, which has now been entered. *Id*. Thus, two of the four factors for granting leave are easily satisfied. Motion for Leave at 4.

Defendants' arguments as to the remaining two factors – Plaintiffs' explanation for the timing of the proposed motion to exclude and its importance – do not undermine good cause here. *See id.*

***First***, Defendants' assertion that Plaintiffs *could* have moved to exclude Dr. Allen Ferrell's ("Ferrell") June 2024 sur-reply report before the March 2023 motions deadline is wrong. Opposition at 5. It was not until April 2024 that the Fifth Circuit issued its decision remanding class certification to allow Defendants to file a sur-reply. Defendants filed that sur-reply on June 12, 2024, along with Ferrell's sur-reply report that Plaintiffs now seek to exclude. Plaintiffs indisputably could not have moved to exclude Ferrell's sur-reply opinions by the March 2023 deadline.

Further, Defendants' argument that Plaintiffs *should* have sought to exclude the challenged opinions earlier in these proceedings mischaracterizes the procedural history of

this case. Plaintiffs moved to exclude Ferrell's merits opinion as to ConocoPhillips prior to the motions deadline, following fulsome development of the expert record (ECF 183). The other challenged opinions were not part of the class certification record until now: Ferrell's "sunk cost" and aftermarket Firestone opinions were not included in his December 2021 report, and his April 2022 report was only accepted into the *Daubert* record.

**Second**, Defendants ignore the importance of Plaintiffs' proposed motion to the Court's forthcoming decision on class certification – despite strenuously arguing the importance of their own motion to exclude Bjorn Steinholt, CFA's ("Steinholt") rebuttal report for the same purpose. *Id.* at 6. Instead, Defendants resort to an unpersuasive "slippery slope" argument, claiming that if the Court exercises its discretion to grant Plaintiffs' Motion for Leave for good cause here, **any** court will be required to hear **any** *Daubert* challenge to a class certification expert at **any** point in the litigation. *Id.* Defendants' histrionics are unwarranted.

Federal Rule of Civil Procedure 16's discretionary "good cause" standard is designed specifically for situations like this, where specific and unusual circumstances would cause unfair prejudice if the prior case schedule were left unaltered. The complicated procedural history of this litigation has led to this exact situation: all "motions" contemplated by the schedule's original deadline were filed well before Defendants' class certification appeal was resolved, and Defendants submitted additional class certification expert opinions into the record 15 months after the motions deadline passed. Indeed, if the motions deadline is not amended, Plaintiffs will be unable to challenge Defendants' new expert opinion, undermining the "clash of ideas" the Fifth Circuit has deemed critical. *Ga.*

*Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 772 (5th Cir. 2024).

Plaintiffs' Motion for Leave should be granted.

## II. ARGUMENT

Plaintiffs have demonstrated that good cause exists for leave under Rule 16. Defendants have failed to refute that showing.

### A. Plaintiffs Adequately Explained the Timing of the Motion.

As explained in Plaintiffs' Motion for Leave, the first factor supports leave. Plaintiffs could not have filed their motion to exclude by the March 2023 motions deadline because Ferrell's sur-reply report was not filed until 15 months afterward, on June 12, 2024.

Defendants are wrong to suggest Plaintiffs should have moved to exclude Ferrell's sur-reply report at two earlier junctures – first, when Defendants filed Ferrell's December 2021 report, and second, when Defendants filed Ferrell's *Daubert* report.

First, Ferrell's December 2021 report contained neither his sur-reply report's accounting sunk-cost opinion nor his new aftermarket Firestone analysis. *See* ECF 93-1, Ex. A. Thus, it would have been impossible for Plaintiffs to challenge those opinions in December 2021. *Invensys Sys., Inc. v. Emerson Elec. Co.*, 2014 WL 12598865 (E.D. Tex. Dec. 3, 2014), on which Defendants rely, is inapposite. Opposition at 5. There, unlike here, a party moved for leave to add information to an "invalidity contention[]," but "it was undisputed that [the party] had possession of the information ***at all relevant times***." *Invensys*, 2014 WL 12598865, at *3 (emphasis added).

