**Robbins Geller Rudman & Dowd LLP**

| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

Hillary B. Stakem
hstakem@rgrdlaw.com

March 11, 2025

VIA ECF

The Honorable Christina A. Bryan
United States District Court
for the Southern District of Texas
515 Rusk Street, Room 7007
Houston, TX 77002

Re:   *In re Anadarko Petroleum Corp. Sec. Litig.*, No. 4:20-cv-00576 (S.D. Tex.)

Dear Judge Bryan:

We write on behalf of the parties to the above-referenced action with respect to the upcoming hearing on March 14, 2025 concerning Defendants' challenges to producing documents under the District Court's March 31, 2023 motion to compel Order (ECF 226-8). Although the parties met and conferred regarding a potential stipulation that would avoid or lessen the need for further review by the Court, as suggested by the Court at the February 21, 2025 hearing, the parties were unable to reach a mutually acceptable resolution. Accordingly, and pursuant to the procedure discussed at the February 10, 2025 hearing, the parties have selected the following categories of documents for discussion at the March 14, 2025 hearing:

- Category 17: Draft KPMG Memoranda (KPMG Log Nos. 1-22, 24, 26-43, 47-65, 67, 69-126, 128, 130-33). An excerpted privilege log containing just these entries is attached as Exhibit A.

- Category 2: Draft Suspended Well Accounting and Controls Memoranda (Defendants' Log Nos. 2-4, 238-46, 249-64, 267, 270-80, 282, 284-95, 297-307). An excerpted privilege log containing just these entries is attached as Exhibit B.

- Category 18: KPMG Working Papers (KPMG Log Nos. 127, 129). An excerpted privilege log containing just these entries is attached as Exhibit C.

- Category 3: Legal Accounting Memorandum (Defendants' Log No. 821). An excerpted privilege log containing just this entry is attached as Exhibit D.

![Robbins Geller Rudman & Dowd LLP]

The Honorable Christina A. Bryan
March 11, 2025
Page 2

- <u>Category 19</u>: KPMG Internal Emails (KPMG Log Nos. 23, 25). An excerpted privilege log containing just these entries is attached as Exhibit E.

- <u>Category 4</u>: Emails Regarding Disclosure Legal Advice (Mullins Log Nos. 44-45). An excerpted privilege log containing just these entries is attached as Exhibit F.

The parties' arguments pertaining specifically to these categories of documents can be found at the following:

**Defendants:**

- <u>Draft KPMG Memoranda</u>: ECF 233 at 2 (describing Norton Rose's limited disclosure of information to KPMG); *id.* at 5 (lack of finding by Judge Eskridge that disclosure to KPMG constituted waiver); *id.* at 10; ECF 236 at 3 (Defendants' interrogatory response does not constitute sword-and-shield waiver); *id.* at 4-5 (lack of finding by Judge Eskridge of sword-and-shield waiver with respect to KPMG's audit opinion or disclosure of work product to KPMG).

- <u>Draft Suspended Well Accounting and Controls Memoranda</u>: ECF 233 at 4-5 (sword-and-shield waiver based on limiting Plaintiffs' access to underlying facts Norton Rose learned during investigation and chose to present to or withhold from SEC); *id.* at 6; ECF 236 at 2, 5 (separation of fact from opinion); *id.* at 3-4 (documents not containing facts learned by Norton Rose not subject to waiver); *id.* at 4 (draft memoranda not shared with Norton Rose).

- <u>KPMG Working Papers</u>: ECF 233 at 2 (describing Norton Rose's limited disclosure of information to KPMG); *id.* at 5 (lack of finding by Judge Eskridge that disclosure to KPMG constituted waiver); *id.* at 7; ECF 236 at 3 (Defendants' interrogatory response does not constitute sword-and-shield waiver); *id.* at 4-5 (lack of finding by Judge Eskridge of sword-and-shield waiver with respect to KPMG's audit opinion or disclosure of work product to KPMG).

