United States District Court
Southern District of Texas
**ENTERED**
March 20, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

IN RE: ANADARKO PETROLEUM         §
CORPORATION SECURITIES LITIGATION §        CIVIL ACTION NO. 4:20-
CV-0576                           §
                                  §

## ORDER

On March 14, 2025, the Special Master conducted, on the record, a second hearing for the purpose of determining whether specific documents fall within the scope of Judge Eskridge's prior finding of subject matter privilege waiver. The category numbers, exhibit letters, and tab numbers referenced below are taken from the parties' March 11, 2025 joint letter identifying the documents to be addressed at the hearing. ECF 272. At the hearing, the Special Master made specific rulings as to documents in Exhibits B, D, and F to the March 11, 2025 joint letter. The Special Master took under advisement the documents in Exhibits A, C, and F pending further review of the parties' prior briefing and cases cited during the hearing. This Order contains the Special Masters rulings on all documents discussed at the March 14, 2025 hearing.

## I.    Background

For the purpose of addressing the arguments raised at the March 14, 2025 hearing and providing guidance for future hearings, the Special Master finds it appropriate to revisit the scope of the mandate given her by the District Court.   In an Opinion and Order Compelling Production of Documents entered on March 31, 2023, District Judge Charles Eskridge ruled that Anadarko was using its attorney client and work product privileges as both a sword and a shield by relying "on the SEC's termination letter to indicate that the whistleblower's allegations were unfounded or false" while at the same time attempting "to shield the underlying information that went into that decision by the SEC—or that potentially was withheld from it."  ECF 173 at 7.  As a result, Judge Eskridge held that Andarko had waived its attorney client and work product privileges as "to the entire subject matter of the AAC[1] investigation."  *Id.* at 9.   However, Judge Eskridge further explained that despite his finding that the entire subject matter of the AAC investigation had been waived:

> . . . legitimate disputes may exist about specific documents that assertedly wouldn't fall under this waiver. Defendants request— if, as here, waiver is found—that "the parties meet and confer to determine which documents fall within the scope of the waiver," and that (depending upon the quantity left at issue) appointment of a Special Master may be appropriate[.]

[1] AAC refers to the Anadarko Audit Committee.

*Id.*   Anadarko sought mandamus relief from the Fifth Circuit to avoid compliance with Judge Eskridge's Order.  The Fifth Circuit found that Judge Eskridge's ruling did "not reach the threshold of clear and indisputable error" and denied Defendant's petition for writ of mandamus.  ECF 208-1 (*In re Anadarko Petroleum Corp.*, No. 23-20350, unpublished decision (5th Cir. Oct. 16, 2023)).  However, the Fifth Circuit "advise[d] the trial court, or the appointed Special Master, to scrutinize challenged documents and consider its decisions regarding the scope of the waiver carefully."

At a subsequent January 10, 2024 hearing, Judge Eskridge discussed his prior Order and the Fifth Circuit Opinion, noting that while he defined the scope of the waiver as the "entire subject matter," the language regarding "legitimate disputes" about what specific documents fall under the waiver was an acknowledgment that it would be necessary to review the documents individually to distinguish between "pure opinion versus pure fact."  ECF 217 at 15-16.  Judge Eskridge granted Defendant's request to appoint a Special Master to conduct that individual review and make the necessary opinion v. fact distinctions.  *Id.* at 25-26.

Based on all of the above, the Special Master must (1) perform an individual review of the challenged documents or categories of documents on Anadarko's privilege log in order to distinguish pure legal opinion from facts;

(2) determine whether the protections for attorney work product were waived as to certain documents by disclosure to a third party; and (3) determine whether the privileged documents, or portions thereof, fall within the scope of the Judge Eskridge's waiver decision. With these parameters in mind, the Special Master makes the following rulings regarding the documents identified by the parties in the March 11, 2025 joint letter.

## II.    Analysis

### A. Work Product Standards

The work product privilege is embodied in Federal Rule of Civil Procedure 26(b)(3), which states:

> **(3) *Trial Preparation: Materials.***
>    **(A)** *Documents and Tangible Things.* Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>    **(i)** they are otherwise discoverable under Rule 26(b)(1); and
>    **(ii)** the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Despite the reference in Rule 26(b)(3) to "documents and tangible things," the Fifth Circuit has held that the "work-product doctrine protects both 'tangible and intangible' work product." *Adams v. Mem'l Hermann*, 973 F.3d 343, 349–50 (5th Cir. 2020).

