UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| In re ANADARKO PETROLEUM CORPORATION SECURITIES LITIGATION | § § § § § | Civil Action No. 4:20-cv-00576 <br><br> <u>CLASS ACTION</u> <br><br> The Honorable Charles R. Eskridge III |

**PLAINTIFFS' MOTION TO STRIKE THE REBUTTAL REPORT OF KEVIN J. MURPHY**

4936-2525-3551.v1

**TABLE OF CONTENTS**

**Page**

I.    PRELIMINARY STATEMENT ........................................................................ 1

II.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ...................... 3

III.  ISSUE PRESENTED FOR RESOLUTION ............................................... 4

IV.  APPLICABLE LEGAL STANDARDS ..................................................... 4

V.   ARGUMENT ..................................................................................... 6

    A.   Murphy Should Be Excluded Because Defendants Designated Murphy Solely as a Rebuttal Expert, and He No Longer Has Any Testimony to Rebut ................................................................ 6

    B.   Murphy Does Not Offer Proper Rebuttal Testimony and His Disclosure as an Affirmative Expert Was Untimely ...................................... 7

    C.   Defendants' Untimely Disclosure of Murphy's Opinions Is Neither Substantially Justified nor Harmless, and Warrants Murphy's Exclusion ........................................................................ 10

VI.  CONCLUSION .................................................................................. 13

4936-2525-3551.v1

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Buffets, Inc. v. Hartford Fire Ins. Co.*,
  2006 WL 5157690 (D. Minn. Apr. 4, 2006)...................................................... 7

*Carroll v. Allstate Fire & Cas. Ins. Co.*,
  2013 WL 12426586 (D. Colo. Oct. 4, 2013) ................................................... 12

*CEATS, Inc. v. TicketNetwork, Inc.*,
  2018 WL 453732 (E.D. Tex. Jan. 17, 2018)................................................. 5, 10

*Club v. Energy Future Holdings Corp.*,
  2014 WL 12690016 (W.D. Tex. Feb. 20, 2014)............................... 5, 6, 8, 11

*Dunham v. Heartland Express, Inc. of Iowa*,
  2018 WL 4850101 (N.D. Ga. Jan. 9, 2018)...................................................... 7

*Grasshopper House, LLC v. Clean & Sober Media LLC*,
  2019 WL 12074086 (C.D. Cal. July 1, 2019)................................................... 7

*Morgan v. Com. Union Assurance Cos.*,
  606 F.2d 554 (5th Cir. 1979) ........................................................................ 11

*Nguyen v. Allstate Vehicle & Prop. Ins. Co.*,
  2026 WL 497400 (N.D. Tex. Feb. 23, 2026)................................................. 5, 8

*Parker v. NGM Ins. Co.*,
  2016 WL 3546325 (E.D. La. June 23, 2016)................................................... 6

*Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*,
  73 F.3d 546 (5th Cir. 1996) ...................................................................... 6, 12

*Spencer v. Peters*,
  2013 WL 74447 (W.D. Wash. Jan. 7, 2013)................................................... 7

*Vela v. Allstate Tex. Lloyd's*,
  2004 WL 481748 (S.D. Tex. Feb. 4, 2004) ................................................... 11

*Vu v. McNeil-PPC, Inc.*,
  2010 WL 2179882 (C.D. Cal. May 7, 2020) ............................................. 5, 11

*YETI Coolers, LLC v. RTIC Coolers, LLC*,
  2017 WL 394511 (W.D. Tex. Jan. 27, 2017) ............................................. 5, 12

4936-2525-3551.v1

**Page**

## STATUTES, RULES, AND REGULATIONS

Federal Rules of Civil Procedure
Rule 26(a)..................................................................................................... 1, 6
Rule 26(a)(2) .................................................................................................. 10
Rule 26(a)(2)(B)............................................................................................... 5
Rule 26(a)(2)(D) .............................................................................................. 4
Rule 26(a)(2)(D)(ii).................................................................................... 5, 6
Rule 37 ............................................................................................................. 5
Rule 37(c).................................................................................................... 1, 10
Rule 37(c)(1) .................................................................................................... 6


Federal Rules of Evidence
Rule 702 ............................................................................................................ 7

4936-2525-3551.v1

## I.    PRELIMINARY STATEMENT

On January 25, 2023, Defendants designated Kevin J. Murphy ("Murphy"), an executive compensation expert and non-accountant, as a rebuttal expert in response to opinions of Plaintiffs' designated accounting expert, D. Paul Regan, CPA/CFF ("Regan"). Murphy's report should be stricken and his testimony precluded for several reasons.

First, Defendants style Murphy a rebuttal expert and served the Rebuttal Report of Kevin J. Murphy (Ex. 1) on the deadline for rebuttal reports.[1]  The only portion of Regan's report that Murphy claims to rebut are two paragraphs – ¶¶77(c) and 86.  Plaintiffs have withdrawn both those paragraphs.  Accordingly, Murphy is no longer rebutting any of Plaintiffs' expert testimony, and his opinions should be excluded as irrelevant.

Second, if Murphy is ***not*** a proper rebuttal expert – and the subject-matter and content of Murphy's report demonstrate he is not – then his report is untimely.  Defendants were required to disclose affirmative reports by November 9, 2022, and their belated disclosure of Murphy's affirmative opinions violated both the Court's Amended Scheduling and Docket Control Order (ECF 142) ("Scheduling Order") governing submission of expert reports and Federal Rule of Civil Procedure ("Rule") 26(a)(2)(D)(ii).   These violations warrant Murphy's exclusion pursuant to Rule 37(c), which establishes a presumptive sanction of exclusion for disclosure violations under Rule 26(a) unless Defendants can demonstrate that their violation was substantially justified or harmless.

---

[1]    Unless otherwise noted, all exhibits referenced herein are attached hereto, emphasis is added, and citations are omitted.

- 1 -

Defendants cannot sustain that burden. The Scheduling Order was explicit that the January 25, 2023 deadline was solely for "rebuttal" experts, and Defendants' only proffered justification for their untimely disclosure – that Murphy's report "goes to scienter," and so they believed it did not need to be disclosed on November 9, 2022 is implausible. Defendants only resorted to this justification once their thin rationale for offering Murphy's executive compensation opinions as "rebuttal" was no longer tenable following Plaintiffs' withdrawal of the paragraphs Murphy claimed to rebut. At that point – and notwithstanding that they expressly titled Murphy's report a rebuttal, and Defendants served the report on the rebuttal report deadline –  Defendants claimed *for the first time* that Murphy's extensive analysis of Anadarko executives' compensation structure and the various impacts of financial metrics on the executives' compensation was offered "independent of Regan[,]" not as rebuttal. Ex. 2. Additionally, Defendants' untimely disclosure is far from harmless. By shoehorning affirmative opinions into a "rebuttal" opinion, Defendants prevented Plaintiffs from retaining their own expert to rebut Murphy's executive compensation opinions at trial, as they would otherwise have been entitled to do under the Scheduling Order. That result is highly prejudicial to Plaintiffs.

Plaintiffs respectfully request that the Court strike Murphy's report and preclude Murphy from testifying at trial. Alternatively, if the Court permits Murphy's testimony notwithstanding his late-filed report, Plaintiffs request leave to present expert testimony to rebut Murphy's opinions.

- 2 -

4936-2525-3551.v1

## II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On April 19, 2021, Judge Gilmore entered a scheduling order calling for "Plaintiff, or the party with the burden of proof" to designate experts on June 24, 2022 and "Defendant [to] designate" experts on August 12, 2022. ECF 78. That order was vacated when the case was transferred to this Court. ECF 91. On May 25, 2022, the parties submitted a Joint Motion Regarding Pretrial Schedule (ECF 128), which the Court granted on June 1, 2022. ECF 129. In the May 25 scheduling motion, the parties changed the second expert deadline from the date for "Defendant [to] designate" to the date for "[r]ebuttal expert designations." ECF 128. The resulting June 1 Order adopted that change. ECF 129.

On October 11, 2022, pursuant to the parties' joint motion the Court modified the Scheduling Order to set November 9, 2022 as the deadline for expert designations for the party with burden of proof and January 25, 2023 as the deadline for "Rebuttal Expert Designations." Scheduling Order at 1-2. On November 9, 2022, Plaintiffs designated Regan as an accounting expert. On January 25, 2023, Defendants designated Murphy, along with accounting expert J. Richard Dietrich, Ph.D., as rebuttal experts to Regan, and served the Rebuttal Report of Kevin J. Murphy. *See* Ex. 1. Murphy does not cite a single accounting-related publication, address any of the accounting standards explained by Regan, or analyze Regan's accounting opinions. Instead, Murphy's opinions exclusively discuss executive compensation and Defendants' compensation structure and stock ownership. *Id.* at 5-15.

On March 12, 2023, Plaintiffs agreed to withdraw the two paragraphs of Regan's 110-paragraph report Murphy claims to rebut. *See* Ex. 2. With the withdrawal of these two paragraphs, Plaintiffs requested that Defendants withdraw Murphy's opinions.   *Id.*

- 3 -

Defendants refused, suggesting that although Defendants designated Murphy's report as a "Rebuttal Report" and filed it on the deadline for "Rebuttal Expert Designations," Murphy's testimony is "independent of Regan's report" and does not actually need to **rebut** any of Plaintiffs' experts to have been timely filed. *Id.* Instead, Defendants claim because "Mr. Murphy's report goes to scienter, on which Defendants do not have the burden of proof[,]" they were entitled to file the report on the rebuttal expert deadline. *Id.*

On February 23, 2023, in accordance with the deadline set by the Scheduling Order, the parties filed *Daubert* motions. On January 10, 2024, the Court terminated the parties' previously filed summary judgment and *Daubert* motions without prejudice "to refiling at an appropriate time after resolution of" ongoing "privilege issues and the pending appeal before the Fifth Circuit regarding class certification." ECF 216 at 2. On April 27, 2026, the Court entered the operative Scheduling and Docket Control Order. ECF 305.

## III. ISSUE PRESENTED FOR RESOLUTION

Should the Court exclude Murphy's affirmative expert testimony, submitted under the guise of "rebuttal" opinion, because: (i) it does not rebut any opinion offered by Plaintiffs' experts; (ii) it was submitted after the deadline for affirmative expert opinion; and (iii) not excluding it will unfairly prejudice Plaintiffs, who had no opportunity to provide their own rebuttal expert on executive compensation?

## IV. APPLICABLE LEGAL STANDARDS

"A party must make [expert] disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). This applies to both "'initial,'" "'affirmative,'" or "'opening'" reports – reports that contradict an expected portion of the opposing party's

- 4 -

case – and "'rebuttal'" reports – reports that "explain[], repel[], counteract[], or disprove[] evidence of the adverse party's initial report." *CEATS, Inc. v. TicketNetwork, Inc.*, 2018 WL 453732, at *3 (E.D. Tex. Jan. 17, 2018).

To qualify as proper "rebuttal," expert opinion must be "intended solely to contradict or rebut evidence on the same subject matter identified" by the opposing party's expert. Fed. R. Civ. P. 26(a)(2)(D)(ii). Courts in the Fifth Circuit look to the following three factors to determine whether expert opinion qualifies as proper rebuttal:

> "First, what evidence does the rebuttal expert purport to contradict or rebut? Second, is the evidence disclosed as rebuttal evidence on the same subject matter as that identified by another party in its Rule 26(a)(2)(B) disclosure? Third, is the evidence disclosed as rebuttal evidence intended solely to contradict or rebut that evidence?"

*Nguyen v. Allstate Vehicle & Prop. Ins. Co.*, 2026 WL 497400, at *5 (N.D. Tex. Feb. 23, 2026); *see YETI Coolers, LLC v. RTIC Coolers, LLC*, 2017 WL 394511, at *2 (W.D. Tex. Jan. 27, 2017).

The phrase the "'same subject matter'" should be read narrowly, otherwise it would "blur the distinction between 'affirmative expert' and 'rebuttal expert'" and "render the scope of the subject matter limitless." *Vu v. McNeil-PPC, Inc.*, 2010 WL 2179882, at *3 (C.D. Cal. May 7, 2020). "Even if the proffered expert report relates to the 'same subject matter,' the rebuttal designation is considered pursuant to 'the findings' of the testifying expert, not simply 'the same general subject matter of the case.'" *Club v. Energy Future Holdings Corp.*, 2014 WL 12690016, at *5 (W.D. Tex. Feb. 20, 2014).

Rule 37 establishes the consequences for untimely expert disclosure:

- 5 -

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).  In the Fifth Circuit, harmlessness is assessed relative to four factors:

> (1) the importance of the witnesses' testimony; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to comply with the discovery order.

*Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996).  It is the burden of "the party resisting exclusion for a belated disclosure [to] establish that its non-compliance was substantially justified and harmless." *Energy Future Holdings*, 2014 WL 12690016, at *4.

## V.   ARGUMENT

### A.   Murphy Should Be Excluded Because Defendants Designated Murphy Solely as a Rebuttal Expert, and He No Longer Has Any Testimony to Rebut

Defendants designated Murphy on the deadline for rebuttal experts, and Murphy styled his report as a "Rebuttal Report." Ex. 1.  If Murphy is considered a rebuttal expert, as Defendants originally urged, the Court should exclude his testimony as irrelevant.  Plaintiffs have withdrawn the two paragraphs of Regan's report that Murphy purports to rebut. Ex. 2.  Courts routinely exclude rebuttal expert testimony when the opposing party does not elicit the testimony from its expert that was the subject of the other's rebuttal. *See Parker v. NGM Ins. Co.*, 2016 WL 3546325, at *12 (E.D. La. June 23, 2016) ("Even if Dr. Barczyk is a proper rebuttal expert under Rule 26(a)(2)(D)(ii), an issue on which the Court does not take a

4936-2525-3551.v1

position, the Court has excluded Dr. Bain as an expert under Rule 702 and *Daubert*, rendering any need to rebut Dr. Bain's testimony moot."); *Spencer v. Peters*, 2013 WL 74447, at *1 (W.D. Wash. Jan. 7, 2013) ("Since Dr. Kuncel is not testifying, the Court finds the exclusion of Dr. Klein's testimony as a rebuttal witness appropriate, as there will be no testimony from Dr. Kuncel to rebut."); *Grasshopper House, LLC v. Clean & Sober Media LLC*, 2019 WL 12074086, at *13 (C.D. Cal. July 1, 2019) ("The designation of rebuttal experts limits the scope of those experts' testimony; rebuttal experts 'cannot testify in [a party's] case-in-chief, and they cannot testify unless and until [the opposing party's] experts testify as to the opinions for which [the rebuttal experts] have been designated as rebuttal experts.'") (alteration in original); *Dunham v. Heartland Express*, *Inc. of Iowa*, 2018 WL 4850101, at *1 (N.D. Ga. Jan. 9, 2018) (where expert whose testimony is being rebutted is withdrawn, "Defendant's proposed experts cannot be justified as 'rebuttal' experts.  Because Defendant's experts were not properly disclosed as testifying experts in their own right, Defendant 'shall not be permitted to offer the testimony of [its] expert[s]'") (alteration in original); *Buffets, Inc. v. Hartford Fire Ins. Co.*, 2006 WL 5157690, at *1 (D. Minn. Apr. 4, 2006) ("Since Plaintiff has withdrawn Dr. Rushing as a testifying expert in this case, there is no need for Defendant to provide any expert reports responding to Dr. Rushing's report."). Respectfully, this Court should do the same.

### B.    Murphy Does Not Offer Proper Rebuttal Testimony and His Disclosure as an Affirmative Expert Was Untimely

Defendants' disclosure of Murphy's testimony on January 25, 2023 could only have been timely if Murphy is truly a rebuttal expert – and he is not.  *See* Scheduling Order.  First,

- 7 -

Murphy's 39-page report on executive compensation referred only to two paragraphs of Regan's report (Ex. 3, ¶¶77(c), 86), neither of which is essential to Regan's findings regarding Anadarko's accounting treatment of Shen-3 and non-producing leasehold costs. Regan's ¶77(c) states, "ASC-250-10-S99 identifies several conditions that may render material quantitatively small misstatements, including the following examples: . . . (c) 'whether the misstatement has the effect of increasing management's compensation.'" *Id.*, ¶77(c).  Regan's ¶86 states:

> The Shen-3 results and the associated reduction in resource estimates was further significant considering that management's bonus[es] were affected by performance goals that included consideration of MMBOE sales and related reserves (representing an aggregate performance goal weighting factor ranging from 45% - 50%).  Although the Shenandoah basin project, including Shen-3, was exploratory in nature and in fact, a dry hole, the failure to appropriately expense Shen-3 as a dry hole expense indicated an increased possibility that the well could be used as a producing well to extract oil resources that could impact management performance goals and related compensation in the future.  In this regard, materiality evaluations under relevant accounting guidance requires a consideration of the "total mix" of information made available.

*Id.*, ¶86 (footnotes omitted).  Plaintiffs have withdrawn both paragraphs and Regan will not testify as to their subject matter at trial.  Accordingly, Murphy's report cannot be considered to be on the same subject matter as Regan's and is not proper rebuttal.  *Nguyen*, 2026 WL 497400, at *5; *Energy Future Holdings*, 2014 WL 12690016, at *5.

If there were any doubt that Murphy was not really intended by Defendants to be a rebuttal expert, that doubt would be easily resolved by a review of the two experts' stated scopes of assignment, which clearly illustrate the lack of overlap in the subject matter of their reports.  Regan's report analyzes accounting issues, specifically:

- 8 -

- Whether certain assumed conditions as of December 31, 2014 would impact the accounting treatment for the costs of drilling Shenandoah-3 ("Shen-3") under Generally Accepted Accounting Principles ("GAAP"), as consistently applied;

- Given those conditions, whether Anadarko's accounting for the costs of drilling Shen-3 complied with GAAP, as consistently applied during the relevant time period;

- Whether the accounting treatment for the costs of drilling Shen-3 under GAAP would change if there was a reasonable possibility that Shen-3 could have future use as an injection well or other type of service well in the development phase of the Shenandoah project;

- Whether a particular assumed condition would impact the accounting treatment for exploration costs, including leasehold rights and drilling costs, relating to the Shenandoah project under GAAP; and

- Given that same condition, whether Anadarko's accounting for the Shenandoah project-related assets complied with GAAP as of and during the respective annual and interim periods between December 31, 2015 and 2016.

Ex. 3, ¶3.   In contrast, Murphy was asked to assess and analyze completely unrelated questions:

- whether the Named Defendants benefitted financially from the alleged stock-price inflation through increased compensation;

- whether the Named Defendants benefited financially from the alleged stock-price inflation through their trading activity;

- whether the alleged misstatements with respect to Shen-3 increased the bonus awards to Named Defendants; and

- whether the alleged inflation in Anadarko's stock prices during the Class Period increased the amounts received by the Named Defendants in connection with the acquisition by Occidental.

Ex. 1 at 2.   Plaintiffs have not offered any expert testimony, from Regan or otherwise, on these topics.   Accordingly, Murphy's testimony, which neither "explains, repels, counteracts, or disproves evidence of [Plaintiffs'] initial report[s]" cannot be considered proper rebuttal

- 9 -

and should have been disclosed at the initial report deadline. *TicketNetwork*, 2018 WL 453732, at *3.

### C. Defendants' Untimely Disclosure of Murphy's Opinions Is Neither Substantially Justified nor Harmless, and Warrants Murphy's Exclusion

The presumptive sanction for failing to identify an expert witness as required by Rule 26(a)(2) is exclusion of the expert's testimony unless the violating party shows their failure was substantially justified or harmless. Fed. R. Civ. P. 37(c). Defendants cannot meet that burden.

First, Defendants have no legitimate excuse for not disclosing Murphy's opinions earlier, in accordance with this Court's Scheduling Order. Had Defendants wanted to present expert testimony regarding executive compensation, they could have and should have done so on November 9, 2022, as all of the necessary information was in their possession at that time.

Second, Defendants' claim that they genuinely believed they did not have to disclose Murphy's opinions by the initial expert designation deadline because "Mr. Murphy's report goes to scienter," an element on which Plaintiffs have the burden of proof, is implausible. The Scheduling Order was entered after the parties submitted an identical joint proposed schedule (ECF 140) and expressly set two deadlines: one for "[e]xpert designations for party with burden of proof" and one for "*[r]ebuttal* expert designations." ECF 129. The choice of language was intentional and important. The Scheduling Order could have – but did not – set deadlines for "expert designations for party with burden of proof" and "*defensive experts*" or "plaintiffs' designations" and "*defendants' designations*" – indeed, that is how

- 10 -

the original deadlines entered by Judge Gilmore in this case, without party input (vacated when the case was reassigned to this Court (ECF 91)), were designed.  ECF 78; *see also, e.g.*, *Vela v. Allstate Tex. Lloyd's*, 2004 WL 481748 (S.D. Tex. Feb. 4, 2004) (setting two-part expert disclosure schedule for (1) experts on behalf of parties with the burden of proof, and then (2) "[d]efensive [e]xperts").  Instead, in proposing a new schedule to this Court – which was then adopted – the parties agreed to different language and specified a deadline for "[r]ebuttal expert[s]," a term of art.  ECF 128, 140.  That Defendants understood this significance is evident from their styling Murphy's opinions as a "Rebuttal Report" right up until Plaintiffs withdrew the lines in Regan's report that Murphy was purportedly rebutting.  They cannot now credibly claim to believe that the use of "rebuttal" in the Scheduling Order was meaningless.  Ex. 1; *Energy Future Holdings*, 2014 WL 12690016, at *4 ("'Rebuttal is a term of art, denoting evidence introduced by a [party] to meet new facts brought out in his opponent's case in chief.'").

Further, to the extent Defendants were genuinely confused (by the language they themselves had agreed to) about when their affirmative, non-rebuttal report was due, they should have sought clarification from Plaintiffs and/or the Court before the initial deadline.  They did not do so because what Defendants truly wanted in filing Murphy's report as "rebuttal" was to present extensive expert testimony to which Plaintiffs would have no opportunity to respond.  Courts have held that this "litigation tactic" is a "hornbook example of sandbagging" that will not be tolerated.  *Vu*, 2010 WL 2179882, at *3; *see Morgan v. Com. Union Assurance Cos.*, 606 F.2d 554, 556 (5th Cir. 1979) ("[A] defense witness whose purpose is to contradict an expected and anticipated portion of the plaintiff's case in chief

- 11 -

4936-2525-3551.v1

can never be considered a 'rebuttal witness,' or anything analogous to one."); *see also Carroll v. Allstate Fire & Cas. Ins. Co.*, 2013 WL 12426586, at \*3 (D. Colo. Oct. 4, 2013) ("Their decision to hold back on disclosing their experts and the accompanying reports until the rebuttal expert disclosure deadline looks suspiciously like sandbagging. The Court will not tolerate this type of gamesmanship and tactical maneuvering.").

In this circumstance, the proper consequence for Defendants' attempt to gain a litigation advantage by untimely disclosing new affirmative expert opinion under the guise of rebuttal evidence is exclusion. *See YETI*, 2017 WL 394511, at \*3; *Sierra Club*, 73 F.3d at 573 (noting that continuance "would have given [opposing party] more time to review the late disclosures, such a measure 'would neither punish [Defendant] for its conduct nor deter similar behavior in the future'"). Defendants have unfairly prejudiced Plaintiffs by denying them the opportunity to rebut Murphy's extensive executive compensation opinions with their own expert testimony. This is precisely the harm that scheduling orders seek to prevent. At the same time, Murphy's testimony is not critical to Defendants' case (Plaintiffs aren't offering expert testimony on executive compensation that Defendants must rebut), and so the "importance of the witness['s] testimony" does not outweigh the substantial harm to Plaintiffs. *See Sierra Club*, 73 F.3d at 572. Finally, a continuance would not be an appropriate or sufficient sanction in this instance. Plaintiffs should not have to combat Defendants' refusal to play by the rules by incurring the additional cost and delay of retaining an expert to provide executive compensation analysis to rebut Murphy. Plaintiffs' interest lies in moving this 2020 case expeditiously to trial after already-prolonged litigation, in accordance with the recently established case schedule.

- 12 -

4936-2525-3551.v1

## VI.    CONCLUSION

Accordingly, for the reasons stated herein, Plaintiffs respectfully request that the Court exclude Murphy's untimely opinions in whole.  However, if the Court declines to exclude Murphy, Plaintiffs request leave to serve a rebuttal expert report responding to Murphy's report and put on rebuttal expert testimony at trial.

DATED:  June 1, 2026

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
MARK SOLOMON
DANIEL S. DROSMAN
LUKE O. BROOKS
HILLARY B. STAKEM
NICOLE Q. GILLILAND


s/ Hillary B. Stakem
HILLARY B. STAKEM

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Class Counsel

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
(SDTX Bar No. 30973)
Attorney-in-charge
3811 Turtle Creek Blvd., Suite 825
Dallas, TX  75219
Telephone:  214/744-3000
214/744-3015 (fax)

Texas Local Counsel for Plaintiff

- 13 -

4936-2525-3551.v1

## CERTIFICATION OF WORD COUNT

In accordance with Rule 18(c) of Your Honor's Court Procedures, I hereby certify that this document contains 3,397 words, exclusive of the caption, the table of contents, the table of authorities, and the signature block.

DATED: June 1, 2026

s/ Hillary B. Stakem
HILLARY B. STAKEM

## CERTIFICATE OF CONFERENCE

On May 29, 2026, Class Counsel conferred telephonically with Defendants' counsel regarding the relief requested in this motion.  Defendants' counsel indicated that Defendants will oppose this motion.

DATED: June 1, 2026

s/ Hillary B. Stakem
HILLARY B. STAKEM

4936-2525-3551.v1

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing on all counsel of record who have appeared

in this matter via the Court's CM/ECF system on this, the 1st day of June, 2026.


s/ Hillary B. Stakem
_____
HILLARY B. STAKEM

4936-2525-3551.v1