**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE: ANADARKO PETROLEUM CORPORATION SECURITIES LITIGATION | Case No. 4:20-cv-576<br><br>District Judge Charles R. Eskridge III<br><br>CLASS ACTION |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE CERTAIN TESTIMONY OF D. PAUL REGAN**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..... 1

ARGUMENT ..... 2

I. Regan's Opinion About Anadarko's Accounting Treatment of Shen-3 Should Be Excluded As Irrelevant and Unreliable. ..... 2

A. Regan's Opinion Regarding Anadarko's Accounting of Shen-3 Is Irrelevant. ..... 2

B. Regan's Opinion Regarding Anadarko's Accounting of Shen-3 Relies on Non-Authoritative GAAP and Is Thus Unreliable. ..... 5

II. Regan's Opinion That Anadarko's Alleged Accounting Errors Were Material Is Not Relevant and Will Confuse The Jury. ..... 7

CONCLUSION ..... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Botnick v. Zimmer, Inc.*,
484 F. Supp. 2d 715 (N.D. Ohio 2007) .......... 6

*Cutrera v. Bd. of Sup'rs of La. State Univ.*,
429 F.3d 108 (5th Cir. 2005) .......... 5

*Diabat v. Credit Suisse Grp. AG*,
2024 WL 4252502 (S.D.N.Y. Sept. 19, 2024) .......... 4

*EEOC v. DHL Express (USA), Inc.*,
2016 WL 5796890 (N.D. Ill. Sep. 30, 2016) .......... 3

*Greenberg v. Crossroads Sys., Inc.*,
364 F.3d 657 (5th Cir. 2004) .......... 2, 3

*In re Vale S.A. Sec. Litig.*,
2026 WL 1002335 (E.D.N.Y. Apr. 13, 2026) .......... 7

*Moore v. Ashland Chem. Inc.*,
151 F.3d 269 (5th Cir. 1998) .......... 6

*Pearlstein v. Blackberry Ltd.*,
2022 WL 741941 (S.D.N.Y. Mar. 11, 2022) .......... 7

*Police & Fire Ret. Sys. of City of Detroit v. Plains All Am. Pipeline, L.P.*,
777 F. App'x 726 (5th Cir. 2019) .......... 3, 4

*SEC v. Goldstone*,
2016 WL 3135651 (D.N.M. May 10, 2016) .......... 7

*Stephens v. Uranium Energy Corp.*,
2016 WL 3855860 (S.D. Tex. July 15, 2016) .......... 3

## PRELIMINARY STATEMENT

Defendants move to exclude two sets of opinions offered by Plaintiffs' accounting expert, D. Paul Regan: (1) Regan's opinion that Defendants improperly accounted for Shen-3, and (2) Regan's opinions that Defendants' accounting decisions regarding Shen-3 and the Shenandoah project generally were material. (Dkt. 322-4 ("Mot.").) Plaintiffs' arguments lack merit, and these opinions should be excluded.

Regan's opinion regarding Anadarko's accounting of Shen-3 should be excluded on two independent grounds, neither of which Plaintiffs credibly rebut. *First*, it is not relevant to the alleged fraud because Anadarko disclosed any such accounting error during the Class Period—well before the alleged "corrective disclosure" in May 2017. Plaintiffs mischaracterize Defendants' position as requiring Regan's opinions to "prove Plaintiffs' entire case on their own to be relevant." (Dkt. 327 ("Opp.") at 3.) Not so. The alleged misstatements concerning Shen-3 accounting cannot support Plaintiffs' omissions claim because they were "corrected" during the Class Period and cannot support the alleged scheme because the expensing of Shen-3 revealed the precise fraud Plaintiffs claim those statements helped to hide. *Second*, Regan's Shen-3 opinion should be excluded for the independent reason that it impermissibly relies on FAS 19—a non-authoritative standard that was superseded before the start of the Class Period. Plaintiffs concede that FAS 19 is "not authoritative" and that "the current GAAP provision [is] ASC 932." (Opp. at 12-13.) These concessions are fatal. Because the FAS 19 standard was not authoritative during the Class Period, Regan's consideration of the "Basis for Conclusions" section of FAS 19—

which Plaintiffs admit are "not codified and are not authoritative"—is just as problematic as relying on the superseded provisions of FAS 19 itself. (*Id.* at 13.)

Regan's opinion on the materiality of Anadarko's alleged accounting errors—both with respect to Anadarko's accounting of Shen-3 and the Shenandoah project as a whole—should also be excluded because the ultimate issue of whether Anadarko's alleged misstatements were material is the exclusive province of the jury.

## ARGUMENT

### I. REGAN'S OPINION ABOUT ANADARKO'S ACCOUNTING TREATMENT OF SHEN-3 SHOULD BE EXCLUDED AS IRRELEVANT AND UNRELIABLE.

#### A. Regan's Opinion Regarding Anadarko's Accounting of Shen-3 Is Irrelevant.

Regan's testimony regarding Anadarko's accounting treatment of Shen-3 should be excluded because any alleged fraud associated with Shen-3's accounting treatment was fully disclosed during the Class Period and thus cannot form a basis of Plaintiffs' claims. Regan opines that Anadarko "repeatedly failed to expense and disclose millions of Shen-3 related dry hole expenses." (Ex. 17 ¶ 11(b).) However, Regan himself concedes that, as purportedly required under GAAP, Anadarko expensed Shen-3 during the Class Period in 2016. (*See id.* ¶ 56; *see also* Ex. 95 at 11.) The market was thus aware of Shen-3's accounting treatment—and that Anadarko did not believe the well qualified for continued suspension—before the sole alleged corrective disclosure in May 2017. Anadarko's accounting of Shen-3 could not have contributed to any purported decline in Anadarko's stock price attributable to the alleged fraud. *See Greenberg v. Crossroads Sys., Inc.*, 364

F.3d 657, 663 n.6 (5th Cir. 2004) (recognizing that "a stock's price will not change upon the release of confirmatory information, i.e., information already known to the market.").

Plaintiffs do not contest the settled principle that facts publicly disclosed during the Class Period cannot serve as a basis for alleged fraud. Rather, in an attempt to cloak Regan's Shen-3 opinion with relevance it does not have, Plaintiffs make three meritless arguments. *First*, Plaintiffs distort Defendants' argument and state that Defendants require Regan's Shen-3 opinions to "carry Plaintiffs' claims by themselves." (Opp. at 8-9.) That is not the case. Defendants are not arguing that Plaintiffs must "rely solely on Regan to prove their entire case." (*Id.* (quoting *EEOC v. DHL Express (USA), Inc.*, 2016 WL 5796890, at *2 (N.D. Ill. Sep. 30, 2016) (cleaned up)).) But because the market knew of any alleged Shen-3 accounting misstatements prior to the May 2017 corrective disclosure, those alleged misstatements could not have contributed to any inflation in Anadarko's stock at the end of the Class Period, and are therefore inactionable, and Regan's opinion that Anadarko should have expensed Shen-3 earlier is rendered irrelevant to the alleged fraud that was purportedly revealed on May 2, 2017. *See Stephens v. Uranium Energy Corp.*, 2016 WL 3855860, at *20 (S.D. Tex. July 15, 2016) (explaining that claims are nonactionable "when the disclosed information has already been revealed to the market").

*Second*, Plaintiffs argue that Anadarko's treatment of Shen-3 is relevant because it shows that Defendants' statements describing Anadarko's accounting policies were misleading. (Opp. at 9-10.) But generalized statements describing a company's accounting practices are not actionable. (*See* Dkt. 322-1 ("Mot.") at § IV.C.) This is the case irrespective of whether Anadarko violated these policies. *See Police & Fire Ret. Sys. of*

*City of Detroit v. Plains All Am. Pipeline, L.P.*, 777 F. App'x 726, 731 (5th Cir. 2019). Thus, even assuming that Anadarko violated its accounting policies when it decided to suspend Shen-3, and that such a decision violated GAAP (it did not), Regan's opinion does nothing to support Plaintiffs' claim that Defendants' general descriptions of the company's accounting policies were fraudulent. And to the extent Anadarko's suspension of Shen-3 could have rendered statements about the company's accounting policies misleading (it could not have), the truth about such policies would have been revealed when Shen-3 was expensed, before the end of the Class Period. *See Diabat v. Credit Suisse Grp. AG*, 2024 WL 4252502, at *150 (S.D.N.Y. Sept. 19, 2024) ("Because the truth was already known, Plaintiff cannot rely on [the] statements to allege loss causation.").

*Third*, Plaintiffs contend that the Q3 2016 expensing of Shen-3 served as an "artifice designed to conceal negative information about Shen." (Opp. at 11-12.) Yet, in the same breath, Plaintiffs acknowledge that Anadarko's public descriptions of its accounting policies alerted the market that expensed exploratory well costs indicate "substantial doubt" about Shenandoah's "economic or operational viability" and claim that Defendants did not expense Shen-3 costs earlier "precisely because doing so would have undermined the misleadingly positive impression of the well's results." (*Id.* at 10-11.) Thus, Anadarko's expensing of Shen-3, by Plaintiffs' own admission, would have informed the market of the same alleged fraud Plaintiffs claim Defendants concealed. The reason underlying Anadarko's suspension of Shen-3 would be relevant only to whether Anadarko appropriately accounted for Shen-3 costs. (*See id.* at 11-12.) Once that accounting was

revised in the way Plaintiffs claim it should have been, before the alleged corrective disclosure at the end of the Class Period, it no longer serves as evidence of fraud.

To the extent Plaintiffs claim the Q3 2016 disclosure of Anadarko's revised accounting for Shen-3 is itself a misstatement giving rise to Plaintiffs' damages, it is far too late for such a claim. This was not alleged in the Amended Complaint, and Plaintiffs cannot rely on an argument raised for the first time in opposing summary judgment. *See Cutrera v. Bd. of Sup'rs of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court.").

**B. Regan's Opinion Regarding Anadarko's Accounting of Shen-3 Relies on Non-Authoritative GAAP and Is Thus Unreliable.**

Even if Regan's Shen-3 opinion were relevant, it should be excluded on the independent basis that it relies on a superseded and non-authoritative GAAP provision—FAS 19.

Plaintiffs do not contest that Regan relies on FAS 19. (Opp. at 12-13.) Nor do they dispute that FAS 19 is superseded and non-authoritative. (*Id.* at 13.) Instead, Plaintiffs claim that Regan's reliance on FAS 19 was "appropriate" because he consults the "Basis for Conclusions" section of FAS 19. (*Id.* at 12-13.) That is incorrect. As an initial matter, GAAP makes clear that these "Basis for Conclusions" sections are themselves not authoritative. (*See* Ex. 113 (ASC 105-10-05-5) ("All nongrandfathered non-SEC accounting guidance not included in the codification is superseded and deemed nonauthoritative").) And as Plaintiffs acknowledge, FAS 19 was not codified and is

non-authoritative, so Regan's reliance on FAS 19—whether FAS 19 itself or the "Basis for Conclusions" section of FAS 19—would do nothing more than confuse a jury and renders his opinion unreliable. *See Botnick v. Zimmer, Inc.*, 484 F. Supp. 2d 715, 721 n.5 (N.D. Ohio 2007) (explaining that *Daubert* "recognizes the duty of the trial court to reduce the risk of jury confusion" by excluding unreliable testimony).

Plaintiffs' attempt to justify Regan's impermissible reliance on FAS 19 by citing ASC-10-05-02 fails. (Opp. at 14.) ASC 105-05-02 provides that an entity "shall . . . consider nonauthoritative guidance" if the "transaction or event is not specified within a source of authoritative GAAP." (Ex. 113.) But Regan agrees that ASC 932 is the relevant authoritative guidance for Anadarko's accounting of Shen-3. (Ex. 17 ¶ 27.) And neither Regan nor Plaintiffs identify any gap in ASC 932's provisions as applied to Anadarko's accounting that would justify Regan's reliance on FAS 19.

Regan's reliance on FAS 19 is grounds for exclusion and Plaintiffs' authority otherwise is inapposite. Under *Daubert*, an expert's reliance on an unreliable methodology renders the opinion inadmissible. *See Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 278 (5th Cir. 1998). Because none of the cases cited by Plaintiffs involve the application of superseded guidance, Plaintiffs' authority is inapposite and does nothing to undermine this proposition. (Opp. at 14-15.)

Moreover, Defendants' expert, Dr. Richard Dietrich, does not rely on FAS 19. (Opp. at 14 (citing Ex. 117 194:10-195:3).) Dr. Dietrich merely explained that the "Basis for Conclusions" section of FAS 19 was "used by readers to help understand what the *then standard* was saying." (Ex. 117 195:1-3 (emphasis added).) But because "FAS 19 was

not GAAP" during the Class Period, Dr. Dietrich does not rely on it, and he explicitly confirms that FAS 19 "is not an appropriate basis on which to evaluate Anadarko's accounting for Shen 3." (Ex. 108 ¶ 106.)

## II. REGAN'S OPINION THAT ANADARKO'S ALLEGED ACCOUNTING ERRORS WERE MATERIAL IS NOT RELEVANT AND WILL CONFUSE THE JURY.

Regan's opinion that Anadarko's alleged accounting errors were material should be excluded as it is likely to confuse the jury. Regan opines numerous times throughout his report that alleged deficiencies in Anadarko's accounting—both as to Shen-3 and the Shenandoah project as a whole—were material to Anadarko's financial statements. (Ex. 17 ¶ 11, 37, 70, 72, 78, 87, 103-04, 106-07, 110.) But Regan's testimony on Anadarko's accounting is nothing more than an attempt to "simply declare certain representations material." *SEC v. Goldstone*, 2016 WL 3135651, at *42 (D.N.M. May 10, 2016). At a minimum, Regan should be precluded from using the word "materiality," given that it is an inappropriate topic for expert accounting testimony and will likely mislead the jury. *See In re Vale S.A. Sec. Litig.*, 2026 WL 1002335, at *4 (E.D.N.Y. Apr. 13, 2026) ("To avoid confusion, [expert] will be instructed not to use the word 'materiality,' given that materiality is an element for the jury."); *see also Pearlstein v. Blackberry Ltd.,* 2022 WL 741941, at *6 (S.D.N.Y. Mar. 11, 2022) (precluding experts from "offer[ing] an opinion about the ultimate issue of materiality" because "no jury needs an expert to assess that argument for them").

## **CONCLUSION**

For the foregoing reasons and those in Defendant's opening brief, Defendants respectfully request that the Court grant their motion to exclude certain testimony of Plaintiffs' proffered expert D. Paul Regan.

Dated: August 11, 2026

Respectfully submitted,

*/s/ Kevin J. Orsini*

**CRAVATH, SWAINE & MOORE LLP**
Kevin Orsini (*pro hac vice*)
Lauren Rosenberg (*pro hac vice*)
Melissa Syring (*pro hac vice*)
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
korsini@cravath.com
lrosenberg@cravath.com
msyring@cravath.com

**SHIPLEY SNELL MONTGOMERY LLP**
George T. Shipley
State Bar No. 18267100
Federal ID No. 02118
712 Main Street, Suite 1400
Houston, TX 77002
Telephone: (713) 652-5920
Facsimile: (713) 652-3057
gshipley@shipleysnell.com

*Attorneys for Defendants*

## **CERTIFICATION OF WORD COUNT**

In accordance with Rule 18(c) of Your Honor's Court Procedures, I hereby certify that this document contains 1,906 words, exclusive of the caption, the table of contents, the table of authorities and the signature block.

Dated: August 11, 2026

*/s/ Kevin J. Orsini*
Kevin Orsini

**CERTIFICATE OF SERVICE**

I certify that on August 11, 2026, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

Dated: August 11, 2026

*/s/ Kevin J. Orsini*
Kevin Orsini