UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| In re ANADARKO PETROLEUM CORPORATION SECURITIES LITIGATION | § § § § | Civil Action No. 4:20-cv-00576<br><br>CLASS ACTION<br><br>The Honorable Charles R. Eskridge III |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO EXCLUDE CERTAIN TESTIMONY BY DEFENDANTS' EXPERT J. RICHARD DIETRICH, PH.D.**

## I. INTRODUCTION[1]

Defendants' Opposition to Plaintiffs' Motion to Exclude Expert Testimony of J. Richard Dietrich, Ph.D. (ECF 331) ("Opp.") fails to defend the opinions Dietrich actually disclosed or the testimony he actually gave. Instead, Defendants rewrite Dietrich's report and mischaracterize his deposition testimony. First, Defendants recast a key step in Dietrich's analysis of Anadarko's accounting for Shen-3 as a factual assumption that goes only to weight. But characterizing the "analysis" Dietrich performed "informally in [his] mind" as an assumption does not save Dietrich's opinions – especially given that Dietrich did not identify that assumption in his report and admitted he did nothing to verify it. Second, Defendants claim Dietrich meant something else when he testified that whether or not Shen-3 was considered "successful" was "irrelevant." The transcript is unambiguous: Dietrich testified that the "successful appraisal well" label was "irrelevant" to accounting under Generally Accepted Accounting Principles ("GAAP") and remained in his report only because he "just didn't" remove it. Third, Defendants insist Dietrich's affirmative opinions "directly respond" to Regan, even though Dietrich testified that several sections of his report state his own "affirmative" opinions and are "not directly in response to Mr. Regan."

These are not marginal disputes over characterization. Defendants' rewrite is necessary to avoid the consequence of Dietrich's actual opinions and testimony. His Shen-3 opinion rests on an undisclosed and unsupported analysis; his "successful well" testimony is irrelevant and risks deciding a disputed merits issue through unwarranted expert imprimatur;

---

[1] Undefined terms herein have the same meaning as in Plaintiffs' Motion to Exclude Certain Testimony by Defendants' Expert J. Richard Dietrich, Ph.D. (ECF 324). Unless otherwise noted, all emphasis is added and citations are omitted.

and his affirmative opinions were withheld until the rebuttal deadline. The challenged testimony should be excluded.

## II. DIETRICH'S SHEN-3 OPINION RESTS ON AN UNDISCLOSED PREMISE THAT ASSUMES THE ANSWER HE WAS RETAINED TO PROVE

Dietrich opines that, even though Shen-3 was a dry hole, "Anadarko's Decision to Suspend [rather than expense] the Shen-3 Well Costs as of December 31, 2014 Was Consistent with GAAP." ECF 324-1 ("Dietrich Rpt."), §VII.A. Dietrich's opinion that expenses associated with a well that failed to find oil can nonetheless be suspended under GAAP relies on the fact that Shen-1 found a sufficient quantity of reserves. ECF 324-2 ("Dietrich Tr.") at 185:22-186:4, 199:17-20.

The problem for Defendants is that Dietrich's determination that Shen-1 found a sufficient quantity of reserves is not set forth in his report, nor is it an assumption with any support in the record:

> [Q.] I'm asking: What did you do to determine whether Shen 1 found a sufficient quantity of reserves to justify its completion as a producing well?
>
> A. Well, I did several things. One, and I apologize, I don't remember the document number. But as the appraisal wells were drilled, Anadarko revised its estimates of reserves in the reservoir and we can see over time what those reserves were.
>
> ***I did not specifically see that analysis***, but I performed my own analysis that said based on that much oil in the reservoir, what would be the expected amounts that Anadarko would receive[], would that be enough to justify completion of the well.
>
> So I did that analysis informally in my mind. I did not see it done formally.

> But again, I haven't seen every document that Anadarko has. I don't know whether they performed that analysis or not, but I presume that they did and simply accepted that they had made that determination.

*Id.* at 201:3-23. It gets no better from there. Dietrich glibly repeated that his analysis baselessly assumed Anadarko's and its partners' accounting "would have depended on that same determination and ***I believe that those determinations were made***. ***I just didn't see the documentation*** directly that said, here's the analysis that demonstrates that." *Id.* at 204:20, 207:4-8.

Defendants' own authority demonstrates that opinions based on such flimsy foundations are not admissible. *See* Opp. at 4 (citing *Jacked Up, LLC v. Sara Lee Corp.*, 291 F. Supp. 3d 795 (N.D. Tex. 2018), *aff'd*, 2018 WL 2064126 (N.D. Tex. May 2, 2018)). The *Jacked Up* court excluded an expert who, like Dietrich, essentially assumed what he purported to be analyzing and failed to support his assumptions. *See* 291 F. Supp. 3d at 809 ("Janik made numerous assumptions that remain unexplained or unsupported by the record, although these assumptions were critical to Janik's calculations"); *see also Moore v. Int'l Paint, L.L.C.*, 547 F. App'x 513, 516 (5th Cir. 2013) (affirming exclusion of expert who "made a number of other assumptions that, while not strictly inconsistent with the evidence, had no basis in the record"). Like Defendants here, the party proffering the unreliable expert in *Jacked Up* cited the Fifth Circuit's opinion in *Viterbo v. Dow Chem. Co.*, 826 F.2d 420 (5th Cir. 1987), to argue that the challenge went to the weight and not admissibility of their expert's testimony. *Compare Jacked Up*, 291 F. Supp. 3d at 808-09, *with* Opp. at 11-12. The Court should follow the *Jacked Up* court in rejecting that argument: "'If an opinion is

fundamentally unsupported, then it offers no expert assistance to the jury.'" *Jacked Up*, 291 F. Supp. 3d at 809 (quoting *Viterbo*, 826 F.2d at 422).[2]

Defendants' comparison to Plaintiffs' accounting expert, Regan, only highlights the defects in Dietrich's methodology. Regan expressly identified the assumptions he was asked to make and provided support for them. *See, e.g.*, ECF 322-9, Ex. 17, ¶¶2, 101. Dietrich did neither. His report said nothing about his "head-performed" analysis, he provided no support for his assumption, and he "assume[d] that Anadarko similarly did that in its analysis that [he] did not see." Dietrich Tr. at 203:1-2, 204:7-9. Dietrich's Shen-3 opinions should be excluded under Federal Rule of Civil Procedure 26(a)(2)(B)(i) and Federal Rule of Evidence 702.

## III. DIETRICH'S TESTIMONY THAT SHEN-3 WAS A "SUCCESSFUL APPRAISAL WELL" IS IRRELEVANT AND UNFAIRLY PREJUDICIAL

Defendants accuse Plaintiffs of taking Dietrich's "irrelevant" admission out of context. Opp. at 14. The transcript says otherwise. Plaintiffs asked whether "considering Shen-3 to be a successful appraisal well is an irrelevant fact." Dietrich answered: "Correct." Dietrich Tr. at 181:1-4. Asked why he didn't edit irrelevant material out of his report, he answered: "I just didn't." *Id.* at 181:16-19. He then explained that, "as a matter of accounting, the word 'successful' or 'unsuccessful' is not used in 932-360." *Id.* at 182:2-4. Indeed, the prior section confirms that whether or not Shen-3 was "successful" ***was*** irrelevant to Dietrich's opinions: instead of citing the "successful appraisal well" evidence in his report

[2] Defendants' remaining authority similarly merely states the general rule articulated in *Viterbo*. *Cf.* Opp. at 11-12.

when asked what he did to determine that Shen-3 met the sufficient quantity criterion, he described an entirely different analysis that he performed in his head. *Compare* Dietrich Rpt., ¶¶93-94, *with* Dietrich Tr. at 201:3-23. And Defendants concede that "Dietrich is not offering an opinion as to whether Shen-3 was or was not a 'successful appraisal well.'" Opp. at 13.

Defendants attempt to substitute a different proposition – that the results of Shen-3 are relevant generally – for the challenged testimony that Shen-3 "'was always considered a successful appraisal well.'" *Id.* at 14-15. But Plaintiffs' motion does not seek to prevent Dietrich from identifying properly disclosed facts that actually bear on an accounting criterion. It seeks to prevent him from prejudicially and confusingly labelling Shen-3 a "successful appraisal well" when that "fact" is both disputed and admittedly irrelevant to his opinions. The distinction is critical because one of the alleged misrepresentations in this case is Anadarko's characterization of Shen-3 as "successful." *See, e.g.*, ECF 329 at 6. Permitting Defendants' accounting expert to tell the jury that Shen-3 was a "successful appraisal well" would unfairly prejudice Plaintiffs, confuse the issues, and mislead the jury because jurors could readily treat Dietrich's testimony as resolving whether the statement was true, even though Dietrich admitted the label has no accounting relevance. *See* Fed. R. Evid. 403; *United States v. Herman*, 997 F.3d 251, 269-71 (5th Cir. 2021). Dietrich should be precluded from testifying that Shen-3 was a "successful appraisal well" under Federal Rules of Evidence 402 and 403.

## IV. DIETRICH'S AFFIRMATIVE OPINIONS WERE UNTIMELY DISCLOSED

Defendants contend that Dietrich's opinions are proper rebuttal. Opp. at 17-18. But "[r]ebuttal is a term of art." *Morgan v. Com. Union Assurance Cos.*, 606 F.2d 554, 555-56 (5th Cir. 1979). Rule 26 permits evidence intended solely to contradict or rebut evidence identified in another party's expert disclosure – not affirmative opinion directed generally to an element on which the opposing party bears the burden. Fed. R. Civ. P. 26(a)(2)(D)(ii); *see also In re Quality Lease & Rental Holdings, LLC*, 2019 WL 5865596, at *5 (S.D. Tex. Nov. 8, 2019) ("Expert testimony may be offered 'solely to contradict or rebut evidence on the same subject matter' ***identified by another expert witness***."). Otherwise, every defendant could reserve its affirmative expert case until rebuttal merely because plaintiffs bear the burden of proof. Again, Defendants' cases support Plaintiffs. *See Landmark Am. Ins. Co. v. Royal by Sea Condo. Owners Ass'n, Inc.*, 2021 WL 5085180, at *1 (S.D. Tex. July 8, 2021) ("A rebuttal witness is an expert witness offering evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party's expert."); *Poly-Am., Inc. v. Serrot Int'l, Inc.*, 2002 WL 1996561, at *15 (N.D. Tex. Aug. 26, 2002) (rebuttal evidence must be "intended solely to contradict or rebut evidence on the same subject matter that another party has identified in its expert disclosure").

Defendants' characterization of Dietrich's opinions as "rebuttal" ignores both Dietrich's report and his deposition testimony. Dietrich described his assignment as both providing his own "independent" opinions and responding to Regan. Dietrich Rpt., ¶1. And Dietrich testified – extensively – that the challenged opinions were not written in response to



4913-9888-6341.v1

Regan. *See* Dietrich Tr. at 31:20-39:16 ("I'm opining about Anadarko's decision irrespective of Mr. Regan's statement"; "it is not directly in response to Mr. Regan"; "I think most of that discussion is my independent opinions about the application of GAAP to the accounting issues in this matter"; "[n]o, I don't think they are designed to rebut specifically . . . this is what I would consider affirmative statements"). Defendants' contention that Dietrich's opinions "respond[] directly to Regan's opinions" is false. Opp. at 18; *see also id.* at 3 (claiming challenged sections "directly respond to Regan's contentions").

Because Dietrich's opinions are not proper rebuttal opinions, they should have been disclosed before the deadline for rebuttal expert designations. ECF 142. As explained more fully in Plaintiffs' Reply in Support of Their Motion to Strike the Rebuttal Report of Kevin J. Murphy, filed herewith, Defendants' reading of the Scheduling Order is nothing but gamesmanship. *Cf.* Opp. at 15-17.

Defendants' violation was neither justified nor harmless. By holding Dietrich's affirmative opinions until the rebuttal deadline, Defendants denied Plaintiffs the opportunity to submit responsive expert testimony. That is precisely the surprise and unfairness Rule 26(a)(2)(D)(ii) and the Scheduling Order are designed to prevent. Defendants do not even attempt to establish that their noncompliance was substantially justified or harmless, as Federal Rule of Civil Procedure 37 requires. The challenged sections should be excluded.

## V. CONCLUSION

Plaintiffs respectfully submit that the Court should exclude: (1) Dietrich's opinion that Anadarko properly suspended Shen-3 well costs; (2) testimony that Shen-3 was a "successful

appraisal well"; and (3) §§V, VII.A., VII.B., and X.A. of Dietrich's report as untimely affirmative opinions.

DATED: August 11, 2026

Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP
MARK SOLOMON
DANIEL S. DROSMAN
LUKE O. BROOKS
HILLARY B. STAKEM
NICOLE Q. GILLILAND
T. ALEX B. FOLKERTH

s/ Luke O. Brooks

LUKE O. BROOKS

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Class Counsel

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
(SDTX Bar No. 30973)
Attorney-in-charge
3811 Turtle Creek Blvd., Suite 825
Dallas, TX 75219
Telephone: 214/744-3000
214/744-3015 (fax)

Texas Local Counsel for Plaintiff

**CERTIFICATION OF WORD COUNT**

In accordance with Rule 18(c) of Your Honor's Court Procedures, I hereby certify that this document contains 1,902 words, exclusive of the caption and the signature block.

DATED: August 11, 2026

s/ Luke O. Brooks
LUKE O. BROOKS

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing on all counsel of record who have appeared in this matter via the Court's CM/ECF system on this, the eleventh day of August, 2026.

s/ Luke O. Brooks
LUKE O. BROOKS