UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| In re ANADARKO PETROLEUM CORPORATION SECURITIES LITIGATION | § § § § | Civil Action No. 4:20-cv-00576<br><br>CLASS ACTION<br><br>The Honorable Charles R. Eskridge III |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE THE REBUTTAL REPORT OF KEVIN J. MURPHY**

# I. INTRODUCTION[1]

Defendants' opposition confirms that Murphy is not a rebuttal expert under Federal Rule of Civil Procedure ("Rule(s)") 26(a)(2)(D)(ii) or Fifth Circuit precedent because his opinions do not rebut Plaintiffs' affirmative expert testimony. Defendants admit his report responds to scienter allegations in the amended complaint, deposition questioning, Lea Frye's account, and compensation evidence Plaintiffs may present at trial – not expert disclosures. The only expert opinions Murphy identified were withdrawn in 2023, leaving no opinion to rebut.

Murphy's remaining opinions were untimely. Expert disclosures must occur "at the times and in the sequence that the court orders"; the default deadlines apply only "[a]bsent a stipulation or a court order." Fed. R. Civ. P. 26(a)(2)(D). Here, the Court established separate deadlines for opening expert designations and "Rebuttal Expert Designations." ECF 142. "Rebuttal" is a term of art, and rebuttal experts respond to opposing parties' affirmative expert opinions, not fact evidence or complaint allegations. Defendants' assertion that Murphy could be disclosed at the rebuttal deadline merely because he addresses scienter would effectively permit every defendant to withhold affirmative expert testimony until the rebuttal deadline whenever the plaintiff bears the burden of proof – a result inconsistent with the text and purpose of Rule 26. If Defendants genuinely believed the Scheduling Order permitted such extraordinary procedure, they should have sought clarification before expert disclosures were due. Their failure to do so reflects, at best, lack of diligence, and at worst,

[1] Undefined terms herein have the same meaning as in Plaintiffs' motion (ECF 307) ("Mot."). Unless otherwise noted, all emphasis is added and citations are omitted.

an effort to exploit the Scheduling Order's perceived ambiguity to Plaintiffs' detriment. Rule 37 permits neither.

Defendants show neither substantial justification nor harmlessness. No new development prevented timely disclosure because Defendants knew Plaintiffs' scienter theory before the opening deadline. Nevertheless, Defendants submitted Murphy's report as "rebuttal," evading both the Court's Scheduling Order and Rule 26. Defendants' tactical maneuver prejudiced Plaintiffs, preventing them from responding to Murphy's analysis and creating precisely the surprise and unfairness Rule 26's disclosure requirements are designed to prevent. Murphy's untimely opinions should be excluded. If they are not, Plaintiffs should be permitted to serve a responsive expert report so Defendants do not benefit from their discovery violation.

## II. MURPHY'S REPORT WAS UNTIMELY

Defendants fail to justify their untimely disclosure. They contend that the Scheduling Order's first deadline applied only to disclosures by the party with the "burden of proof," and since Plaintiffs must prove scienter, Murphy's opinions are necessarily "rebuttal." ECF 332 ("Opp.") at 7-8. Defendants also claim Murphy's testimony is proper rebuttal evidence because it responds to Plaintiffs' scienter evidence by discussing whether Defendants financially benefitted from the fraud. *Id.* at 10.

Defendants' first two arguments hinge on the definition of "rebuttal" expert testimony – a term of art that Defendants get wrong. Defendants, relying solely on *Garris v. Midea USA, Inc.*, 2014 WL 12719497, at *1 (E.D. La. Mar. 6, 2014), assert that "rebuttal expert opinion is that which is 'intended solely to contradict or rebut evidence on the same subject

matter identified by another party.'" But that language incompletely quotes Rule 26(a)(2)(D)(ii), the authority *Garris* cites. Rule 26(a)(2)(D)(ii)'s full text states that rebuttal expert testimony "is intended solely to contradict or rebut evidence on the same subject matter identified by another party ***under Rule 26(a)(2)(B) or (C)***" – *i.e.*, in ***expert reports***. Other courts are clear on this point, as is *Garris*, which addressed one expert's response to another expert's opinions. *See Garris*, 2014 WL 12719497, at *1; *In re Quality Lease & Rental Holdings, LLC*, 2019 WL 5865596, at *5 (S.D. Tex. Nov. 8, 2019) ("Expert testimony may be offered 'solely to contradict or rebut evidence on the same subject matter' ***identified by another expert witness***."); *CEATS, Inc. v. TicketNetwork, Inc.*, 2018 WL 453732, at *3 (E.D. Tex. Jan. 17, 2018) (same).

Defendants argue rebuttal opinion encompasses opinion that does not respond to another party's expert evidence because they cannot identify any expert testimony Plaintiffs offer to which Murphy responds aside from two withdrawn paragraphs in Regan's report. Opp. at 12; Mot. at 1 & Ex. 2. Plaintiffs are not offering expert testimony on executive compensation, the sole subject of Murphy's report. Accordingly, unless the Court accepts that rebuttal expert opinion is intended to rebut ***any*** evidence, Murphy's report is improper rebuttal testimony and untimely. But the Fifth Circuit has expressly precluded Defendants' argument:

> Rebuttal is a term of art, denoting evidence introduced by a Plaintiff to meet new facts brought out in his opponent's case in chief. We recognize that boilerplate Rule 16 orders have engendered confusion as to its meaning, and that even in this case the pre-trial order's specific reference to "rebuttal witnesses" almost certainly was meant also to embrace witnesses that in an earlier era would have been classified "rejoinder," "re-rebuttal," and so on. However that may be, ***a defense witness whose purpose is to contradict an***



4912-9417-3893.v1

> ***expected and anticipated portion of the plaintiff's case in chief can never be considered a "rebuttal witness," or anything analogous to one***.

*Morgan v. Com. Union Assurance Cos.*, 606 F.2d 554, 555-56 (5th Cir. 1979); *see United States ex rel. Taylor v. Healthcare Assocs. of Tex., LLC*, 2024 WL 4606799, at *1 n.1 (N.D. Tex. Oct. 28, 2024) (applying *Morgan* in expert witness context); *United States v. 9.345 Acres of Land*, 2016 WL 5723665, at *3 (M.D. La. Sep. 30, 2016) (expert untimely disclosed because he was a case-in-chief, not rebuttal, expert). Accordingly, Defendants' argument that Murphy is a rebuttal expert because he responds to anticipated non-expert evidence of scienter contradicts the law.

Defendants' argument that Murphy's testimony is rebuttal because Defendants do not have the burden of proof on scienter is also inconsistent with the purpose of Rule 26 – to prevent unfairness and surprise. *Joe Hand Promotions, Inc. v. Chios, Inc*., 544 F. App'x 444, 446 (5th Cir. 2013). Plaintiffs have the burden of proof on every element of their claims. If Defendants were correct that ***any*** expert testimony concerning the complaint's allegations is "rebuttal," then the Scheduling Order and Rule 26's expert disclosure cadence would inherently prejudice Plaintiffs. Defendants would always have an opportunity to respond to Plaintiffs' expert testimony, but Plaintiffs would be in the untenable position of either: (i) disclosing their affirmative expert opinion, but being unable to respond to surprise defense expert opinion addressing entirely different topics; or (ii) guessing what expert opinions Defendants ***might*** offer in order to preemptively respond – even if Plaintiffs do not intend to offer such opinion in their case-in-chief. Plainly, neither circumstance is intended by the Rules or this Court's Scheduling Order, and Defendants must know as much.

Finally, Defendants insist that if Murphy's opinions were not rebuttal, then they are timely because they were not governed by the Scheduling Order. But the Scheduling Order fully governed expert testimony, and that is how the parties understood it. *See YETI Coolers, LLC v. RTIC Coolers, LLC*, 2017 WL 394511, at *2-*3 (W.D. Tex. Jan. 27, 2017) (where expert-disclosure schedule had a "burden of proof" report deadline and "rebuttal report" deadline, non-rebuttal testimony should have been filed on "burden of proof" deadline). Indeed, Defendants designated Murphy a rebuttal expert and claimed his testimony rebutted Regan's until Plaintiffs withdrew the testimony Murphy was purportedly rebutting.

Defendants' cases are inapposite. *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 26 F.4th 256, 267 (5th Cir. 2022), supports Plaintiffs; there, the Fifth Circuit found the district court erred by allowing the defendant to present expert testimony in its case-in-chief that was untimely disclosed and did not rebut plaintiffs' expert. And unlike here, *United States v. Delk*, 586 F.2d 513 (1978), concerned a violation of the Federal Rules of Criminal Procedure and the government's use of evidence not permitted in its case-in-chief.

## III. RULE 37 REQUIRES EXCLUSION OR A RESPONSIVE REPORT

Defendants' untimely disclosure violated Rule 26, and pursuant to Rule 37 and the factors in *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996), which Fifth Circuit courts analyze when considering excluding expert testimony, Murphy's opinions should be excluded. Defendants address only one *Sierra Club* factor: "the explanation, if any, for the party's failure to comply with the discovery order." *Id.* But a cursory review of this Circuit's caselaw or Rule 26(a)(2)(D)(ii) would have shown Defendants that opinions on topics not addressed by Plaintiffs' affirmative experts are not

"rebuttal opinions." Thus, if Defendants wanted to preserve the right to present expert testimony on executive compensation even if Plaintiffs did not, they should have disclosed it by the opening deadline. If Defendants were confused by the Scheduling Order's "rebuttal" deadline, they should have raised the issue before the expert-disclosure deadline. At best, Defendants failed to conduct basic diligence to determine when Murphy's report was due. At worst, they attempted to exploit a claimed Scheduling Order ambiguity to prejudice Plaintiffs by foreclosing rebuttal. Neither justifies Defendants' untimely disclosure, and both support exclusion.

Defendants' cases do not establish substantial justification. Opp. at 13. In *Everest Reinsurance Co. v. Cox*, 350 F.R.D. 541, 548 (N.D. Tex. 2025), defendants complained the plaintiff did not file expert disclosures, but the plaintiff was not using expert testimony. *Hanover Ins. Co. v. United States*, 137 Fed. Cl. 479, 486 (2018), supports Plaintiffs; there, the court held:

> [R]ebuttal opinion is appropriate even if it introduces new methods or uses new data ***so long as*** that information is targeted at ***rebutting an affirmative expert's report***. . . . A rebuttal report with opinions beyond the proper scope is properly categorized as an affirmative report and becomes subject to the disclosure deadlines governing such reports.

*Id*. at 482-83. The untimely disclosure there was substantially justified because, unlike here, the expert's testimony concerned claims added to the case ***after the deadline for affirmative expert disclosures***. *Id.* at 484, 486. Defendants here could have submitted expert opinion concerning executive compensation before the rebuttal deadline.

Defendants fail to address other *Sierra Club* factors. Plaintiffs' arguments that Murphy's testimony is minimally important to Defendants' case, that Plaintiffs will be



4912-9417-3893.v1

severely prejudiced if Murphy testifies, and that a continuance would be insufficient, are unrefuted. Mot. at 12. The *Sierra Club* factors favor exclusion.

Incredibly, Defendants argue that even if they violated the Scheduling Order, Plaintiffs should receive ***no*** remedy. Opp. at 13-14. They argue that permitting Plaintiffs to file a responsive report would interfere with a trial date ***nine months away***. But Plaintiffs' rebuttal could be submitted, and both parties' experts deposed, months before trial preparation. In *Hanover*, where the court found one party's untimely expert disclosure was justified and important, the court cured the opposing party's prejudice by allowing it to file a sur-rebuttal expert report. 137 Fed. Cl. at 487. It is telling that Defendants, having no substantial justification for their violation and not arguing the importance of Murphy's opinions, argue against even that innocuous remedy.

Defendants' fallback to Rule 26's 90-day default fails. The default schedule applies only absent a stipulation or court order, and the Court's Scheduling Order governed expert disclosures here. Fed. R. Civ. P. 26(a)(2)(D). Defendants' suggestion that Plaintiffs should have known Defendants were operating under the purported "alternative timeline set by Rule 26(a)(2)(D)" (Opp. at 14) is nonsensical. Defendants took the position, and still assert, that Murphy's opinion was proper rebuttal, and there is no automatic "sur-rebuttal" that Plaintiffs were entitled to under Rule 26(a)(2)(D). Nor should Plaintiffs be precluded from offering expert opinion to rebut Murphy's merely because Plaintiffs did not seek that relief during the years in which expert discovery was ***stayed***. Ultimately, Defendants point fingers at Plaintiffs because they cannot point to any prejudice they would suffer if Plaintiffs are given

a rebuttal. While the proper remedy here is exclusion, at a minimum, Plaintiffs should be given the opportunity to respond to Murphy's untimely opinions.

## IV. CONCLUSION

Plaintiffs' motion to strike the untimely "rebuttal" opinions of Murphy should be granted. Alternatively, if Murphy is permitted to testify, Plaintiffs should be allowed to submit responsive expert opinion.

DATED: August 11, 2026

Respectfully submitted,

ROBBINS GELLER RUDMAN
& DOWD LLP
MARK SOLOMON
DANIEL S. DROSMAN
LUKE O. BROOKS
HILLARY B. STAKEM
NICOLE Q. GILLILAND
T. ALEX B. FOLKERTH

s/ Hillary B. Stakem
HILLARY B. STAKEM

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Class Counsel

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
(SDTX Bar No. 30973)
Attorney-in-charge
3811 Turtle Creek Blvd., Suite 825
Dallas, TX 75219
Telephone: 214/744-3000
214/744-3015 (fax)

Texas Local Counsel for Plaintiff

**CERTIFICATION OF WORD COUNT**

In accordance with Rule 18(c) of Your Honor's Court Procedures, I hereby certify that this document contains 2,000 words, exclusive of the caption and the signature block.

DATED: August 11, 2026

s/ Hillary B. Stakem
HILLARY B. STAKEM

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing on all counsel of record who have appeared in this matter via the Court's CM/ECF system on this, the 11th day of August, 2026.

s/ Hillary B. Stakem
HILLARY B. STAKEM