# EXHIBIT 1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| In re ANADARKO PETROLEUM CORPORATION SECURITIES LITIGATION | § § § § | Civil Action No. 4:20-cv-00576<br><br>CLASS ACTION<br><br>The Honorable Charles R. Eskridge III |

**STIPULATION OF SETTLEMENT**

This Stipulation of Settlement, dated September 28, 2026 (the "Stipulation"), is made and entered into by and among: (i) Lead Plaintiffs and Class Representatives Norfolk County Council as Administering Authority of the Norfolk Pension Fund and Iron Workers Local #580 Joint Funds (collectively, "Lead Plaintiffs"),[1] on behalf of themselves and each Class Member,[2] by and through their counsel of record in *In re Anadarko Petroleum Corporation Securities Litigation*, Civil Action No. 4:20-cv-00576 (S.D. Tex.) (the "Litigation"); and (ii) Anadarko Petroleum Corporation ("Anadarko"), Robert G. Gwin, R.A. Walker, Robert P. Daniels, and Ernest A. Leyendecker, III (collectively, "Defendants"), by and through their counsel of record in the Litigation. The Lead Plaintiffs and the Defendants are referred to herein as the "Parties" or "Settling Parties." The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Litigation and the Released Plaintiffs' Claims, subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I. THE LITIGATION

The Litigation is currently pending before Judge Charles R. Eskridge III in the United States District Court for the Southern District of Texas (the "Court"). The initial complaint in the Litigation was filed on February 19, 2020. On May 13, 2020, the Court appointed Lead Plaintiffs and Robbins Geller Rudman & Dowd LLP as Lead Counsel.

---

[1] Together with Lead Plaintiff Building Trades United Pension Trust Fund, "Plaintiffs."

[2] All capitalized terms not otherwise defined shall have the meanings ascribed to them in §IV.1 herein.

Lead Plaintiffs allege that Anadarko and its corporate representatives violated the Securities Exchange Act of 1934 and SEC Rule 10b-5 promulgated thereunder.

On August 17, 2020, Lead Plaintiffs filed their Amended Complaint for Violations of the Federal Securities Laws (the "Complaint"). On September 14, 2020, Defendants filed a motion to dismiss the Complaint, which Lead Plaintiffs opposed on September 28, 2020. Defendants filed their reply brief on October 5, 2020. On January 19, 2021, the Court issued an order denying the motion to dismiss. Defendants answered the Complaint on March 25, 2021.

The Parties then participated in extensive pretrial litigation, including written and documentary discovery and more than 30 fact and expert depositions. They also litigated a number of discovery disputes, including a privilege dispute that involved briefing in the Fifth Circuit and multiple submissions and hearings in the district court.

Lead Plaintiffs filed their motion for class certification on October 1, 2021. The Court granted the motion on September 28, 2022, over Defendants' opposition. Defendants moved for reconsideration of the class certification order, which was denied on June 30, 2023. On August 30, 2023, the Fifth Circuit granted Defendants' Rule 23(f) petition, and on May 17, 2024, the Fifth Circuit vacated the class certification order. The Parties then re-litigated Lead Plaintiffs' motion for class certification, along with the Parties' motions to exclude certain testimony of the proferred class certification experts. The Court held a full-day evidentiary hearing and a separate oral argument on Lead Plaintiffs' renewed class certification motion. On March 10, 2026, the Court granted Lead Plaintiffs' class certification motion and denied the Parties' motions to exclude.

On June 1, 2026, the Defendants filed a summary judgment motion and the Parties filed their *Daubert* motions, and thereafter filed their opposition and reply briefs. The motions were pending at the time this proposed settlement was reached.

Lead Plaintiffs and Defendants participated in a voluntary confidential mediation session with the Honorable Layn R. Phillips (Ret.), a well-respected and experienced mediator, on June 1, 2023. The mediation session was preceded by the submission and exchange of opening and reply mediation statements by both Lead Plaintiffs and Defendants. The Parties engaged in good-faith negotiations, but did not reach a settlement at the mediation session. A second mediation was held on August 11 and 12, 2026. The Parties exchanged and provided to Judge Phillips additional mediation materials in advance of the August 11, 2026 session. Following additional settlement discussions with Judge Phillips, on September 3, 2026, the Parties accepted a mediator's proposal to settle the Litigation in return for a cash payment of $114,500,000 to be paid by or on behalf of Defendants for the benefit of the Class, subject to the terms of a negotiated Settlement Term Sheet that the Parties executed on September 11, 2026, and subject to negotiation of the terms of a stipulation of settlement and approval by the Court. The Parties thereafter notified the Court of the agreement in principle. This Stipulation (together with the Exhibits hereto) reflects the final and binding agreement among the Settling Parties and provides the authority for the establishment, custody, administration, and Court-ordered distribution of the assets held in the Escrow Account by the Custodian, comprising a Qualified Settlement Fund pursuant to Section 468B of the Internal Revenue Code and related Treasury Regulations.

## II. DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Throughout this Litigation, Defendants have denied, and continue to deny, any and all of the claims and contentions of wrongful conduct alleged in the Litigation, including any allegations of fault, liability, wrongdoing, or damages whatsoever. Specifically, Defendants expressly have denied, and continue to deny, that they have committed any act or made any materially misleading statement or omission giving rise to any liability under the federal securities laws. Defendants expressly have denied, and continue to deny, that they have committed any wrongdoing or violations of law as alleged in any complaint in the Litigation or that could have been alleged in the Litigation, and Defendants maintain that their conduct was at all times proper and in compliance with applicable provisions of law. Defendants also have denied, and continue to deny, that they made any material misstatement or omission; that the price of Anadarko common stock was artificially inflated during the Class Period; that any Class Members, including Lead Plaintiffs, suffered any damages; or that any Class Members, including Lead Plaintiffs, were harmed by any conduct alleged in the Litigation or that could have been alleged therein. Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation.

Defendants are entering into this Stipulation solely to eliminate the burden, expense, distraction, and uncertainty inherent in any litigation, especially in complex cases such as this Litigation. Defendants have determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III. LEAD PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims asserted therein. However, Lead Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation through trial and through appeals. Lead Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and the risks of any litigation, especially in a complex action such as this Litigation, as well as the difficulties and delays inherent in this Litigation. Lead Plaintiffs and Lead Counsel are also mindful of the inherent problems of proof under and possible defenses to the securities law violations asserted in the Litigation. Lead Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class. Based on their own investigation and evaluation, Lead Plaintiffs and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Lead Plaintiffs and the Class.

## IV. TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, without any concession by Lead Plaintiffs that the Litigation lacks merit, and without any concession by Defendants of any liability, wrongdoing, fault, damages, or lack of merit in the defenses asserted, IT IS HEREBY STIPULATED AND AGREED, by and among Lead Plaintiffs (on behalf of themselves and the Class Members) and Defendants, by and through their respective counsel, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration

of the benefits flowing to the Parties from the Settlement, the Litigation and the Released Plaintiffs' Claims shall be finally, fully, and forever compromised, settled, and released, and the Litigation shall be settled, compromised, and dismissed with prejudice, without costs except as stated herein, upon and subject to the terms and conditions of this Stipulation, as follows:

**1. Definitions**

As used in this Stipulation and in any Exhibits attached hereto and made a part hereof, the following terms, when capitalized, have the meanings specified below:

1.1 "Authorized Claimant" means any Class Member who submits a timely and valid Claim to the Claims Administrator that is accepted for payment pursuant to the Court-approved Plan of Allocation.

1.2 "Claim(s)" means a paper claim submitted on a Proof of Claim and Release form or an electronic claim that is submitted to the Claims Administrator.

1.3 "Claims Administrator" means the firm retained by Lead Plaintiffs and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Class Members and to administer the Settlement.

1.4 "Class" means all Persons who purchased or acquired Anadarko common stock between February 20, 2015, and May 2, 2017, inclusive, and were allegedly harmed thereby. Excluded from the Class are: Defendants and their families, legal representatives, heirs, successors, or assigns; officers, directors, subsidiaries, and affiliates of Anadarko during the Class Period; any entity in which Defendants have a controlling interest; and any judicial officer to which the Litigation is assigned. Also excluded from the Class is

any Person who properly excludes himself, herself, itself, or themselves from the Class by submitting a valid and timely request for exclusion.

1.5 "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth in ¶1.4 above.

1.6 "Class Period" means the period between February 20, 2015, and May 2, 2017, inclusive.

1.7 "Custodian" means Huntington National Bank.

1.8 "Defendants' Counsel" means Cravath, Swaine & Moore LLP and Shipley Snell Montgomery LLP.

1.9 "Effective Date," or the date upon which this Settlement becomes "Effective," means the first date by which all of the events and conditions specified in ¶7.1 of this Stipulation have been met and have occurred or have been waived.

1.10 "Escrow Account" means an interest-bearing account held by the Custodian for the benefit of the Class, and established, pursuant to Court order, by the direction of the Escrow Agent. The Escrow Account shall be administered solely for the purposes of authorizing Court-approved payments, distributions, and related ministerial actions, including preparation of tax documentation, subject to the Court's supervisory authority, for the benefit of Lead Plaintiffs and the Class in accordance with the terms of this Stipulation and any order of the Court. The assets comprising the Escrow Account will at all times contemplated by this Stipulation be in the exclusive custody of the Custodian and subject to the limitations outlined in this Stipulation.

1.11 "Escrow Agent" means the law firm of Robbins Geller Rudman & Dowd LLP or its successor(s), solely in its capacity as Court-authorized administrative escrow agent for the limited purpose of coordinating investments, authorized payments, distributions, tax preparations, and other related ministerial actions under this Stipulation and any order of the Court. The Escrow Agent at no time will possess, express dominion, custody, or control, or hold or balance any of the assets comprising the Settlement Fund.

1.12 "Final" means, with respect to any order or judgment of the Court, that such order or judgment represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage, without action, of time for seeking appellate review. Without limitation, an order or judgment becomes Final when either: (a) no appeal therefrom has been filed and the time has passed for any notice of appeal to be timely filed therefrom; or (b) an appeal from the judgment or order has been filed and either: (i) the court of appeals has either affirmed the order or judgment or dismissed that appeal and the time for any reconsideration or further appellate review has passed; or (ii) a higher court has granted further appellate review and that court has either affirmed the underlying order or judgment or affirmed the court of appeals' decision affirming the judgment or dismissing the appeal. For purposes of this paragraph, an "appeal" shall include any motion to alter or amend under Federal Rule of Civil Procedure 59(e), for reconsideration or petition for a writ of *certiorari* or other writ that may be filed. Any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (a)

attorneys' fees, costs, expenses, or awards to Plaintiffs; (b) the Plan of Allocation (as submitted or subsequently modified); or (c) the procedures for determining Authorized Claimants' recognized Claims, shall not in any way delay, affect, or preclude the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

1.13 "Individual Defendants" means R.A. Walker, Robert G. Gwin, Robert P. Daniels, and Ernest A. Leyendecker, III.

1.14 "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court upon approval of the Settlement, substantially in the form attached hereto as Exhibit B, to be entered by the Court.

1.15 "Lead Counsel" means the law firm of Robbins Geller Rudman & Dowd LLP.

1.16 "Lead Plaintiffs" means Class Representatives Norfolk County Council as Administering Authority of the Norfolk Pension Fund and Iron Workers Local #580 Joint Funds.

1.17 "Litigation" means the lawsuit pending in the United States District Court for the Southern District of Texas captioned *In re Anadarko Petroleum Corporation Securities Litigation*, Civil Action No. 4:20-cv-00576.

1.18 "Net Settlement Fund" means the Settlement Fund less: (a) any Court-awarded attorneys' fees, expenses, and interest thereon; (b) Notice and Administration Expenses; (c) Taxes and Tax Expenses; and (d) other Court-approved deductions.

1.19 "Notice and Administration Expenses" means actual notice and administration expenses, including reasonable costs and expenses actually incurred with providing notice of the Settlement to the Class by mail, email, publication, and other means, locating potential Class Members, assisting with the submission of Claims, processing Proofs of Claim, administering the Settlement, and paying escrow taxes, fees, and costs, if any.

1.20 "Person(s)" means an individual, corporation (including all divisions and subsidiaries), limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, limited liability company, joint venture, fund, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and all of their respective spouses, heirs, beneficiaries, trustees, transferees, executors, administrators, predecessors, successors, representatives, or assignees, and any other entity or on behalf of whom the person has a legal right to make or release a claim.

1.21 "Plaintiffs' Counsel" means any attorney or firm who has appeared in the Litigation on behalf of any plaintiff or proposed class.

1.22 "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants. Any Plan of Allocation is not part of this Stipulation and neither Defendants nor the Released Defendant Parties shall have any responsibility or liability with respect thereto. Any order of the Court modifying or rejecting the Plan of Allocation will not affect the finality or binding nature of the Settlement.

1.23 "Postcard Notice" means the notice, as approved by the Court and as described in ¶3.1 and in the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A-4, which is to be emailed or mailed to potential Class Members informing them of the Settlement contemplated by this Stipulation.

1.24 "Preliminary Approval Order" means an order entered by the Court, substantially in the form of Exhibit A attached hereto, granting, *inter alia*: (i) preliminary approval of the Settlement set forth in this Stipulation; and (ii) approval for the mailing and emailing of the Postcard Notice, the publication of the Summary Notice, and the posting of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and the Proof of Claim and Release form on the case-designated website, substantially in the forms of Exhibits A-1 through A-4 attached hereto.

1.25 "Proof of Claim" means the Proof of Claim and Release form for submitting a Claim. Subject to approval of the Court, the Proof of Claim shall be substantially in the form attached hereto as Exhibit A-2, which a Class Member must complete and submit should that Class Member seek to share in a distribution of the Net Settlement Fund.

1.26 "Related Parties" means any and all of a Party's or Parties' current or former parents, subsidiaries, predecessors, successors, and divisions, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, underwriters, insurers in their capacities as such, as well as each of the Individual Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, and assigns.

1.27 "Released Plaintiffs' Claims" means any and all claims, demands, damages, losses, costs, interest, penalties, fees, attorneys' fees, expenses, rights, including rights of appeal, obligations, actions, suits, liabilities and causes of action of every nature and description, whether known or unknown, individual, class or representative, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that have been or could have been asserted in the Litigation or could in the future be asserted in any forum, whether foreign or domestic, and which (i) arise out of or relate in any way to any of the allegations, transactions, facts, events, matters, occurrences, representations, misrepresentations, disclosures, statements, acts, failures to act or omissions that were asserted, involved, set forth, or referred to, or could have been asserted, by Lead Plaintiffs and their Related Parties in the Litigation; and (ii) arise out of, are based upon, or related in any way, directly or indirectly, to the purchase or other acquisition of Anadarko common stock during the Class Period. Released Plaintiffs' Claims do not include: (i) any claims related to the enforcement of the Term Sheet or this Settlement; (ii) any derivative claims; (iii) any claims arising out of ERISA; or (iv) any claims of any Person who or which submits a timely and valid request for exclusion from the Class that is accepted by the Court.

1.28 "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims (as defined in ¶1.38), whether arising under federal, state, common, or foreign law, against the Releasing Plaintiff Parties (as defined below) that arise out of or

relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation. Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Term Sheet or this Settlement; or (ii) any claims against any Person who or which submits a timely and valid request for exclusion from the Class that is accepted by the Court.

1.29 "Released Defendant Party" or "Released Defendant Parties" or "Defendants' Released Persons" mean any or all of Defendants and/or any or all of their current or former parents, subsidiaries, predecessors, successors, and divisions, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, representatives, investment bankers, underwriters, insurers in their capacities as such, as well as each of the Individual Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, and assigns.

1.30 "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" mean Lead Plaintiffs, their respective attorneys, and all other Class Members, and each and all of their respective current, former, or future parents, affiliates, subsidiaries, business units, divisions, or controlling shareholders; each and all of their respective current, former, or future officers, directors, employees, members, managers, partners, principals, controlling shareholders, agents, advisors, accountants, auditors, insurers, reinsurers, related entities and attorneys; and the predecessors, successors, estates, estate managers, assigns, assignees, immediate family members, spouses, heirs, executors, trusts, trustees,

administrators, agents, legal or personal representative of each of them, in their capacities as such.

1.31 "Releases" means the releases set forth in ¶¶4.1-4.7 of this Stipulation.

1.32 "Settlement" means the resolution of the Litigation in accordance with the terms and provisions of this Stipulation.

1.33 "Settlement Amount" means One Hundred Fourteen Million Five Hundred Thousand U.S. Dollars (U.S. $114,500,000) to be paid by wire or Automated Clearing House ("ACH") transfer(s) to the Escrow Account pursuant to ¶2.2 of this Stipulation.

1.34 "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto.

1.35 "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.36 "Settling Parties" or "Parties" mean, collectively, Defendants and Lead Plaintiffs, on behalf of themselves and the Class.

1.37 "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax, and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state, and federal taxes.

1.38 "Unknown Claims" means: (a) any and all Released Plaintiffs' Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or

its favor at the time of the release of such claims, and including, without limitation, those that, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement, including his, her, or its decision(s) to object to the terms of the Settlement or to exclude himself, herself, or itself from the Class. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to: (a) any and all Released Plaintiffs' Claims against the Released Defendant Parties; and (b) any and all Released Defendants' Claims against the Releasing Plaintiff Parties, the Settling Parties stipulate and agree that, by operation of the Judgment, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, to the fullest extent permitted by law, expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall fully, finally, and forever expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released

Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but: (a) the Releasing Plaintiff Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have, to the fullest extent permitted by law, waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (b) the Released Defendant Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiffs, the Class, and Plaintiffs'

Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement of which this release is a part.

**2. The Settlement**

2.1 The obligations incurred pursuant to the Stipulation are: (a) subject to approval by the Court and the Judgment, reflecting such approval, becoming Final; and (b) in full and final disposition of the Litigation, and any and all Released Plaintiffs' Claims and Released Defendants' Claims upon and subject to the terms and conditions set forth herein.

**a. The Settlement Amount**

2.2 In full and final settlement of the claims asserted in the Litigation and in consideration of the Releases specified in ¶¶4.1-4.7 herein, all of which the Parties agree are good and valuable consideration, Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account maintained by the Custodian for the benefit of the Class by wire or ACH transfer(s) in accordance with instructions provided to them

by Lead Counsel as follows: (a) the portion of the Settlement Amount funded by Anadarko, in the amount of $48,272,853.00 was paid on September 18, 2026; and (b) the balance of the Settlement Amount in the amount of $66,227,147.00, funded by insurance policies for which Defendants are beneficiaries, will be funded within ten (10) business days after entry of the Preliminary Approval Order. Lead Counsel has provided to Defendants' Counsel: (a) a Form W-9 for the Escrow Account; (b) a completed wire transfer, ACH transfer, or similar anti-fraud payment request form signed by an authorized representative of the Escrow Account; and (c) all required wire and check funding instructions and information, including payee name, telephone, and e-mail contact information and physical address for the Escrow Agent. Defendants acknowledge that adequate payment instructions have been received. Payment into the Escrow Account shall constitute payment to the Settlement Fund, and neither Lead Counsel nor the Escrow Agent shall be deemed to receive, hold, possess, or maintain custody of the Settlement Fund by virtue of providing payment instructions or administrative information necessary to effectuate such deposit.

2.3 The Settlement Amount represents the entirety of Defendants' financial obligations under this Stipulation and in connection with this Settlement. Other than Defendants' obligation to pay or cause to be paid the Settlement Amount into the Escrow Account as set forth in ¶2.2 herein, the Released Defendant Parties shall have no responsibility for, interest in, liability, or obligation whatsoever to anyone with respect to: (a) any act, omission, or determination by Lead Counsel, the Custodian, the Escrow Agent, or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (b) the management, investment, allocation,

use, disbursement, administration, or distribution of the Settlement Fund; (c) the Plan of Allocation; (d) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (e) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (f) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

2.4 If the Settlement Amount is not timely deposited into the Escrow Account, Lead Counsel may terminate the Settlement but only if: (a) Lead Counsel has notified Defendants' Counsel in writing of Lead Counsel's intention to terminate the Settlement, and (b) the entire Settlement Amount is not transferred to the Escrow Account within five (5) business days after Lead Counsel has provided such written notice.

2.5 Other than the obligation to cause the payment of the Settlement Amount in accordance with the terms of ¶2.2 and the fees, costs, and expenses associated with providing notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1715 *et seq*. ("CAFA") (as discussed below in ¶5.1), the Released Defendant Parties shall have no obligation to make any other payments pursuant to this Stipulation.

**b. The Escrow Agent**

2.6 The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Expenses; (c) any litigation expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any award to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) awarded by the Court. The balance remaining in the Settlement Fund, that is,

the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶5.4-5.10.

2.7 Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Custodian in the Escrow Account for the benefit of the Class shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.

2.8 The Escrow Agent shall direct the Custodian to invest the Settlement Amount deposited pursuant to ¶2.2 hereof in United States Agency or Treasury Securities or other instruments backed by the full faith and credit of the United States Government or an agency thereof, or fully insured by the United States Government or an agency thereof, or in money funds holding only instruments backed by the full faith and credit of the United States Government or an agency thereof, and shall direct the Custodian to reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All costs and risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund, and the Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, management and investment actions of the Custodian, or any transactions executed by the Custodian at the administrative direction of the Escrow Agent. The Escrow

Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for the actions of the Escrow Agent.

2.9 The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the prior written agreement of Defendants' Counsel.

2.10 Subject to further order(s) and/or directions as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to direct the Custodian to execute such transactions as are consistent with the terms of this Stipulation. The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction directed by the Escrow Agent.

2.11 After the Court has preliminarily approved the Settlement, and notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may direct payment from the Settlement Fund, without further approval from Defendants and/or order of the Court, all reasonable costs and expenses actually incurred in connection with providing notice of the Settlement by mail, publication, and other means, locating potential Class Members, assisting with the submission of Claims, processing Proofs of Claim, administering the Settlement, and paying escrow taxes, fees, and costs, if any ("Notice and Administration Expenses").

2.12 It shall be Lead Counsel's responsibility to disseminate the Postcard Notice, Notice, Proof of Claim, and Summary Notice to potential Class Members in accordance with this Stipulation and as ordered by the Court. The Released Defendant Parties shall

have no responsibility for or liability whatsoever with respect to the Notice and Administration Expenses, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto.

**c. Taxes**

2.13 The Settling Parties agree as follows:

(a) The Settlement Fund shall at all times constitute a "qualified settlement fund" within the meaning of Treasury Regulation §1.468B-1, and the regulations promulgated thereunder. The Settlement Fund shall be established pursuant to the Court's subject matter jurisdiction within the meaning of Treasury Regulation §1.468B-1(c)(1). In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.13, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b) For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treasury Regulation §1.468B-2(k)(3)) shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the Settlement Fund (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)). Such

returns (as well as the elections described in ¶2.13(a) hereof) shall be consistent with this ¶2.13 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.13(c) hereof.

(c) All: (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties or their counsel with respect to any income earned by the Settlement Fund for any period, after the deposit of the Settlement Amount, during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes; and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.13 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.13) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events, the Released Defendant Parties and their counsel shall have no liability or responsibility whatsoever for the Taxes or the Tax Expenses. The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid out of the Settlement Fund without prior order from the Court and the Escrow Agent shall authorize (notwithstanding anything herein to the contrary) the Custodian to withhold

from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)); neither the Released Defendant Parties nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.13.

2.14 This is not a claims-made settlement. As of the Effective Date, if all conditions of the Stipulation in ¶7.1 hereof are satisfied and the Settlement becomes Final, the Released Defendant Parties, and/or any other Person funding the Settlement on their behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason, and shall not have liability should Claims made exceed the amount available in the Settlement Fund for payment of such Claims. The Released Defendant Parties shall not be liable for the loss of any portion of the Settlement Fund, nor have any liability, obligation, or responsibility for the payment of Claims, Taxes, legal fees, or any other expenses payable from the Settlement Fund.

2.15 All Taxes shall be paid out of the Settlement Fund, and shall be timely paid without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with ¶¶2.13-2.14 and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. The Released Defendant Parties shall have no

responsibility or liability for the acts or omissions of Lead Counsel or their agents with respect to the payment of Taxes, as described herein.

**d. Termination of Settlement**

2.16 In the event that this Stipulation is not approved or the Settlement is not approved, or is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, the Settlement Fund less Notice and Administration Expenses, Taxes and Tax Expenses paid, incurred, or due and owing pursuant to ¶¶2.11 and 2.13 hereof in connection with the Settlement provided for herein, shall be refunded pursuant to, and within ten (10) business days of receiving written instructions from Defendants' Counsel in accordance with ¶7.3 herein.

**3. Preliminary Approval Order and Settlement Hearing**

3.1 Not later than September 28, 2026, Lead Counsel shall submit this Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, preliminary approval of the Settlement set forth in this Stipulation pursuant to Federal Rule of Civil Procedure 23(e)(2), and approval for the distribution of the Postcard Notice and publication of a summary notice ("Summary Notice"), substantially in the forms of Exhibits A-4 and A-3, respectively, attached hereto. The Postcard Notice shall direct Class Members to the Settlement website to access the Notice, which shall contain the general terms of the Settlement set forth in this Stipulation, the

proposed Plan of Allocation, the general terms of the Fee and Expense Application, as defined in ¶6.1 hereof, and the date of the Settlement Hearing, as defined in ¶1.35 and below.

3.2 Anadarko shall provide or cause to be provided to the Claims Administrator within ten (10) business days after entry of the Preliminary Approval Order, at no cost to Lead Plaintiffs or the Class, a list in electronic format, containing the names and addresses and email addresses, if available, of record holders of Anadarko common stock during the Class Period, as set forth in the records of its transfer agent. It shall be solely Lead Counsel's responsibility to disseminate the Postcard Notice and Summary Notice to the Class in accordance with this Stipulation and as ordered by the Court. Class Members shall have no recourse as to the Released Defendant Parties with respect to any claims they may have that arise from any failure or deficiency of the notice process.

3.3 Lead Counsel shall request that, after notice is given and not earlier than ninety (90) calendar days after the later of the dates on which the appropriate Federal official and the appropriate State officials are provided with notice, at Defendants' expense, pursuant to CAFA, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Litigation as set forth herein. At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

**4. Releases**

4.1 The obligations incurred pursuant to this Stipulation are in consideration of: (a) the full and final disposition of the Litigation as against Defendants; and (b) the Releases provided for herein.

4.2 Upon the Effective Date, as defined in ¶1.9 hereof, Lead Plaintiffs and each other Member of the Class shall have, and each and every Releasing Plaintiff Party shall be deemed to have, and by operation of law and of the Judgment shall have, to the fullest extent permitted by law, fully, finally, and forever compromised, settled, resolved, waived, released, relinquished, discharged, and dismissed each and every one of the Released Plaintiffs' Claims (including, without limitation, Unknown Claims) against each and every one of the Released Defendant Parties with prejudice on the merits and shall forever be barred and enjoined from directly or indirectly asserting, commencing, instituting, prosecuting, continuing to prosecute, or maintaining in any court of law or equity, arbitration, tribunal, or administrative forum any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties and shall be deemed to have covenanted not to sue any Released Defendant Parties on the basis of the Released Plaintiffs' Claims against any of the Released Defendant Parties, or, unless compelled by operation of law, to assist any Person in commencing or maintaining any suit relating to any Released Plaintiffs' Claim against any Released Defendant Parties. The foregoing release and covenant not to sue is given regardless of whether Lead Plaintiffs or any other Class Member have: (a) executed and delivered a Proof of Claim; (b) received the Postcard Notice; (c) participated in the Settlement Fund; (d) filed an objection to the Settlement, the

proposed Plan of Allocation, or any application by Plaintiffs' Counsel for attorneys' fees and expenses; or (e) had their Claims approved or allowed. Nothing contained herein shall bar any action or claim to enforce the terms of this Stipulation or the Judgment. Claims to enforce the terms of this Stipulation or the Judgment are not released.

4.3 Upon the Effective Date, as defined in ¶1.9 hereof, the Released Defendant Parties shall be deemed to have, and by operation of law and of the Judgment shall have, to the fullest extent permitted by law, fully, finally, and forever compromised, settled, resolved, waived, released, relinquished, and discharged each and every one of Released Defendants' Claims against the Releasing Plaintiff Parties, and shall be deemed to have covenanted not to sue any Releasing Plaintiff Parties on the basis of the Released Defendants' Claims against any of the Releasing Plaintiff Parties, or, unless compelled by operation of law, to assist any Person in commencing or maintaining any suit relating to any Released Defendants' Claim against any Releasing Plaintiff Parties. This release and covenant not to sue shall not apply to any Person who or which submits a request for exclusion from the Class that is accepted by the Court. Nothing contained herein shall bar any action or claim to enforce the terms of this Stipulation or the Judgment. Claims to enforce the terms of this Stipulation or the Judgment are not released.

4.4 The terms of 15 U.S.C. §78u-4(f)(7) apply to this Settlement, including that each Defendant will be discharged from all claims for contribution brought by other persons, and the Judgment shall so provide. The Judgment will include a bar order constituting the final discharge of all obligations to any Lead Plaintiff and any Class

Member of each of the Defendants arising out of the Litigation and will bar all future claims for contribution arising out of the Litigation by any Person against any Defendant.

4.5 Any Proof of Claim that is executed by a Class Member shall acknowledge the release of all Released Plaintiffs' Claims against the Released Defendant Parties pursuant to this Stipulation and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.6 Upon the Effective Date, to the extent allowed by law, this Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by the Class or a Class Member against any of the Released Defendant Parties with respect to any Released Plaintiffs' Claims, or brought by a Released Defendant Party against any of the Releasing Plaintiff Parties with respect to any Released Defendants' Claim.

4.7 Notwithstanding ¶¶4.1-4.6 above, nothing in the Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

**5. Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1 As part of the Preliminary Approval Order, Lead Plaintiffs shall seek appointment of a Claims Administrator. The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court as may be necessary or as circumstances may require, shall administer and calculate the Claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized

Claimants. With the exception that Defendants shall be responsible for providing any required notice under CAFA, including the costs and expenses thereof, the Released Defendant Parties and Defendants' Counsel shall have no responsibility for or interest whatsoever in the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to the Releasing Plaintiff Parties, including Lead Plaintiffs, any other Class Members, or Plaintiffs' Counsel, in connection with such administration, including, but not limited to: (a) any act, omission, or determination by Lead Counsel, the Custodian, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the management or investment of the Settlement Fund or the Net Settlement Fund, or the distribution of the Net Settlement Fund; (c) the Plan of Allocation; (d) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (e) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (f) the payment or withholding of any Taxes, expenses, and/or costs incurred with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

5.2 The Settlement Fund shall be applied as follows:

(a) to pay all Notice and Administration Expenses;

(b) to pay the Taxes and Tax Expenses;

(c) to pay attorneys' fees and expenses of Plaintiffs' Counsel and awards to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4), if and to the extent allowed by the Court (the "Fee and Expense Award"); and

(d) after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as provided by this Stipulation, the Plan of Allocation, or orders of the Court.

5.3 After the Effective Date, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following provisions of this Stipulation.

5.4 Within ninety (90) calendar days after the dissemination of the Postcard Notice or such other time as may be set by the Court, each Class Member shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim.

5.5 Except as provided herein or otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim within such period, or such other period as may be ordered by the Court, or otherwise allowed, or who submit a Proof of Claim which is rejected, shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will, in all other respects, be subject to and bound by the provisions of this Stipulation, the Releases contained herein, and the Judgment, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Plaintiffs' Claims. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims

for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No Person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or any Class Member by reason of the exercise or non-exercise of such discretion.

5.6 Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine, in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to ¶5.8 below.

5.7 Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejecting a Proof of Claim in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim submitted. The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all claimants whose Claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose Claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of ¶5.8 below.

5.8 If any claimant whose timely Claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶5.7 above, or a lesser period of time if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection

along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the claimant's request for review to the Court.

5.9 Each claimant who does not submit a timely and valid request to be excluded from the Class shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim, if any, including, but not limited to, all Releases provided for herein and in the Judgment, and, to the extent applicable, any Claim submitted by such claimant, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Class Member and the validity and amount of the claimant's Claim. In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Litigation or the Settlement. All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not, in any event, delay or affect the finality of the Judgment. All Class Members, other claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) with respect to such determinations.

5.10 Following the Effective Date, the Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00. If there is any

balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants whose initial distribution checks have been redeemed and cleared and who would receive a minimum of $10.00. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis*. Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated to an appropriate non-sectarian, non-profit charitable organization(s) serving the public interest selected by Lead Counsel.

5.11 The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. No Person shall have any claim of any kind against the Released Defendant Parties with respect to the matters set forth in ¶¶5.1-5.13 hereof; and the Releasing Plaintiff Parties release the Released Defendant Parties from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.

5.12 No Person shall have any claim against the Released Defendant Parties, Lead Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.13 It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's Claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein, or any other orders entered pursuant to the Stipulation.

**6. Plaintiffs' Counsel's Attorneys' Fees and Expenses**

6.1 Lead Counsel may submit an application or applications (the "Fee and Expense Application"), on behalf of Plaintiffs' Counsel, for an award from the Settlement Fund for: (a) attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest earned on such attorneys' fees and expenses/charges at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. Any application for fees and expenses may include a request for reimbursement of Plaintiffs' costs and expenses in connection with their representation of the Class pursuant to 15 U.S.C. §78u-4(a)(4). Any such fees and expenses awarded shall be paid from the Settlement Fund. Lead Counsel reserves the right to make additional applications for fees and expenses incurred.

6.2 The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court. Any fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court

executes an order awarding such fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof. Lead Counsel shall thereafter allocate, subject to the conditions below, the attorneys' fees among Plaintiffs' Counsel in a manner in which it, in good faith, believes reflects the contribution of such counsel to the initiation, prosecution, and resolution of the Litigation.

6.3 In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or this Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation, or termination becomes Final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel, including its partners, shareholders, and/or members and such other Plaintiffs' Counsel, including their law firms, partners, shareholders, and/or members and Plaintiffs who have received any portion of the Fee and Expense Award shall, within ten (10) business days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund all such fees and expenses previously paid to them from the Settlement Fund plus interest thereon in an amount consistent with such reversal, modification, cancellation, or termination. Any refunds required pursuant to this ¶6.3 shall be the several obligation of Plaintiffs' Counsel, including their law firms, partners, shareholders, and/or members, to make appropriate refunds or repayments to the Settlement Fund. Each such Plaintiffs' Counsel or Plaintiff receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of themselves and each of their partners and/or shareholders, agrees

that: (a) such Person and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph; and (b) are severally liable for the full amount of all fees, expenses, and costs paid from the Settlement Fund, together with the interest earned thereon. Without limitation, Plaintiffs' Counsel and their partners, shareholders, and/or members agree that the Court may, upon application of Defendants and notice to Lead Counsel, summarily issue orders, including, but not limited to, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, should such law firms or other partners, shareholders, and/or members or Plaintiffs fail to timely repay fees and expenses pursuant to this paragraph.

6.4 The procedure for and the allowance or disallowance by the Court of any applications by any Plaintiff or Plaintiffs' Counsel for attorneys' fees and expenses to be paid out of the Settlement Fund is not part of the Settlement set forth in this Stipulation, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of this Settlement. The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Lead Counsel, Plaintiffs' Counsel, or Plaintiffs, nor any appeals from such awards. Any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation

and the Settlement of the Litigation set forth therein, or any other orders entered pursuant to this Stipulation.

6.5 Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund. With the sole exception of Defendants' obligation to pay or cause to be paid the Settlement Amount to be paid into the Escrow Account as provided for in ¶2.2 and Defendants' own fees, costs, and expenses associated with providing notice under CAFA, as provided in ¶5.1, the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and/or expenses (including Taxes) to Plaintiffs' Counsel, including their law firms, partners, shareholders, and/or members or any other counsel or Person who receives payment from the Settlement Fund.

6.6 The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Plaintiffs' Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

6.7 The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses (including Taxes) incurred by or on behalf of any Class Member, whether or not paid from the Escrow Account.

## 7. Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination

7.1 The Effective Date of the Settlement shall be conditioned on the occurrence of all of the following events:

(a) execution of this Stipulation and such other documents as may be required to obtain Final Court approval of the Stipulation;

(b) the Court has entered the Preliminary Approval Order, or any order substantially in the form of Exhibit A attached hereto or as may be subsequently agreed to by the Settling Parties, directing notice to the Class, as required by ¶3.1 hereof;

(c) the Settlement Amount has been deposited into the Escrow Account;

(d) the time to exercise the termination rights provided in this Stipulation has expired, or the termination rights have been waived, and neither Defendants nor Lead Plaintiffs have exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(e) the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto, that *inter alia*, dismisses with prejudice the Litigation; and

(f) the Judgment has become Final, as defined in ¶1.12 hereof.

7.2 Upon the Effective Date, any and all remaining interest or right of Defendants or their insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, and the Releases herein shall be effective. The Released Defendant Parties shall not have any liability, obligation, or responsibility for the payment of Claims,

Taxes, legal fees, or any other expenses payable from the Settlement Fund. If the conditions specified in ¶7.1 hereof are not met, then the Settlement shall be canceled and terminated subject to ¶¶7.3-7.7 hereof unless the Settling Parties mutually agree in writing to proceed with the Settlement. For avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Counsel or Plaintiffs shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.3 Unless otherwise ordered by the Court, in the event this Stipulation is not approved or this Stipulation or the Settlement is terminated, or canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event: (a) the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked; (b) either party exercises any other ground for termination set forth in ¶7.5 of this Stipulation; or (c) Defendants exercise their right under the terms and within the time limit set forth in the Settling Parties' supplemental agreement (the "Supplemental Agreement") to terminate the Settlement in their sole discretion if the opt-out threshold defined in the Supplemental Agreement is exceeded and not cured in accordance with the terms of the Supplemental Agreement, within ten (10) business days after written notification of such event is sent by Defendants' Counsel or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less Taxes, Tax Expenses, and Notice and Administration Expenses which have actually been incurred or which are due and owing pursuant to ¶¶2.11 and/or 2.13 hereof, or are chargeable to the

Settlement Fund pursuant to ¶¶2.11 and/or 2.13 hereof shall be fully refunded by the Escrow Agent to the entities that paid the Settlement Fund on behalf of Defendants in proportion to their respective contribution. Such refunds shall be pursuant to written instructions from Defendants' Counsel. The Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Amount and direct the Custodian to pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund to the entities that paid the Settlement Fund on behalf of Defendants. Such payments shall be pursuant to written instructions from Defendants' Counsel.

7.4 The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises between the Parties relating to the interpretation or application of its terms, or as otherwise ordered by the Court. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will undertake to have the Supplemental Agreement submitted to the Court *in camera* or under seal.

7.5 Lead Plaintiffs and Defendants shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within thirty (30) calendar days of any of the following: (a) the Court enters an order refusing to enter the Preliminary Approval Order in any material respect; (b) the Court enters an order refusing to approve this Stipulation in any material respect; (c) the Court enters an order refusing to enter the Judgment in any material respect; (d) the date upon which the Judgment is reversed or

vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked; or (e) the failure of the Effective Date to occur for any reason. For avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Counsel or Plaintiffs shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.6 In the event that this Stipulation is not approved by the Court or this Stipulation or the Settlement is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, the Settling Parties shall not forfeit or waive any factual or legal defense or contention in the Litigation and shall be restored to their respective positions in the Litigation as of September 11, 2026. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.38, 2.6-2.16, 6.3, 6.7, 7.3-7.7, 8.1, 9.4 and any other terms and provisions that expressly survive termination of the Settlement hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

7.7 If the Effective Date does not occur, or if this Stipulation is terminated pursuant to its terms, neither Lead Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.11 or 2.13. In addition, any amounts already incurred pursuant to ¶¶2.11 or 2.13 hereof at the time of such termination

or cancellation but which have not been paid, shall be paid by the Custodian at the direction of the Escrow Agent in accordance with the terms of this Stipulation prior to the balance being refunded in accordance with ¶¶2.16 and 7.3 hereof.

**8. No Admission of Liability or Wrongdoing**

8.1 The Settlement, this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation and the Settlement, nor any acts, proceedings, communications, drafts, documents, or agreements taken pursuant to or in connection with this Stipulation, the Settlement (including any arguments proffered in connection therewith), and/or any other matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Released Defendant Parties and Releasing Plaintiff Parties or their respective counsel, for any purpose other than in any action or any proceeding or motion to enforce the terms of this Stipulation or the Judgment, and in particular:

(a) shall not be offered or received against or to the prejudice of any of the Released Defendant Parties of their counsel as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Released Defendant Party of the truth of any allegations by Lead Plaintiffs or any Member of the Class or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released Plaintiffs'

Claims, or of any liability, negligence, fault, or wrongdoing of any kind of any of the Released Defendant Parties or in any way referred to for any other reason as against any of the Released Defendant Parties, in any civil, criminal, or administrative action or proceeding;

(b) shall not be offered or received against or to the prejudice of Lead Plaintiffs or any Class Member as evidence that Lead Plaintiffs' claims in any way lack merit or the validity of any affirmative defense that has been or could have been asserted in the Litigation, including, but not limited to, litigation of the Released Plaintiffs' Claims;

(c) shall not be offered or received against or to the prejudice of any Released Defendant Party as evidence of a presumption, concession, or admission of any fault, misrepresentation, scheme, or omission with respect to any statement or written document approved or made by any Released Defendant Party, or against Lead Plaintiffs or any Member of the Class as evidence of any infirmity in the claims of Lead Plaintiffs and the Class;

(d) shall not be offered or received against or to the prejudice of any Released Defendant Party as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding; and

(e) shall not be construed against the Released Defendant Parties, Lead Plaintiffs, or the Class as evidence of a presumption, concession, or admission that the consideration to be given hereunder represents the amount which could be or would have

been recovered after trial or in any proceeding other than this Settlement; provided, however, that if this Stipulation is approved by the Court, the Released Defendant Parties may refer to it to effectuate the provisions of this Stipulation, including the release granted them hereunder.

**9. Miscellaneous Provisions**

9.1 The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

9.2 The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation, Released Plaintiffs' Claims, and Released Defendants' Claims. The Settlement compromises all claims that were or are contested, and the Settlement and all negotiations, discussions, and proceedings leading up to and in connection herewith shall not be deemed to constitute a presumption, concession, or an admission by any Settling Party of any fault, liability, or wrongdoing by it, or as to the merits of any claim or defense. Pursuant to 15 U.S.C. §78u-4(c)(1), the Settling Parties agree to propose a Final Judgment containing a finding that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith at arm's length by the Settling Parties, including through discussions mediated by a well-respected and experienced third-party mediator, the Honorable Layn R. Phillips

(Ret.), and reflect a settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

9.3 Defendants and/or the Released Defendant Parties may file this Stipulation and/or the Judgment from this Litigation in any other action in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection under any applicable insurance policy. The Settling Parties may file this Stipulation and/or the Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment. All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

9.4 All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.5 All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

9.6 This Stipulation, along with its Exhibits, may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.7 This Stipulation, the Exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto as to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between the Settling Parties. No representations, warranties, or inducements have been made to any party concerning this Stipulation, its Exhibits, or the Supplemental Agreement, other than the representations, warranties, and covenants contained and memorialized in such documents.

9.8 Except as otherwise provided herein, each party shall bear his, her, or its own fees and costs.

9.9 Lead Counsel, on behalf of the Class, is expressly authorized by Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to this Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Class which it deems appropriate.

9.10 Each counsel or other Person executing this Stipulation, its Exhibits, the Supplemental Agreement, or any related Settlement document, on behalf of any party hereto hereby warrants that such Person has the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms, without requiring additional consent, approval, or authorization of any other Person, board, entity, tribunal, or other regulatory or governmental authority.

9.11 This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court. Signatures sent by facsimile or PDF via e-mail shall be deemed originals.

9.12 All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (a) when delivered personally to the recipient; (b) when sent by email at the email addresses listed below, provided that no rejection notice occurs; (c) one (1) business day after being sent to the recipient by reputable overnight courier services (charges prepaid, signature requested); or (d) seven (7) business days after being mailed to the recipient by certified or registered mail, with confirmation of receipt and addressed to the intended recipient as set forth below:

***If to Lead Plaintiffs or to Lead Counsel:***

ROBBINS GELLER RUDMAN
& DOWD LLP
ELLEN GUSIKOFF STEWART
655 West Broadway, Suite 1900
San Diego, CA 92101
elleng@rgrdlaw.com

***If to Defendants or to Defendants' Counsel:***

CRAVATH, SWAINE & MOORE LLP
KEVIN ORSINI
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
korsini@cravath.com

9.13 This Stipulation and the Supplemental Agreement shall be binding upon, and inure to the benefit of, the successors, heirs, and assigns of the Settling Parties.

9.14 The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

9.15 Any waiver of any of the terms of this Stipulation must be in writing, signed by the party against whom the waiver is sought to be enforced. The waiver by one Settling Party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other Settling Party or a waiver of any other prior or subsequent breach of this Stipulation.

9.16 Pending approval of the Court of this Stipulation and its Exhibits, all proceedings in this Litigation shall be stayed and all Members of the Class shall be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendant Parties.

9.17 This Stipulation and its Exhibits and the Supplemental Agreement shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Texas and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Texas without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

9.18 Any action arising under or to enforce this Stipulation or any portion thereof shall be commenced and maintained only in the Court.

9.19 The Settling Parties agree that there shall be no public announcements regarding the terms of the Settlement until the earlier of (a) a public announcement or filing by Occidental Petroleum Corporation f/k/a Anadarko ("Occidental"), or (b) the public filing of this Stipulation as part of the motion for preliminary approval of the proposed Settlement as set forth herein. Once such disclosure has been made, except in Occidental's public filings and any other disclosures required by law, the Settling Parties will not substantially deviate from words to the effect that the Settling Parties have reached a mutually acceptable resolution by way of a mediated settlement and both sides are satisfied with the resolution.

9.20 The Settling Parties agree to take no action with respect to the Settlement that is intended to, or that would be reasonably expected to, harm the reputation of any other Party (including a Party's officers, directors, employees, agents, or attorneys) or that would reasonably be expected to lead to unfavorable publicity for any other Party.

9.21 The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

9.22 This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

9.23 Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity,

including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

9.24 Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

9.25 No opinion or advice concerning the tax consequences of the Settlement to individual Class Members is being given or will be given by the Settling Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Class Member's tax obligations, and determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

IN WITNESS HEREOF, the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, dated September 28, 2026.

ROBBINS GELLER RUDMAN
& DOWD LLP
LUKE O. BROOKS
DANIEL S. DROSMAN
MARK SOLOMON
ELLEN GUSIKOFF STEWART
HILLARY B. STAKEM
NICOLE Q. GILLILAND
T. ALEX B. FOLKERTH

LUKE O. BROOKS

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

KENDALL LAW GROUP, PLLC
JOE KENDALL (Texas Bar No. 11260700)
(SDTX Bar No. 30973)
Attorney-in-charge
3811 Turtle Creek Blvd., Suite 825
Dallas, TX 75219
Telephone: 214/744-3000
214/744-3015 (fax)

Texas Local Counsel for Plaintiff

CRAVATH, SWAINE & MOORE LLP
KEVIN ORSINI
LAUREN ROSENBERG
MELISSA SYRING

KEVIN ORSINI
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone: 212/474-1000
212/474-3700 (fax)

SHIPLEY SNELL MONTGOMERY LLP
GEORGE T. SHIPLEY
State Bar No. 18267100
Federal ID No. 02118
712 Main Street, Suite 1400
Houston, TX 77002
Telephone: 713/652-5920
713/652-3057 (fax)

Attorneys for Defendants

# EXHIBIT A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| In re ANADARKO PETROLEUM CORPORATION SECURITIES LITIGATION | § § § § | Civil Action No. 4:20-cv-00576<br>CLASS ACTION<br>The Honorable Charles R. Eskridge III |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**

**EXHIBIT A**

WHEREAS, an action is pending before this Court entitled *In re Anadarko Petroleum Corporation Securities Litigation*, No. 4:20-cv-00576 (S.D. Tex.) (the "Litigation");

WHEREAS, on March 10, 2026, the Court certified the Litigation to proceed as a class action on behalf of a class of all persons or entities that purchased or acquired Anadarko Petroleum Corporation ("Anadarko") common stock between February 20, 2015, and May 2, 2017, inclusive, and were allegedly harmed thereby (the "Class");[1]

WHEREAS, the Settling Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement dated September 28, 2026 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Settling Parties having consented to the entry of this Order;

WHEREAS, unless otherwise defined, all capitalized terms used herein have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

[1] Excluded from the Class are: Defendants and their families, legal representatives, heirs, successors, or assigns; officers, directors, subsidiaries, and affiliates of Anadarko during the Class Period; any entity in which Defendants have a controlling interest; and any judicial officer to which the Litigation is assigned. Also excluded from the Class is any Person who properly excludes himself, herself, itself, or themselves from the Class by submitting a valid and timely request for exclusion.

1. The Court hereby preliminarily approves the Settlement set forth in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing described below.

2. The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Settlement Hearing described below.

3. A hearing (the "Settlement Hearing") shall be held before this Court on ___________, 2027, at ___ __.m. (a date that is at least 100 calendar days from entry of this Order), at the United States District Court for the Southern District of Texas, Bob Casey United States Courthouse, 515 Rusk Street, Houston, TX 77002, to determine: (a) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (b) whether a Judgment, as provided in ¶1.14 of the Stipulation, should be entered; (c) whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; (d) the amount of fees and expenses that should be awarded to Lead Counsel and Plaintiffs; and (e) any such other matters as the Court may deem appropriate. The Court may adjourn the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the

proposed Settlement. The Court may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Class.

4. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), the Summary Notice of Pendency and Proposed Settlement of Class Action (the "Summary Notice"), and the Postcard Notice annexed hereto as Exhibits 1, 2, 3, and 4, respectively, and finds that the mailing and distribution of the Postcard Notice, publishing of the Summary Notice, and posting of the Notice and Proof of Claim on the Settlement-dedicated website, substantially in the manner and form set forth in ¶6 of this Order, meet the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5. Other than the fees, costs, and expenses of providing notice pursuant to the Class Action Fairness Act, 28 U.S.C. §1715, which shall be paid by Defendants, and the costs associated with providing the record holder information required pursuant to ¶6(a) of this Order, all fees, costs, and expenses incurred in identifying and notifying potential Class Members shall be paid from the Settlement Fund as set forth in the Stipulation, and in no event shall any of the Released Defendant Parties or Releasing Plaintiff Parties bear any responsibility for such fees, costs, or expenses.

6. The firm of Verita Global ("Verita" or "Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below:

(a) Not later than ten (10) business days after entry by this Court of this Order, Anadarko shall provide or cause to be provided to the Claims Administrator, at no cost to Lead Plaintiffs or the Class, a list in electronic format, containing the names and addresses and email addresses, if available, of record holders of Anadarko common stock during the Class Period, as set forth in the records of its transfer agent;

(b) Not later than twenty-one (21) calendar days after entry by this Court of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form annexed hereto, to be emailed or mailed by First-Class Mail (where an email is unavailable) to all potential Class Members at the addresses set forth in the records provided by Anadarko, or who otherwise can be identified with reasonable effort and shall cause a copy of the Notice and Proof of Claim, substantially in the forms annexed hereto as Exhibits 1 and 2 hereto, to be mailed to nominees and shall post the Stipulation, Notice, and Proof of Claim on the website established for this Litigation at www.AnadarkoSecuritiesSettlement.com. For all notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses;

(c) Not later than seven (7) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service; and

(d) Not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

7. Nominees who purchased or otherwise acquired Anadarko common stock during the Class Period for beneficial owners who are Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Notice. If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions. Reasonable out of-pocket expenses actually incurred in connection with the foregoing include up to $0.03 for providing names, addresses, and email addresses to the

Claims Administrator per record; up to a maximum of $0.03 per Postcard Notice mailed by nominee, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.

8. Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, whether or not such Class Members submit Proofs of Claim or otherwise seek or obtain by any means any distribution from the Settlement Fund.

9. Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be mailed or submitted electronically no later than ninety (90) calendar days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered. Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator by reason of the decision to exercise such discretion, whether to accept late-submitted Claims.

10. Any Class Member may enter an appearance in the Litigation, at his, her, its, or their own expense, individually or through counsel of their own choice. Any Class Member who does not enter an appearance will be represented by Lead Counsel.

11. Any Member of the Class who wishes to exclude himself, herself, itself, or themselves from the Class must request exclusion in writing within the time and in the manner set forth herein. Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is postmarked or received no later than twenty-one (21) calendar days prior to the Settlement Hearing. A Request for Exclusion must provide: (i) the name, address, email address, and telephone number of the Person requesting exclusion; (ii) a list identifying the dates and the number of shares of Anadarko common stock purchased or otherwise acquired and sold during the Class Period and the price paid for each such purchase or acquisition and received for each such sale; and (iii) a statement that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any final Judgment. Unless otherwise ordered by the Court, any Person who purchased or otherwise acquired Anadarko common stock during the Class Period who fails to timely request exclusion from the Class in compliance with each of the provisions in this paragraph shall be deemed to have waived his, her, its, or their right to be excluded from the Class, and shall be barred from requesting exclusion from the Class.

12. Lead Counsel or the Claims Administrator shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, promptly upon receipt and as expeditiously as possible, and in any event, not less than fourteen (14) calendar days prior to the Settlement Hearing.

13. Any Class Member who or which does not request exclusion from the Class may file a written objection to the Settlement and show cause why the Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why the requested amount of attorneys' fees and expenses should or should not be awarded to Plaintiffs' Counsel or to Plaintiffs, provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before twenty-one (21) calendar days prior to the Settlement Hearing, by Robbins Geller Rudman & Dowd LLP, Attn: Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101; Cravath, Swaine & Moore LLP, Attn: Kevin Orsini, Two Manhattan West, 375 Ninth Avenue, New York, NY 10001, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the Southern District of Texas, on or before twenty-one (21) calendar days prior to the Settlement Hearing. Any Class Member who does not make his, her, its, or their objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of

Allocation, or to the request for attorneys' fees and expenses to Plaintiffs' Counsel or expenses of Plaintiffs, unless otherwise ordered by the Court. Attendance at the Settlement Hearing is not necessary. However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses to Plaintiffs' Counsel or Plaintiffs are required to indicate in their written objection their intention to appear at the Settlement Hearing. Class Members do not need to appear at the Settlement Hearing or take any action if they do not oppose any aspect of the Settlement.

14. Any objections, filings, and other submissions by an objecting Class Member must: (i) state the name, address, email address, and telephone number of the Person objecting and must be signed by the objector, even if the objector is represented by counsel; (ii) contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, a specific subset of the Class, or to the entire Class; (iii) include documents sufficient to prove membership in the Class, including the objecting Class Member's purchases, other acquisitions, and sales of Anadarko common stock during the Class Period, including the dates and the number of shares purchased, acquired, or sold, and the price paid or received for each such purchase, acquisition, or sale; and (iv) identify all class action settlements to which the objector or his, her, its, or their counsel have previously objected.

15. Any Class Member who does not object to the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees, costs, charges, and expenses in the manner prescribed herein shall be deemed to have waived such objection, and shall

forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, this Order and the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application by Lead Counsel for an award of attorneys' fees together with costs, charges, and expenses.

16. All funds deposited into the Escrow Account and held for the benefit of the Class shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court. All such funds shall be received and held by the Custodian directly, and the Escrow Agent shall neither hold nor receive any such funds, nor be deemed to hold nor receive such funds. The rights and responsibilities of the Escrow Agent are limited to those ordered by the Court. By way of this Order, the Escrow Agent shall carry out the limited administrative responsibilities set forth in the Stipulation.

17. All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses shall be filed and served no later than thirty-five (35) calendar days prior to the Settlement Hearing. Replies to any objections shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

18. Neither the Released Defendant Parties nor Defendants' Counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or

proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment and the settlement of the Litigation.

19. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses, shall be approved.

20. All reasonable expenses incurred in identifying and notifying potential Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶2.11 or 2.13 of the Stipulation.

21. This Order and the Stipulation (including any of their respective terms or provisions), any of the negotiations, discussions, or proceedings connected with them, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement or this Order, may not be construed as an admission or concession by the Released Defendant Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, and may not be offered or received in evidence (or used by any Person in the Litigation or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, arbitration, or other tribunal), except in connection with any proceedings to enforce the terms of the Stipulation

or this Order. The Released Defendant Parties, Lead Plaintiffs, Class Members, and each of their counsel may file the Stipulation, and/or this Order, and/or the Judgment in any action in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

22. If the Stipulation and the Settlement set forth therein are not approved or consummated for any reason whatsoever, this Order shall be rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation. This Order, the Stipulation, and the Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as of September 11, 2026.

23. Unless otherwise ordered by the Court, all proceedings in the Litigation are stayed, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or other agreement of the Settling Parties. Pending final determination of whether the proposed Settlement should be approved, neither Lead Plaintiffs nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Defendant Parties, any action or proceeding in any court or tribunal asserting any of the Released Plaintiffs' Claims.

IT IS SO ORDERED.

DATED: ____________________ ______________________________________

THE HONORABLE CHARLES R. ESKRIDGE III
UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| In re ANADARKO PETROLEUM CORPORATION SECURITIES LITIGATION | § § § § | Civil Action No. 4:20-cv-00576<br><br>CLASS ACTION<br><br>The Honorable Charles R. Eskridge III |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

**EXHIBIT A-1**

**TO: ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED ANADARKO PETROLEUM CORPORATION ("ANADARKO" OR THE "COMPANY") COMMON STOCK BETWEEN FEBRUARY 20, 2015, AND MAY 2, 2017, INCLUSIVE (THE "CLASS PERIOD"), AND WERE ALLEGEDLY HARMED THEREBY.**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE (AT WWW.ANADARKOSECURITIESSETTLEMENT.COM) ON OR BEFORE ___________, 2027**.

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION**.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been provided to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of Texas (the "Court"). The purpose of this Notice is to inform you of: (i) the pendency of this class action (the "Litigation") between Lead Plaintiffs and Class Representatives Norfolk County Council as Administering Authority of the Norfolk Pension Fund and Iron Workers Local #580 Joint Funds ("Lead Plaintiffs")[1] and Anadarko, Robert G. Gwin, R.A. Walker, Robert P. Daniels, and Ernest A. Leyendecker, III ("Individual Defendants" and, collectively with Anadarko, "Defendants"); (ii) the proposed $114.5 million cash settlement reached therein (the "Settlement"); and (iii) the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation of Settlement dated September 28, 2026 (the "Stipulation"), by and between Lead Plaintiffs and Defendants (the "Settling Parties"). This Notice describes what steps you may take in relation to the Settlement and this class action.[2]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants.

---

[1] Together with Lead Plaintiff Building Trades United Pension Trust Fund, "Plaintiffs."

[2] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation, which is available on the website www.AnadarkoSecuritiesSettlement.com.

This Notice is solely to advise you of the pendency of the Litigation and the proposed Settlement of the Litigation and of your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM** | The only way to be eligible to receive a payment from the Settlement. **Proofs of Claim must be postmarked or submitted online on or before ________, 2027.** |
| **EXCLUDE YOURSELF FROM THE CLASS** | Get no payment. This is the only option that ***potentially*** allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement. Should you elect to exclude yourself from the Class, you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Requests for exclusion must be postmarked on or before _________, 2027.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a Member of the Class. **Objections must be *received* on or before ________, 2027. If you submit a written objection, you may (but do not have to) attend the Settlement Hearing.** |
| **GO TO THE SETTLEMENT HEARING ON ___________, 2027** | Ask to speak in Court about the fairness of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. **Requests to speak at the Settlement Hearing must be *received* by the Court and counsel on or before __________, 2027.** |
| **DO NOTHING** | Receive no payment. You will, however, still be a Member of the Class, which means that you give up your right to ever be part of any other lawsuit against Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## SUMMARY OF THIS NOTICE

**Statement of Class Recovery**

Pursuant to the Settlement described herein, a $114.5 million cash settlement fund has been established. Based on Lead Plaintiffs' estimate of the number of allegedly damaged shares eligible to recover under the Settlement, the average distribution per share of Anadarko common stock under the Plan of Allocation is approximately $0.41, before deduction of any taxes on the income earned on the Settlement Amount, notice and administration costs, and the attorneys' fees and expenses as determined by the Court. **Class Members should note, however, that this is only an estimate**. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claim as compared to the total claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than this estimated average distribution amount. *See* Plan of Allocation set forth and discussed at pages ___ below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages, and do not agree on the amount of damages that would be recoverable if the Class prevailed on each or any claim alleged. Defendants deny that they are liable to the Class and deny that the Class has suffered any damages. The issues on which the Settling Parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of Anadarko common stock was allegedly artificially inflated (if at all) during the relevant period; (4) the amount, if any, by which the price of Anadarko common stock was allegedly artificially inflated (if at all) during the relevant period; (5) the effect of various market forces on the price of Anadarko common stock at various times during the relevant period; (6) the extent to which external factors influenced the price of Anadarko common stock at various times during the relevant period; (7) the extent to which the matters that Lead Plaintiffs alleged were materially false or misleading influenced (if at all) the price of Anadarko common stock at various times during the relevant period; and (8) the extent to which the various allegedly adverse material facts that Lead Plaintiffs alleged were omitted influenced (if at all) the price of Anadarko common stock at various times during the relevant period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the Litigation's inception, Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Class, they would be paid from such recovery. Lead Counsel

will apply to the Court on behalf of all Plaintiffs' Counsel for an award of attorneys' fees not to exceed 30% of the Settlement Amount, plus expenses not to exceed $3,500,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. If the amounts requested are approved by the Court, the average cost per Anadarko common share will be approximately $0.14. In addition, Plaintiffs may seek payment for their time and expenses incurred in representing the Class.

**Further Information**

For further information regarding the Litigation, this Notice, or to review the Stipulation of Settlement, please contact the Claims Administrator toll-free at 1-888-808-2809, or visit the website www.AnadarkoSecuritiesSettlement.com.

You may also contact a representative of counsel for the Class: Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Lead Plaintiffs' principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation. Defendants have concluded that further conduct of this Litigation could be protracted and distracting.

## BASIC INFORMATION

### 1. What is the purpose of this Notice?

The Court has directed the issuance of this Notice to inform potential Class Members about the Litigation and the proposed Settlement and their options in connection therewith before the Court rules on the Settlement. Additionally, Class Members have the right to understand how this class action lawsuit may generally affect their legal rights.

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the Southern District of Texas (the "Court"), and the case is known as *In re Anadarko Petroleum Corporation Securities Litigation*, No. 4:20-cv-00576. The case has been assigned to the Honorable Charles R. Eskridge III. The entities representing the Class are the "Lead Plaintiffs," and the individuals and entity they sued and who have now settled are called the "Defendants."

## 2. What is this lawsuit about?

The initial complaint in the Litigation was filed on February 19, 2020. On May 13, 2020, the Court appointed Lead Plaintiffs and approved their choice of Robbins Geller Rudman & Dowd LLP as Lead Counsel.

Lead Plaintiffs allege that Anadarko and its corporate executives misled investors about the commercial viability of a deepwater asset in the Gulf of Mexico – the Shenandoah oil field project, known as Shen. Lead Plaintiffs specifically contend that, during Anadarko's appraisal of the oil field, between February 20, 2015 and May 2, 2017, Defendants recklessly overstated the viability of the project and concealed negative information about the asset from investors, causing Anadarko's stock price to be artificially inflated.

After appraising the oil field for several years, with attendant expenditures, public statements and projections, Anadarko announced that it was suspending Shen appraisal activity, resulting in $435 million in expensed suspended exploratory well costs and a $467 million impairment. Plaintiffs allege that the announcement, made after the market closed on May 2, 2017, caused the artificial inflation to leave Anadarko's stock price, resulting in damages to Plaintiffs and the Class when the stock price declined.

Defendants deny each and all of the claims and contentions of wrongdoing alleged by Lead Plaintiffs in the Litigation. Defendants contend that they did not make any materially false or misleading statements, that they disclosed all material information required by the federal securities laws, and that they at all times acted in good faith. Defendants also contend that any losses allegedly suffered by Members of the Class were not caused by any false or misleading statements by them and/or were caused by intervening events. Defendants also maintain that they have meritorious defenses to all claims that were raised or could have been raised in the Litigation.

On August 17, 2020, Lead Plaintiffs filed their Amended Complaint for Violations of the Federal Securities Laws (the "Complaint"). On September 14, 2020, Defendants filed a motion to dismiss the Complaint, and Lead Plaintiffs filed their opposition to the motion on September 28, 2020. Defendants filed their reply brief on October 5, 2020. On January 19, 2021, the Court issued an order denying the motion to dismiss. Defendants answered the Complaint on March 25, 2021.

The Parties then participated in extensive pretrial litigation, including written and documentary discovery and more than 30 fact and expert depositions. They also litigated a number of discovery disputes, involving multiple submissions and hearings in the district court and briefing in the Fifth Circuit.

Lead Plaintiffs filed a motion to certify this action as a class action on October 1, 2021. The Court granted the motion on September 28, 2022, over Defendants' opposition. Defendants moved for reconsideration of the class certification order, which was denied on June 30, 2023. On August 30, 2023, the Fifth Circuit granted Defendants' petition to permit an appeal, and on May 17, 2024, the Fifth Circuit vacated the class certification order. The Parties then re-litigated Lead Plaintiffs' motion for class certification, along with the Parties' motions to exclude certain testimony of their respective class certification experts. The Court held a full-day evidentiary hearing and a separate oral argument on Lead Plaintiffs' renewed class certification motion. On March 10, 2026, the Court granted Lead Plaintiffs' class certification motion and denied the Parties' motions to exclude.

On June 1, 2026, the Defendants filed a summary judgment motion, and the Parties filed motions to exclude certain merits expert testimony, and thereafter filed their opposition and reply briefs. The motions were pending at the time this proposed settlement was reached.

Lead Plaintiffs and Defendants participated in a voluntary confidential mediation session with the Honorable Layn R. Phillips (Ret.), an experienced mediator, on June 1, 2023. The mediation session was preceded by the submission and exchange of opening and reply mediation statements by both Lead Plaintiffs and Defendants. The Parties engaged in good-faith negotiations, but did not reach a settlement at the mediation session. A second mediation was held on August 11 and 12, 2026. The Parties exchanged and provided to Judge Phillips additional mediation materials in advance of the August 11, 2026 session. Following additional settlement discussions with Judge Phillips, on September 3, 2026, the Parties accepted a mediator's proposal to settle the Litigation in return for a cash payment of $114,500,000 to be paid by or on behalf of Defendants for the benefit of the Class, subject to the terms of a negotiated Settlement Term Sheet that the Parties executed on September 11, 2026, and subject to negotiation of the terms of a stipulation of settlement and approval by the Court. The Parties thereafter notified the Court of the agreement in principle. The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement among the Settling Parties and provides the authority for the establishment, custody, administration, and Court-ordered distribution of the assets held in the Escrow Account by the Custodian, comprising a Qualified Settlement Fund pursuant to Section 468B of the Internal Revenue Code and related Treasury Regulations.

**3. Why is there a settlement?**

The Court has not decided in favor of Defendants or Lead Plaintiffs. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation,

and Lead Plaintiffs agreed to the Settlement in order to ensure that Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

### 4. How do I know if I am a Member of the Class?

The Court directed that everyone who fits this description is a Class Member: All Persons who purchased or otherwise acquired Anadarko common stock between February 20, 2015, and May 2, 2017, inclusive, and were allegedly harmed thereby. Excluded from the Class are: Defendants and their families, legal representatives, heirs, successors, or assigns; officers, directors, subsidiaries, and affiliates of Anadarko during the Class Period; any entity in which Defendants have a controlling interest; and any judicial officer to which the Litigation is assigned. Also excluded from the Class is any Person who properly excludes himself, herself, itself, or themselves from the Class by submitting a valid and timely request for exclusion.

**Please Note**: Receipt of this Notice or the Postcard Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit a Proof of Claim and the required supporting documentation as set forth therein postmarked or submitted online on or before __________, 2027.

### 5. What if I am still not sure if l am included in the Class?

If you are still not sure whether you are included in the Class, you can ask for free help. You can contact the Claims Administrator toll-free at 1-888-808-2809, or you can fill out and return the Proof of Claim to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 6. What does the Settlement provide?

The Settlement provides that, in exchange for the release of the Released Plaintiffs' Claims (defined below) and dismissal of the Litigation, Defendants and/or their insurance carriers on behalf of Defendants have agreed to pay or cause to be paid $114.5 million in cash to be distributed after taxes, tax expenses, notice and claims administration expenses, and Court approved attorneys' fees and expenses, *pro rata*, to Class Members who send in a valid Proof of Claim pursuant to the Court-approved Plan of Allocation. The Plan of Allocation is described in more detail at the end of this Notice.

### 7. How much will my payment be?

Your share of the Net Settlement Fund will depend on several things, including the total dollar value of claims represented by the valid Proofs of Claim that Class Members submit, compared to the dollar value of your claim, all as calculated under the Plan of Allocation discussed below.

## HOW YOU GET A PAYMENT – SUBMITTING A PROOF OF CLAIM

### 8. How can I get a payment?

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim. A Proof of Claim form may be downloaded at www.AnadarkoSecuritiesSettlement.com. Read the instructions contained in the Proof of Claim carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail it to the Claims Administrator at the address provided in the Proof of Claim or submit it online so that it is postmarked or received no later than ____________, 2027**. You may also submit a Proof of Claim online at www.AnadarkoSecuritiesSettlement.com.

### 9. When will I get my payment?

**The Court will hold a Settlement Hearing on __________, 2027, at _____ _.m.**, to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it will take to resolve them. It also takes time for all the Proofs of Claim to be processed. Please be patient.

### 10. What am I giving up to get a payment or to stay in the Class?

If you are a Class Member, unless you timely and validly exclude yourself from the Class, you will remain a Class Member, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or the Released Defendant Parties about the Released Plaintiffs' Claims (as defined below) in this Litigation. It also means that all of the Court's orders will apply to you and legally bind you. If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Plaintiffs' Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Defendants' Released Persons" (as defined below):

- "Released Plaintiffs' Claims" means any and all claims, demands, damages, losses, costs, interest, penalties, fees, attorneys' fees, expenses, rights, including rights of appeal, obligations, actions, suits, liabilities and causes of action of every nature and description, whether known or unknown, individual, class or representative, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under

federal, state, common, or foreign law, that have been or could have been asserted in the Litigation or could in the future be asserted in any forum, whether foreign or domestic, and which (i) arise out of or relate in any way to any of the allegations, transactions, facts, events, matters, occurrences, representations, misrepresentations, disclosures, statements, acts, failures to act or omissions that were asserted, uninvolved, set forth, or referred to, or could have been asserted, by Lead Plaintiffs and their Related Parties in the Litigation; and (ii) arise out of, are based upon, or related in any way, directly or indirectly, to the purchase or other acquisition of Anadarko common stock during the Class Period. "Released Plaintiffs' Claims" do not include: (i) any claims related to the enforcement of the Term Sheet or this Settlement; (ii) any derivative claims; (iii) any claims arising out of ERISA; or (iv) any claims of any Person who or which submits a timely and valid request for exclusion from the Class that is accepted by the Court.

- "Released Defendant Party" or "Released Defendant Parties" or "Defendants' Released Persons" mean any or all of Defendants and/or any or all of their current or former parents, subsidiaries, predecessors, successors, and divisions, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, representatives, investment bankers, underwriters, insurers in their capacities as such, as well as each of the Individual Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, and assigns.

- "Unknown Claims" means: (a) any and all Released Plaintiffs' Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and including, without limitation, those that, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement, including his, her, or its decision(s) to object to the terms of the Settlement or to exclude himself, herself, or itself from the Class. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to: (a) any and all Released Plaintiffs' Claims against the Released Defendant Parties; and (b) any and all Released Defendants' Claims against the Releasing Plaintiff Parties, the Settling Parties stipulate and agree that, by operation of the Judgment, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, to

the fullest extent permitted by law, expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall fully, finally, and forever expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but: (a) the Releasing Plaintiff Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have, to the fullest extent permitted by law, waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (b) the Released Defendant Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiffs, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or

hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue Defendants and the other Released Defendant Parties, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Class. This is called excluding yourself – or is sometimes referred to as "opting out." If you are requesting exclusion from the Class because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose. If requests for exclusion exceed a certain amount, as set forth in a separate confidential agreement between the Settling Parties, Defendants shall have, in their discretion, the option to terminate the Settlement in accordance with the procedures set forth in the Supplemental Agreement.

### 11. How do I get out of the Class and the proposed Settlement?

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *Anadarko Securities Settlement*." Your letter must include your purchases or other acquisitions of Anadarko common stock during the Class Period, including the dates and number of shares of Anadarko common stock purchased, acquired, or sold, and price paid for each such purchase or acquisition and received for each such sale. In addition, you must include your name, address, email address, telephone number, and your signature. You must mail your exclusion request so that it is **postmarked no later than ____________, 2027** to:

*Anadarko Securities Settlement*
Claims Administrator
c/o Verita Global
EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in

this lawsuit, and you may be able to sue Defendants and the other Released Defendant Parties about the Released Plaintiffs' Claims in the future, if such claims are not time-barred.

**12. If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same thing later?**

No. Unless you exclude yourself from the Class, you give up any rights you may potentially have to sue Defendants and the other Released Defendant Parties for any and all Released Plaintiffs' Claims. If you have a pending lawsuit against any of the Released Defendant Parties, speak to your lawyer in that case immediately. You must exclude yourself from the Class in this Litigation to continue your own lawsuit. Remember, the exclusion deadline is __________, 2027.

**13. If I exclude myself, can I get money from the proposed Settlement?**

No. If you exclude yourself from the Class, you should not send in a Proof of Claim to ask for any money from the Settlement. But you may have the right to potentially sue or be part of a different lawsuit against Defendants and/or the Released Defendant Parties.

## THE LAWYERS REPRESENTING YOU

**14. Do I have a lawyer in this case?**

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represents the Class Members, including you. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

**15. How will the lawyers be paid?**

Lead Counsel, on behalf of Plaintiffs' Counsel, will apply to the Court for an award of attorneys' fees not to exceed 30% of the Settlement Amount and for expenses, costs, and charges in an amount not to exceed $3,500,000 in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. In addition, Plaintiffs may seek reimbursement for their time and expenses incurred in representing the Class in an amount not to exceed $57,500 in the aggregate. Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

**16. How do I tell the Court that I object to the proposed Settlement?**

If you are a Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's fee and expense application. You

can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *Anadarko Securities Litigation*. Include your name, address, email address, telephone number, and your signature (even if you are represented by counsel), identify the date(s), price(s), and number of shares purchased, acquired, or sold of Anadarko common stock during the Class Period, and state with specificity your comments or the reasons why you object to the Settlement, Plan of Allocation, and/or fee and expense application, including any legal and evidentiary support for such objection. Any objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class. In addition, the objector must identify all class action settlements to which the objector or his, her, or its counsel have previously objected. You must also include copies of documents demonstrating your purchases, other acquisitions, and/or sales of Anadarko common stock during the Class Period. Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is ***received*** **no later than ____________, 2027:**

| **COURT** | **LEAD COUNSEL** | **DEFENDANTS' COUNSEL** |
|---|---|---|
| CLERK OF THE COURT<br>UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF TEXAS<br>Bob Casey United States Courthouse<br>515 Rusk Street<br>Houston, TX 77002 | ROBBINS GELLER RUDMAN<br>& DOWD LLP<br>Attn: Ellen Gusikoff Stewart<br>655 West Broadway,<br>Suite 1900<br>San Diego, CA 92101 | CRAVATH, SWAINE & MOORE LLP<br>Attn: Kevin Orsini<br>Two Manhattan West<br>375 Ninth Avenue<br>New York, NY 10001 |

**17. What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against Defendants and the other Released Defendant Parties. If you exclude yourself from the Class, you cannot object to the Settlement because it does not affect you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend the hearing and speak, but you do not have to.

**18. When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold a Settlement Hearing at **___ _.m., on __________, 2027**, in the Courtroom of the Honorable Charles R. Eskridge III, at the United States District Court for the Southern District of Texas, Bob Casey United States Courthouse, 515 Rusk Street, Houston, TX 77002. At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if the objectors do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide the amount of attorneys' fees and expenses to award Lead Counsel and Plaintiffs. At or after the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date, time, and location of the Settlement Hearing without another notice being sent to Class Members.

There exists the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone or video conference, without further written notice to the Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members (who wish to attend the hearing) must or may participate by phone or video, it is important that you monitor the Court's docket or the Settlement website, www.AnadarkoSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date and time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website. Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the hearing will be posted to the Settlement website**. Accordingly, please continue to check the Settlement website for important updates.

**19. Do I have to come to the hearing?**

No. Lead Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you are a Class Member and send an objection, you do not have to come to Court to talk about it. As long as you are a Class Member and have mailed your complete written objection on time, the Court will consider it. You may also pay your own lawyer to attend the hearing, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

**20. May I speak at the hearing?**

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do

so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *Anadarko Securities Litigation*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Plaintiffs' Counsel or Plaintiffs and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be ***received*** **no later than ___________, 2027**, and addressed to the Clerk of Court, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

### 21. What happens if I do nothing?

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself from the Class, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and the other Released Defendant Parties about the Released Plaintiffs' Claims in this case.

## GETTING MORE INFORMATION

### 22. How do I get more information?

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-888-808-2809 or by email at info@AnadarkoSecuritiesSettlement.com. Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court and to the other settlement related papers filed in the Litigation, which are posted on the Settlement website at www.AnadarkoSecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Southern District of Texas, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

## THE PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

### 23. How will my claim be calculated?

As discussed above, the Settlement provides $114.5 million in cash for the benefit of the Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the

Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, Members of the Class who timely submit valid Proofs of Claim that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the Settlement website, www.AnadarkoSecuritiesSettlement.com.

The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Class Members who allegedly suffered economic losses as a proximate result of the alleged wrongdoing. The Plan is not a formal damages analysis, and the calculations made in accordance with the Plan are not necessarily intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

The Plan of Allocation was developed in consultation with Lead Plaintiffs' damages expert. In developing the Plan, the expert calculated the estimated amount of alleged artificial inflation in the per share prices of Anadarko common stock that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions during the Class Period.

In calculating the estimated artificial inflation allegedly caused by the misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in Anadarko common stock in reaction to the public disclosures that allegedly corrected the respective alleged misrepresentations and omissions, adjusting the price changes for factors that were attributable to market or industry forces, and for non-fraud related, Anadarko-specific information.

In order to have recoverable damages in connection with purchases and/or acquisitions of Anadarko common stock during the Class Period, disclosure of the alleged misrepresentations or omissions must be the cause of the decline in the price of the Anadarko common stock. In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the period from February 20, 2015, through and including the close of trading on May 2, 2017, which had the effect of artificially inflating the prices of

Anadarko common stock. As a result of the alleged corrective disclosures, artificial inflation was removed from the price of Anadarko common stock on May 3, 2017.[3]

In order to have a "Recognized Claim Amount" under the Plan of Allocation, shares of Anadarko common stock must have been purchased or otherwise acquired during the Class Period and held through a corrective disclosure.

## CALCULATION OF RECOGNIZED CLAIM AMOUNT

Based on the formula stated below, a "Recognized Claim Amount" will be calculated for each purchase or acquisition of Anadarko common stock during the Class Period that is listed on the Proof of Claim and for which adequate documentation is provided. If a Recognized Claim Amount calculates to a negative number or zero under the formula below, that Recognized Claim Amount will be zero.

For each share of Anadarko common stock purchased or otherwise acquired during the period from February 20, 2015, through May 2, 2017, inclusive, and:

(a) sold from February 20, 2015, through May 2, 2017, inclusive, the Recognized Loss Amount per share will be $0.00;

(b) sold from May 3, 2017, through July 31, 2017, inclusive, the Recognized Loss Amount per share will be ***the least of***: (i) the inflation per share (as presented in Table 1 below) at the time of purchase; (ii) the difference between the purchase price per share and the sales price per share; or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in Table 2 below;

(c) held as of the close of trading on July 31, 2017, the Recognized Loss Amount per share will be ***the lesser of***: (i) the inflation per share (as presented in Table 1 below) at the time of purchase; or (ii) the difference between the purchase price per share and $47.88 per share (the last entry in Table 2 below).[4]

---

[3] Any transactions in Anadarko common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

[4] Under Section 21(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on

**TABLE A**

| Purchase Date | Inflation |
|---|---|
| February 20, 2015 (1) | $0 per share |
| February 21, 2015, through July 26, 2016 (2) | $1.75 per share |
| July 27, 2016, through May 2, 2017 (3) | $1.92 per share |

---

which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Claim Amounts are reduced to an appropriate extent by taking into account the closing prices of Anadarko common stock during the 90-day look-back period. The mean (average) closing price for Anadarko common stock during this 90-day look-back period was $47.88.

**TABLE B**

| Date | Closing Price | Average Closing Price from July 31, 2017 through Sale Date | Date | Closing Price | Average Closing Price from July 31, 2017 through Sale Date |
|---|---|---|---|---|---|
| 5/3/2017 | $51.95 | $51.95 | 6/16/2017 | $47.04 | $50.70 |
| 5/4/2017 | $51.94 | $51.95 | 6/19/2017 | $46.70 | $50.57 |
| 5/5/2017 | $52.59 | $52.16 | 6/20/2017 | $46.29 | $50.45 |
| 5/8/2017 | $52.31 | $52.20 | 6/21/2017 | $45.35 | $50.30 |
| 5/9/2017 | $51.33 | $52.02 | 6/22/2017 | $45.09 | $50.16 |
| 5/10/2017 | $52.08 | $52.03 | 6/23/2017 | $45.50 | $50.03 |
| 5/11/2017 | $51.54 | $51.96 | 6/26/2017 | $44.92 | $49.90 |
| 5/12/2017 | $51.63 | $51.92 | 6/27/2017 | $43.80 | $49.74 |
| 5/15/2017 | $51.88 | $51.92 | 6/28/2017 | $43.79 | $49.59 |
| 5/16/2017 | $51.75 | $51.90 | 6/29/2017 | $45.25 | $49.49 |
| 5/17/2017 | $51.74 | $51.89 | 6/30/2017 | $45.34 | $49.39 |
| 5/18/2017 | $52.08 | $51.90 | 7/3/2017 | $46.10 | $49.31 |
| 5/19/2017 | $53.30 | $52.01 | 7/5/2017 | $44.81 | $49.21 |
| 5/22/2017 | $53.35 | $52.11 | 7/6/2017 | $43.62 | $49.08 |
| 5/23/2017 | $53.57 | $52.20 | 7/7/2017 | $43.36 | $48.96 |
| 5/24/2017 | $53.35 | $52.27 | 7/10/2017 | $43.59 | $48.85 |
| 5/25/2017 | $52.07 | $52.26 | 7/11/2017 | $43.64 | $48.74 |
| 5/26/2017 | $51.84 | $52.24 | 7/12/2017 | $43.82 | $48.64 |
| 5/30/2017 | $50.77 | $52.16 | 7/13/2017 | $44.45 | $48.55 |
| 5/31/2017 | $50.53 | $52.08 | 7/14/2017 | $44.73 | $48.48 |
| 6/1/2017 | $51.11 | $52.03 | 7/17/2017 | $45.22 | $48.42 |
| 6/2/2017 | $50.06 | $51.94 | 7/18/2017 | $43.77 | $48.33 |
| 6/5/2017 | $49.64 | $51.84 | 7/19/2017 | $44.91 | $48.26 |
| 6/6/2017 | $50.10 | $51.77 | 7/20/2017 | $43.84 | $48.18 |
| 6/7/2017 | $47.17 | $51.59 | 7/21/2017 | $44.06 | $48.11 |
| 6/8/2017 | $46.63 | $51.40 | 7/24/2017 | $44.21 | $48.04 |
| 6/9/2017 | $47.98 | $51.27 | 7/25/2017 | $45.72 | $48.00 |
| 6/12/2017 | $48.30 | $51.16 | 7/26/2017 | $45.17 | $47.95 |
| 6/13/2017 | $49.22 | $51.10 | 7/27/2017 | $47.32 | $47.94 |
| 6/14/2017 | $47.28 | $50.97 | 7/28/2017 | $46.32 | $47.92 |
| 6/15/2017 | $46.11 | $50.81 | 7/31/2017 | $45.67 | $47.88 |

If a Class Member held Anadarko common stock at the beginning of the Class Period or made multiple purchases, acquisitions, or sales of Anadarko common stock during or after the Class Period, the starting point for calculating a claimant's Recognized Claim Amount is to match the claimant's holdings, purchases, and acquisitions to their sales using the FIFO (*i.e.*, first-in-first-out) method. Under the FIFO method, Anadarko common stock sold during the Class Period will be matched, in chronological order, first against Anadarko

common stock held at the beginning of the Class Period. The remaining sales of Anadarko common stock during the Class Period will then be matched, in chronological order, against Anadarko common stock purchased or acquired during the Class Period.

Purchases or acquisitions and sales of Anadarko common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Anadarko common stock during the Class Period shall not be deemed a purchase, acquisition, or sale of Anadarko common stock for the calculation of a claimant's Recognized Claim Amount, unless (i) the donor or decedent purchased or otherwise acquired such shares of Anadarko common stock during the Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Anadarko common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

An Authorized Claimant's Recognized Claim Amount shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Claim Amount of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim Amount divided by the total of the Recognized Claim Amounts of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined below) is $10.00 or greater.

If a claimant had a market gain with respect to their overall transactions in Anadarko common stock during the Class Period, the value of the claimant's Recognized Claim Amount will be zero. If a claimant suffered an overall market loss with respect to their overall transactions in Anadarko common stock during the Class Period, but that market loss was less than the claimant's total Recognized Claim Amount calculated above, then the claimant's Recognized Claim Amount will be limited to the amount of the actual market loss. For purposes of determining whether a claimant had a market gain, or suffered a market loss, with respect to his, her, or its overall transactions in Anadarko common stock during the Class Period, the Claims Administrator will determine the difference between (i) the Total Purchase Amount[5] and (ii) the sum of the Total Sales Proceeds[6] and Holding Value.[7]

---

5 The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for Anadarko common stock purchased or acquired during the Class Period.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to any appropriate non-sectarian, non-profit charitable organization(s) serving the public interest.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. Defendants, their counsel, and all other Released Defendant Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or other Person designated by Plaintiffs' Counsel, Defendants, or Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

---

[6] The Claims Administrator will match any sales of Anadarko common stock from the start of the Class Period through and including the close of trading on July 31, 2017, first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of Anadarko common stock sold from the start of the Class Period through and including the close of trading on July 31, 2017, will be the "Total Sales Proceeds."

[7] The Claims Administrator will ascribe a "Holding Value" equal to $47.88 for each share of Anadarko common stock purchased or acquired during the Class Period and still held as of the close of trading on July 31, 2017.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

Nominees who purchased or otherwise acquired Anadarko common stock during the Class Period for beneficial owners who are Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Notice. If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions. Reasonable out of-pocket expenses actually incurred in connection with the foregoing include up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Postcard Notice mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund. Copies of this Notice may also be obtained by calling toll-free 1-888-808-2809, and may be downloaded from the Settlement website, www.AnadarkoSecuritiesSettlement.com.

*Anadarko Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301135
Los Angeles, CA 90030-1135
www.AnadarkoSecuritiesSettlement.com

DATED: ________________

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

# EXHIBIT A-2

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| In re ANADARKO PETROLEUM CORPORATION SECURITIES LITIGATION | § § § § | Civil Action No. 4:20-cv-00576<br><br>CLASS ACTION<br><br>The Honorable Charles R. Eskridge III |

**PROOF OF CLAIM AND RELEASE**

**EXHIBIT A-2**

## I. GENERAL INSTRUCTIONS

1. To recover as a Class Member based on the claims in the Litigation,[1] you must complete and, on page ___ hereof, sign this Proof of Claim. If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected, and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2. Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3. YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, **ON OR BEFORE ___________, 2027**, ADDRESSED AS FOLLOWS:

*Anadarko Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301135
Los Angeles, CA 90030-1135
Online Submissions: www.AnadarkoSecuritiesSettlement.com

If you are NOT a Class Member, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

[1] This Proof of Claim and Release ("Proof of Claim") incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation"), which can be obtained at www.AnadarkoSecuritiesSettlement.com.

4. If you are a Class Member and you do not timely request exclusion from the Class, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

## II. CLAIMANT IDENTIFICATION

You are a Member of the Class if you purchased or otherwise acquired the common stock of Anadarko Petroleum Corporation ("Anadarko") between February 20, 2015, and May 2, 2017, inclusive (the "Class Period"), and were allegedly harmed thereby, and are not otherwise excluded from the Class.

Use Part I of this form, entitled "Claimant Identification," to identify each purchaser or acquirer of record ("nominee") of the Anadarko common stock that forms the basis of this claim. THIS PROOF OF CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF ANADARKO COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this Proof of Claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them, and their authority must accompany this claim, and their titles or capacities must be stated. The last four digits of the Social Security Number (or full Taxpayer Identification Number) and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in the rejection of the claim.

A Proof of Claim should be submitted for each separate legal entity (*e.g.*, a claim of joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Proof of Claim should be submitted on behalf of one legal entity, including all transactions made by that entity, no matter how many separate accounts that entity has (*e.g.*, an institution with multiple brokerage accounts that the entity has transacted in Anadarko common stock during the Class Period).

## III. CLAIM FORM

Use Part II of this form, entitled "Schedule of Transactions in Anadarko Common Stock," to supply all required details of your transaction(s). If you need more space or additional schedules, attach separate sheets that provide all required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to ***all*** of your purchases, acquisitions, and sales of Anadarko common stock that took place between February 20, 2015 and July 31, 2017, inclusive, whether such transactions resulted in a profit or a loss.[2] You must also provide all of the requested information with respect to the number of shares of Anadarko common stock you held at the close of trading on February 19, 2015, May 2, 2017, and July 31, 2017. Failure to report all such transactions may result in the rejection of your claim.

---

2 Information requested about your purchases/acquisitions on May 3, 2017 through and including the close of trading on July 31, 2017 is needed only for the Claims Administrator to confirm that you have reported all relevant transactions. Purchases/acquisitions during this period are not eligible for a recovery because they are outside the Class Period.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase or other acquisition of Anadarko common stock. The date of a "short sale" is deemed to be the date of sale of Anadarko common stock.

COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN ANADARKO COMMON STOCK SHOULD BE ATTACHED TO YOUR PROOF OF CLAIM. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN THE REJECTION OF YOUR CLAIM. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN ANADARKO COMMON STOCK**.

PLEASE NOTE: As set forth in the Plan of Allocation contained in the Notice, each Authorized Claimant shall receive his, her, its, or their *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All such claimants MUST also submit a manually signed paper Proof of Claim, whether or not they also submit electronic copies. If you wish

to submit your claim electronically, you must contact the Claims Administrator at edata@veritaglobal.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

*In re Anadarko Petroleum Corporation Securities Litigation*

No. 4:20-cv-00576

**PROOF OF CLAIM AND RELEASE**

**Must Be Postmarked (if Mailed) or Received (if Submitted Online) No Later Than:**

**____________, 2027**

Please Type or Print

REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN ANADARKO COMMON STOCK. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN THE REJECTION OF YOUR CLAIM.

**PART I: CLAIMANT IDENTIFICATION**

Last Name | M.I. | First Name

Last Name (Co-Beneficial Owner) | M.I. | First Name (Co-Beneficial Owner)

○ IRA ○ Joint Tenancy ○ Employee ○ Individual ○ Other__________ (specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Social Security Number — — or Taxpayer Identification Number —

Telephone Number (Primary Daytime) — — | Telephone Number (Alternate) — —

Email Address

**MAILING INFORMATION**

Address

Address

City | State | Zip Code

Foreign Province | Foreign Postal Code | Foreign Country Name/Abbreviation

PART II: SCHEDULE OF TRANSACTIONS IN ANADARKO COMMON STOCK

**A. Number of shares of Anadarko common stock held at the close of trading on February 19, 2015. If none, write "0" or "zero."**

___

**B. Purchases or other acquisitions of Anadarko common stock between February 20, 2015 and July 31, 2017, inclusive:**

| Trade Date(s) Month Day Year (List chronologically) | Number of Shares Purchased or Otherwise Acquired | Total Purchase or Acquisition Price (Excluding commissions, taxes and fees) | Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|
| 1.____________ | 1.____________ | 1.____________ | □ Y □ N |
| 2.____________ | 2.____________ | 2.____________ | □ Y □ N |
| 3.____________ | 3.____________ | 3.____________ | □ Y □ N |

IMPORTANT: (i) If any purchase listed covered a "short sale," please mark Yes: □ Yes

(ii) If you received shares through an acquisition or merger at some date beginning February 20, 2015 through July 31, 2017, please identify the date, the share amount, and the company acquired:

____/____/_____ ______________ ________________

MM DD YYYY Merger Shares Company

**C. Sales of Anadarko common stock between February 20, 2015 and July 31, 2017, inclusive:**

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price (Excluding commissions, taxes and fees) | Proof of Sale Enclosed |
|---|---|---|---|
| 1.____________ | 1.____________ | 1.____________ | □ Y □ N |
| 2.____________ | 2.____________ | 2.____________ | □ Y □ N |
| 3.____________ | 3.____________ | 3.____________ | □ Y □ N |

**D. Number of shares of Anadarko common stock held at the close of trading on May 2, 2017: __________**

Proof of Position Enclosed: □ Yes □ No

**E. Number of shares of Anadarko common stock held at the close of trading on July 31, 2017: __________**

Proof of Position Enclosed: □ Yes □ No

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

## IV. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of Texas with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases, other acquisitions, or sales of Anadarko common stock during the relevant period and know of no other person having done so on my (our) behalf.

## V. RELEASE

1. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever waive, release, relinquish, discharge and dismiss from the Released Plaintiffs' Claims each and all of the "Released Defendant Parties," defined as any or all of Defendants and/or any or all of their current or former parents, subsidiaries, predecessors,

successors, and divisions, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, representatives, investment bankers, underwriters, insurers in their capacities as such, as well as each of the Individual Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, and assigns.

2. "Released Plaintiffs' Claims" means any and all claims, demands, damages, losses, costs, interest, penalties, fees, attorneys' fees, expenses, rights, including rights of appeal, obligations, actions, suits, liabilities and causes of action of every nature and description, whether known or unknown, individual, class or representative, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that have been or could have been asserted in the Litigation or could in the future be asserted in any forum, whether foreign or domestic, and which (i) arise out of or relate in any way to any of the allegations, transactions, facts, events, matters, occurrences, representations, misrepresentations, disclosures, statements, acts, failures to act or omissions that were asserted, involved, set forth, or referred to, or could have been asserted, by Lead Plaintiffs and their Related Parties in the Litigation; and (ii) arise out of, are based upon, or related in any way, directly or indirectly, to the purchase or other acquisition of Anadarko common stock during the Class Period. Released Plaintiffs' Claims do not include: (i) any claims related to the enforcement of the Term Sheet or this Settlement; (ii) any derivative claims; (iii) any claims arising out of ERISA; or (iv) any

claims of any Person who or which submits a timely and valid request for exclusion from the Class that is accepted by the Court.

3. "Unknown Claims" means: (a) any and all Released Plaintiffs' Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and including, without limitation, those that, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement, including his, her, or its decision(s) to object to the terms of the Settlement or to exclude himself, herself, or itself from the Class. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to: (a) any and all Released Plaintiffs' Claims against the Released Defendant Parties; and (b) any and all Released Defendants' Claims against the Releasing Plaintiff Parties, the Settling Parties stipulate and agree that, by operation of the Judgment, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, to the fullest extent permitted by law, expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of

> executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall fully, finally, and forever expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but: (a) the Releasing Plaintiff Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have, to the fullest extent permitted by law, waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (b) the Released Defendant Parties shall expressly, fully, finally,

and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiffs, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement of which this release is a part.

4. These releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

5. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6. I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Anadarko common stock that occurred during the

relevant period as well as the number of shares held by me (us) at the close of trading on February 19, 2015, May 2, 2017, and July 31, 2017.

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this ______________ day of __________________
(Month/Year)

in ____________________________________________________
(City) (State/Country)

________________________________________
(Sign your name here)

________________________________________
(Type or print your name here)

________________________________________
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer,
Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and acknowledgment.

2. Remember to attach copies of supporting documentation.

3. **Do not send** originals of certificates or other documentation, as they will not be returned.

4. Keep a copy of your Proof of Claim and all supporting documentation for your records.

5. If you desire an acknowledgment of receipt of your Proof of Claim, please send it by Certified Mail, Return Receipt Requested.

6. If you move, please send your new address to the address below.

7. **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN ____________, 2027, ADDRESSED AS FOLLOWS:**

*Anadarko Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301135
Los Angeles, CA 90030-1135
Online Submissions: www.AnadarkoSecuritiesSettlement.com

# EXHIBIT A-3

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| In re ANADARKO PETROLEUM CORPORATION SECURITIES LITIGATION | § § § § | Civil Action No. 4:20-cv-00576<br><br>CLASS ACTION<br><br>The Honorable Charles R. Eskridge III |

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

**EXHIBIT A-3**

**TO: ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED ANADARKO PETROLEUM CORPORATION ("ANADARKO") COMMON STOCK BETWEEN FEBRUARY 20, 2015, AND MAY 2, 2017, INCLUSIVE, AND WERE ALLEGEDLY HARMED THEREBY ("CLASS" OR "CLASS MEMBERS")**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of Texas ("Court"), that the above-captioned action ("Litigation") has been certified as a class action, except for certain persons and entities who are excluded from the Class by definition as set forth in the Stipulation of Settlement dated September 28, 2026 ("Stipulation") and the detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice"). The Stipulation and Notice can be viewed at www.AnadarkoSecuritiesSettlement.com.

**YOU ARE ALSO HEREBY NOTIFIED** that Lead Plaintiffs and Class Representatives Norfolk County Council as Administering Authority of the Norfolk Pension Fund and Iron Workers Local #580 Joint Funds (together, "Lead Plaintiffs"),[1] and defendants Anadarko, Robert G. Gwin, R.A. Walker, Robert P. Daniels, and Ernest A. Leyendecker, III (collectively, "Defendants") have reached a proposed settlement of the Litigation on behalf of the Class for $114.5 million in cash ("Settlement"). If approved by the Court, the Settlement will resolve all claims in the Litigation.

---

[1] Together with Building Trades United Pension Trust Fund, "Plaintiffs."

**YOU ARE ALSO HEREBY NOTIFIED** that a hearing will be held on ____________, ______, at __:__ _.m., before the Honorable Charles R. Eskridge III, at the United States District Court, Southern District of Texas, Bob Casey United States Courthouse, 515 Rusk Street, Houston, TX 77002, to determine whether: (1) the Settlement of the above-captioned Litigation as set forth in the Stipulation for $114.5 million in cash should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the Litigation with prejudice;(3) to award Plaintiffs' Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice) and, if so, in what amounts; (4) to award Plaintiffs their costs and expenses in representing the Class out of the Settlement Fund and, if so, in what amounts; and (5) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate.

There exists the possibility that the Court may decide to change the date and/or time of the Settlement Hearing, conduct the hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone or videoconference, without further written notice to the Class. It is important that you check the Settlement website, www.AnadarkoSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website. Also, if the Court requires or allows Class Members to participate in the hearing by telephone or videoconference, the access information will be posted to the website.

IF YOU PURCHASED OR OTHERWISE ACQUIRED ANADARKO COMMON STOCK BETWEEN FEBRUARY 20, 2015, AND MAY 2, 2017, INCLUSIVE, AND WERE ALLEGEDLY HARMED THEREBY, YOUR RIGHTS ARE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Net Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later than ___________, 2027)** or electronically **(no later than _________, 2027)**. Failure to submit your Proof of Claim by ______, 2027, will subject your claim to rejection and preclude you from receiving any of the recovery in connection with the Settlement of this Litigation. If you are a Class Member and do not request exclusion from the Class (as described below), you will be bound by the Settlement and any judgment and release entered in the Litigation, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

The Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), the Proof of Claim, the Stipulation (which, among other things, contains definitions for the capitalized terms used in this Summary Notice), and other important documents, may be accessed online at www.AnadarkoSecuritiesSettlement.com, or by writing to:

*Anadarko Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301135
Los Angeles, CA 90030-1135

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead Counsel:

ROBBINS GELLER RUDMAN & DOWD
LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 1-800-449-4900
settlementinfo@rgrdlaw.com

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED BY ________________, 2027**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. IF YOU PROPERLY EXCLUDE YOURSELF FROM THE CLASS, YOU WILL NOT BE BOUND BY ANY RELEASES, JUDGMENTS, OR ORDERS ENTERED BY THE COURT IN THE LITIGATION AND YOU WILL NOT RECEIVE ANY BENEFITS FROM THE SETTLEMENT. EXCLUDING YOURSELF FROM THE CLASS IS THE ONLY OPTION THAT MAY ALLOW YOU TO BE PART OF ANY OTHER CURRENT OR FUTURE LAWSUIT AGAINST DEFENDANTS OR ANY OF THE OTHER RELEASED DEFENDANT PARTIES CONCERNING THE CLAIMS BEING RESOLVED BY THE SETTLEMENT.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY LEAD COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED 30% OF THE $114.5 MILLION SETTLEMENT AMOUNT AND EXPENSES NOT TO EXCEED

$3,500,000, PLUS INTEREST ON BOTH AMOUNTS, AND/OR THE REQUEST FOR AN AWARD TO PLAINTIFFS FOR THEIR COSTS AND EXPENSES NOT TO EXCEED $57,500 IN THE AGGREGATE. ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO LEAD COUNSEL AND DEFENDANTS' COUNSEL **BY ____________, 2027**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: ____________________

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

# EXHIBIT A-4

**LEGAL NOTICE**
*In re Anadarko Petroleum Corporation Securities Litigation*
No. 4:20-cv-00576 (S.D. Tex.)
c/o Verita Global
P.O. Box 301135
Los Angeles, CA 90030-1135

www.AnadarkoSecuritiesSettlement.com

Court-Ordered Legal Notice
(Forwarding Service Requested)

This notice contains important information about a securities class action settlement.

You may be entitled to a payment. This notice may affect your legal rights.

Please read this notice carefully.

**[INCLUDE BARCODE FOR WEBSITE]**

THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.
VISIT WWW.ANADARKOSECURITIESSETTLEMENT.COM OR CALL 1-888-808-2809 FOR MORE INFORMATION

If you purchased or otherwise acquired Anadarko Petroleum Corporation ("Anadarko" or the "Company") common stock between February 20, 2015, and May 2, 2017, inclusive, and were allegedly harmed thereby, you could be entitled to a payment from a proposed settlement ("Settlement") reached in the above-captioned action ("Litigation"). Your rights may be affected by this Litigation and the Settlement. A hearing will be held on ___________, 2027, at _______ ("Settlement Hearing"), before the Honorable Charles R. Eskridge III, to determine whether the proposed Settlement of the Litigation against Defendants Anadarko, Robert G. Gwin, R.A. Walker, Robert P. Daniels, and Ernest A. Leyendecker, III for $114.5 million in cash and the Plan of Allocation should be approved as fair, reasonable, and adequate and whether the Litigation should be dismissed with prejudice against Defendants, as set forth in the Stipulation of Settlement ("Stipulation") filed with the Court; and whether Lead Counsel's application for an award of attorneys' fees of up to 30% of the Settlement Amount, and expenses not to exceed $3,500,000, plus interest on both amounts, and an award to Plaintiffs for their costs and expenses not to exceed $57,500 in the aggregate, should be granted.

If approved, the Settlement will resolve a putative class action lawsuit alleging that, in violation of the U.S. federal securities laws, Defendants materially misled investors by making materially false and misleading statements and failing to disclose material information regarding the Company's appraisal of the Shenandoah oil field, which caused Anadarko's stock to trade at artificially inflated prices until the nature of the alleged wrongdoing was revealed, causing Anadarko's stock price to fall. Defendants deny the allegations and any liability or wrongdoing of any kind. For a full description of the proposed Settlement and your rights, and to make a claim, you may obtain the Stipulation, long-form Notice of Pendency and Proposed Settlement of Class Action ("Notice"), and the Proof of Claim and Release ("Claim Form") by visiting the website: www.AnadarkoSecuritiesSettlement.com (the "Website") or you may request copies of the documents from the Claims Administrator by: (i) mail: *Anadarko Securities Settlement*, c/o Verita Global, P.O. Box 01135, Los Angeles, CA 90030-1135, or (ii) toll-free call: 1-888-808-2809.

To qualify for a payment from the Settlement, you must submit a valid Claim Form, with supporting documentation, postmarked or submitted online no later than _____________, 2027. Your *pro rata* share of the Settlement will depend on the number of valid claims, and the number, size, and timing of your transactions in Anadarko common stock. The estimated average distribution per share is approximately $0.41, before deducting any Court-approved fees and expenses. Your actual share of the Settlement will be determined pursuant to the proposed Plan of Allocation set forth in the Notice, or other plan approved by the Court.

You will be bound by any judgment or order entered in the Litigation, regardless of whether you submit a Claim Form, unless you exclude yourself from the Class. If you exclude yourself from the Class, you cannot get money from this Settlement. If you are a Class Member and do not exclude yourself from the Class, you may object to the proposed Settlement, Plan of Allocation, and/or request for

award of attorneys' fees and expenses and awards to Plaintiffs no later than _______________, 2027. The long-form Notice and the Website explain how to exclude yourself from the Class or how to object.

Lead Plaintiffs and the Class are represented by Lead Counsel: Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 W. Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com. You may, but do not have to, attend the Settlement Hearing to be heard. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means and/or change its date and/or time. Please check the Website for updates.

# EXHIBIT B

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| In re ANADARKO PETROLEUM CORPORATION SECURITIES LITIGATION | § § § § | Civil Action No. 4:20-cv-00576<br><br>CLASS ACTION<br><br>The Honorable Charles R. Eskridge III |

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

**EXHIBIT B**

This matter came before the Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") dated __________, 2026, on the application of the parties for approval of the Settlement set forth in the Stipulation of Settlement dated September 28, 2026 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. Excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requested exclusion in accordance with the requirements set by the Court, as identified in Exhibit 1 hereto.

4. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a) said Stipulation and the Settlement contained therein are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b) there was no collusion in connection with the Stipulation;

(c) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel; and

(d) the record is sufficiently developed and complete to have enabled Lead Plaintiffs and Defendants to have adequately evaluated and considered their respective positions.

5. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Litigation and all claims asserted therein with prejudice. The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

6. Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiffs shall have, and each and every Releasing Plaintiff Party shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the all Released Plaintiffs' Claims (including Unknown Claims) against each and every one of the Released Defendant Parties, whether or not such Class Member executes and delivers the Proof of Claim or shares in the Net Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

7. Upon the Effective Date, and as provided in the Stipulation, the Releasing Plaintiff Parties will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any forum

(including, but not limited to, any state or federal court of law or equity, arbitration tribunal, or administrative forum), asserting the Released Plaintiffs' Claims against any of the Released Defendant Parties.

8. Upon the Effective Date, and as provided in the Stipulation, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against Lead Plaintiffs, the Class, and Plaintiffs' Counsel. Claims to enforce the terms of the Stipulation are not released.

9. The notice of the pendency and proposed Settlement of the Litigation given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Class Members are bound by this Judgment.

10. All funds deposited into the Escrow Account and held by the Custodian for the benefit of the Class shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be fully distributed pursuant to the Stipulation and/or further order(s) of the Court. All such funds shall be received and held by the Custodian directly, and the Escrow Agent shall neither hold nor receive such funds in its capacity as Escrow Agent. The rights and responsibilities of the Escrow Agent are limited to those ordered by the Court. By way of this Judgment, the Escrow Agent shall carry out the limited administrative responsibilities set forth in the Stipulation. No Released Defendant Party shall have any liability, obligation, or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.

11. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

12. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Plaintiffs' Claim, or of any wrongdoing or liability of the Defendants or Defendants' Released Persons, (b) is, or shall be deemed to be, or shall be used as an admission of any fault or omission of any Released Defendant Party in any statement, release, or written documents issued, filed, or made, or (c) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the

Defendants or Defendants' Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Defendants and/or their respective Released Persons may file the Stipulation and/or this Judgment from this Litigation in any other action in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

14. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. The Court's orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with

the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in the Litigation as of September 11, 2026, as provided in the Stipulation.

17. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: ______________________ ______________________________________

THE HONORABLE CHARLES R. ESKRIDGE III
UNITED STATES DISTRICT JUDGE

Exhibit 1

List of Persons Excluded from the Class Pursuant to Request