United States District Court
Southern District of Texas
ENTERED
October 02, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| In re ANADARKO PETROLEUM CORPORATION SECURITIES LITIGATION | § § § § | Civil Action No. 4:20-cv-00576<br><br>CLASS ACTION<br><br>The Honorable Charles R. Eskridge III |

**ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, an action is pending before this Court entitled *In re Anadarko Petroleum Corporation Securities Litigation*, No. 4:20-cv-00576 (S.D. Tex.) (the "Litigation");

WHEREAS, on March 10, 2026, the Court certified the Litigation to proceed as a class action on behalf of a class of all persons or entities that purchased or acquired Anadarko Petroleum Corporation ("Anadarko") common stock between February 20, 2015, and May 2, 2017, inclusive, and were allegedly harmed thereby (the "Class");[1]

WHEREAS, the Settling Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement dated September 28, 2026 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Settling Parties having consented to the entry of this Order;

WHEREAS, unless otherwise defined, all capitalized terms used herein have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

---

[1] Excluded from the Class are: Defendants and their families, legal representatives, heirs, successors, or assigns; officers, directors, subsidiaries, and affiliates of Anadarko during the Class Period; any entity in which Defendants have a controlling interest; and any judicial officer to which the Litigation is assigned. Also excluded from the Class is any Person who properly excludes himself, herself, itself, or themselves from the Class by submitting a valid and timely request for exclusion.

1. The Court hereby preliminarily approves the Settlement set forth in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing described below.

2. The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Settlement Hearing described below.

3. A hearing (the "Settlement Hearing") shall be held before this Court on January 14, 2027, at 10:00 a.m. (a date that is at least 100 calendar days from entry of this Order), at the United States District Court for the Southern District of Texas, Bob Casey United States Courthouse, 515 Rusk Street, Houston, TX 77002, to determine: (a) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (b) whether a Judgment, as provided in ¶1.14 of the Stipulation, should be entered; (c) whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; (d) the amount of fees and expenses that should be awarded to Lead Counsel and Plaintiffs; and (e) any such other matters as the Court may deem appropriate. The Court may adjourn the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the

proposed Settlement. The Court may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Class.

4. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), the Summary Notice of Pendency and Proposed Settlement of Class Action (the "Summary Notice"), and the Postcard Notice annexed hereto as Exhibits 1, 2, 3, and 4, respectively, and finds that the mailing and distribution of the Postcard Notice, publishing of the Summary Notice, and posting of the Notice and Proof of Claim on the Settlement-dedicated website, substantially in the manner and form set forth in ¶6 of this Order, meet the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

5. Other than the fees, costs, and expenses of providing notice pursuant to the Class Action Fairness Act, 28 U.S.C. §1715, which shall be paid by Defendants, and the costs associated with providing the record holder information required pursuant to ¶6(a) of this Order, all fees, costs, and expenses incurred in identifying and notifying potential Class Members shall be paid from the Settlement Fund as set forth in the Stipulation, and in no event shall any of the Released Defendant Parties or Releasing Plaintiff Parties bear any responsibility for such fees, costs, or expenses.

6. The firm of Verita Global ("Verita" or "Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below:

(a) Not later than ten (10) business days after entry by this Court of this Order, Anadarko shall provide or cause to be provided to the Claims Administrator, at no cost to Lead Plaintiffs or the Class, a list in electronic format, containing the names and addresses and email addresses, if available, of record holders of Anadarko common stock during the Class Period, as set forth in the records of its transfer agent;

(b) Not later than twenty-one (21) calendar days after entry by this Court of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form annexed hereto, to be emailed or mailed by First-Class Mail (where an email is unavailable) to all potential Class Members at the addresses set forth in the records provided by Anadarko, or who otherwise can be identified with reasonable effort and shall cause a copy of the Notice and Proof of Claim, substantially in the forms annexed hereto as Exhibits 1 and 2 hereto, to be mailed to nominees and shall post the Stipulation, Notice, and Proof of Claim on the website established for this Litigation at www.AnadarkoSecuritiesSettlement.com. For all notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses;

(c) Not later than seven (7) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal* and once over a national newswire service; and

(d) Not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

7. Nominees who purchased or otherwise acquired Anadarko common stock during the Class Period for beneficial owners who are Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Notice. If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions. Reasonable out of-pocket expenses actually incurred in connection with the foregoing include up to $0.03 for providing names, addresses, and email addresses to the

Claims Administrator per record; up to a maximum of $0.03 per Postcard Notice mailed by nominee, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.

8. Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, whether or not such Class Members submit Proofs of Claim or otherwise seek or obtain by any means any distribution from the Settlement Fund.

9. Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be mailed or submitted electronically no later than ninety (90) calendar days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered. Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator by reason of the decision to exercise such discretion, whether to accept late-submitted Claims.

10. Any Class Member may enter an appearance in the Litigation, at his, her, its, or their own expense, individually or through counsel of their own choice. Any Class Member who does not enter an appearance will be represented by Lead Counsel.

11. Any Member of the Class who wishes to exclude himself, herself, itself, or themselves from the Class must request exclusion in writing within the time and in the manner set forth herein. Any such Person must submit to the Claims Administrator a signed request for exclusion ("Request for Exclusion") such that it is postmarked or received no later than twenty-one (21) calendar days prior to the Settlement Hearing. A Request for Exclusion must provide: (i) the name, address, email address, and telephone number of the Person requesting exclusion; (ii) a list identifying the dates and the number of shares of Anadarko common stock purchased or otherwise acquired and sold during the Class Period and the price paid for each such purchase or acquisition and received for each such sale; and (iii) a statement that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any final Judgment. Unless otherwise ordered by the Court, any Person who purchased or otherwise acquired Anadarko common stock during the Class Period who fails to timely request exclusion from the Class in compliance with each of the provisions in this paragraph shall be deemed to have waived his, her, its, or their right to be excluded from the Class, and shall be barred from requesting exclusion from the Class.

12. Lead Counsel or the Claims Administrator shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, promptly upon receipt and as expeditiously as possible, and in any event, not less than fourteen (14) calendar days prior to the Settlement Hearing.

13. Any Class Member who or which does not request exclusion from the Class may file a written objection to the Settlement and show cause why the Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why the requested amount of attorneys' fees and expenses should or should not be awarded to Plaintiffs' Counsel or to Plaintiffs, provided, however, that no Class Member or any other Person shall be heard or entitled to contest such matters, unless that Person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before twenty-one (21) calendar days prior to the Settlement Hearing, by Robbins Geller Rudman & Dowd LLP, Attn: Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101; Cravath, Swaine & Moore LLP, Attn: Kevin Orsini, Two Manhattan West, 375 Ninth Avenue, New York, NY 10001, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the Southern District of Texas, on or before twenty-one (21) calendar days prior to the Settlement Hearing. Any Class Member who does not make his, her, its, or their objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of

Allocation, or to the request for attorneys' fees and expenses to Plaintiffs' Counsel or expenses of Plaintiffs, unless otherwise ordered by the Court. Attendance at the Settlement Hearing is not necessary. However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses to Plaintiffs' Counsel or Plaintiffs are required to indicate in their written objection their intention to appear at the Settlement Hearing. Class Members do not need to appear at the Settlement Hearing or take any action if they do not oppose any aspect of the Settlement.

14. Any objections, filings, and other submissions by an objecting Class Member must: (i) state the name, address, email address, and telephone number of the Person objecting and must be signed by the objector, even if the objector is represented by counsel; (ii) contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, a specific subset of the Class, or to the entire Class; (iii) include documents sufficient to prove membership in the Class, including the objecting Class Member's purchases, other acquisitions, and sales of Anadarko common stock during the Class Period, including the dates and the number of shares purchased, acquired, or sold, and the price paid or received for each such purchase, acquisition, or sale; and (iv) identify all class action settlements to which the objector or his, her, its, or their counsel have previously objected.

15. Any Class Member who does not object to the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees, costs, charges, and expenses in the manner prescribed herein shall be deemed to have waived such objection, and shall

forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, this Order and the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application by Lead Counsel for an award of attorneys' fees together with costs, charges, and expenses.

16. All funds deposited into the Escrow Account and held for the benefit of the Class shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court. All such funds shall be received and held by the Custodian directly, and the Escrow Agent shall neither hold nor receive any such funds, nor be deemed to hold nor receive such funds. The rights and responsibilities of the Escrow Agent are limited to those ordered by the Court. By way of this Order, the Escrow Agent shall carry out the limited administrative responsibilities set forth in the Stipulation.

17. All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses shall be filed and served no later than thirty-five (35) calendar days prior to the Settlement Hearing. Replies to any objections shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

18. Neither the Released Defendant Parties nor Defendants' Counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or

proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment and the settlement of the Litigation.

19. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses, shall be approved.

20. All reasonable expenses incurred in identifying and notifying potential Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶2.11 or 2.13 of the Stipulation.

21. This Order and the Stipulation (including any of their respective terms or provisions), any of the negotiations, discussions, or proceedings connected with them, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement or this Order, may not be construed as an admission or concession by the Released Defendant Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, and may not be offered or received in evidence (or used by any Person in the Litigation or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, arbitration, or other tribunal), except in connection with any proceedings to enforce the terms of the Stipulation

or this Order. The Released Defendant Parties, Lead Plaintiffs, Class Members, and each of their counsel may file the Stipulation, and/or this Order, and/or the Judgment in any action in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

22. If the Stipulation and the Settlement set forth therein are not approved or consummated for any reason whatsoever, this Order shall be rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation. This Order, the Stipulation, and the Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante* as of September 11, 2026.

23. Unless otherwise ordered by the Court, all proceedings in the Litigation are stayed, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation or other agreement of the Settling Parties. Pending final determination of whether the proposed Settlement should be approved, neither Lead Plaintiffs nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Defendant Parties, any action or proceeding in any court or tribunal asserting any of the Released Plaintiffs' Claims.

IT IS SO ORDERED.

DATED: October 2, 2026

C R Eskridge

THE HONORABLE CHARLES R. ESKRIDGE III
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| In re ANADARKO PETROLEUM CORPORATION SECURITIES LITIGATION | § | Civil Action No. 4:20-cv-00576 |
| | § | CLASS ACTION |
| | § | |
| | § | The Honorable Charles R. Eskridge III |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

**EXHIBIT 1**

**TO: ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED ANADARKO PETROLEUM CORPORATION ("ANADARKO" OR THE "COMPANY") COMMON STOCK BETWEEN FEBRUARY 20, 2015, AND MAY 2, 2017, INCLUSIVE (THE "CLASS PERIOD"), AND WERE ALLEGEDLY HARMED THEREBY.**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE (AT WWW.ANADARKOSECURITIESSETTLEMENT.COM) ON OR BEFORE ___________, 2027**.

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION**.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been provided to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of Texas (the "Court"). The purpose of this Notice is to inform you of: (i) the pendency of this class action (the "Litigation") between Lead Plaintiffs and Class Representatives Norfolk County Council as Administering Authority of the Norfolk Pension Fund and Iron Workers Local #580 Joint Funds ("Lead Plaintiffs")[1] and Anadarko, Robert G. Gwin, R.A. Walker, Robert P. Daniels, and Ernest A. Leyendecker, III ("Individual Defendants" and, collectively with Anadarko, "Defendants"); (ii) the proposed $114.5 million cash settlement reached therein (the "Settlement"); and (iii) the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation of Settlement dated September 28, 2026 (the "Stipulation"), by and between Lead Plaintiffs and Defendants (the "Settling Parties"). This Notice describes what steps you may take in relation to the Settlement and this class action.[2]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants.

---

1 Together with Lead Plaintiff Building Trades United Pension Trust Fund, "Plaintiffs."

2 All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation, which is available on the website www.AnadarkoSecuritiesSettlement.com.

This Notice is solely to advise you of the pendency of the Litigation and the proposed Settlement of the Litigation and of your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM** | The only way to be eligible to receive a payment from the Settlement. **Proofs of Claim must be postmarked or submitted online on or before ________, 2027.** |
| **EXCLUDE YOURSELF FROM THE CLASS** | Get no payment. This is the only option that ***potentially*** allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement. Should you elect to exclude yourself from the Class, you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Requests for exclusion must be postmarked on or before _________, 2027.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a Member of the Class. **Objections must be *received* on or before ________, 2027. If you submit a written objection, you may (but do not have to) attend the Settlement Hearing.** |
| **GO TO THE SETTLEMENT HEARING ON ___________, 2027** | Ask to speak in Court about the fairness of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. **Requests to speak at the Settlement Hearing must be *received* by the Court and counsel on or before __________, 2027.** |
| **DO NOTHING** | Receive no payment. You will, however, still be a Member of the Class, which means that you give up your right to ever be part of any other lawsuit against Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## SUMMARY OF THIS NOTICE

**Statement of Class Recovery**

Pursuant to the Settlement described herein, a $114.5 million cash settlement fund has been established. Based on Lead Plaintiffs' estimate of the number of allegedly damaged shares eligible to recover under the Settlement, the average distribution per share of Anadarko common stock under the Plan of Allocation is approximately $0.41, before deduction of any taxes on the income earned on the Settlement Amount, notice and administration costs, and the attorneys' fees and expenses as determined by the Court. **Class Members should note, however, that this is only an estimate**. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claim as compared to the total claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than this estimated average distribution amount. *See* Plan of Allocation set forth and discussed at pages ___ below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages, and do not agree on the amount of damages that would be recoverable if the Class prevailed on each or any claim alleged. Defendants deny that they are liable to the Class and deny that the Class has suffered any damages. The issues on which the Settling Parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of Anadarko common stock was allegedly artificially inflated (if at all) during the relevant period; (4) the amount, if any, by which the price of Anadarko common stock was allegedly artificially inflated (if at all) during the relevant period; (5) the effect of various market forces on the price of Anadarko common stock at various times during the relevant period; (6) the extent to which external factors influenced the price of Anadarko common stock at various times during the relevant period; (7) the extent to which the matters that Lead Plaintiffs alleged were materially false or misleading influenced (if at all) the price of Anadarko common stock at various times during the relevant period; and (8) the extent to which the various allegedly adverse material facts that Lead Plaintiffs alleged were omitted influenced (if at all) the price of Anadarko common stock at various times during the relevant period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the Litigation's inception, Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Class, they would be paid from such recovery. Lead Counsel

will apply to the Court on behalf of all Plaintiffs' Counsel for an award of attorneys' fees not to exceed 30% of the Settlement Amount, plus expenses not to exceed $3,500,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. If the amounts requested are approved by the Court, the average cost per Anadarko common share will be approximately $0.14. In addition, Plaintiffs may seek payment for their time and expenses incurred in representing the Class.

**Further Information**

For further information regarding the Litigation, this Notice, or to review the Stipulation of Settlement, please contact the Claims Administrator toll-free at 1-888-808-2809, or visit the website www.AnadarkoSecuritiesSettlement.com.

You may also contact a representative of counsel for the Class: Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Lead Plaintiffs' principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation. Defendants have concluded that further conduct of this Litigation could be protracted and distracting.

## BASIC INFORMATION

### 1. What is the purpose of this Notice?

The Court has directed the issuance of this Notice to inform potential Class Members about the Litigation and the proposed Settlement and their options in connection therewith before the Court rules on the Settlement. Additionally, Class Members have the right to understand how this class action lawsuit may generally affect their legal rights.

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the Southern District of Texas (the "Court"), and the case is known as *In re Anadarko Petroleum Corporation Securities Litigation*, No. 4:20-cv-00576. The case has been assigned to the Honorable Charles R. Eskridge III. The entities representing the Class are the "Lead Plaintiffs," and the individuals and entity they sued and who have now settled are called the "Defendants."

## 2. What is this lawsuit about?

The initial complaint in the Litigation was filed on February 19, 2020. On May 13, 2020, the Court appointed Lead Plaintiffs and approved their choice of Robbins Geller Rudman & Dowd LLP as Lead Counsel.

Lead Plaintiffs allege that Anadarko and its corporate executives misled investors about the commercial viability of a deepwater asset in the Gulf of Mexico – the Shenandoah oil field project, known as Shen. Lead Plaintiffs specifically contend that, during Anadarko's appraisal of the oil field, between February 20, 2015 and May 2, 2017, Defendants recklessly overstated the viability of the project and concealed negative information about the asset from investors, causing Anadarko's stock price to be artificially inflated.

After appraising the oil field for several years, with attendant expenditures, public statements and projections, Anadarko announced that it was suspending Shen appraisal activity, resulting in $435 million in expensed suspended exploratory well costs and a $467 million impairment. Plaintiffs allege that the announcement, made after the market closed on May 2, 2017, caused the artificial inflation to leave Anadarko's stock price, resulting in damages to Plaintiffs and the Class when the stock price declined.

Defendants deny each and all of the claims and contentions of wrongdoing alleged by Lead Plaintiffs in the Litigation. Defendants contend that they did not make any materially false or misleading statements, that they disclosed all material information required by the federal securities laws, and that they at all times acted in good faith. Defendants also contend that any losses allegedly suffered by Members of the Class were not caused by any false or misleading statements by them and/or were caused by intervening events. Defendants also maintain that they have meritorious defenses to all claims that were raised or could have been raised in the Litigation.

On August 17, 2020, Lead Plaintiffs filed their Amended Complaint for Violations of the Federal Securities Laws (the "Complaint"). On September 14, 2020, Defendants filed a motion to dismiss the Complaint, and Lead Plaintiffs filed their opposition to the motion on September 28, 2020. Defendants filed their reply brief on October 5, 2020. On January 19, 2021, the Court issued an order denying the motion to dismiss. Defendants answered the Complaint on March 25, 2021.

The Parties then participated in extensive pretrial litigation, including written and documentary discovery and more than 30 fact and expert depositions. They also litigated a number of discovery disputes, involving multiple submissions and hearings in the district court and briefing in the Fifth Circuit.

Lead Plaintiffs filed a motion to certify this action as a class action on October 1, 2021. The Court granted the motion on September 28, 2022, over Defendants' opposition. Defendants moved for reconsideration of the class certification order, which was denied on June 30, 2023. On August 30, 2023, the Fifth Circuit granted Defendants' petition to permit an appeal, and on May 17, 2024, the Fifth Circuit vacated the class certification order. The Parties then re-litigated Lead Plaintiffs' motion for class certification, along with the Parties' motions to exclude certain testimony of their respective class certification experts. The Court held a full-day evidentiary hearing and a separate oral argument on Lead Plaintiffs' renewed class certification motion. On March 10, 2026, the Court granted Lead Plaintiffs' class certification motion and denied the Parties' motions to exclude.

On June 1, 2026, the Defendants filed a summary judgment motion, and the Parties filed motions to exclude certain merits expert testimony, and thereafter filed their opposition and reply briefs. The motions were pending at the time this proposed settlement was reached.

Lead Plaintiffs and Defendants participated in a voluntary confidential mediation session with the Honorable Layn R. Phillips (Ret.), an experienced mediator, on June 1, 2023. The mediation session was preceded by the submission and exchange of opening and reply mediation statements by both Lead Plaintiffs and Defendants. The Parties engaged in good-faith negotiations, but did not reach a settlement at the mediation session. A second mediation was held on August 11 and 12, 2026. The Parties exchanged and provided to Judge Phillips additional mediation materials in advance of the August 11, 2026 session. Following additional settlement discussions with Judge Phillips, on September 3, 2026, the Parties accepted a mediator's proposal to settle the Litigation in return for a cash payment of $114,500,000 to be paid by or on behalf of Defendants for the benefit of the Class, subject to the terms of a negotiated Settlement Term Sheet that the Parties executed on September 11, 2026, and subject to negotiation of the terms of a stipulation of settlement and approval by the Court. The Parties thereafter notified the Court of the agreement in principle. The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement among the Settling Parties and provides the authority for the establishment, custody, administration, and Court-ordered distribution of the assets held in the Escrow Account by the Custodian, comprising a Qualified Settlement Fund pursuant to Section 468B of the Internal Revenue Code and related Treasury Regulations.

## 3. Why is there a settlement?

The Court has not decided in favor of Defendants or Lead Plaintiffs. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation,

and Lead Plaintiffs agreed to the Settlement in order to ensure that Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

### 4. How do I know if I am a Member of the Class?

The Court directed that everyone who fits this description is a Class Member: All Persons who purchased or otherwise acquired Anadarko common stock between February 20, 2015, and May 2, 2017, inclusive, and were allegedly harmed thereby. Excluded from the Class are: Defendants and their families, legal representatives, heirs, successors, or assigns; officers, directors, subsidiaries, and affiliates of Anadarko during the Class Period; any entity in which Defendants have a controlling interest; and any judicial officer to which the Litigation is assigned. Also excluded from the Class is any Person who properly excludes himself, herself, itself, or themselves from the Class by submitting a valid and timely request for exclusion.

**Please Note**: Receipt of this Notice or the Postcard Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit a Proof of Claim and the required supporting documentation as set forth therein postmarked or submitted online on or before __________, 2027.

### 5. What if I am still not sure if l am included in the Class?

If you are still not sure whether you are included in the Class, you can ask for free help. You can contact the Claims Administrator toll-free at 1-888-808-2809, or you can fill out and return the Proof of Claim to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 6. What does the Settlement provide?

The Settlement provides that, in exchange for the release of the Released Plaintiffs' Claims (defined below) and dismissal of the Litigation, Defendants and/or their insurance carriers on behalf of Defendants have agreed to pay or cause to be paid $114.5 million in cash to be distributed after taxes, tax expenses, notice and claims administration expenses, and Court approved attorneys' fees and expenses, *pro rata*, to Class Members who send in a valid Proof of Claim pursuant to the Court-approved Plan of Allocation. The Plan of Allocation is described in more detail at the end of this Notice.

### 7. How much will my payment be?

Your share of the Net Settlement Fund will depend on several things, including the total dollar value of claims represented by the valid Proofs of Claim that Class Members submit, compared to the dollar value of your claim, all as calculated under the Plan of Allocation discussed below.

## HOW YOU GET A PAYMENT – SUBMITTING A PROOF OF CLAIM

### 8. How can I get a payment?

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim. A Proof of Claim form may be downloaded at www.AnadarkoSecuritiesSettlement.com. Read the instructions contained in the Proof of Claim carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail it to the Claims Administrator at the address provided in the Proof of Claim or submit it online so that it is postmarked or received no later than ____________, 2027**. You may also submit a Proof of Claim online at www.AnadarkoSecuritiesSettlement.com.

### 9. When will I get my payment?

**The Court will hold a Settlement Hearing on __________, 2027, at _____ _.m.**, to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it will take to resolve them. It also takes time for all the Proofs of Claim to be processed. Please be patient.

### 10. What am I giving up to get a payment or to stay in the Class?

If you are a Class Member, unless you timely and validly exclude yourself from the Class, you will remain a Class Member, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or the Released Defendant Parties about the Released Plaintiffs' Claims (as defined below) in this Litigation. It also means that all of the Court's orders will apply to you and legally bind you. If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Plaintiffs' Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Defendants' Released Persons" (as defined below):

- "Released Plaintiffs' Claims" means any and all claims, demands, damages, losses, costs, interest, penalties, fees, attorneys' fees, expenses, rights, including rights of appeal, obligations, actions, suits, liabilities and causes of action of every nature and description, whether known or unknown, individual, class or representative, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under

federal, state, common, or foreign law, that have been or could have been asserted in the Litigation or could in the future be asserted in any forum, whether foreign or domestic, and which (i) arise out of or relate in any way to any of the allegations, transactions, facts, events, matters, occurrences, representations, misrepresentations, disclosures, statements, acts, failures to act or omissions that were asserted, uninvolved, set forth, or referred to, or could have been asserted, by Lead Plaintiffs and their Related Parties in the Litigation; and (ii) arise out of, are based upon, or related in any way, directly or indirectly, to the purchase or other acquisition of Anadarko common stock during the Class Period. "Released Plaintiffs' Claims" do not include: (i) any claims related to the enforcement of the Term Sheet or this Settlement; (ii) any derivative claims; (iii) any claims arising out of ERISA; or (iv) any claims of any Person who or which submits a timely and valid request for exclusion from the Class that is accepted by the Court.

- "Released Defendant Party" or "Released Defendant Parties" or "Defendants' Released Persons" mean any or all of Defendants and/or any or all of their current or former parents, subsidiaries, predecessors, successors, and divisions, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, representatives, investment bankers, underwriters, insurers in their capacities as such, as well as each of the Individual Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, and assigns.

- "Unknown Claims" means: (a) any and all Released Plaintiffs' Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and including, without limitation, those that, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement, including his, her, or its decision(s) to object to the terms of the Settlement or to exclude himself, herself, or itself from the Class. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to: (a) any and all Released Plaintiffs' Claims against the Released Defendant Parties; and (b) any and all Released Defendants' Claims against the Releasing Plaintiff Parties, the Settling Parties stipulate and agree that, by operation of the Judgment, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, to

the fullest extent permitted by law, expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall fully, finally, and forever expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but: (a) the Releasing Plaintiff Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have, to the fullest extent permitted by law, waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (b) the Released Defendant Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiffs, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or

hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue Defendants and the other Released Defendant Parties, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Class. This is called excluding yourself – or is sometimes referred to as "opting out." If you are requesting exclusion from the Class because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose. If requests for exclusion exceed a certain amount, as set forth in a separate confidential agreement between the Settling Parties, Defendants shall have, in their discretion, the option to terminate the Settlement in accordance with the procedures set forth in the Supplemental Agreement.

### 11. How do I get out of the Class and the proposed Settlement?

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *Anadarko Securities Settlement*." Your letter must include your purchases or other acquisitions of Anadarko common stock during the Class Period, including the dates and number of shares of Anadarko common stock purchased, acquired, or sold, and price paid for each such purchase or acquisition and received for each such sale. In addition, you must include your name, address, email address, telephone number, and your signature. You must mail your exclusion request so that it is **postmarked no later than ____________, 2027** to:

*Anadarko Securities Settlement*
Claims Administrator
c/o Verita Global
EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in

this lawsuit, and you may be able to sue Defendants and the other Released Defendant Parties about the Released Plaintiffs' Claims in the future, if such claims are not time-barred.

**12. If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same thing later?**

No. Unless you exclude yourself from the Class, you give up any rights you may potentially have to sue Defendants and the other Released Defendant Parties for any and all Released Plaintiffs' Claims. If you have a pending lawsuit against any of the Released Defendant Parties, speak to your lawyer in that case immediately. You must exclude yourself from the Class in this Litigation to continue your own lawsuit. Remember, the exclusion deadline is __________, 2027.

**13. If I exclude myself, can I get money from the proposed Settlement?**

No. If you exclude yourself from the Class, you should not send in a Proof of Claim to ask for any money from the Settlement. But you may have the right to potentially sue or be part of a different lawsuit against Defendants and/or the Released Defendant Parties.

## THE LAWYERS REPRESENTING YOU

**14. Do I have a lawyer in this case?**

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represents the Class Members, including you. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

**15. How will the lawyers be paid?**

Lead Counsel, on behalf of Plaintiffs' Counsel, will apply to the Court for an award of attorneys' fees not to exceed 30% of the Settlement Amount and for expenses, costs, and charges in an amount not to exceed $3,500,000 in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. In addition, Plaintiffs may seek reimbursement for their time and expenses incurred in representing the Class in an amount not to exceed $57,500 in the aggregate. Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

**16. How do I tell the Court that I object to the proposed Settlement?**

If you are a Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's fee and expense application. You

can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *Anadarko Securities Litigation*. Include your name, address, email address, telephone number, and your signature (even if you are represented by counsel), identify the date(s), price(s), and number of shares purchased, acquired, or sold of Anadarko common stock during the Class Period, and state with specificity your comments or the reasons why you object to the Settlement, Plan of Allocation, and/or fee and expense application, including any legal and evidentiary support for such objection. Any objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class. In addition, the objector must identify all class action settlements to which the objector or his, her, or its counsel have previously objected. You must also include copies of documents demonstrating your purchases, other acquisitions, and/or sales of Anadarko common stock during the Class Period. Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is ***received*** **no later than ___________, 2027:**

| **COURT** | **LEAD COUNSEL** | **DEFENDANTS' COUNSEL** |
|---|---|---|
| CLERK OF THE COURT<br>UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF TEXAS<br>Bob Casey United States Courthouse<br>515 Rusk Street<br>Houston, TX 77002 | ROBBINS GELLER RUDMAN<br>& DOWD LLP<br>Attn: Ellen Gusikoff Stewart<br>655 West Broadway,<br>Suite 1900<br>San Diego, CA 92101 | CRAVATH, SWAINE & MOORE LLP<br>Attn: Kevin Orsini<br>Two Manhattan West<br>375 Ninth Avenue<br>New York, NY 10001 |

**17. What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against Defendants and the other Released Defendant Parties. If you exclude yourself from the Class, you cannot object to the Settlement because it does not affect you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend the hearing and speak, but you do not have to.

**18. When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold a Settlement Hearing at **___ _.m., on __________, 2027**, in the Courtroom of the Honorable Charles R. Eskridge III, at the United States District Court for the Southern District of Texas, Bob Casey United States Courthouse, 515 Rusk Street, Houston, TX 77002. At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if the objectors do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide the amount of attorneys' fees and expenses to award Lead Counsel and Plaintiffs. At or after the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date, time, and location of the Settlement Hearing without another notice being sent to Class Members.

There exists the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone or video conference, without further written notice to the Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members (who wish to attend the hearing) must or may participate by phone or video, it is important that you monitor the Court's docket or the Settlement website, www.AnadarkoSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date and time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website. Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the hearing will be posted to the Settlement website**. Accordingly, please continue to check the Settlement website for important updates.

**19. Do I have to come to the hearing?**

No. Lead Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you are a Class Member and send an objection, you do not have to come to Court to talk about it. As long as you are a Class Member and have mailed your complete written objection on time, the Court will consider it. You may also pay your own lawyer to attend the hearing, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

**20. May I speak at the hearing?**

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do

so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *Anadarko Securities Litigation*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Plaintiffs' Counsel or Plaintiffs and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be ***received* no later than ___________, 2027**, and addressed to the Clerk of Court, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

### 21. What happens if I do nothing?

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself from the Class, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and the other Released Defendant Parties about the Released Plaintiffs' Claims in this case.

## GETTING MORE INFORMATION

### 22. How do I get more information?

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-888-808-2809 or by email at info@AnadarkoSecuritiesSettlement.com. Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court and to the other settlement related papers filed in the Litigation, which are posted on the Settlement website at www.AnadarkoSecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Southern District of Texas, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

## THE PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

### 23. How will my claim be calculated?

As discussed above, the Settlement provides $114.5 million in cash for the benefit of the Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the

Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, Members of the Class who timely submit valid Proofs of Claim that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the Settlement website, www.AnadarkoSecuritiesSettlement.com.

The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Class Members who allegedly suffered economic losses as a proximate result of the alleged wrongdoing. The Plan is not a formal damages analysis, and the calculations made in accordance with the Plan are not necessarily intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

The Plan of Allocation was developed in consultation with Lead Plaintiffs' damages expert. In developing the Plan, the expert calculated the estimated amount of alleged artificial inflation in the per share prices of Anadarko common stock that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions during the Class Period.

In calculating the estimated artificial inflation allegedly caused by the misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in Anadarko common stock in reaction to the public disclosures that allegedly corrected the respective alleged misrepresentations and omissions, adjusting the price changes for factors that were attributable to market or industry forces, and for non-fraud related, Anadarko-specific information.

In order to have recoverable damages in connection with purchases and/or acquisitions of Anadarko common stock during the Class Period, disclosure of the alleged misrepresentations or omissions must be the cause of the decline in the price of the Anadarko common stock. In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the period from February 20, 2015, through and including the close of trading on May 2, 2017, which had the effect of artificially inflating the prices of

Anadarko common stock. As a result of the alleged corrective disclosures, artificial inflation was removed from the price of Anadarko common stock on May 3, 2017.[3]

In order to have a "Recognized Claim Amount" under the Plan of Allocation, shares of Anadarko common stock must have been purchased or otherwise acquired during the Class Period and held through a corrective disclosure.

## CALCULATION OF RECOGNIZED CLAIM AMOUNT

Based on the formula stated below, a "Recognized Claim Amount" will be calculated for each purchase or acquisition of Anadarko common stock during the Class Period that is listed on the Proof of Claim and for which adequate documentation is provided. If a Recognized Claim Amount calculates to a negative number or zero under the formula below, that Recognized Claim Amount will be zero.

For each share of Anadarko common stock purchased or otherwise acquired during the period from February 20, 2015, through May 2, 2017, inclusive, and:

(a) sold from February 20, 2015, through May 2, 2017, inclusive, the Recognized Loss Amount per share will be $0.00;

(b) sold from May 3, 2017, through July 31, 2017, inclusive, the Recognized Loss Amount per share will be ***the least of***: (i) the inflation per share (as presented in Table 1 below) at the time of purchase; (ii) the difference between the purchase price per share and the sales price per share; or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in Table 2 below;

(c) held as of the close of trading on July 31, 2017, the Recognized Loss Amount per share will be ***the lesser of***: (i) the inflation per share (as presented in Table 1 below) at the time of purchase; or (ii) the difference between the purchase price per share and $47.88 per share (the last entry in Table 2 below).[4]

---

[3] Any transactions in Anadarko common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

[4] Under Section 21(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on

**TABLE A**

| Purchase Date | Inflation |
|---|---|
| February 20, 2015 (1) | $0 per share |
| February 21, 2015, through July 26, 2016 (2) | $1.75 per share |
| July 27, 2016, through May 2, 2017 (3) | $1.92 per share |

which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Claim Amounts are reduced to an appropriate extent by taking into account the closing prices of Anadarko common stock during the 90-day look-back period. The mean (average) closing price for Anadarko common stock during this 90-day look-back period was $47.88.

**TABLE B**

| Date | Closing Price | Average Closing Price from July 31, 2017 through Sale Date |
|---|---|---|
| 5/3/2017 | $51.95 | $51.95 |
| 5/4/2017 | $51.94 | $51.95 |
| 5/5/2017 | $52.59 | $52.16 |
| 5/8/2017 | $52.31 | $52.20 |
| 5/9/2017 | $51.33 | $52.02 |
| 5/10/2017 | $52.08 | $52.03 |
| 5/11/2017 | $51.54 | $51.96 |
| 5/12/2017 | $51.63 | $51.92 |
| 5/15/2017 | $51.88 | $51.92 |
| 5/16/2017 | $51.75 | $51.90 |
| 5/17/2017 | $51.74 | $51.89 |
| 5/18/2017 | $52.08 | $51.90 |
| 5/19/2017 | $53.30 | $52.01 |
| 5/22/2017 | $53.35 | $52.11 |
| 5/23/2017 | $53.57 | $52.20 |
| 5/24/2017 | $53.35 | $52.27 |
| 5/25/2017 | $52.07 | $52.26 |
| 5/26/2017 | $51.84 | $52.24 |
| 5/30/2017 | $50.77 | $52.16 |
| 5/31/2017 | $50.53 | $52.08 |
| 6/1/2017 | $51.11 | $52.03 |
| 6/2/2017 | $50.06 | $51.94 |
| 6/5/2017 | $49.64 | $51.84 |
| 6/6/2017 | $50.10 | $51.77 |
| 6/7/2017 | $47.17 | $51.59 |
| 6/8/2017 | $46.63 | $51.40 |
| 6/9/2017 | $47.98 | $51.27 |
| 6/12/2017 | $48.30 | $51.16 |
| 6/13/2017 | $49.22 | $51.10 |
| 6/14/2017 | $47.28 | $50.97 |
| 6/15/2017 | $46.11 | $50.81 |

| Date | Closing Price | Average Closing Price from July 31, 2017 through Sale Date |
|---|---|---|
| 6/16/2017 | $47.04 | $50.70 |
| 6/19/2017 | $46.70 | $50.57 |
| 6/20/2017 | $46.29 | $50.45 |
| 6/21/2017 | $45.35 | $50.30 |
| 6/22/2017 | $45.09 | $50.16 |
| 6/23/2017 | $45.50 | $50.03 |
| 6/26/2017 | $44.92 | $49.90 |
| 6/27/2017 | $43.80 | $49.74 |
| 6/28/2017 | $43.79 | $49.59 |
| 6/29/2017 | $45.25 | $49.49 |
| 6/30/2017 | $45.34 | $49.39 |
| 7/3/2017 | $46.10 | $49.31 |
| 7/5/2017 | $44.81 | $49.21 |
| 7/6/2017 | $43.62 | $49.08 |
| 7/7/2017 | $43.36 | $48.96 |
| 7/10/2017 | $43.59 | $48.85 |
| 7/11/2017 | $43.64 | $48.74 |
| 7/12/2017 | $43.82 | $48.64 |
| 7/13/2017 | $44.45 | $48.55 |
| 7/14/2017 | $44.73 | $48.48 |
| 7/17/2017 | $45.22 | $48.42 |
| 7/18/2017 | $43.77 | $48.33 |
| 7/19/2017 | $44.91 | $48.26 |
| 7/20/2017 | $43.84 | $48.18 |
| 7/21/2017 | $44.06 | $48.11 |
| 7/24/2017 | $44.21 | $48.04 |
| 7/25/2017 | $45.72 | $48.00 |
| 7/26/2017 | $45.17 | $47.95 |
| 7/27/2017 | $47.32 | $47.94 |
| 7/28/2017 | $46.32 | $47.92 |
| 7/31/2017 | $45.67 | $47.88 |

If a Class Member held Anadarko common stock at the beginning of the Class Period or made multiple purchases, acquisitions, or sales of Anadarko common stock during or after the Class Period, the starting point for calculating a claimant's Recognized Claim Amount is to match the claimant's holdings, purchases, and acquisitions to their sales using the FIFO (*i.e.*, first-in-first-out) method. Under the FIFO method, Anadarko common stock sold during the Class Period will be matched, in chronological order, first against Anadarko

common stock held at the beginning of the Class Period. The remaining sales of Anadarko common stock during the Class Period will then be matched, in chronological order, against Anadarko common stock purchased or acquired during the Class Period.

Purchases or acquisitions and sales of Anadarko common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Anadarko common stock during the Class Period shall not be deemed a purchase, acquisition, or sale of Anadarko common stock for the calculation of a claimant's Recognized Claim Amount, unless (i) the donor or decedent purchased or otherwise acquired such shares of Anadarko common stock during the Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Anadarko common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

An Authorized Claimant's Recognized Claim Amount shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Claim Amount of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim Amount divided by the total of the Recognized Claim Amounts of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined below) is $10.00 or greater.

If a claimant had a market gain with respect to their overall transactions in Anadarko common stock during the Class Period, the value of the claimant's Recognized Claim Amount will be zero. If a claimant suffered an overall market loss with respect to their overall transactions in Anadarko common stock during the Class Period, but that market loss was less than the claimant's total Recognized Claim Amount calculated above, then the claimant's Recognized Claim Amount will be limited to the amount of the actual market loss. For purposes of determining whether a claimant had a market gain, or suffered a market loss, with respect to his, her, or its overall transactions in Anadarko common stock during the Class Period, the Claims Administrator will determine the difference between (i) the Total Purchase Amount[5] and (ii) the sum of the Total Sales Proceeds[6] and Holding Value.[7]

---

5 The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for Anadarko common stock purchased or acquired during the Class Period.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to any appropriate non-sectarian, non-profit charitable organization(s) serving the public interest.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. Defendants, their counsel, and all other Released Defendant Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or other Person designated by Plaintiffs' Counsel, Defendants, or Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

---

[6] The Claims Administrator will match any sales of Anadarko common stock from the start of the Class Period through and including the close of trading on July 31, 2017, first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of Anadarko common stock sold from the start of the Class Period through and including the close of trading on July 31, 2017, will be the "Total Sales Proceeds."

[7] The Claims Administrator will ascribe a "Holding Value" equal to $47.88 for each share of Anadarko common stock purchased or acquired during the Class Period and still held as of the close of trading on July 31, 2017.

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

Nominees who purchased or otherwise acquired Anadarko common stock during the Class Period for beneficial owners who are Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Notice. If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions. Reasonable out of-pocket expenses actually incurred in connection with the foregoing include up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Postcard Notice mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund. Copies of this Notice may also be obtained by calling toll-free 1-888-808-2809, and may be downloaded from the Settlement website, www.AnadarkoSecuritiesSettlement.com.

*Anadarko Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301135
Los Angeles, CA 90030-1135
www.AnadarkoSecuritiesSettlement.com

DATED: ________________ ________________________________________

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

# EXHIBIT 2

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| In re ANADARKO PETROLEUM CORPORATION SECURITIES LITIGATION | § § § § | Civil Action No. 4:20-cv-00576<br><br>CLASS ACTION<br><br>The Honorable Charles R. Eskridge III |

**PROOF OF CLAIM AND RELEASE**

**EXHIBIT 2**

## I. GENERAL INSTRUCTIONS

1. To recover as a Class Member based on the claims in the Litigation,[1] you must complete and, on page ___ hereof, sign this Proof of Claim. If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected, and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2. Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3. YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, **ON OR BEFORE ___________, 2027**, ADDRESSED AS FOLLOWS:

*Anadarko Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301135
Los Angeles, CA 90030-1135
Online Submissions: www.AnadarkoSecuritiesSettlement.com

If you are NOT a Class Member, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

---

[1] This Proof of Claim and Release ("Proof of Claim") incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation"), which can be obtained at www.AnadarkoSecuritiesSettlement.com.

4. If you are a Class Member and you do not timely request exclusion from the Class, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

## II. CLAIMANT IDENTIFICATION

You are a Member of the Class if you purchased or otherwise acquired the common stock of Anadarko Petroleum Corporation ("Anadarko") between February 20, 2015, and May 2, 2017, inclusive (the "Class Period"), and were allegedly harmed thereby, and are not otherwise excluded from the Class.

Use Part I of this form, entitled "Claimant Identification," to identify each purchaser or acquirer of record ("nominee") of the Anadarko common stock that forms the basis of this claim. THIS PROOF OF CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF ANADARKO COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this Proof of Claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them, and their authority must accompany this claim, and their titles or capacities must be stated. The last four digits of the Social Security Number (or full Taxpayer Identification Number) and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in the rejection of the claim.

A Proof of Claim should be submitted for each separate legal entity (*e.g.*, a claim of joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Proof of Claim should be submitted on behalf of one legal entity, including all transactions made by that entity, no matter how many separate accounts that entity has (*e.g.*, an institution with multiple brokerage accounts that the entity has transacted in Anadarko common stock during the Class Period).

## III. CLAIM FORM

Use Part II of this form, entitled "Schedule of Transactions in Anadarko Common Stock," to supply all required details of your transaction(s). If you need more space or additional schedules, attach separate sheets that provide all required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to ***all*** of your purchases, acquisitions, and sales of Anadarko common stock that took place between February 20, 2015 and July 31, 2017, inclusive, whether such transactions resulted in a profit or a loss.[2] You must also provide all of the requested information with respect to the number of shares of Anadarko common stock you held at the close of trading on February 19, 2015, May 2, 2017, and July 31, 2017. Failure to report all such transactions may result in the rejection of your claim.

---

[2] Information requested about your purchases/acquisitions on May 3, 2017 through and including the close of trading on July 31, 2017 is needed only for the Claims Administrator to confirm that you have reported all relevant transactions. Purchases/acquisitions during this period are not eligible for a recovery because they are outside the Class Period.

List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase or other acquisition of Anadarko common stock. The date of a "short sale" is deemed to be the date of sale of Anadarko common stock.

COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN ANADARKO COMMON STOCK SHOULD BE ATTACHED TO YOUR PROOF OF CLAIM. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN THE REJECTION OF YOUR CLAIM. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN ANADARKO COMMON STOCK**.

PLEASE NOTE: As set forth in the Plan of Allocation contained in the Notice, each Authorized Claimant shall receive his, her, its, or their *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All such claimants MUST also submit a manually signed paper Proof of Claim, whether or not they also submit electronic copies. If you wish

to submit your claim electronically, you must contact the Claims Administrator at edata@veritaglobal.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

*In re Anadarko Petroleum Corporation Securities Litigation*

No. 4:20-cv-00576

**PROOF OF CLAIM AND RELEASE**

**Must Be Postmarked (if Mailed) or Received (if Submitted Online) No Later Than:**

**____________, 2027**

Please Type or Print

REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN ANADARKO COMMON STOCK. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN THE REJECTION OF YOUR CLAIM.

**PART I: CLAIMANT IDENTIFICATION**

Last Name | M.I. | First Name

Last Name (Co-Beneficial Owner) | M.I. | First Name (Co-Beneficial Owner)

○ IRA ○ Joint Tenancy ○ Employee ○ Individual ○ Other__________ (specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Social Security Number — — or Taxpayer Identification Number —

Telephone Number (Primary Daytime) — —

Telephone Number (Alternate) — —

Email Address

**MAILING INFORMATION**

Address

Address

City | State | Zip Code

Foreign Province | Foreign Postal Code | Foreign Country Name/Abbreviation

PART II: SCHEDULE OF TRANSACTIONS IN ANADARKO COMMON STOCK

**A. Number of shares of Anadarko common stock held at the close of trading on February 19, 2015. If none, write "0" or "zero."**

___

**B. Purchases or other acquisitions of Anadarko common stock between February 20, 2015 and July 31, 2017, inclusive:**

| Trade Date(s) Month Day Year (List chronologically) | Number of Shares Purchased or Otherwise Acquired | Total Purchase or Acquisition Price (Excluding commissions, taxes and fees) | Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|
| 1.____________ | 1.____________ | 1.____________ | □ Y □ N |
| 2.____________ | 2.____________ | 2.____________ | □ Y □ N |
| 3.____________ | 3.____________ | 3.____________ | □ Y □ N |

IMPORTANT: (i) If any purchase listed covered a "short sale," please mark Yes: □ Yes

(ii) If you received shares through an acquisition or merger at some date beginning February 20, 2015 through July 31, 2017, please identify the date, the share amount, and the company acquired:

____/____/______ ______________ ________________
MM DD YYYY Merger Shares Company

**C. Sales of Anadarko common stock between February 20, 2015 and July 31, 2017, inclusive:**

| Trade Date Month Day Year | Number of Shares Sold | Total Sales Price (Excluding commissions, taxes and fees) | Proof of Sale Enclosed |
|---|---|---|---|
| 1.____________ | 1.____________ | 1.____________ | □ Y □ N |
| 2.____________ | 2.____________ | 2.____________ | □ Y □ N |
| 3.____________ | 3.____________ | 3.____________ | □ Y □ N |

**D. Number of shares of Anadarko common stock held at the close of trading on May 2, 2017: __________**

Proof of Position Enclosed: □ Yes □ No

**E. Number of shares of Anadarko common stock held at the close of trading on July 31, 2017: __________**

Proof of Position Enclosed: □ Yes □ No

**YOU MUST READ AND SIGN THE RELEASE ON PAGE __. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

## IV. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of Texas with respect to my (our) claim as a Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim covering the same purchases, other acquisitions, or sales of Anadarko common stock during the relevant period and know of no other person having done so on my (our) behalf.

## V. RELEASE

1. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever waive, release, relinquish, discharge and dismiss from the Released Plaintiffs' Claims each and all of the "Released Defendant Parties," defined as any or all of Defendants and/or any or all of their current or former parents, subsidiaries, predecessors,

successors, and divisions, and each of their respective current or former officers, directors, trustees, partners, members, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, representatives, investment bankers, underwriters, insurers in their capacities as such, as well as each of the Individual Defendants' immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors, and assigns.

2. "Released Plaintiffs' Claims" means any and all claims, demands, damages, losses, costs, interest, penalties, fees, attorneys' fees, expenses, rights, including rights of appeal, obligations, actions, suits, liabilities and causes of action of every nature and description, whether known or unknown, individual, class or representative, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that have been or could have been asserted in the Litigation or could in the future be asserted in any forum, whether foreign or domestic, and which (i) arise out of or relate in any way to any of the allegations, transactions, facts, events, matters, occurrences, representations, misrepresentations, disclosures, statements, acts, failures to act or omissions that were asserted, involved, set forth, or referred to, or could have been asserted, by Lead Plaintiffs and their Related Parties in the Litigation; and (ii) arise out of, are based upon, or related in any way, directly or indirectly, to the purchase or other acquisition of Anadarko common stock during the Class Period. Released Plaintiffs' Claims do not include: (i) any claims related to the enforcement of the Term Sheet or this Settlement; (ii) any derivative claims; (iii) any claims arising out of ERISA; or (iv) any

claims of any Person who or which submits a timely and valid request for exclusion from the Class that is accepted by the Court.

3. "Unknown Claims" means: (a) any and all Released Plaintiffs' Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and including, without limitation, those that, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement, including his, her, or its decision(s) to object to the terms of the Settlement or to exclude himself, herself, or itself from the Class. Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden. With respect to: (a) any and all Released Plaintiffs' Claims against the Released Defendant Parties; and (b) any and all Released Defendants' Claims against the Releasing Plaintiff Parties, the Settling Parties stipulate and agree that, by operation of the Judgment, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, to the fullest extent permitted by law, expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of

> executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall fully, finally, and forever expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but: (a) the Releasing Plaintiff Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have, to the fullest extent permitted by law, waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (b) the Released Defendant Parties shall expressly, fully, finally,

and forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiffs, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement of which this release is a part.

4. These releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

5. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6. I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Anadarko common stock that occurred during the

relevant period as well as the number of shares held by me (us) at the close of trading on February 19, 2015, May 2, 2017, and July 31, 2017.

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this _______________ day of ____________________
(Month/Year)

in ________________________________________________________
(City) (State/Country)

_______________________________________________
(Sign your name here)

_______________________________________________
(Type or print your name here)

_______________________________________________
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer,
Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and acknowledgment.

2. Remember to attach copies of supporting documentation.

3. **Do not send** originals of certificates or other documentation, as they will not be returned.

4. Keep a copy of your Proof of Claim and all supporting documentation for your records.

5. If you desire an acknowledgment of receipt of your Proof of Claim, please send it by Certified Mail, Return Receipt Requested.

6. If you move, please send your new address to the address below.

7. **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN ____________, 2027, ADDRESSED AS FOLLOWS:**

*Anadarko Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301135
Los Angeles, CA 90030-1135
Online Submissions: www.AnadarkoSecuritiesSettlement.com

# EXHIBIT 3

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| In re ANADARKO PETROLEUM CORPORATION SECURITIES LITIGATION | § § § § | Civil Action No. 4:20-cv-00576<br><br>CLASS ACTION<br><br>The Honorable Charles R. Eskridge III |

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

**EXHIBIT 3**

**TO: ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED ANADARKO PETROLEUM CORPORATION ("ANADARKO") COMMON STOCK BETWEEN FEBRUARY 20, 2015, AND MAY 2, 2017, INCLUSIVE, AND WERE ALLEGEDLY HARMED THEREBY ("CLASS" OR "CLASS MEMBERS")**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of Texas ("Court"), that the above-captioned action ("Litigation") has been certified as a class action, except for certain persons and entities who are excluded from the Class by definition as set forth in the Stipulation of Settlement dated September 28, 2026 ("Stipulation") and the detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice"). The Stipulation and Notice can be viewed at www.AnadarkoSecuritiesSettlement.com.

**YOU ARE ALSO HEREBY NOTIFIED** that Lead Plaintiffs and Class Representatives Norfolk County Council as Administering Authority of the Norfolk Pension Fund and Iron Workers Local #580 Joint Funds (together, "Lead Plaintiffs"),[1] and defendants Anadarko, Robert G. Gwin, R.A. Walker, Robert P. Daniels, and Ernest A. Leyendecker, III (collectively, "Defendants") have reached a proposed settlement of the Litigation on behalf of the Class for $114.5 million in cash ("Settlement"). If approved by the Court, the Settlement will resolve all claims in the Litigation.

[1] Together with Building Trades United Pension Trust Fund, "Plaintiffs."

**YOU ARE ALSO HEREBY NOTIFIED** that a hearing will be held on ____________, ______, at __:__ _.m., before the Honorable Charles R. Eskridge III, at the United States District Court, Southern District of Texas, Bob Casey United States Courthouse, 515 Rusk Street, Houston, TX 77002, to determine whether: (1) the Settlement of the above-captioned Litigation as set forth in the Stipulation for $114.5 million in cash should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the Litigation with prejudice;(3) to award Plaintiffs' Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice) and, if so, in what amounts; (4) to award Plaintiffs their costs and expenses in representing the Class out of the Settlement Fund and, if so, in what amounts; and (5) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate.

There exists the possibility that the Court may decide to change the date and/or time of the Settlement Hearing, conduct the hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone or videoconference, without further written notice to the Class. It is important that you check the Settlement website, www.AnadarkoSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic appearances at the hearing, will be posted to the Settlement website. Also, if the Court requires or allows Class Members to participate in the hearing by telephone or videoconference, the access information will be posted to the website.

IF YOU PURCHASED OR OTHERWISE ACQUIRED ANADARKO COMMON STOCK BETWEEN FEBRUARY 20, 2015, AND MAY 2, 2017, INCLUSIVE, AND WERE ALLEGEDLY HARMED THEREBY, YOUR RIGHTS ARE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Net Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later than ___________, 2027)** or electronically **(no later than _________, 2027)**. Failure to submit your Proof of Claim by ______, 2027, will subject your claim to rejection and preclude you from receiving any of the recovery in connection with the Settlement of this Litigation. If you are a Class Member and do not request exclusion from the Class (as described below), you will be bound by the Settlement and any judgment and release entered in the Litigation, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

The Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), the Proof of Claim, the Stipulation (which, among other things, contains definitions for the capitalized terms used in this Summary Notice), and other important documents, may be accessed online at www.AnadarkoSecuritiesSettlement.com, or by writing to:

*Anadarko Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301135
Los Angeles, CA 90030-1135

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead Counsel:

ROBBINS GELLER RUDMAN & DOWD
LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 1-800-449-4900
settlementinfo@rgrdlaw.com

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED BY ______________, 2027**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. IF YOU PROPERLY EXCLUDE YOURSELF FROM THE CLASS, YOU WILL NOT BE BOUND BY ANY RELEASES, JUDGMENTS, OR ORDERS ENTERED BY THE COURT IN THE LITIGATION AND YOU WILL NOT RECEIVE ANY BENEFITS FROM THE SETTLEMENT. EXCLUDING YOURSELF FROM THE CLASS IS THE ONLY OPTION THAT MAY ALLOW YOU TO BE PART OF ANY OTHER CURRENT OR FUTURE LAWSUIT AGAINST DEFENDANTS OR ANY OF THE OTHER RELEASED DEFENDANT PARTIES CONCERNING THE CLAIMS BEING RESOLVED BY THE SETTLEMENT.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY LEAD COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED 30% OF THE $114.5 MILLION SETTLEMENT AMOUNT AND EXPENSES NOT TO EXCEED

$3,500,000, PLUS INTEREST ON BOTH AMOUNTS, AND/OR THE REQUEST FOR AN AWARD TO PLAINTIFFS FOR THEIR COSTS AND EXPENSES NOT TO EXCEED $57,500 IN THE AGGREGATE. ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO LEAD COUNSEL AND DEFENDANTS' COUNSEL **BY _____________, 2027**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: ____________________

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

# EXHIBIT 4

**LEGAL NOTICE**
*In re Anadarko Petroleum Corporation Securities Litigation*
No. 4:20-cv-00576 (S.D. Tex.)
c/o Verita Global
P.O. Box 301135
Los Angeles, CA 90030-1135

www.AnadarkoSecuritiesSettlement.com

Court-Ordered Legal Notice
(Forwarding Service Requested)

This notice contains important information about a securities class action settlement.

You may be entitled to a payment. This notice may affect your legal rights.

Please read this notice carefully.

**[INCLUDE BARCODE FOR WEBSITE]**

THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.
VISIT WWW.ANADARKOSECURITIESSETTLEMENT.COM OR CALL 1-888-808-2809 FOR MORE INFORMATION

If you purchased or otherwise acquired Anadarko Petroleum Corporation ("Anadarko" or the "Company") common stock between February 20, 2015, and May 2, 2017, inclusive, and were allegedly harmed thereby, you could be entitled to a payment from a proposed settlement ("Settlement") reached in the above-captioned action ("Litigation"). Your rights may be affected by this Litigation and the Settlement. A hearing will be held on ___________, 2027, at _______ ("Settlement Hearing"), before the Honorable Charles R. Eskridge III, to determine whether the proposed Settlement of the Litigation against Defendants Anadarko, Robert G. Gwin, R.A. Walker, Robert P. Daniels, and Ernest A. Leyendecker, III for $114.5 million in cash and the Plan of Allocation should be approved as fair, reasonable, and adequate and whether the Litigation should be dismissed with prejudice against Defendants, as set forth in the Stipulation of Settlement ("Stipulation") filed with the Court; and whether Lead Counsel's application for an award of attorneys' fees of up to 30% of the Settlement Amount, and expenses not to exceed $3,500,000, plus interest on both amounts, and an award to Plaintiffs for their costs and expenses not to exceed $57,500 in the aggregate, should be granted.

If approved, the Settlement will resolve a putative class action lawsuit alleging that, in violation of the U.S. federal securities laws, Defendants materially misled investors by making materially false and misleading statements and failing to disclose material information regarding the Company's appraisal of the Shenandoah oil field, which caused Anadarko's stock to trade at artificially inflated prices until the nature of the alleged wrongdoing was revealed, causing Anadarko's stock price to fall. Defendants deny the allegations and any liability or wrongdoing of any kind. For a full description of the proposed Settlement and your rights, and to make a claim, you may obtain the Stipulation, long-form Notice of Pendency and Proposed Settlement of Class Action ("Notice"), and the Proof of Claim and Release ("Claim Form") by visiting the website: www.AnadarkoSecuritiesSettlement.com (the "Website") or you may request copies of the documents from the Claims Administrator by: (i) mail: *Anadarko Securities Settlement*, c/o Verita Global, P.O. Box 01135, Los Angeles, CA 90030-1135, or (ii) toll-free call: 1-888-808-2809.

To qualify for a payment from the Settlement, you must submit a valid Claim Form, with supporting documentation, postmarked or submitted online no later than _____________, 2027. Your *pro rata* share of the Settlement will depend on the number of valid claims, and the number, size, and timing of your transactions in Anadarko common stock. The estimated average distribution per share is approximately $0.41, before deducting any Court-approved fees and expenses. Your actual share of the Settlement will be determined pursuant to the proposed Plan of Allocation set forth in the Notice, or other plan approved by the Court.

You will be bound by any judgment or order entered in the Litigation, regardless of whether you submit a Claim Form, unless you exclude yourself from the Class. If you exclude yourself from the Class, you cannot get money from this Settlement. If you are a Class Member and do not exclude yourself from the Class, you may object to the proposed Settlement, Plan of Allocation, and/or request for

award of attorneys' fees and expenses and awards to Plaintiffs no later than ______________, 2027. The long-form Notice and the Website explain how to exclude yourself from the Class or how to object.

Lead Plaintiffs and the Class are represented by Lead Counsel: Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 W. Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com. You may, but do not have to, attend the Settlement Hearing to be heard. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means and/or change its date and/or time. Please check the Website for updates.