- 3 -

Second, as to Ferrell's ConocoPhillips event study, Plaintiffs **did** move to exclude this opinion before the motions deadline at the merits stage following full development of the expert record. ECF 160, 183. Defendants then re-submitted Ferrell's opinion as class certification evidence over two years later in the June 2024 sur-reply report, while also relying on the more fulsome expert record for their sur-reply arguments. *E.g.*, ECF 237-1, Exs. A, C (submitting, with Ferrell's sur-reply report, the November 9, 2022 merits opinions of Steinholt); ECF 239-1 (Ferrell's March 2, 2023 deposition transcript).

Third, Defendants' argument that Plaintiffs should have moved to exclude Ferrell's *Daubert* report in April 2022 is unconvincing, as it conflates the evidentiary records on two distinct motions: Defendants' motion to exclude Steinholt's rebuttal opinions and Plaintiffs' motion for class certification. Defendants filed the *Daubert* report only after the Court had already disallowed Defendants from submitting Ferrell's sur-reply expert report and indicated that class certification briefing had closed. ECF 97; ECF 110 at 2 (denying motion for sur-reply and stating that "[c]lass certification will rise or fall with what is fairly briefed in the papers"). The *Daubert* report was then filed as an exhibit to Defendants' belated *Daubert* motion; it was never part of the class certification record before the Court – until now. Indeed, Defendants appealed to the Fifth Circuit on that basis. By Defendants' logic, Plaintiffs should have moved to exclude expert opinion that the Court had already disallowed – a waste of time and judicial resources.

Further, the procedure Defendants claim that Plaintiffs should have undertaken – *i.e.*, filing a motion to exclude a report filed in support of Defendants' *Daubert* motion would have been procedurally improper. What's more, Plaintiffs **did** properly challenge

- 4 -

Ferrell's *Daubert* report by timely moving to strike it, and the *Daubert* motion, from the record.  ECF 113.  Notably, in their opposition to Plaintiffs' motion to strike, Defendants were adamant that Ferrell's *Daubert* report was **not** class certification evidence, belying their current attempt to blur the evidentiary records on the two motions: "[A] *Daubert* motion, which seeks to exclude inadmissible evidence, involves fundamentally different relief from a sur-reply, which seeks to expand the evidentiary record."  ECF 114 at 1.

Regardless, Defendants submitted each of the three challenged opinions in Ferrell's ***June 2024*** sur-reply report – 15 months **after** the March 2023 motions deadline passed, two years after class certification briefing initially closed, and after the expert record had been more fully developed.  Accordingly, Plaintiffs' motion to exclude opinions in Ferrell's 2024 sur-reply report after the March 2023 motions deadline is justified and supports good cause.

Finally, even where the moving party provides no reason for the delay whatsoever (unlike Plaintiffs here), courts find that where the remaining three factors support good cause, leave is warranted.  *See De La Rosa v. Swift Transp. Co. of Ariz.*, 2022 WL 1797040, at *1 (S.D. Tex. Mar. 28, 2022) (granting leave to file summary judgment motion even though party "offer[ed] no explanation" for the delay because "the importance of the summary judgment motion is evident"); *Smith W. Tex. Props., Ltd. v. Allied Prop. & Cas. Ins. Co.*, 2020 WL 6365539, at *3 (W.D. Tex. Apr. 27, 2020) ("[T]he Court does not find that Plaintiff's lack of an explanation for the delay outweighs the importance of the amendment, the minimal prejudice to Defendant, and the recently continued trial setting in this case.").  Here, each of those factors weighs heavily in support of Plaintiffs' request.

4864-5707-5671.v1

As stated in Plaintiffs' Motion for Leave, the motion to exclude raises critical issues about the reliability of Ferrell's testimony, which the Court will consider in deciding class certification. Defendants ignore this fact and re-cast Plaintiffs' argument as a generalized assertion that courts are required to fully consider *Daubert* challenges in connection with class certification, regardless of when they are filed. Opposition at 6. This "slippery slope" argument is meritless.

Here, as discussed above, Defendants' class certification appeal resulted in the earlier motions deadline ordered by the Court not functioning as intended – *i.e.*, to set a cut-off for dispositive motions and related *Daubert* motions after class certification was resolved. It is this unusual and fact-specific circumstance that gives rise to good cause.

Further, while good cause is further supported by the Fifth Circuit's statement that "'*Daubert's* reliability standard'" should be applied "'with full force'" (*Anadarko*, 99 F.4th at 775 (citation omitted)) at the class-certification stage, Plaintiffs have not argued that the Fifth Circuit "greenl[it]" their motion already. *See* Opposition at 6. To be sure, the only issues before the Fifth Circuit concerned Defendants' complaints about the evidentiary record on class certification. Now that Defendants have injected new and unreliable expert opinion to the class certification record, however, they cannot claim to have an exclusive right to challenge the evidentiary record. As Defendants themselves acknowledged in their August 1, 2024 letter to this Court, "[t]he accuracy of facts upon which these experts have relied, and the reliability of the methodologies that they have employed, are ***critically relevant*** to the findings necessary for class certification." Defendants' 8/1/24 Letter at 2 (emphasis added). This concern is particularly acute as to Ferrell's opinions because

Defendants have the burden of proof on price impact, the only class certification issue before the Court.  *Goldman Sachs Grp., Inc. v. Ark. Tchr. Ret. Sys.*, 594 U.S. 113, 126 (2021).  And Plaintiffs' proposed motion identifies deficiencies with exactly those aspects of certain of Ferrell's opinions.

### B. Defendants' Failure to Identify Prejudice, and Acknowledgement that Any Prejudice Would Be Easily Cured, Supports Good Cause.

Defendants' only identified claim of prejudice is the irrelevant assertion that "Dr. Ferrell carefully avoided offering any new opinions and analyses in his sur-reply report" and so, Defendants claim, it would be unfair to allow Plaintiffs to challenge them one month before the currently-scheduled hearing on class certification.  Opposition at 7.  Given that Ferrell's opinions were previously filed in support of a ***different*** motion, this claim of prejudice is irrelevant and factually unsound.

Nevertheless, Defendants also ***concede*** that any timing-related prejudice could be cured by a continuance of the August 27, 2024 hearing date, and both parties submitted letters to this Court requesting that the August 27, 2024 hearing date be continued if this Motion for Leave is granted.  By Order dated August 12, 2024, the Court continued the hearing date.  ECF 245.  Thus, Defendants' argument no longer applies.

Finally, although not a Rule 16 consideration, Defendants also discuss a purported lack of prejudice to Plaintiffs if their Motion for Leave is denied.  Opposition at 7.  Defendants are, again, incorrect.  Defendants have submitted additional and unreliable expert opinion – over a year after the motions deadline – that they urge the Court to use to

- 7 -

deny class certification. Plaintiffs would be severely prejudiced if they are unable to challenge those opinions.

### III.  CONCLUSION

Plaintiffs respectfully request that the Court grant their Motion for Leave.

DATED: August 12, 2024

Respectfully submitted,

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
(SDTX Bar No. 30973)
Attorney-in-charge

s/ Joe Kendall
JOE KENDALL

3811 Turtle Creek Blvd., Suite 825
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)

Texas Local Counsel for Plaintiff

ROBBINS GELLER RUDMAN
  & DOWD LLP
MARK SOLOMON
DANIEL S. DROSMAN
RACHEL L. JENSEN
LUKE O. BROOKS
HILLARY B. STAKEM
FRANCISCO J. MEJIA
MEGAN A. ROSSI
NICOLE Q. GILLILAND
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel

- 8 -

## CERTIFICATE OF WORD COUNT

In accordance with Rule 18(c) of Your Honor's Court Procedures, I hereby certify that this document contains 1,896 words, exclusive of the caption and the signature block.

DATED: August 12, 2024

s/ Joe Kendall
JOE KENDALL

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing on all counsel of record who have appeared in this matter via the Court's CM/ECF system on this, the 12th day of August, 2024.

s/ Joe Kendall
JOE KENDALL

4864-5707-5671.v1