- <u>Legal Accounting Memorandum</u>: ECF 233 at 4-5 (opinion work product not subject to waiver); *id.* at 6; ECF 236 at 2-3 (Judge Eskridge's clarification regarding separating opinion from fact); *id.* at 3-4 (documents not containing facts learned by Norton Rose not subject to waiver); *id.* at 5 (separation of fact from opinion).

- <u>KPMG Internal Emails</u>: ECF 233 at 2 (describing Norton Rose's limited disclosure of information to KPMG); *id.* at 5 (lack of finding by Judge Eskridge that disclosure to

**ROBBINS GELLER**
**Rudman & Dowd LLP**

The Honorable Christina A. Bryan
March 11, 2025
Page 3

      KPMG constituted waiver); *id.* at 10; ECF 236 at 3 (Defendants' interrogatory response does not constitute sword-and-shield waiver); *id.* at 4-5 (lack of finding by Judge Eskridge of sword-and-shield waiver with respect to KPMG's audit opinion or disclosure of work product to KPMG).

- <u>Emails Regarding Disclosure Legal Advice</u>: ECF 233 at 6; ECF 236 at 3-4 (documents not containing facts learned by Norton Rose not subject to waiver); *id.* at 4.

**Plaintiffs:**

- <u>Draft KPMG Memoranda</u>: ECF 235 at 2-4 (describing KPMG's receipt of information from Norton Rose and KPMG's use of information to issue clean audit opinion); *id.* at 5-6 (Judge Eskridge's reliance on disclosure to KPMG as basis for waiver); *id.* at 6 (Defendants' continued reliance on KPMG clean audit opinion demonstrates use of investigation as "sword" in litigation); *id.* at 9-10 (KPMG documents fall within scope of waiver); ECF 238 at 4-5 (disclosure of opinion work product to SEC and KPMG).

- <u>Draft Suspended Well Accounting and Controls Memoranda</u>: ECF 235 at 9; ECF 238 at 4 (fairness and completeness argument with respect to SEC presentation).

- <u>KPMG Working Papers</u>: ECF 235 at 2-4 (describing KPMG's receipt of information from Norton Rose and KPMG's use of information to issue clean audit opinion); *id.* at 5-6 (Judge Eskridge's reliance on disclosure to KPMG as basis for waiver); *id.* at 6 (Defendants' continued reliance on KPMG clean audit opinion demonstrates use of investigation as "sword" in litigation); *id.* at 9-10 (KPMG documents fall within scope of waiver); ECF 238 at 4-5 (disclosure of opinion work product to SEC and KPMG).

- <u>Legal Accounting Memorandum</u>: ECF 235 at 8; ECF 238 at 4 (fairness and completeness argument with respect to SEC presentation).

- <u>KPMG Internal Emails</u>: ECF 235 at 2-4 (describing KPMG's receipt of information from Norton Rose and KPMG's use of information to issue clean audit opinion); *id.* at 5-6 (Judge Eskridge's reliance on disclosure to KPMG as basis for waiver); *id.* at 6 (Defendants' continued reliance on KPMG clean audit opinion demonstrates use of investigation as "sword" in litigation); *id.* at 9-10 (KPMG documents fall within scope of waiver); ECF 238 at 4-5 (disclosure of opinion work product to SEC and KPMG).

The Honorable Christina A. Bryan
March 11, 2025
Page 4

- <u>Emails Regarding Disclosure Legal Advice</u>: ECF 235 at 9; ECF 238 at 4 (fairness and completeness argument with respect to SEC presentation).

Respectfully submitted,

| ROBBINS GELLER RUDMAN & DOWD LLP | CRAVATH, SWAINE & MOORE LLP |
|---|---|
| s/ Hillary B. Stakem<br>HILLARY B. STAKEM | s/ Lauren Rosenberg<br>LAUREN ROSENBERG |

Encls.

cc:   All Counsel (via ECF, w/ encls.)

4917-5284-6630.v1