The work product privilege exists "to promote the adversary system by safeguarding the fruits of an attorney's trial preparations from the discovery attempts of an opponent." *Shields v. Sturm, Ruger & Co.*, 864 F.2d 379, 382 (5th Cir. 1989). Therefore, the privilege is not waived merely by disclosure to a third party. *Id.* The work product privilege is waived, however, if the disclosure "has substantially increased the opportunities for potential adversaries to obtain the information." *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 378 (5th Cir. 2010) (citing 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2024 (3d ed.2010)).

### B. Exhibits A, C, and E

The documents in Exhibits A, C, E are KMPG work papers that contain the opinions and mental impressions of Norton Rose Fulbright (NRF). The Special Master finds persuasive the cases cited by Defendant holding that disclosure of attorney work product to an independent auditor, such as KPMG, does not waive the work product privilege because the auditor is not in an adversarial relationship with the company for whom it is performing the audit and the disclosure to the auditor does not substantially increase the likelihood that the information will be obtained by an adversary. For example, in *United States v. Deloitte LLP*, 610 F.3d 129, 134 (D.C. Cir. 2010), the D.C. Circuit Court held that the work product privilege was not waived as to documents

Dow Chemical Company disclosed to its independent auditor, Deloitte & Touche USA, LLP, "because (1) Deloitte was not a potential adversary and (2) nothing suggested that it was unreasonable for Dow to expect Deloitte to maintain confidentiality." *See also S.E.C. v. Berry*, No. C07-04431 RMW HRL, 2011 WL 825742, at *7 (N.D. Cal. Mar. 7, 2011) (holding that disclosure to the government waived work product privilege but "disclosures to outside auditors do not have the 'tangible adversarial relationship' requisite for waiver"). The Special Master concludes that disclosure to KPMG of NRF's opinions and mental impressions did not waive the work product privilege.

The documents contained in Exhibits C and E have been redacted to remove the portions of the documents for which Anadarko claims work product privilege. The Special Master concludes that those redactions actually represent NRF's work product or mental impressions and opinions. Therefore, the documents in Exhibit C and E need not be produced without redaction and the work product privilege is sustained as to the redactions in Exhibits C and E.

With respect to Exhibit A, the Special Master concludes that some of the redactions represent work product that is properly redacted and privileged from production. However, the redactions also include information the

6

Special Master believes is not work product and more closely reflects facts rather than legal opinions or mental impressions.  Therefore, the Special Master instructs counsel for Anadarko to closely review the redactions to the documents in Exhibit A and either provide revised redacted copies, or be prepared to present at an *ex parte* hearing with the Special Master the basis for its believe that all of the redactions reflect work product.

### III.   Orders

For the reasons discussed above and the reasons stated on the record at the March 14, 2025 hearing, it is

ORDERED that as to Exhibit A counsel for Anadarko must closely review the redactions to the documents and either provide revised copies that redact only work product and not facts, or present to the Special Master, at an ex parte hearing, the basis for Anadarko's belief that all of the redactions reflect work product.  It is further

ORDERED that as to Exhibit B Anadarko must produce the documents but may present suggested redactions to the Special Master for approval prior to production.  It is further

ORDERED that as to Exhibit C the attorney work product privilege has not been waived as to the redacted information and Anadarko need not produce unredacted versions of those documents.  It is further

ORDERED that as to Exhibit D Defendant may withhold the documents from production in their entirety as they contain pure opinion work product that was not disclosed to any third party and the facts contained within the documents have already been produced.  It is further

ORDERED that as to Exhibit E that the attorney work product privilege has not been waived as to the redacted information and Anadarko need not produce unredacted versions of those documents.  It is further

ORDERED that as to Exhibit F Defendant may withhold the documents from production in their entirety because they are comprised of attorney-client communications that were not disclosed to any third party and do not directly concern the audit investigation.

Signed on March 20, 2025, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge